Andy C. Warshaw SBN 263880
Amanda G. Billyard SBN  256838
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-3319
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com

[Proposed] Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In Re

2ND CHANCE INVESTMENT GROUP LLC,

      Debtor in Possession.

Case No.: 8:22-bk- 12142-SC

Chapter 11

**NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION'S APPLICATION TO EMPLOY FINANCIAL RELIEF LAW CENTER, APC AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF THE PETITION DATE**

[NO HEARING REQUIRED UNLESS REQUESTED UNDER L.B.R. 2014-1(B)]

**TO THE OFFICE OF THE UNITED STATES TRUSTEE, THE TWENTY LARGEST UNSECURED CLAIMS, ANY PARTY WHO FILED AND SERVED A REQUEST FOR SPECIAL NOTICE, AND ALL OTHER PARTIES OF INTEREST:**

**PLEASE TAKE NOTICE** that on December 21, 2nd Chance LLC (the "Debtor") filed with the Court an application (the "Application") to employ Financial Relief Law Center, APC (the "Firm"), whose business office is located at 1200 Main Street, Suite C, Irvine, CA 92614, as the Debtor's general bankruptcy counsel, effective as of the Debtor's Petition Date (as such terms are defined in the Application), to perform the following services in connection with the chapter 11 Case (the "Case").

1. Represent and advise the Debtor as a Debtor in Possession.

2. Advise the Debtor regarding the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the requirements of the Office of the United States Trustee pertaining to the administration of the Estate and the use thereof;

3. Advise and represent the Debtor concerning its rights and remedies regarding the assets of the Estate;

4. Prepare, among other things, motions, applications, answers, orders, memoranda, reports, and papers in connection with the administration of the Estate;

5. Protect and preserve the Estate by prosecuting and defending actions commenced by or against the Debtor;

6. Analyze and prepare necessary objections to proofs of claim filed against the Estate;

7. Conduct examinations of witnesses, claimants, or other adverse or third parties;

8. Represent the Debtor in any proceeding or hearing in the Court;

9. Negotiate, formulate, and draft any plan(s) of reorganization and disclosure statement(s);

10. Advise and represent the Debtor in connection with their investigation of potential causes of action against persons or entities, including, but not limited to, avoidance actions, and the litigation thereof, if warranted; and

11. Render such other advice and services as the Debtor may require in connection with the Case.

**PLEASE TAKE FURTHER NOTICE** that a true and correct copy of the Application can be obtained by contacting Financial Relief Law Center, 1200 Main Street, Suite C, Irvine, CA 92614, telephone (714) 442-3341, Email awarshaw@bwlawcenter.com.

**PLEASE TAKE FURTHER NOTICE** that Firm was retained by Debtor to provide restructuring advice prior to the Petition Date.  In the one-year period prior to the filing of the Case, the Firm received a sum of $18,500 from the Debtor. $18,500 was applied against prepetition fees and costs leaving $0 in trust on behalf of the Debtor.

There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with the Case, except insofar as such compensation may be shared among partners, counsel, and associates of the Firm.  The Firm reserves the right to seek compensation according to applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE** that the Firm may seek interim compensation during the Case as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.  The Firm understands that its compensation in the Case is subject to prior approval of the Court.  No compensation will be paid except upon application to and approval by the Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, any interim compensation order, and the Guide to Applications for Professional Compensation issued by the Office of the United States Trustee.

**PLEASE TAKE FURTHER NOTICE** that the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and the Firm does not hold any interest adverse to the Debtor.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2014-1(b)(1), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court.  Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f)(1) and must be filed with the Court no

and served upon the Debtor, its proposed counsel, and the United States Trustee no later than

fourteen (14) days from the date of service of this notice.

Dated: December 21, 2022                    Financial Relief Law Center, APC

                              By:    /s/ Andy C. Warshaw_____
                                     Andy C. Warshaw
                                     [Proposed] Attorneys for Debtor in Possession

Andy C. Warshaw SBN 263880
Amanda C. Billyard SBN 256838
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-3319
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com

[Proposed] Attorneys for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>2ND CHANCE INVESTMENT GROUP LLC,<br><br>    Debtor in Possession. | Case No.: 8:22-bk- 12142-SC<br><br>Chapter 11<br><br>**DEBTOR AND DEBTOR IN POSSESSION'S APPLICATION TO EMPLOY FINANCIAL RELIEF LAW CENTER, APC AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF THE PETITION DATE**<br><br>[NO HEARING REQUIRED UNLESS REQUESTED UNDER L.B.R. 2014-1(B)] |

    2nd Chance LLC, the Debtor in Possession ("Debtor"), files this application (the

"Application") to employ Financial Relief Law Center, APC (the "Firm"), whose business office

is located at 1200 Main Street, Suite C, Irvine, CA 92614, as general bankruptcy counsel, effective

as of the Debtor's Petition Date (as such term is defined below).  This Application is brought

pursuant to section 327(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the

"Bankruptcy Code", Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Central District of California (the

"Local Rules")

In support of this Application, the Debtor relies on the following Memorandum of Points and Authorities, the attached declaration of Amanda G. Billyard (the "Billyard Declaration") filed in compliance with Local Rule 5075-1, and the declaration of the Ray Foster (the "Foster Declaration").

The Debtor submits that the relief requested herein is in the best interest of the Debtor, the bankruptcy estate, creditors, and other parties in interest and therefore should be granted. Accordingly, the Debtor requests that the Court approve the employment of the Firm as general bankruptcy counsel, as of the commencement of the Debtor's chapter 11 case, to render services as described in the Application, with compensation to be paid by the Debtor's estate as an administrative expense in such amounts as this Court may hereafter determine and allow.

**A. Jurisdiction and Venue**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. Unless a related case is already pending, the proper venue for voluntary bankruptcy cases lies in the federal district for which the debtor had either domicile, residence, principal place of business in the U.S. or principal assets in the U.S. during the longest portion of the 180-day preceding filing of the case [28 U.S.C. §1408(1)]. The Debtor operates with its sole location in Orange County, CA.  The Debtor's CRO and bankruptcy counsel maintain offices in Orange County, California.

**B. Background**

On December 21, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").  The Debtor continues to manage affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Debtor's normal course of business is to buy and sell real distressed real estate.  The Debtor does not intend to purchase new assets or real estate during the bankruptcy proceeding.

Instead, the Debtor will liquidate the properties based on urgency presented by foreclosure or some other catalyst.

**I.    The Court Should Authorize the Debtor to Employ the Firm as its General Insolvency Counsel**

**1.    <u>The Qualifications of the Firm</u>**

The Debtor seeks court approval to retain the Firm, effective as of the Petition Date, at the expense of the Debtor's bankruptcy estate, to provide legal services that will be required to prosecute the Case. The Debtor's desire to retain the Firm because of its expertise in the area of insolvency, business reorganization, and other debtor/creditor matters.  The Firm has served as general bankruptcy counsel to debtors in chapter 11 cases within this District and throughout California.  The Firm achieved confirmation of Chapter 11 plans in all four Districts within California (Northern, Eastern, Southern, and Central) and is acting as counsel in other preconfirmation and post-confirmation Chapter 11s matters. A summary of pre-confirmation and post-confirmation cases that the Firm operates as general insolvency for the Debtor in Possession, or the Reorganized Debtor is provided below.

| Name of Debtor | Case Number | Case Status | Chapter |
|---|---|---|---|
| **Scott Rosenberg** | 1:22-bk-11305-MB | Pending employment as counsel for DIP; Preconfirmation. | Chapter 11 |
| **Wendy Choi** | 2:21-bk-19325-WB | Employed as counsel for DIP; Plan confirmed. | Chapter 11 |
| **Jean Pierre Rwigema** | 2:21-bk-16945-VZ | Employed as counsel for DIP; Plan confirmed. | Subchapter V, Chapter 11 |
| **Alexander L. Loukaides** | 8:21-bk-10779-ES | Employed as counsel for DIP; Plan confirmed. | Subchapter V, Chapter 11 |
| **Kathy D. Gorski and Michael A. Gorski** | 8:19-13904-MW | Employed as counsel for DIP; Plan confirmed. | Chapter 11 |
| **Stacie Silver** | 1:15-bk-12608-VK | Plan confirmed; case closed with a final decree. | Chapter 11 |
| **Mohdsameer Y. Aljanedi** | 2:19-bk-15412-WB | Plan confirmed; case closed on an interim basis. | Chapter 11 |

| | | | |
|---|---|---|---|
| **Frank J. Cordova** | 6-17-bk-19719-SY | Plan confirmed; case closed on an interim basis. | Chapter 11 |
| **Jaime Leigh Kaufman** | 8:17-bk-10434-TA | Plan confirmed; case closed on a final basis. | Chapter 11 |
| **Mohdsameer Aljanedi Dental Corporation** | 8:17-bk-14089-MW | Plan confirmed; case closed on a final basis. | Chapter 11 |
| **Gregory A. Moore and Edith A. Moore** | 8:17-bk-13894-ES | Plan confirmed; case closed on an interim basis. | Chapter 11 |
| **DFH Network, Inc.** | 8:18-bk-13119-ES | Plan confirmed; case closed on an interim basis. | Chapter 11 |
| **Edwin Ingel Ingan** | 9:13-bk-12559-MB | Plan confirmed; case closed on an interim basis. | Chapter 11 |
| **Evelyn I Florentino** | 9:18-bk-10210-DS | Plan confirmed; case closed on an interim basis. | Chapter 11 |
| **Gary Song Jiunn Mor** | 8:20-bk-10168-TA | Plan confirmed; case open. | Chapter 11 |
| **Paul Se Won Kim[1]** | 8:20-bk-10168-TA | Plan confirmed; Debtor received a discharge. | Chapter 11 |
| **Mehr Group of Companies Holding Inc.** | 8:21-bk-10779-ES | Employed as counsel for DIP; Case dismissed after bidder withdrew from sale. | Subchapter V, Chapter 11 |
| **Robin Gregory Cervantes** | 13-09854-LT11 (Southern District of CA) | Plan confirmed; case closed. | Chapter 11 |
| **Rosana Beatriz Gauna** | 13-32320 (Northern District of CA) | Plan confirmed; case closed. | Chapter 11 |
| **Agnes Rom and Richard Rom** | 13-24758 (Eastern District of CA) | Plan confirmed; case closed. | Chapter 11 |

Copies of the resumes of the Firm's attorneys and support staff who are expected to provide services in this matter are attached hereto as Exhibit A.   The Firm's depth of experience in bankruptcy makes it qualified to represent the Debtor.  The Debtor believes that the Firm's retention is in the best interest of the Estate.  More information about the Firm generally, its experience as counsel to Chapter 11 debtors is available on its website at www.bwlawcenter.com.

//

//

//

---

[1] Substituted in for Michael J. Berger's office post-confirmation.

**2.**   **The Legal Services to be Provided by the Firm for the Debtor**

The Firm's services for the Debtor are necessary to enable the Debtor to execute its duties as a Debtor in Possession.  Subject to further order of this Court, and without being exclusive, the Firm proposes to render the following types of legal services to the Debtor:

1. Advise the Debtor of its duties as a Debtor in Possession and to represent the Debtor as a Debtor in Possession.

2. Advise the Debtor regarding the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the requirements of the Office of the United States Trustee pertaining to the administration of the Estate and the use thereof;

3. Advise and represent the Debtor concerning its rights and remedies regarding the assets of the Estate;

4. Prepare, among other things, motions, applications, answers, orders, memoranda, status or monthly operating reports, and papers in connection with the administration of the Estate;

5. Protect and preserve the Estate by prosecuting and defending actions commenced by or against the Debtor;

6. Analyze and prepare necessary objections to proofs of claim filed against the Estate;

7. Conduct examinations of witnesses, claimants, or other adverse or third parties;

8. Represent the Debtor in any proceeding or hearing in the Court;

9. Negotiate, formulate, and draft any plan(s) of reorganization and disclosure statement(s);

10. Advise and represent the Debtor in connection with their investigation of potential causes of action against persons or entities, including, but not limited to, avoidance actions, and the litigation thereof, if warranted; and

11. Render such other advice and services as the Debtor may require in connection with the Case.

**3.**   **Compensation of the Firm by the Debtor and Other Disclosures**

The Firm was retained by Debtor to provide restructuring advice prior to the Petition Date. The Debtor's first engagement with the Firm was an hourly retainer that was limited in scope to review financials and determine whether bankruptcy was a viable option ("First Engagement"). The Debtor was invoiced for this time with the pre-petition fees earned from the initial

engagement.  A true and correct copy of the First Engagement is attached as <u>Exhibit B</u>.  The Debtor, after being counsel on available options, decided to move forward with a Chapter 7 bankruptcy proceeding.  The Debtor executed a flat-rate Chapter 7 agreement at that point that is attached as <u>Exhibit C</u>.  Prior to the filing of the Chapter 7 bankruptcy case and after continued changes in circumstances and legal guidance, the Debtor transitioned to the concept of being a debtor in possession and filing a Chapter 11 reorganization.  A true and correct copy of the Chapter 11 retainer with the Firm is attached as <u>Exhibit D</u>.  Part of the analysis to move forward with a Chapter 11 proceeding included the Debtor's pre-petition engagement with Golden Goodrich as the Debtor's CRO.  A true and correct copy of the Debtor's engagement with Golden Goodrich is attached as <u>Exhibit E</u>.

The total funds received by the Debtor from the First Engagement, the Chapter 7 engagement, and the Chapter 11 retainer totals $18,500.  $1,738 was withdrawn on December 21, 2021 from the Firm's trust account prior to the bankruptcy filing to pay the Court filing fee. There remains a total of $0 in the Firm's trust account on behalf of the Debtor with $18,500 earned pre-petition.

There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with the Case, except insofar as such compensation may be shared among partners, counsel, and associates of the Firm.  The Firm reserves the right to seek compensation according to applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**4.  <u>Possible Other Professional Engagements</u>**

The Debtor anticipates that she may retain one or more other professionals in this bankruptcy case as follows:

> I.    The Debtor has been advised that tax counsel may become appropriate, at the very least to prepare tax returns on behalf of the bankruptcy estate, but at this time, no tax professional is either retained or especially known.

II.     The Debtor will employ real estate professionals to market and sell parcels of real property listed in Schedules A/B.

III.    David M. Goodrich was employed by the Debtor pe-petition as the Debtor's Chief Restructuring Officer.  The Debtor does not perceive the engagement with David Goodrich as being that of a professional.  A copy of the engagement attached as Exhibit E.  The engagement provides for the Duties and Powers of the CRO as follows: Goodrich will provide the following services:

(i)     Manage and oversee the affairs of the Debtor, including supervising the Debtor's employees, management company and outside consultants;

(ii)    Assist the Debtor and Debtor's legal counsel in relation to the bankruptcy case and any related adversary proceedings;

(iii)   Provide the Debtor and Debtor's legal counsel with any assistance requested by either in connection with any reports, accountings, motions, responses or other documents relating to Debtor's case;

5. **Disinterestedness of the Firm**

To the best of the Debtor's knowledge and based upon the Billyard Declaration, neither the Firm nor any of its partners, counsel, or associates has any connection with the Debtor, any creditor of the Estate, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as stated herein.  To the best of the Debtor's knowledge and based upon the Billyard Declaration, neither the Firm nor any of its partners, counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

To the best of the Debtor's knowledge, the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and the Firm does not hold any interest adverse to the Estate.  If at any subsequent time during this proceeding, the Firm learns of any other representation which may give rise to a conflict, the Firm will promptly file with the Court an amended declaration identifying and specifying such involvement.

**6.  Proposed Hourly Rates and Expenses**

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and this Court's rules, the Debtor proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies.  The attorneys and paraprofessionals expected to be principally responsible for the Case, and the respective hourly rates are as follows:

| Name | Rate | Profession / Title |
|------|------|--------------------|
| Andy C. Warshaw | $360 | Partner |
| Amanda Billyard | $360 | Partner |
| Rich Sturdevant | $360 | Associate |
| TBD | $305 | Firm Associate or of counsel |
| Victor Ugarte | $195 | Legal Assistant |

The Applicant requests that these rates be approved and that the proposed order include language that these rates are approved.  It is contemplated that the Firm will seek interim compensation during the Case as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.  The Firm understands that its compensation in these cases is subject to the prior approval of this Court.  No compensation will be paid except upon application to and approval by this Court in accordance with sections 330 and 331 of the bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

//

//

**7.  <u>Notice</u>**

Pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection

with the Application unless requested by the United States Trustee, a party in interest, or otherwise

ordered by the Court.  Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the

Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule

9013-1(f)(1) and must be filed with the Court and served upon the Debtor, its proposed counsel,

and the United States Trustee no later than fourteen (14) days from the date of service of notice of

the filing of the Application.

**WHEREFORE**, the Debtor requests that this Court approve the employment of the Firm

as general bankruptcy counsel, as of the commencement of the Case, to render services as

described above, with compensation to be paid by the Estate as an administrative expense in such

amount as this Court may hereafter determine and allow.


Dated: December 21, 2022          Financial Relief Law Center, APC

                          By:  <u>/s/ Andy C. Warshaw</u>
                               Andy C. Warshaw
                               [Proposed] Attorneys for Debtor in Possession

### **Declaration of Amanda G. Billyard**

I, Amanda G. Billyard, declare and state as follows:

1. I am an attorney duly admitted to practice in the State of California and before this Court.

2. I make this declaration in support of the application (the "Application") filed by 2nd Chance LLC (the "Debtor") to employ Financial Relief Law Center, APC (the "Firm") as general bankruptcy counsel, effective as of the Petition Date as such term is defined herein).

3. The name, address, telephone number, and facsimile number of the Firm as follows:

Financial Relief Law Center, APC
1200 Main Street, Suite C
Irvine, CA 92614
Phone: (714) 442-3319
Facsimile: (714) 361-5380

4. The Firm has served as general bankruptcy counsel to debtors in various chapter 11 cases within the Central District and throughout California.  Copies of resumes of the Firm's attorneys expected to provide services in this matter are attached as **Exhibit A**.  More information about the Firm generally is available on its website at www.bwlawcenter.com.

5. Subject to further order of this Court, and without being exclusive, the Firm proposes to render the following types of legal services to the Debtor:

   a. Advise the Debtor as a debtor in possession

   b. Advise the Debtor regarding the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the requirements of the Office of the United States Trustee pertaining to the administration of the Estate and the use thereof;

    c.   Advise and represent the Debtor concerning its rights and remedies regarding the assets of the Estate;

    d.   Prepare, among other things, motions, applications, answers, orders, memoranda, reports, and papers in connection with the administration of the Estate;

    e.   Protect and preserve the Estate by prosecuting and defending actions commenced by or against the Debtor;

    f.   Analyze and prepare necessary objections to proofs of claim filed against the Estate;

    g.   Conduct examinations of witnesses, claimants, or other adverse or third parties;

    h.   Represent the Debtor in any proceeding or hearing in the Court;

    i.   Negotiate, formulate, and draft any plan(s) of reorganization and disclosure statement(s);

    j.   Advise and represent the Debtor in connection with their investigation of potential causes of action against persons or entities, including, but not limited to, avoidance actions, and the litigation thereof, if warranted; and

    k.   Render such other advice and services as the Debtor may require in connection with the Case.

6.   The application discusses that my office will be employed to help the Debtor through the bankruptcy process and that there is no pre-petition connection outside of what is disclosed with the retainer agreements provided in Exhibits B, C, and D.

7.   The Firm was retained by Debtor to provide restructuring advice prior to the Petition Date. The Debtor's first engagement with the Firm was an hourly retainer that was limited in scope to review financials and determine whether bankruptcy was a viable option ("First Engagement"). The Debtor was invoiced for this time with the pre-petition fees earned

11

from the initial engagement.  A true and correct copy of the First Engagement is attached as <u>Exhibit B</u>.  The Debtor, after being counsel on available options, decided to move forward with a Chapter 7 bankruptcy proceeding.

8. The Debtor executed a flat-rate Chapter 7 agreement at that point that is attached as <u>Exhibit C</u>.  Prior to the filing of the Chapter 7 bankruptcy case and after continued changes in circumstances and legal guidance, the Debtor transitioned to the concept of being a debtor in possession and filing a Chapter 11 reorganization.  A true and correct copy of the Chapter 11 retainer with the Firm is attached as <u>Exhibit D</u>.

9. Part of the analysis to move forward with a Chapter 11 proceeding included the Debtor's pre-petition engagement with Golden Goodrich as the Debtor's CRO.  A true and correct copy of the Debtor's engagement with Golden Goodrich is attached as <u>Exhibit E</u>.

10. The total funds received by the Debtor from the First Engagement, the Chapter 7 engagement, and the Chapter 11 retainer totals $18,500.  $1,738 was withdrawn on December 21, 2021 from the Firm's trust account prior to the bankruptcy filing to pay the Court filing fee. There remains a total of $0 in the Firm's trust account on behalf of the Debtor with $18,500 earned pre-petition.

11. There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with the Case, except insofar as such compensation may be shared among partners, counsel, and associates of the Firm. The Firm reserves the right to seek compensation according to applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

12. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and this Court's rules, the Debtor

proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The attorneys and paraprofessionals expected to be principally responsible for the Case, and the respective hourly rates are as follows:

| Name | Rate | Profession / Title |
|------|------|--------------------|
| Andy C. Warshaw | $360 | Partner |
| Amanda Billyard | $360 | Partner |
| Rich Sturdevant | $360 | Associate |
| TBD | $305 | Firm Associate or of counsel |
| Victor Ugarte | $195 | Legal Assistant |

13. It is contemplated that the Firm will seek interim compensation during the Case as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in these cases is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court.

14. The Firm does not believe itself to have any connection with the United States Trustee, or any person employed in the Office of the United States Trustee.

15. To the best of my knowledge, neither the Firm nor any of its partners, counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

16. To the best of my knowledge, the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and the Firm does not hold any interest adverse to the Estate.

17. If at any subsequent time during this proceeding, the Firm learns of any other representation which may give rise to a conflict, the Firm will promptly file with the Court an amended declaration identifying and specifying such involvement.

18. To the best of my knowledge, neither the Firm nor any of its partners, counsel, or associates is or was, within two years before the date of the petition, a director, officer, or employee of the Debtor.

19. The attorneys from the Firm that will be involved in the Case are familiar with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and the United States Trustee Guidelines and will comply with them.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 21st day of December in 2022 at Irvine, California

/s/ _Amanda Billyard_

Amanda G. Billyard

14

**<u>Exhibit A</u>**
Resumes

# AMANDA G. BILLYARD, ESQ.

1200 Main Street, Suite C, Irvine, CA 91614 ● (714) 442-3349 ● abillyard@bwlawcenter.com

**BAR ADMISSIONS**  California State Bar, Active Member since 2008, Admitted in all District Courts of California
**& LICENSES:**      District of Columbia Bar, Admitted 2010
                     Licensed Real Estate Broker, CA Bureau of Real Estate

**EDUCATION**        **University of California Los Angeles - Extension**
                     Summer 2015 Program
                     - **Estate Planning- 12 week course**

                     **University of the District of Columbia -David A. Clarke School of Law[1], Washington, D.C.**
                     J.D. *Cum Laude*, May 2007
                     - **Law Review:** Managing Editor 2006-2007, Associate Editor 2005-2006
                     - **Law Clinic:** completed over 700 hours of client centered clinical work[2]
                     - **Awards:** Equal Justice Works Fellow 2005, Deans Fellow 2005

                     **Binghamton University, State University of New York, Binghamton, New York**
                     B.A. in English & Philosophy, May 2003

## SUMMARY OF QUALIFICATIONS
- Total of 10+ years in unique combination of professional small business, consumer law, real estate and public interest, experienced in various fields including, bankruptcy, foreclosure, estate planning
- Demonstrated ability to work with others as well as independently, instruct and collaborate with business and sales professionals, understand various areas of law and perform conflict resolution

## WORK EXPERIENCE

**Emerald Pacific Realty, Inc.**   Rancho Santa Margarita, CA                          6/15- Present
*Broker/ Sole Owner/ President and CEO*
- Managing Real Estate Brokerage and Sales Agent Staff, performing residential sales transactions and representing sellers and buyers from listing and offers through close of escrow, reviewing property records, appraisals and home inspections; transactions are focused on both short sales (including short sale bank side negotiations), as well as equity sales, with a concentration on helping clients sell their property while in mortgage default

**Financial Relief Law Center, APC**   Irvine, CA                                     1/10- Present
*Managing Partner/ Owner / Co-President and CEO*
- Managing a law office of 6 employees, including 2 attorneys and 4 support staff, overseeing general work flow and employee productivity, serving as primary point of contact for staff and client resolution; researching marketing data and executing methods; client intake management, budget management; payroll
- Performing all functions related to filing chapter 7 and 13 bankruptcy petitions including interviewing clients and preparing and filing petitions, chapter 13 plans, reaffirmations agreements, resolving creditor and trustee objections, resolving motions to dismiss, negotiating adequate protection orders for motions for relief of stay, attending 341 and confirmation hearings, reviewing and analyzing Deed of Trust instruments for specific language, drafting Motions to Avoid Junior Liens on Real Property, Motions to Extend a Stay, Claim Objections
- Drafting Estate Plans, conducting client interviews and advising on strategic asset management and planning, recording grant deeds; general business formation and dissolution

---

[1] US News ranked UDC-DCSL tied for 2nd in the nation in student diversity and second in the nation in the ABA Client Counseling Competition.

[2] UDC David A. Clarke School of Law was ranked as having the 13th best law school clinical program in the U.S. (tied with Stanford Law - out of 190 law schools) by US News and World Report in 2008.

- Assisting with negotiations regarding real estate loan workouts and in-house and traditional modification programs, writing regulatory and consumer complaints analyzing the Net Present Value (NPV)
- Solely managing all aspects of representing debtor clients with regard to collections lawsuits and debt settlement, negotiations, advising clients on debt solutions, determining collectible status of clients, advising on collections litigation, collections judgments, wage garnishments and property liens, negotiating and settling debt

**University of California, Irvine**, Irvine, CA                                                                          11/14- Present
*Student Affairs Officer (Contractor)*
- Reading, evaluating and scoring Freshman and Transfer applications for incoming student applicants; making decisions to send applications for supplemental review

**Focus Synthesis LLC**, San Diego, CA                                                                          7/10-9/18
*Consultant-Independent Contractor*
- Advising and representing client company with respect to contracts, reviewing lease and sublease agreements, reviewing operating agreement, and email correspondence, advising on managing member roles, fiduciary duties and self dealing, drafting notice of termination of lease, negotiating with client company adversaries

**Law Offices of Daniel L. Gobetz, Esq.**, St. James, NY                                                      5/02-8/04
*Bank Closer – N.Y. State Notary Public*
- Represented various lenders including CitiMortgage, HSBC, IndyMac and GMAC in related purchase, sale and refinance transactions, conducted real estate loan closings for various lenders, managed bank files,
- Balanced and reviewed HUD-1 settlements and conducted all closings duties pursuant to RESPA, including funding, and disclosures pursuant to TILA, responsible for detailed explanations concerning Notes and promises to pay as well as Mortgage Security Instruments and Deeds of Trust, ensuring proper delivery of all disclosures, reviewed title reports and contracts, researched mortgage history, subordination agreements

**Law Offices of Craig Zimmerman & Associates**, Santa Ana, CA                                          1/09- 7/09
*Associate Attorney*
- Managed large caseload of consumer clients facing bankruptcy by negotiating for debt settlement, advised clients on debt matters, resolved financial conflicts with debt collectors including wage garnishment releases, handled negotiations for debt settlements and advised clients on violations of the FDCPA

**Chambers of the Honorable Rafael Diaz, Superior Court**, Washington, D.C.                              8/07-2/08
*Judicial Law Clerk- Misdemeanors*
- Wrote orders in response to motions, including ineffective assistance of counsel, for misdemeanor cases
- Prepared jury instructions, prepared cases for litigation by researching probation and mental health statutes and case law, compiled research regarding evidentiary issues; Managed a judge's daily calendar and communications

## OTHER LEGAL EXPERIENCE
**Juvenile and Special Education Law Clinic at UDC-DCSL**, Washington, D.C.                              8/06-12/06
*Student Advocate - D.C. Superior Court Certified*
- Represented clients with who were denied a Free Appropriate Public Education under the Individuals with Disabilities Education Improvement Act (IDEIA), Secured special education services for clients at IEP meetings, successfully represented clients at probation hearings

**HIV/AIDS Law Clinic at UDC-DCSL**, Washington, D.C.                                                      1/06-5/06
*Student Advocate - D.C. Superior Court Certified*
- Represented clients in matters related to drafting wills and advance directives, as well as civil protection order hearings, eviction and housing matters, SSI and SSDI claims, prepared motions for contempt of child support, motions to modify custody, motions for joinder of a party and temporary restraining orders

**Attorney
Biography**               **Andy C. Warshaw**



**Tel: (714) 442-3319**

**Fax: (714) 361-5380**

**Email: awarshaw@bwlawcenter.com**

**Areas of Concentration**

Andy C. Warshaw's practice focuses on the representation of debtors and debtors-in-possession in Chapter 7, 11, 12 and 13 cases.

**Case History and Experience**

Warshaw prosecutes bankruptcy cases in each of the four districts in California.  As of March 2021, Warshaw estimates to have filed (or been involved in) over 750 cases.  Warshaw is a certified specialist in bankruptcy law by the State Bar of California.

*CASE HISTORY AND EXPERIENCE*

- Chapter 7 History: filed approximately 160 Chapter 7 cases.
- Chapter 11 History: Counsel of record for 11 debtors that achieved plan confirmation in chapter 11, with both individual and corporate plans confirmed.  Involvement in cases as either Debtor or Creditor counsel.
- Chapter 12 History: Chapter 12 confirmed in the Northern District of California - Santa Rosa division. Pending plan confirmation in Chapter 12 in the Southern District of California in early 2021.
- Chapter 13 History: filed more than 450 Chapter 13 cases over various jurisdictions.
- Adversary Proceeding History: Involvement in 8 adversary proceedings as either plaintiff or defense counsel with active cases as defense counsel.

**Admissions**

- State Bar of California
- United States District Court - Central District of California
- United States District Court - Southern District of California
- United States District Court - Eastern District of California
- United States District Court - Northern District of California

**Affiliations**

- Orange County Bar Association

**Education**

- Chapman University School of Law (2008), J.D.
- Franklin and Marshall College (2005), B.A.

## Attorney Biography

**Richard Sturdevant**
**Financial Relief Law Center**
**Tel: (714) 442-3300 x 135**
**Fax: (714) 361-5376**
**Email: rich@bwlawcenter.com**

### Areas of Concentration

Richard Sturdevant is an associate at the firm's Irvine office. Mr. Sturdevant's practice focuses on representing debtors in Chapter 7, 13, and 11 matters.

### Case History

Sturdevant prosecutes bankruptcy cases in each of the four districts in California. He has filed over 123 Chapter 7 cases, has represented a debtor or creditor in 10 Chapter 11 cases in the Central and Northern Districts of California, and has filed over 228 chapter 13 cases in all four California districts.

### Admissions

- State Bar of California
- United States District Court - Central District of California
- United States District Court - Southern District of California
- United States District Court - Eastern District of California
- United States District Court - Northern District of California

### Education

Chapman University School of Law, 2007 J.D.

San Diego State University, 2004 B.A.

**<u>Exhibit B</u>**

A true and correct copy of the First Engagement is attached as <u>Exhibit B</u>.

**FINANCIAL RELIEF**
**LAW CENTER**
APC

1200 Main St. Suite C, Irvine, CA 92614

September 19, 2022

ATTORNEY-CLIENT FEE AGREEMENT

**FINANCIAL RELIEF LAW CENTER** ("Attorney") and 2ⁿᵈ Chance Investment
Group ("Client") hereby agree that Attorney will provide legal services to Client on the
terms set forth below.

    **1.**    **CONDITIONS.** This Agreement will not take effect, and Attorney will
have no obligation to provide legal services, until Client returns a signed copy of this
Agreement and pays the initial deposit called for under Paragraph 4.

    **2.**    **SCOPE OF SERVICES.** Client hires Attorney to provide legal services in
the following matters: Client hires attorney to analyze financials and assist
Client in determining whether bankruptcy is a viable option.   Such
considerations consider feasibility of a plan of reorganization, if applicable and
the best and worst circumstances that could occur within a bankruptcy Chapter
7 and compare them to solutions outside of bankruptcy. Attorney will review
income, expenses, contracts, balance sheets, P&L's and any relevant financial
data that Client provides in order to formulate a game plan.

The attorney may or may not prepare petitions, schedules, statements of
financial affairs, or any bankruptcy-related documents as part of this agreement
depending on individual case circumstances. The attorney will not prepare
adversary proceedings related to any preference allegations of Client.

Separate arrangements, if agreed upon by Attorney and Client, must be agreed
to for those services.  Services in any matter not described above require a
separate written agreement.

    **3.**    **CLIENT'S DUTIES.** Client agrees to be truthful with Attorney, to
cooperate, to keep Attorney informed of any information of developments which may come
to Client's attention, to abide by this Agreement, to pay Attorney's bills on time, and to keep
Attorney advised of Client's address, telephone number and whereabouts.  Client will assist
Attorney in providing necessary information and documents and will appear when
necessary, at legal proceedings.

_____(Client Initials)   _____(Client Initials)

**FINANCIAL RELIEF**
**LAW CENTER**
APC

1200 Main St. Suite C, Irvine, CA 92614

**4.     LEGAL FEES AND BILLING PRACTICES.** Client agrees to pay an initial retainer of $2,500 to Attorney for above services.  Any additional labor will be billed at an hourly rate at Attorney's prevailing rates for all time spent on Client's matter by Attorney's legal personnel.   Current hour rates for legal personnel are as follows:

| | |
|---|---|
| Attorney's | $360/hour |
| Paralegal/Legal Assistant | $195/hour |
| Bureau Credit Report | $35.00/$70.00 joint |

_____(Client Initials)   _____(Client Initials)

        The rates on this schedule are subject to change on 30 days' written notice to Client.  If Client declines to pay increased rates, Attorney will have the right to withdraw as attorney for Client.

        The time charged will include any/all-time Attorney spends on telephone calls relating to Client's matter, including calls with Client, witnesses, opposing counsel or court personnel.  This agreement will govern all legal services performed commencing with the date on which the first service is performed.  The legal personnel assigned to Client's matter may confer among themselves about the matter, as required and appropriate.  When they do confer, each person will charge for the time expended, as long as the work done is reasonably necessary and not duplicative.  Likewise, if more than one of the legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent.  Attorney will charge for waiting time in court and elsewhere and for travel time, both local and out of town.

        Time is charged in minimum units of one-tenth (.1) of an hour.  The following have higher minimum charges:

        Telephone calls: (.1) of an hour
        Letters: (.1) of an hour
        Other: (.1) of an hour

_____(Client Initials)   _____(Client Initials)

**FINANCIAL RELIEF
LAW CENTER**
APC

1200 Main St. Suite C, Irvine, CA 92614

**5.     COSTS AND OTHER CHARGES.**

(a)     Attorney will incur various costs and expenses in performing legal
services under this Agreement.  Client agrees to pay for all costs, disbursements and
expenses in addition to the hourly fees.  The costs and expenses commonly include service
of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees,
deposition costs, long distance telephone charges, messenger and other delivery fees,
postage, photocopying and other reproduction costs, travel costs including parking,
mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees,
expert witness, professional, mediator, arbitrator and/or special master fees and other
similar items.  Except for the items listed below, all costs and expenses will be charged at
Attorney's cost.

| | |
|---|---|
| In-office photocopying: | $.25/page |
| Facsimile charges: | $.25/page |
| Mileage: | $.50/mile [IRS is at $.51] |
| Other: | TBD |

(b)     Out of town travel.  Client agrees to pay transportation, meals, lodging
and all costs of any necessary out-of-town travel by Attorney's personnel.  Client will also be
charged the hourly rates for the time legal personnel spend traveling.

(c)     Experts, Consultants, and Investigators.  To aid in the preparation or
presentation of Client's case, it may become necessary to hire expert witnesses, consultants
or investigators.  Client agrees to pay such fees and charges.  Attorney will select any expert
witnesses, consultants, or investigators to be hired, and Client will be informed of persons
chosen and their charges.

Additionally, Client understands that if the matter proceeds to court action or
arbitration, Client may be required to pay fees and/or costs to other parties in the action.
Any such payment will be entirely the responsibility of Client.

_____ (Client initials)      _____ (Client initials)



**FINANCIAL RELIEF**
**LAW CENTER**
APC

1200 Main St. Suite C, Irvine, CA 92614

### 6. PERSONAL GUARANTEE

In the event Client fails to make any payment to or fails to perform in any manner with regard to said Agreement between the Parties, I, Ray Foster, do hereby guarantee and promise, in my individual capacity, to make all payments to/in the same manner as if I was the principal of said Agreement.

_____ (Client Initials)         _____ (Client Initials)

_____         _____
        Client Signature                       Client Signature

### 7. BILLING STATEMENTS.

Attorney will send Client periodic statements for fees and costs incurred. Each statement will be payable within 30 days of its mailing date. Client may request a statement at intervals of no less than 30 days. If Client so requests, Attorney will provide one within 10 days. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

### 8. LIEN.

Client hereby grants Attorney a lien on any and all claims or causes of action that are the subject of the representation under this Agreement. The lien will be for any sums owing to Attorney at the conclusion of services performed. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorney has been discharged before the end of the case. Because a lien may affect Client's property rights, Client may seek the advice of an independent lawyer of Client's choice before agreeing to such a lien. By initialing this paragraph, Client represents and agrees that client has had a reasonable opportunity to consult such an independent lawyer and – whether or not Client has chosen to consult such an independent lawyer – Client agrees that Attorney will have a lien as specified above.

_____ (Client Initials)    _____ (Client Initials)

**FINANCIAL RELIEF
LAW CENTER**
APC

1200 Main St. Suite C, Irvine, CA 92614

9.      **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time.  Attorney may withdraw with Client's consent or for good cause.  Good cause includes Client's breach of this Agreement, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical.  When Attorney's services conclude, all unpaid charges will immediately become due and payable.  After services conclude, Attorney will, upon Client's request, deliver Client's file, and property in Attorney's possession unless subject to the lien provided in Paragraph 8 above, whether or not Client has paid for all services.

10.      **DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter.  Attorney makes no such promises or guarantees.  Attorney's comments about the outcome of the matter are expressions of opinion only.  Any estimate of fees given by Attorney shall not be a guarantee.  Actual fees may vary from estimates given.

11.      **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties.  No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

_____ (Client Initials) _____ (Attorney Initials)

12.      **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

13.      **MODIFICATIO N BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

14.      **EFFECTIVE DATE.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services.  The date at the beginning of the Agreement is for reference only.  Even if the Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

_____(Client Initials) _____(Client Initials)



**FINANCIAL RELIEF
LAW CENTER**
APC

1200 Main St. Suite C, Irvine, CA 92614

15.    **ARBITRATION.**   In the event of any controversy, claim or dispute between the parties arising out of or relating to this agreement or the breach, termination, enforcement, interpretation, consionability or validity thereof, including any determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in Orange County, State of California or in the county in which the consumer resides, in accordance with the Laws of the State of California for agreements to be made in and to be performed in California. The parties agree that the arbitration shall be administered by the American Arbitration Association ("AAA") pursuant to its rules and procedures and an arbitrator shall be selected by the AAA. The arbitrator shall be neutral and independent and shall comply with the AAA code of ethics. The award rendered by the arbitrator shall be final and shall not be subject to vacation or modification. Judgment on the award made by the arbitrator may be entered in any court having jurisdiction over the parties. If either party fails to comply with the arbitrator's award, the injured party may petition the circuit court for enforcement. The parties agree that either party may bring claims against the other only in his/her or its individual capacity and not as a plaintiff or class member in any purported class or representative proceeding. Further, the parties agree that the arbitrator may not consolidate proceedings of more than one person's claims, and may not otherwise preside over any form of representative or class proceeding. The parties shall share the cost (not attorney's fees) of arbitration equally. If the consumer's share of the cost (not fees) is greater than $2,000.00 (Two-thousand dollars), the company will pay the consumers share of costs in excess of that amount. In the event a party fails to proceed with arbitration, unsuccessfully challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit, including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award. Binding Arbitration means that both parties give up the right to a trial by a jury. It also means that both parties give up the right to appeal from the arbitrator's ruling except for a narrow range of issues that can or may be appealed. It also means that discovery may be severely limited by the arbitrator.  This section and the arbitration requirement shall survive any termination.

_____(Client Initials)    _____(Client Initials)



# FINANCIAL RELIEF
## LAW CENTER
### APC

1200 Main St. Suite C, Irvine, CA 92614

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND
AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES.  IF MORE
THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND
SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.  CLIENT SHALL RECEIVE A
FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

DATED: 9-20-22

Ray Foster
Reyshon Foster

DATED:

n/a

Address:

Telephone:

Telephone:

DATED: September 20, 2022

FINANCIAL RELIEF LAW CENTER

By:

ANDY WARSHAW, ESQ. /
AMANDA BILLYARD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit C**

The Debtor, after being counsel on available options, decided to move forward with a Chapter 7 bankruptcy proceeding.  The Debtor executed a flat-rate Chapter 7 agreement at that point that is attached as Exhibit C.



**FINANCIAL RELIEF**
**LAW CENTER**
APC

1200 Main St. Suite C Irvine, CA 92614    Tel (714) 442-3315    Fax (714) 361-5382

**Chapter 7 Bankruptcy Retainer Agreement**

**FINANCIAL RELIEF LAW CENTER** ("Attorney") and 2nd Chance Investment Group. ("Client")
hereby agree that Attorney will provide legal services to Client on the terms set for the below.

1.  **CONDITIONS.** This Agreement will not take effect, and Attorney will have no obligation to
    provide legal services, until Client returns a signed copy of this Agreement.

2.  **SCOPE OF SERVICES.** Client hires Attorney to provide legal services in the following
    matters: Consultation regarding client's financial condition, evaluation of bankruptcy options,
    referral of all creditors calls to Attorney's office, preparation, and review of bankruptcy
    petition, filing bankruptcy petition, and appearance at one 341(a) meeting of creditors. Any
    other services not listed, including, but not limited to, negation of any reaffirmation or
    redemption agreement, modifications, representation in any adversarial action or complaint to
    determine the discharge ability of a debt and complaints to deny or revoke a discharge are not
    included or within the scope of this Agreement. Separate arrangements, if agreed upon by
    Attorney and Client, must be agreed to for those services. Time will be billed hourly at the
    Attorney's prevailing rate which is at least $360/hour after the initial meeting of creditors if the
    case turns into an asset case in which the Trustee administers or attempts to administer assets.

3.  **CLIENT'S DUTIES.** Client agrees to be truthful with Attorney, to cooperate, to keep
    Attorney informed of any information or developments which may come to Client's attention,
    to abide by this Agreement, to pay Attorney's invoices on time, and to keep Attorney advised
    of Client's address, telephone number and whereabouts. Client agrees that additional hourly
    billing at Attorney's prevalent rate begins if a material asset, issue, or otherwise undisclosed
    piece of information causes additional time to be committed to the case by Attorney. Client
    will assist Attorney in providing information and documents necessary for the representation
    in the described matter. Client understands that any luxury items purchased within the 90 days
    prior to filing bankruptcy can result in these debts not being eligible for a discharge and filing
    a bankruptcy case to discharge these debts could trigger an adversary proceeding.

Initials_____     Initials_____

1                              3/17/2021

4. **LEGAL FEES AND BILLING PRACTICES.** Client agrees to pay **Attorney:**

| | |
|---|---|
| **$6,000.00** | **Attorney Fee** |
| **$0.00** | **Bureau Credit Report – each filer ($74 for joint report)** |
| **$313.00** | **Filing Fee for US Bankruptcy Court**. |
| **$0.00** | **Fees for Additional Services (522F lien avoidance/per lien)** |

**The Attorney fee is a flat fee for services in Section 2 above. All fees and costs must be paid in full prior to Attorney filing the bankruptcy petition with the appropriate Bankruptcy court.**

The rates on this schedule are subject to change on 30 days' written notice to client due to changes related to Client's eligibility for certain chapters of bankruptcy. If Client declines to pay any increased rates or fails to pay an invoice within 7 calendar days of its due date, Attorney will have the right to withdraw as counsel. Since the fee arrangement is being made at the request and for the benefit of Client, Attorney will not be required to provide billing records at any time, including in the event of the billing dispute. However, in the event Attorney is seeking additional fees for services outside of the scope in Section 2, Attorney will provide Client with billing information for those services. This is a flat fee arrangement and Client understands that given the nature and scope of the work listed in Section 2, being performed by Attorney, this is a fair, equitable, and reasonable way to compensate Attorney for the services described under this Agreement. All fees are earned upon receipt by Attorney and need not be kept in an Attorney-Client Trust Account.

For Services outside the scope of this Agreement, Attorney time will bill at a rate of $360 per hour, paralegals and legal assistants are billed at $195 per hour. Examples of this are reaffirmation agreements, relief from stay, loan modification negotiation, motion to modify, lien avoidance, adversary proceedings, additional 341 or confirmation hearings and or motion and litigation work. If a case is audited by the Office of the United States Trustee, for any reason, including conversion from Chapter 7 to Chapter 13, attorney bills at an hourly rate in addition to the initial retainer amount.

Reaffirmation agreements only apply to personal property pursuant to 11 U.S. 521 (A)(6). Therefore, reaffirmation agreements do not apply to mortgages on real property.

**PAYMENT ARRANGEMENT FOR ATTORNEY REPRESENTATION:** Client acknowledges that s/he can pay the above total legal fee for the bankruptcy filing in installments and **that the bankruptcy will not be filed until all fees are paid in full**.

- Upon Client's first installment payment towards the Attorney Fee, all creditor calls, and communication can be directed to Attorney regarding Client's accounts and matters. Once notified, no further collection activity by the informed creditors should take place. Client understands and agrees that all payments described herein for legal fees must be received by Attorney before any bankruptcy can be filed. Once the full fees outlined above are paid in full, Attorney will proceed with filing the bankruptcy.

Initials_____  Initials_____

2

- Remember you are NOT protected under the bankruptcy code until your petition has been filed.

- This fee agreement is good for 6 months. If making payments for your bankruptcy you MUST make a payment every month to continue with this service or notify our office to make arrangements. If you do not make a payment each month towards your bankruptcy, we may cancel services. Our fees are non-refundable, as agreed, you have retained us for our guidance, advice, services, assistance, and the preparation of your case.

- Client also understands and agrees that should Client later choose to not proceed with the bankruptcy after Attorney has already begun work, the retainer fee paid by Client to Attorney is non-refundable and will be retained by Attorney to compensate for work completed, including but not limited to initial consultation with client, unlimited communication with Client, communication with Client's creditors, means test, document collection, reviewing Client's documents and file.

- Client must provide all documentation and requested information prior to the case being filed. Client must provide needed documents within a timely manner (1 month) once we are fully retained. We will not keep cases or representation open indefinitely. Our fees are non-refundable, as agreed, you have retained us for our guidance, advice, services, assistance, and the preparation of your case.

_____(initial)          _____(initial)

5.    **PERSONAL GUARANTEE**    In the event Client fails to make any payment to or fails to perform in any manner with regard to said Agreement between the Parties, I, <u>Ray Foster</u> do hereby guarantee and promise, in my individual capacity, to make all payments to/in the same manner as if I was the principal of said Agreement.

_____ (Initial)          _____(Initial)

_____          _____
Client Signature                    Client Signature

6.    **BILLING STATEMENTS**.  Due to the flat fee nature of this Agreement, Attorney will not be provided or sending billing statements to Client.  Additional services such as, but not limited to, reaffirmation, or audits by the United States Trustee, are additional fees.  Reaffirmation agreement preparation (with no appearance at a hearing) is $360 while response to an audit by the United States Trustee is a minimum retainer of $2,500 that will be billed hourly.

3

7. **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Agreement, Client's failure to timely pay Attorney's invoices, Client's refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney' continuing representation unlawful or unethical. When Attorney's services conclude, Attorney will, upon Client's request, deliver Client's file and property on Attorney's possession, whether Client has paid for all services.

 (Client initials here)

8. **DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

Being in a Chapter 7 has a risk of liquidation, including real property, that can be sold by a Chapter 7 Trustee to benefit creditors. In other words, you risk having property of the estate liquidated if there is information that is not disclosed or if there is unexempt equity in your home. Attorney does not provide valuation of assets and relies on information provided by the Client regarding valuation of assets.

 (Client initials here)

9. **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties except for the disclosures and disclaimers provided by Attorney and executed by Client either contemporaneously with this Agreement or in connection with this Agreement. These documents are expressly subject to the terms and conditions of this Agreement. Any handwritten alterations by Client to the terms or fees listed on the Agreement will make voidable the Agreement.

10. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.**    If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

11. **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

12. **EFFECTIVE DATE.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed legal services. The date at the beginning of this Agreement is for references only. Even if this Agreement does not take

4

effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

_____ (Initial)          _____ (Initial)

## 13. ARBITRATION

### a.  ARBITRATION OF ALL DISPUTES INCLUDING CLAIMS OF MALPRACTICE.

Any controversy between the parties regarding the construction, application or performance of any services under this Agreement, any claim arising out of or relating to this Agreement or its breach, shall be submitted to binding arbitration upon the written request on the other party. The parties shall appoint a three-person panel to hear and determine the dispute. Each party chooses one arbitrator and must mutually agree on a third one and in the event that the parties cannot agree on a third arbitrator, the two chosen arbitrators shall choose the third one.  The decision regarding the chosen arbitrator shall be final and conclusive on all parties.

 (Client initial here)          (Client initial here)

The arbitration will be conducted by JAMS and subject to and conducted in accordance with JAMS' rules. Attorney and Client shall each have the right to discovery in connection with any arbitration proceeding in accordance with Code of Civil Procedure Section 1283.05.  The cost of the arbitration, excluding legal fees and costs shall be borne by the losing party or in such proportion as the arbitration panel shall decide.  The parties shall bear their own legal fees and costs for all claims.  The sole and exclusive venue for the arbitration and of any legal dispute shall be Orange County, California.

 (Client initial here)          (Client initial here)

### (b) STATE BAR ARBITRATION.

Notwithstanding subparagraph A above, in any dispute subject to the jurisdiction of the State of California over attorney's fees, charges, costs or expenses, Client has the right to elect arbitration pursuant to the fee arbitration provision procedures of the State Bar of California, as set forth in California Business and Professions Code Section 6200, et seq.  Those procedures permit a trial after arbitration, unless the parties agree in writing, after the dispute has risen, to be bound by the arbitration award.  If, after receiving a notice of client's right to arbitrate, Client does not elect to proceed under the State Bar fee arbitration procedures, and file a request for fee arbitration within 30 days, any dispute over fees, charges, costs, or expenses, will be resolved by binding arbitration as provided in the previous subparagraph A.

Because each party is giving up a right, Client is encouraged to have an independent lawyer of Client's choice review these arbitration provisions before agreeing to them. By initialing below, Client and Attorney confirm that they have read and understand subparagraphs A and B above and voluntarily agree to binding arbitration.  In doing so, Client and Attorney

5

voluntarily give up important constitutional rights to trial by judge or jury, as well as rights to appeal. Client is advised that Client has the right to have an independent lawyer of Client's choice review these arbitration provisions, and this entire agreement, prior to initialing this provision or signing this Agreement.

_____ (Client initial here)    _____ (Client initial here)

## 14. ATTORNEY CLIENT CONFERENCE CALL

Attorney requires client to participate in a conference call with a licensed California State attorney upon becoming a client. Please complete the contact information below so that an attorney can contact you Monday through Friday between 9AM and 6PM PST.

Contact Number:    _____
Best time to call (Day & Time)    _____
Email Address:    _____

## 15. MEDIATION CLAUSE

If a dispute arises out of or relating to any aspect of this Agreement between Attorney and Client, or the breach thereof, and if the dispute cannot be settled through negotiations, Attorney and Client agree to discuss in good faith the use of mediation before resorting to the required arbitration.

## 16. SERVICE

Client specifically authorizes Attorney to serve any pleadings, paperwork, motions, or correspondence by email in the interest of saving costs. Client's email address that is Attorney may serve said paperwork upon client is

_____ (client initials for authorization to serve by email)

Signatures of Client and Attorney regarding entire agreement

_____    10-14-2022
Client    Date

_____    _____
Client/Spouse    Date

_____    October 14, 2022
Financial Relief Law Center    Date

6

**Notice Mandated by Section 527(a) of the Bankruptcy Code.**

## NOTICE OF MANDATORY DISCLOSURE TO CONSUMERS
## WHO CONTEMPLATE FILING BANKRUPTCY

You are notified as follows:

1. All information that you are required to provide with a petition and thereafter, while your case is pending must be complete, accurate and **truthful.**

2. All of your assets and all of your liabilities must be completely and accurately disclosed in the documents filed to commence your case.

3. Some places in the bankruptcy code require you to determine and list the replacement value of an asset, for instance a car or furniture. When replacement value is required, it means the replacement value established after reasonable inquiry, as of the date of the filing of your case, without deduction for costs of sale or marketing. With respect to property acquired for personal, family or household purposes, replacement value means the price a retail merchant would charge for "used" property of that kind considering the age and condition of the property.

4. Before your case can be filed, it is subject to what is called "Means Testing". The Means Test was designed to determine whether or not you qualify to file a case under Chapter 7 of the Bankruptcy Code, and if not, how much you need to pay your unsecured creditors in a Chapter 13 case. For purposes of means test, you must state, after reasonable inquiry, your total current monthly income, the amount of all expenses as specified and allowed pursuant to section 707(b)(2) of the bankruptcy code, and if the plan is to file a Chapter 13 case, you must state, again after reasonable inquiry, your disposable income, as that term is defined.

5. Information that you provide during your case may be audited pursuant to the provisions of the Bankruptcy Code. Your failure to provide complete, accurate and truthful information may result in the dismissal of your case or other sanctions, including criminal sanctions.

Acknowledgement of Receipt:

_____    _____
Client's signature Date

_____    _____
Client's signature Date

7

**Notice to Individual Consumer Debtors**
**Pursuant to 11 U.S.C. Section 342(b)**

**Types of Bankruptcy**

**Chapter 7 – Liquidation**

Chapter 7 is designed for debtors who are having financial difficulties and are not able to re-pay their debts. If your current monthly income is above the State Median Income you will be required to perform a Means Test to determine if you are eligible for this type of bankruptcy relief. If you do not meet the requirements of the Means Test then you may be precluded from filing a Chapter 7 and have the option of converting to Chapter 13 or filing a Chapter 13.

Under Chapter 7 a Trustee takes possession of all your property. You can only exempt the value of property that is not subject to the liens of your creditors. The Trustee then liquidates the non-exempt property and uses the proceeds to pay off your creditors according to priorities of the Bankruptcy Code. The purpose of filing a Chapter 7 is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the Court, and the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated with alcohol or drugs. Under certain circumstances you may be able to keep property that you have purchased subject to a valid security interest. Some of these options include what is called redemption and the renewal or reaffirmation of an existing pre-bankruptcy debt. Your attorney can explain the options that are available to you.

**Chapter 13 – Repayment of All or Part of the Debts of an Individual with Regular Income**

Chapter 13 is designed for individuals with a regular and stable source of income who are temporarily unable to pay their debts but who desire to use their best efforts and good faith to pay them in installments over a period of time subject to the protections afforded by the Chapter 13 rules. You are only eligible for Chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under Chapter 13 you must file a plan with the Court to repay your creditors all or part of the money that you owe them, using your future earnings or by the disposition and/or abandonment of certain collateral such as land and motor vehicles. You are protected from your creditors in most case upon the filing of your case but your plan must be approved by the Court before it can take effect.

Under Chapter 13, unlike Chapter 7, you may keep all of your property, both exempt and non-exempt, as long as you continue to make payments under the plan. After completion of payments under the plan, your debts are discharged except for any domestic support obligations, student loans, and certain taxes, among others.

## Chapter 11 – Reorganization

Chapter 11 is designed primarily for the reorganization of businesses but is also available to consumer debtors. Its provisions are quite complicated, and any decision for an individual to file a Chapter 11 petition should be reviewed with an attorney. Most Chapter 11 cases are simply too expensive for the great majority of consumer debtors. Most individuals are aware of the high profile Chapter 11 cases that have been filed in recent years by many of the commercial airlines.

## Chapter 12 – Family Farmer

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to a Chapter 13. The eligibility requirements are restrictive, limiting its use to those who whose income arises primarily from a family owned farm.

## Credit Counseling

Reputable credit counselors can advise you on managing your money and your debts. They may also be able to develop a plan to repay your debts. But, most credit counselors are not reputable and charge high fees and contributions that will cause you to fall deeper into debt. Furthermore, many misrepresent their non-profit status and/or their affiliations with religious or charitable organizations. Financial Relief Law Center only recommends that a person seek the credit counseling services of a group that has been approved by the United States Trustee Department or the Bankruptcy Administrator.

## Honesty is Required

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under this the bankruptcy code shall be subject to fine, imprisonment, or both and all information supplied by a debtor in connection with a case under this title is subject to examination by the Attorney General.

## ACKNOWLEDGEMENT OF RECEIPT

_____     10-14-2022
Client signature                              Date


_____     _____
Client signature                              Date

9

**IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES
FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER
Required by Bankruptcy Code Section 527(b)**

If you decide to seek bankruptcy relief, you should be advised that you can represent yourself in all matters connected with the bankruptcy. If you decide to seek bankruptcy relief, you should be advised that you can hire an attorney to represent you. If you decide to seek bankruptcy relief, you should be advised that in some areas you may hire a bankruptcy petition preparer who is not an attorney.

**THE LAW REQUIRES AN ATTORNEY TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY WILL DO FOR YOU AND HOW MUCH IT WILL COST. ASK TO SEE THIS CONTRACT BEFORE YOU HIRE AN ATTORNEY.**

Although bankruptcy cases can be complex, many of the procedures and cases are routine. Before filing a bankruptcy case, you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most beneficial to you. Be sure you understand the relief you can obtain and its limitations.

To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court.

Once your case is filed, you will have to attend a first meeting of creditors where you will be questioned under oath by a court official called a "trustee". At this meeting you may also be questioned by your creditors.

If you chose to file a Chapter 7 case, you may be asked to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you chose to file a Chapter 13 case in which you repay your creditors what you can afford over a 3 to 5 years, you may also want help with preparing your Chapter 13 planned with the confirmation hearing on your plan which will be before a Federal Bankruptcy Judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court. **BE AWARE**- Only an attorney can give you legal advice and can represent you in court. **ACKNOWLEDGEMENT OF RECEIPT**

Client signature _____ Date  10-14-2022

Client signature _____ Date _____

10

1

2

3

4

5

6

7

8

9

**Exhibit D**

Prior to the filing of the Chapter 7 bankruptcy case and after continued changes in circumstances

and legal guidance, the Debtor transitioned to the concept of being a debtor in possession and

filing a Chapter 11 reorganization.  A true and correct copy of the Chapter 11 retainer with the

Firm is attached as Exhibit D.



**FINANCIAL RELIEF
LAW CENTER**
APC

1200 Main St., Suite C, Irvine, CA 92614    Tel (714) 442-3315    Fax (714) 361-5382

November 17, 2022

**ATTORNEY-CLIENT FEE AGREEMENT / RETAINER**

**Financial Relief Law Center, APC** ("Attorney") and **2nd Chance Investments LLC** ("Debtor" or "Client"))
hereby agrees that Attorney will provide legal services to Client on the terms set forth below.

**1.   CONDITIONS**

This Agreement will not take effect, and Attorney will have no obligation to provide legal services until
Client returns a signed copy of this Agreement and pays the initial deposit called for under Paragraph 4,
and Client meets with Attorney.  After the case is filed, Attorney will file detailed fee applications with
the court.  See Sections 5-7 for information on billing.

**2.   SCOPE OF SERVICES**

Client hires Attorney to represent them as the Debtor-in-Possession in a Chapter 11 case filing in the
Central District of California – Orange County Division.  Attorney will provide legal services reasonably
required to represent Client.  These services include preparing, amending, or editing Chapter 11
bankruptcy petition and all supporting schedules and statements, preparing a plan and disclosure
statement, advising Client regarding legal rights and obligations in a bankruptcy proceeding, assisting in
preparing the documents and reports required by the Office of the United States Trustee, representing
Client at the Initial Debtor Interview and any meeting of creditors, and assisting Client in preparing any
paperwork or handling procedural matters that are necessary to prosecute and conclude the Chapter 11
proceeding.  In addition, Attorney will respond to creditor inquiries, review proofs of claim filed in the
bankruptcy case, object to improper claims, prepare monthly operating reports, and respond to all
necessary motions filed in the bankruptcy proceeding.  Attorney will keep Client informed about the
status of the case and respond to inquiries.

**3.   CLIENT'S DUTIES**

Client agrees to be truthful with Attorney, to cooperate with Attorney, to keep Attorney informed of any
relevant information or developments which may come to Client's attention, to abide by this
Agreement, to pay Attorney's bills on time, and to keep Attorney advised of Client's address, telephone
number and whereabouts.

_____Initial Here    _____Initial Here

1

FINANCIAL RELIEF
LAW CENTER
APC

1200 Main St., Suite C, Irvine, CA 92614   Tel (714) 442-3315   Fax (714) 361-5382

Client will assist Attorney in providing necessary information and documents and will appear when necessary, at legal proceedings.  Client agrees that additional hourly billing at Attorney's prevalent rate begins if a material asset, issue, or otherwise undisclosed piece of information causes additional time to be committed to the case by Attorney.

Client understands that there is a risk in filing a Chapter 11 in that the case can be dismissed or converted to Chapter 7 at any time upon the motion of the United States Trustee or any party in interest.   Conversion to a Chapter 7 liquidation risks that assets, including real property, are sold by a Chapter 7 Trustee to benefit creditors.  In other words, you risk having property of the estate liquidated by filing this case.

_____ Initial Here   _____ Initial Here

Client agrees to fully comply with all United States Trustee Requirements within the time required (See Attachment "A"), specifically:

1.  Open Debtor in Possession ("DIP") account(s) same day as case is filed at an approved institution.  Debtor shall obtain online banking regardless of whether the institution charges extra for it.
    Examples of DIP Accounts include:
    Operating          _____
    Cash Collateral    _____
    Taxes              _____
    Payroll            _____

2.  Close ALL current bank accounts same day as case is filed.
3.  File monthly operating reports.  Operating reports are due on the 15th of each month.  For example, the Report for May 2022, would be due on June 15, 2022. (See Section 6)
4.  Provide all current insurance declaration for liability, auto, property, malpractice and any other insurance policy before the case is filed.
5.  There are other requirements as detailed in Attachment "A".  Failure to comply with these as well will result in Attorneys' withdrawal from the case.

Failure to comply with any of these requirements at any time during the case is grounds for attorney withdrawal.

Initial: _____   Initial: _____

2

# FINANCIAL RELIEF
## LAW CENTER
### APC

1200 Main St., Suite C, Irvine, CA 92614    Tel (714) 442-3315    Fax (714) 361-5382

**4.   RETAINER**

As a condition of engagement, Client agrees to pay Attorney a retainer of $10,000.00 on or before November 22nd 2022, which does not include filing fees and costs.  The labor retainer is $10,000.00

Due to strict conflict of interest rules in Bankruptcy Court, we must know the source of the funds used to pay the retainer.  In this case, you have advised us that $11,738 was from your personal/corporate account.

Initial: _____          Initial: _____

**5.   LEGAL FEES AND BILLING PRACTICES**

The retainer is a deposit or down payment.  It is not the full fee nor is it a cap on fees for the work to be done.  Fees and costs depend on the need to respond to external events and strategic decisions made during the case.  For that reason, fee estimates are unreliable and not binding.  The fee breakdown is listed below:

Initial Retainer held in Attorney's Trust Account:     $ 10,000.00
Court Filing Fees:                                     $ 1,738.00
Credit Reports:                                        $ 0.00 (Credit Report at $72 each x 2)
Total:                                                 $ 11,738.00 as initial retainer amount that is to be billed hourly at Attorney's prevailing rate.

The hourly rate for this case will be:
Andy Warshaw: $360.00/hour
Amanda Billyard: $360.00/hour
Rich Sturdevant: $360.00/hour
Firm Associate or Of Counsel: $305.00/hour
Paralegals and Legal Assistants: $195.00/hour

Initial: _____          Initial: _____

3

**FINANCIAL RELIEF**
**LAW CENTER**
APC

1200 Main St., Suite C, Irvine, CA 92614     Tel (714) 442-3315     Fax (714) 361-5382

If you desire to discuss an additional matter that you wish for attorney to undertake, you may make an office appointment for up to one hour.  After this meeting, if necessary, an additional fee agreement will be signed by both parties if Attorney decides to accept the matter.   Attorney is not engaged on any adversary or ancillary action.

6.   **PERSONAL GUARANTEE**

In the event Client fails to make any payment to or fails to perform in any manner with regard to said Agreement between the Parties, I,  Ray Foster,  do hereby guarantee and promise, in my individual capacity, to make all payments to/in the same manner as if I was the principal of said Agreement.

_____ (Client Initials)          _____ (Client Initials)


_____          _____
        Client Signature                        Client Signature

7.   **COSTS AND EXPENSES**

In addition to paying legal fees, Client agrees to reimburse Attorney for all costs and expenses that Attorney incurs on Client's behalf.  Costs and expenses commonly include filing fees (listed above in Sec. 5) trustee fees, court reporter fees, long distance telephone calls, messenger fees, postage, in office photocopying at $.10 per page, no charge for receiving or sending faxes, parking and mileage at $.55 per mile.  Attorney has no obligation to advance any money for costs.  Attorney agrees to waive all costs for computerized legal research and processing.  Client authorizes Attorney to incur all reasonable costs.

8.   **BILLS**

Any work done prior to the case being filed is billed hourly and is earned prior to the case being filed and will be drawn against prior to the case being filed.   A pre-petition invoice will be provided to the client for any pre-petition draw-down amount.  Any post-petition work will be accounted for in a formal fee application filed with the Court for approval and such application may be filed every ninety days.  After the initial fees or retainer have been exhausted, Attorney may apply to the court pursuant to the Bankruptcy Code and Local Rules for additional fees on a final or interim basis.

Initial: _____     Initial: _____

4

**FINANCIAL RELIEF**
**LAW CENTER**
APC

1200 Main St., Suite C, Irvine, CA 92614    Tel (714) 442-3315    Fax (714) 361-5382

If the fees are approved, they are due in their **ENTIRETY on the effective date of the plan**, unless attorney agrees in writing to different treatment.  So long as Client's case is pending at the bankruptcy court, no further compensation will be paid to Attorney without the approval of the bankruptcy Court.  Any Attorney fees incurred after the case is closed is billed at the prevailing hourly rate without Court approval.

### 9.  MONTHLY OPERATING REPORTS

It is imperative Debtor provide bank statements to Attorney no later than the fifth day of each month for Attorney to prepare monthly operating reports timely.

Email all completed debtor in possession monthly bank statements to: awarshaw@bwlawcenter.com with you case number and name in the subject line.

Initial: _____        Initial: _____

### 10.  PHONE CALLS

Attorney's office receives a large volume of telephone calls.  Most of the questions that you will have about your bankruptcy can be handled by the staff.  Attorney is more than willing to answer any question upon the following conditions:

1. A detailed message delineating the precise nature of the question is submitted to a staff member.
2. Client indicates several times to staff member when he/she is available to receive a phone call from Attorney
3. After submission of a specific inquiry, Attorney or his staff will respond via phone or email within 48 hours.

### 11.  CASE FILING

**Case will not be filed** until the bolded portions of Attachment "A" are completed and the amount listed in **Section 5 is paid in full**.

Initial: _____        Initial: _____

5



**FINANCIAL RELIEF
LAW CENTER**
APC

1200 Main St., Suite C, Irvine, CA 92614    Tel (714) 442-3315    Fax (714) 361-5382

## 12. DISCHARGE AND WITHDRAWAL

Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Agreement, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical. Failure to comply with Client Duties may result in Attorney filing for withdrawal of representation of Client in the matter.  Upon conclusion of Attorney's services any and all unpaid charges will immediately become due and payable.

Attorney will notify Client if Attorney wishes to withdraw from the case and provide 30 days' notice. After that time, Client agrees to sign a Substitution of Attorney form which relieves Attorney as Counsel of record.  If Client fails or refuses to sign the form, Attorney will file a motion with the Court asking for permission to withdraw, and Client will be obligated to pay fees and costs associated with that motion. Attorney may withdraw with less notice if withdrawal is necessary due to:  problems with the attorney/ client relationship; the rules of ethics; or whenever such notice is impractical.

_____ Initial Here    _____ Initial Here

## 13. DISCLAIMER OF GUARANTEE AND ESTIMATES

Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the matter are expressions of opinion only. Client will not be charged any additional fees, except as laid out in this agreement, as long as client is truthful and cooperates with requests for documentation.

## 14. Attorney-Client Privilege:

If the client is a Partnership, Corporation, LP, LLC or some other form of business entity, and if a trustee is appointed in the case, the trustee as new "management" is entitled to examine our entire legal file. This includes any matters which may normally be covered by the attorney/ client privilege.  In short, attorney client privilege may not exist under certain scenarios.

Initial: _____    Initial: _____

6

# FINANCIAL RELIEF
## LAW CENTER
### APC

1200 Main St., Suite C, Irvine, CA 92614    Tel (714) 442-3315    Fax (714) 361-5382

**15.  ENTIRE AGREEMENT**

This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

Initial: _____    Initial: _____

**16. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**17. MODIFICATION BY SUBSEQUENT AGREEMENT**

This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

**18. EFFECTIVE DATE**

This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

_____ Initial Here    _____ Initial Here

**19.  SERVICE.**  Client specifically authorizes Attorney to serve any pleadings, paperwork, motions, or correspondence by email in the interest of saving costs.  Client's email address that is Attorney may serve said paperwork upon client is: _____

_____ (client initials for authorization to serve by email)

7



**FINANCIAL RELIEF
LAW CENTER**
APC

1200 Main St., Suite C, Irvine, CA 92614    Tel (714) 442-3315    Fax (714) 361-5382

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE
DATE ATTORNEY FIRST PROVIDED SERVICES. THE PARTIES UNDERSTAND THAT ESTIMATES REGARDING
FEES AND COSTS ARE NOT BINDING AND AGREE THAT ANY DISPUTES WILL BE RESOLVED BY THE
BANKRUPTCY COURT.  THE INFORMATION I WILL PROVIDE ABOUT THE SOURCE OF THE RETAINER IS
TRUE AND CORRECT. I UNDERSTAND WHEN LEGAL SERVCIES BEGIN AND WHEN THEY END AND THAT
DECISIONS ABOUT EMPLOYMENT AND COMPENSATION OF COUNSEL IN CHAPTER 11 CASES ARE
SUBJECT TO COURT APPROVAL.   IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE,
JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A
FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.


Signed _____ Dated _11-21-22_____
         (Debtor)


Signed _____ Dated _____
         (Debtor)


Signed _Andy C. Warshaw_____ Dated _November 22, 2022_____
         Andy C. Warshaw

**Andy C. Warshaw, Esq.**
**Financial Relief Law Center, APC**

8

**FINANCIAL RELIEF**
**LAW CENTER**
APC

1200 Main St., Suite C, Irvine, CA 92614   Tel (714) 442-3315   Fax (714) 361-5382

## ATTACHMENT A

| Attorney or Professional Name, Address, Telephone, and FAX. | File with U.S. Trustee within 7 days of filing the Chapter 11 petition. Do not file with the Bankruptcy court. |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br><br>Debtor | Chapter 11 Case Number<br><br>**7-DAY PACKAGE COVER SHEET** |

| Mark One Box for Each Required Document | | | You must attach each of the following documents or a satisfactory explanation for your failure to attach a document. Failure to meet these requirements may result in the filing of a motion to dismiss or convert your case. |
|---|---|---|---|
| Document Attached | Previously Submitted | Explanation Attached | **REQUIRED DOCUMENTS:** |
| | | | 1.  Real Property Questionnaire (USTLA-5) for each parcel of real property. |
| | | | 2.  Bank Statements evidencing that all pre-petition bank accounts have been closed and a declaration re: closing of accounts; account#, bank, and $ amount at time of closing. |
| | | | 3.  Proof of Establishment of debtor in possession bank accounts: |
| | | | A.  General Account |
| | | | B.  Payroll Account |
| | | | C.  Tax Account |
| | | | D.  Other necessary accounts (e.g. cash collateral) |
| | | | 4.  Proof of insurance coverage; (submit declaration pages) |
| | | | A.  General comprehensive public liability insurance. |
| | | | B.  Fire and theft insurance |
| | | | C.  Workers compensation insurance |
| | | | D.  Vehicle insurance |
| | | | E.  Product liability insurance |
| | | | F.  Other customary insurance coverage |
| | | | 5.  Proof of required certificates and licenses |
| | | | 6.  List of insiders as defined in 11 U.S.C. ' 101(31) |
| | | | 7.  Most recently prepared audited and unaudited financial statements |
| | | | 8.  Projected cash flow statement |
| | | | 9.  Copies of trust agreements to which Debtor is a party or under which Debtor holds property. |
| | | | 10.  Proof of recordation of Chapter 11 petition |
| | | | 11.  Physical inventory of goods, machinery, and equipment |
| | | | 12.  Statement of Major Issues and Timetable Report |
| | | | 13.  Most recently filed State and Federal Payroll Tax Returns, Federal Income Tax Returns, and State Sales Tax Returns, with all schedules and attachments (submit as separate package. |
| | | | 14. Employee Benefit Plan Questionnaire |

Dated:

Attorney for Debtor in Possession or Trustee

9

1
2
3
4
5
6
7
8
9
10

**Exhibit E**

Part of the analysis to move forward with a Chapter 11 proceeding included the Debtor's pre-petition engagement with Golden Goodrich as the Debtor's CRO.  A true and correct copy of the Debtor's engagement with Golden Goodrich is attached as Exhibit E.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



December 2, 2022

**VIA EMAIL**

Dear _2nd Chance Investments, LLC

This letter sets forth the scope of services agreed to be performed by David M. Goodrich ("Goodrich") for the benefit of _2nd Chance Investments, LLC ("Debtor"), and the terms and conditions of that engagement, including the basis pursuant to which Goodrich will be compensated for those services; provided, however, that this agreement is subject to the approval of the United States Bankruptcy Court ("Court") if a bankruptcy case is filed by the Debtor.

1.    Description of Services.

        a.    Chief Restructuring Officer.    Goodrich will serve in the capacity of the Debtor's Chief Restructuring Officer of Debtor (the "CRO").

        b.    Duties and Powers of the CRO. Subject to the limitations on authority set forth in this letter, Goodrich will provide the following services:

            (i)    Manage and oversee the affairs of the Debtor, including supervising the Debtor's employees, management company and outside consultants;

            (ii)    Assist the Debtor and Debtor's legal counsel in relation to the bankruptcy case and any related adversary proceedings;

            (iii)    Provide the Debtor and Debtor's legal counsel with any assistance requested by either in connection with any reports, accountings, motions, responses or other documents relating to Debtor's case;

        c.    Additional Personnel. Goodrich may use staff of Golden Goodrich, LLP, to assist him in his role as CRO, at no cost to the Debtor.

        d.    Employment by Goodrich. Goodrich will not be deemed for any purpose to be an employee of the Debtor.  The Goodrich may continue to work as a partner of Golden Goodrich LLP on unrelated matters, provided doing so does not unduly interfere with the services required pursuant to this engagement.

Golden Goodrich LLP

---

Page 2

    2.    <u>Compensation.</u> The Debtor will pay Goodrich $350/hour for the services described in section one (1) above. This rate is the rate Goodrich charges for acting as a fiduciary or chief restructuring officer, except where such role is subject to compensation pursuant to 11 U.S.C. Section 326. Goodrich's rate charged when acting as a lawyer is $650/hour, subject to periodic change. The Debtor will reimburse Goodrich for any out-of-pocket expenses of Goodrich or Golden Goodrich LLP which has been reasonably incurred in connection with this assignment, such as out-of-town travel and lodging, administrative, computer research, messenger services, and telephone charges.

    3.    <u>Employment and Fee Approval.</u> Employment and all post-petition fees shall be subject to 11 U.S.C. Sections 363 and 105(a). The Debtor shall seek an order for compensation to Goodrich in accordance with the Jay Alix Protocol, whereby Goodrich shall file with the Court, and serve on the United States Trustee and other parties in interest, reports of compensation earned and expenses incurred on a monthly basis ("Fee Statement"). Each Fee Statement shall contain detailed time entries for the preceding month, describe the services provided, identify the compensation earned Goodrich, and itemize the expenses incurred. For each Fee Statement, time records for the preceding month for Goodrich shall be appended to the Fee Statement, and such time records shall (i) contain detailed time entries describing the task(s) performed, and (ii) be organized by project category. All parties shall have ten days from service of the Fee Statement to object to such Fee Statement. If an objection to any Fee Statement is filed, approval of the Fee Statement shall be set for hearing by the Debtor and subject to review and approval by the Court. Once the objection period for the applicable Fee Statement has lapsed, or such objections are resolved, the Debtor will use best effort to pay Goodrich's outstanding invoices.

    4.    <u>Termination.</u> This agreement may be terminated immediately by either party, in its sole discretion, for any reason whatsoever. Upon and after termination of this Agreement, Goodrich shall be entitled to all unpaid fees and expenses.

    5.    <u>No Third-Party Beneficiary.</u> The Debtor acknowledges that all advice (written or oral) given by Goodrich in connection with this engagement is intended solely for the benefit and use of the Debtor in considering the matters to which this engagement relates. The Debtor agrees that no such advice shall be used for any other purpose or reproduced, disseminated, quoted or referred to at any time in any manner or for any purpose other than accomplishing the tasks referred to herein without Goodrich's prior approval (which shall not be unreasonably withheld), except as required by law. The Debtor agrees and acknowledges that Goodrich is not providing legal services and any advice is not advice given as a lawyer, but a fiduciary.

    6.    <u>Conflicts.</u> Goodrich is not currently aware of any relationship that would create a conflict of interest with the Debtor or those parties-in-interest of which you have made us aware. Because Goodrich is a partner in a law firm that serves clients in numerous cases, both in and out of court, it is possible that Goodrich may have rendered services to or have business associations with other entities or people which had or have or may have relationships with the Debtor, including creditors of the Debtor. In the event

Golden Goodrich LLP

Page 3

you accept the terms of this engagement, Goodrich will not represent, and Goodrich has not represented, the interests of any such entities or people in connection with this matter.

       7.    <u>Confidentiality / Non-Solicitation.</u> Goodrich shall keep confidential all non-public information received from the Debtor in conjunction with this engagement, except (i) as requested by the Debtor or its legal counsel; (ii) as required by legal proceedings or (iii) as reasonably required in the performance of this engagement. All obligations as to non-disclosure shall cease as to any part of such information to the extent that such information is or becomes public other than as a result of a breach of this provision.

       8.    <u>Indemnification.</u> The Debtor shall indemnify Goodrich to the same extent as the most favorable indemnification it extends to its officers or directors, whether under the Debtor's bylaws, its certificate of incorporation, or otherwise, and no reduction or termination in any of the benefits provided under any such indemnities shall affect the benefits provided to Goodrich. Goodrich shall be covered as an officer under the Debtor's existing director and officer liability insurance policies if any. The Debtor shall also maintain any such insurance coverage, if any currently exists, for Goodrich for not less than two years following the date of the termination of such officer's services hereunder. The provisions of this section 8 are contractual obligations, and no change in applicable law or the Debtor's charter, bylaws, or other organizational documents or policies shall affect Goodrich's rights hereunder.

       9.    <u>Substitution of CRO</u> Notwithstanding anything herein to the contrary, Goodrich hereby agrees that, without the consent of the Board of Directors of the Debtor, Goodrich will not substitute any party to serve as CRO of the Debtor.

       If this Agreement is acceptable to you, then please kindly execute and return the enclosed copy to acknowledge your agreement to its terms.

Sincerely,

By:      _____

         David M. Goodrich

Agreed and Accepted:

By:    _____
      Rayshon Foster