1    Andy C. Warshaw SBN 263880
2    **FINANCIAL RELIEF LAW CENTER, APC**
     1200 Main St., Suite C
3    Irvine, CA 92614
     Direct Phone: (714) 442-3319
4    Facsimile: (714) 361-5380
     Email: awarshaw@bwlawcenter.com

5    [Proposed] Attorneys for Debtor in Possession

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10   In Re                          Case No.: 8:22-bk-12142-SC

11   2ND CHANCE INVESTMENT          Chapter 11
12   GROUP, LLC,
                                    **MOTION FOR ORDER APPROVING
13        Debtor in Possession.    STIPULATION BETWEEN 2ND CHANCE
                                    INVESTMENT GROUP, LLC AND
14                                  LANTZMAN INVESTMENTS, INC. AS
                                    WELL AS BETWEEN 2ND CHANCE
15                                  INVESTMENT GROUP, LLC AND LMF2
                                    LP FOR ORDERS (A) AUTHORIZING
16                                  FINAL USE OF CASH COLLATERAL, (B)
                                    GRANTING ADEQUATE PROTECTION
17                                  FOR USE OF PREPETITION
                                    COLLATERAL; AND (C) GRANTING
18                                  RELATED RELIEF**

19                                  ~~**Remote Hearing**~~
20                                  **Date: February 8, 2022
                                    Time: 1:30 pm**
21                                  **Courtroom: 5C / via ZoomGov**
                                              **411 West Fourth Street**
22                                            **Santa Ana, CA 92701**

23

24

25   **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

26   **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER**

27   **INTERESTED PARTIES:**

28

2nd Chance Investment Group, LLC ("Debtor"), the debtor and debtor in possession in the above captioned chapter 11 case ("Case"), hereby moves ("Motion") the Court for an order approving the cash collateral stipulations ("Stipulations") entered between the Debtor and Lantzman Investments, Inc. ("Lantzman") and the Debtor and LMF2 LP ("LMF2") (collectively, the ("Parties")). The Debtor entered into separate cash collateral stipulations with Lantzman and LMF2, both signed by Mark Lantzman in order to provide the Debtor access to funds to pay property expenses from rental income for real property of the bankruptcy estate including insurance premiums.  Lantzman and LMF2 are adequately protected with respect to the use of cash collateral because of equity in the subject properties.

The Motion is based upon the foregoing, the Memorandum of Points and Authorities and the Declaration of David M. Goodrich appended hereto, all other pleadings and papers on file in the Case, the arguments, and representations of counsel, any oral or documentary evidence that may be properly presented to this Court at or before any hearing or ruling on the Motion.  The Debtor submits that the relief requested herein is in the best interest of the Debtor, its estate, creditors, stakeholders, and other parties-in-interest and therefore the Motion should be granted.

**WHEREFORE**, the Debtor respectfully moves this Court for an order approving the Stipulations that enables the Debtor to use cash collateral from January 6, 2023, forward on a final basis, and for such other and further relief as the Court deems appropriate.

Dated: January 16, 2023                          Respectfully Submitted,

                                                 Financial Relief Law Center, APC


                                                 /s/ Andy C. Warshaw
                                                 Andy C. Warshaw
                                                 [Proposed] Attorneys for Debtor in Possession

## Memorandum of Points and Authorities

## I.    Factual Background

### A. The Debtor

2nd Chance Investment Group, LLC was formed on July 29, 2016, under the California Secretary of State. The Debtor's pre-petition business model was to buy and sell real property in the Southern California area, Nevada, and Washington for a profit and create a return for investors.  The Debtor retained David Goodrich of Golden Goodrich as its Chief Restructuring Officer ("CRO") prior to the filing of the bankruptcy petition. The CRO handles the post-petition day to day affairs of the Debtor.  The Debtor does not intend to operate going forward but rather to liquidate its assets.

### B. The Bankruptcy Filing

The Debtor intends to reorganize using the equity in its assets to pay allowed claims in the case.  The Debtor will use the claims process to analyze claim priority, lien validity, and to properly pay secured claims from the sale of real property using 11 U.S.C. §363 motions while paying remaining and unsecured claims through a Chapter 11 Plan and Disclosure Statement process. The Debtor believes that it can use the resources of its CRO, who is a skilled bankruptcy practiner operating at a non-professional lower rate, and its proposed bankruptcy counsel, also with lower rates relative to counsel typically employed in other Chapter 11 matters, to pay creditors a higher dividend than would be achieved in a Chapter 7 liquidation.  The Debtor will use cash collateral to maintain insurance premiums and protect and preserve the real property of the bankruptcy estate.

## C. The Secured Debt

Table I provides a general overview for each property subject to secured claims of Lantzman and general terms for use of Lantzman's cash collateral.  Lantzman contends that as of the Petition Date, the Debtor was indebted in the approximate amount listed in the Prepetition Indebtedness column in Table I. By virtue of a first priority deed of trust with an assignment of rents provision for each of the properties listed in Table I, Lantzman asserts a lien against the Debtor's cash and proceeds generated by the real properties listed in Table I and are Lantzman's cash collateral within the meaning of Bankruptcy Code Section 363(a).

**Table I**

| Address | Contractual Rental Income | Prepetition Indebtedness[1] | Amount Debtor is Authorized to Use for the Bankruptcy Estate |
|---|---|---|---|
| 25641 Byron St. San Bernardino CA 92404 | $850 | $286,831.59 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
| 827 N Meridian Ave. San Bernardino CA 92410 | $750 | $286,631.33 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
| 1611 151st St. San Leandro CA 94578 | $500 | $442,928.74 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |

---

[1] This is an estimate and is not an admission by the Debtor and shall not waive any rights of the Debtor to object to any claim on the basis of amount of indebtedness or other. These amounts may not include interest and foreclosure fees.

Table II provides a general overview for each property subject to secured claims of LMF2 and general terms for use of LMF2's cash collateral. LMF2 contends that as of the Petition Date, the Debtor was indebted in the approximate amount listed in the Prepetition Indebtedness column in Table II. By virtue of a first priority deed of trust with an assignment of rents provision for each of the properties listed in Table II, LMF2 asserts a lien against the Debtor's cash and proceeds generated by the real properties listed in Table II and are LMF2's cash collateral within the meaning of Bankruptcy Code Section 363(a).

## Table II

| Address | Contractual Rental Income | Prepetition Indebtedness[2] | Amount Debtor is Authorized to Use for the Bankruptcy Estate |
|---|---|---|---|
| 43933 30 St E Lancaster CA 93535 | $1,000 | $266,000 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
| 1004 Peachwood Crt. Los Banos CA 93635 | $400 | $238,037.23 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
| 730-732 E 78th St Los Angeles CA 90001 | $3,000 for two units | $483,000 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |

---

[2] This is an estimate and is not an admission by the Debtor and shall not waive any rights of the Debtor to object to any claim on the basis of amount of indebtedness or other. These amounts may not include interest and foreclosure fees.

| 1016 Portal Ave. Bakersfield CA 93308 | $0 | $127,833.53 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
| 37915 Marsala Dr. Palmdale CA 93552 | $750 | $295,725.67 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |

## II.    The Court Should Approve the Stipulations

As applicable here, section 363(c)(2) of the Bankruptcy Code provides that "[t]he trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless – (A) each entity that has an interest in such cash collateral consents." 11 U.S.C. § 363(c)(2)(A). Here, both Lantzman and LMF2 consented to the use of cash collateral from January 6, 2023, going forward on a final basis. A true and correct copy of the stipulation between the Debtor and Lantzman is attached as Exhibit 1. A true and correct copy of the stipulation between the Debtor and LMF2 is attached as Exhibit 2. Attached hereto as Exhibit 3 is the statement pursuant to Local Bankruptcy Rule 4001-2. An analysis of liens, value, cost of sale, and equity cushion is attached as Exhibit 4. A proposed form of order is attached as Exhibit 5.

The use of cash collateral allows the Debtor to protect property of the bankruptcy estate and pay real property insurance. Table I and Table II provide general information as required by Federal Rule of Bankruptcy Procedure 4001(d). The general terms of each of the stipulations are as follows:

a) Term. The Stipulations provide for the final use of Cash Collateral as defined herein, and shall be valid from January 6, 2023, forward.

b) <u>Cash Collateral Account</u>.  The Debtor represents that within 14-days of receiving rental income for any of the real property listed in Table I of each respective stipulation with Lantzman and LMF2 that it will establish and maintain a separate debtor-in-possession account for, into which the Debtor shall deposit all Cash Collateral derived from rents and revenues of said property.  The Debtor will only be required to open a debtor in possession account for any parcel of real property in which the tenant pays rent such that the Debtor is not required to open a debtor in possession bank account for any parcel of real property that it is not receiving rental income.

c) <u>Monthly Budget</u>.  As of the petition date, the Debtor is authorized to use Cash Collateral for expenses incurred in connection with each of the parcels of real property of the bankruptcy estate that are necessary to preserve the real property.  Specifically, the Debtor has authority to use rental income from any paying tenant of real property listed in <u>Table I</u> of each stipulation to preserve any parcel of real property in the bankruptcy estate with payment of real estate taxes, property insurance, or maintenance.

d) <u>Payments to Lantzman and LMF2</u>.  The Debtor should prioritize any generated rental income to first pay property insurance and other related expenses to maintain and preserve the real property prior to payments to Lantzman and LMF2.  Lantzman and LMFS2 agree that no post-petition contractual payment shall be required in the year 2023 absent a sale of the real property.

e) <u>Taxes and Insurance</u>.  Lantzman and LMF2 acknowledge that if the Debtor is not making monthly mortgage payments on impounded accounts and that Lantzman and LMF2 will pay any property tax due on each of the parcels of real property listed in Table I of the respective

stipulations until said parcel(s) is sold in the course of the bankruptcy case or through any installment due in 2023, whichever happens earlier.

f)  <u>Adequate Protection</u>. LMF2 and Lantzman both agree that they are each adequately protected by equity for each of the real property parcels listed in <u>Table I</u> for each of the stipulations.

## III.    The Court Should Authorize the Use of Cash Collateral as to all Secured Creditors Because it will Provide a Significant Benefit to the Estate and its Creditors

### A. Disclosures

Pursuant to Federal Rule of Bankruptcy Procedure 4001(B), the Debtor makes the following disclosures with respect to the proposed use of cash collateral.

(B)(i): the name of each entity with an interest in cash collateral;

The entities known by the Debtor to have or who may have any interest in cash collateral are Lantzman and LMF2.

(B)(ii): the purposes for the use of the cash collateral;

The Debtor intends to use cash collateral with the first priority of paying real property insurance premiums and maintaining the real property to preserve for sale in the bankruptcy case.

(B)(iii): the material terms, including duration, of the use of the cash collateral; and

The Debtor will use rental income from January 6 forward on a final basis to preserve real property of the bankruptcy estate and pay insurance premiums.

(B)(iv): any liens, cash payments, or other adequate protection that will be provided to each entity with an interest in the cash collateral or, if no additional adequate protection is proposed, an explanation of why each entity's interest is adequately protected.

Both Lantzman and LMF2 are adequately protected by equity in each of the parcels of real property. The loans provided by Lantzman and LMF2 were provided, in part, based upon already existing equity for private money funding.

## B. The Secured Creditors' Interests are Adequately Protected

Section 363(c) provides that a trustee or debtor in possession may not use cash collateral, unless secured parties consent, or the court, after notice and a hearing, authorizes the proposed use. *See* 11 U.S.C. § 363(c). A bankruptcy court may authorize a debtor's use of cash collateral without the consent of a secured creditor provided that the secured creditor's interest in such cash collateral is adequately protected. *See In re Zeeway Corp.*, 71 B.R. 210, 211 (B.A.P. 9th Cir. 1987); *In re Mellor*, 734 F.2d 1396, 1499 (9th Cir. 1984); *In re McCombs Properties VI, Ltd.*, 88 B.R. 261, 265 (Bankr. C.D. Cal. 1988). However, a secured creditor is entitled to adequate protection only from the decline in value of its collateral package post-petition. *See In Timbers of Inwood Forest,* 484 U.S. 365, 633 (1988) ("[T]he amount by which the collateral depreciates is the amount of adequate protection to which the secured creditor is entitled."). "However, the protection afforded to secured creditors is not absolute." *In re ProALert, LLC*, 314 B.R. 436, 441 (B.A.P. 9th Cir. 2004).

The preservation of the value of a secured creditor's lien is sufficient to provide adequate protection to a secured creditor when a debtor seeks to use cash collateral. *In re Triplett*, 87 B.R. 25 (Bankr. W.D. Tex. 1988); see also *In re Stein*, 19 B.R. 458 (Bankr. E.D. PA 1982). In *Stein*, the Court found that, as a general rule, a debtor may use cash collateral where such use enhances or preserves the value of the collateral; even if there is no equity cushion. The *Stein* Court determined that the use of cash collateral was necessary to the continued operations of the debtor, and that the creditor's secured position would be enhanced by the continued operations of the debtor's business. *See also In re McCombs*, 88 B.R. at 266 (Court determined that the debtor's

use of cash collateral for needed repairs, renovations and operating expenses eliminated the risk of diminution in the creditor's interest in the cash collateral and such use would likely increase cash collateral).

Here, the Debtor seeks the use of cash collateral to preserve the real property in the bankruptcy estate with the main priority of paying insurance premiums.  The Debtor needs to preserve the real property to market and sell for the benefit of both the secured and unsecured creditors of the bankruptcy estate.  Without the proposed use of cash collateral, the Debtor will not have cash flow to maintain the real property which would prohibit the Debtor from selling the real property to the highest bidder in a sale to pay creditors.  As such, the use of cash collateral is in the interests of the bankruptcy estate and its creditors.

The requested relief is a proper exercise of the Debtor's business judgment and is in the best interests of the estate as the use of cash collateral enables the Debtor to protect real property of the estate and pay property insurance premiums.

## IV.    Conclusion

Based on the foregoing, the Debtor respectfully requests that the Court enter an order as follows:

1.  Granting the Motion;

2.  Approving the Stipulations that enable the Debtor to use cash collateral from January 6, 2023, forward on a final basis;

3.  Finding that any interests of secured creditors are adequately protected; and

4.  For such other and further relief as the Court deems just and proper.

Dated: January 16, 2023                         Respectfully Submitted,

                                                Financial Relief Law Center, APC
                                                /s/ Andy C. Warshaw_____
                                                Andy C. Warshaw
                                                [Proposed] Attorneys for Debtor in Possession

# DECLARATION OF DAVID M. GOODRICH

I, David M. Goodrich, declare as follows:

1.  I was engaged pre-petition as the chief-restructuring officer of the Debtor.  I am authorized to make this declaration and to make financial decisions on behalf of the debtor during this bankruptcy case.

2.  The Debtor's bankruptcy counsel obtained consent from Lantzman Investments, Inc. and LMF2 LP to use cash collateral on a final basis from January 6, 2023, going forward. The Debtor requires the immediate use of cash collateral to pay insurance premiums and maintain the properties prior to any sales.

3.  I will be the individual who receives any rental income that is cash collateral of Lantzman Investments, Inc. and LMF2 LP and will deposit these funds in a segregated Debtor in Possession Account of the Debtor for each parcel of real estate that the Debtor receives rental income.

4.  The cash collateral will be used primarily to pay insurance premiums and to maintain real property of the bankruptcy estate.

5.  A true and correct copy of the stipulation between the Debtor and Lantzman is attached as Exhibit 1.

6.  A true and correct copy of the stipulation between the Debtor and LMF2 is attached as Exhibit 2.

7.  Attached hereto as Exhibit 3 is the statement pursuant to Local Bankruptcy Rule 4001-2.

8.  The Debtor conducted an analysis of liens, value, cost of sale, and equity cushion which is attached as Exhibit 4.

9.  A proposed form of order is attached as Exhibit 5.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true.

Executed on this ___ day of January 2023 at Costa Mesa, CA

_____
David M. Goodrich
Chief Restructuring Officer
2nd Chance Investments, LLC

Exhibit 1

Andy C. Warshaw SBN 263880
 **FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-3319
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com

[Proposed] Attorneys for Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In Re<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>      Debtor in Possession. | Case No.: 8:22-bk-12142-SC<br><br>Chapter 11<br><br>**STIPULATION BETWEEN 2ND CHANCE INVESTMENT GROUP, LLC AND LANTZMAN INVESTMENTS, INC. FOR ORDER (A) AUTHORIZING FINAL USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION FOR USE OF PREPETITION COLLATERAL; AND (C) GRANTING RELATED RELIEF** |

**TO THE OFFICE OF THE UNITED STATES TRUSTEE, THE TWENTY LARGEST UNSECURED CLAIMS, ANY PARTY WHO FILED AND SERVED A REQUEST FOR SPECIAL NOTICE, AND ALL OTHER PARTIES OF INTEREST:**

The Debtor, by and through counsel, and secured creditor Lantzman Investments, Inc. ("Lantzman"), hereby file this **STIPULATION BETWEEN 2ND CHANCE INVESTMENT GROUP, LLC AND LANTZMAN INVESTMENTS, INC. FOR ORDER (A) AUTHORIZING FINAL USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE**

**PROTECTION FOR USE OF PREPETITION COLLATERAL; AND (C) GRANTING**

**RELATED RELIEF** ("Stipulation").

**RECITALS**

A. The Debtor owns or has an interest in thirteen parcels of real property. Of those thirteen

parcels of real property, three of them are subject to assignment of rent liens by Lantzman

which are serviced by Del Toro Loan Servicing, Inc.

B. The Stipulation authorizes the Debtor's use of the cash collateral of Lantzman

Investments, Inc. on a final basis.

C. Table I below provides a general overview for each property subject to secured claims of

Lantzman and general terms for use of Lantzman's cash collateral.

**Table I**

| Address | Contractual Rental Income | Post-Petition Contract Amount | Amount Debtor is Authorized to Use for the Bankruptcy Estate |
|---|---|---|---|
| 25641 Byron St. San Bernardino CA 92404 | $850 | $2,615.02 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
| 827 N Meridian Ave. San Bernardino CA 92410 | $750 | $3,304.33 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
| 1611 151st St. San Leandro CA 94578 | $500 | $5,167.50 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

A.  The Debtor and Lantzman Investments, Inc. enter into this stipulation to establish conditions upon which Lantzman Investments, Inc. consent to the Debtor's use of cash collateral on a final basis in connection with assignment of rent liens relating to properties listed in <u>Table I</u>.

B.  <u>Term</u>.  This Stipulation provides for the final use of Cash Collateral as defined herein, and shall be valid from January 6, 2023, forward.

C.  <u>Cash Collateral Defined</u>.  The term "<u>Cash Collateral</u>" as used in this Stipulation is defined as all property of the Debtor as set forth in 11 U.S.C. §363(a) generated in whole or part from any property of the Debtor or the estate in which a security interest was granted in the Loan Documents.

D.  <u>Cash Collateral Account</u>.  The Debtor represents that within 14-days of receiving rental income for any of the real property listed in Table I that it will establish and maintain a separate debtor-in-possession account for, into which the Debtor shall deposit all Cash Collateral derived from rents and revenues of said property.  The Debtor will only be required to open a debtor in possession account for any parcel of real property in which the tenant pays rent such that the Debtor is not required to open a debtor in possession bank account for any parcel of real property that it is not receiving rental income.

E.  <u>Consideration</u>.   The Debtor will utilize cash collateral of Lantzman to protect and preserve property of the bankruptcy estate thereby benefiting Lantzman as a lienholder on each of the parcels of real property listed in <u>Table I</u>.

F.  <u>Monthly Budget</u>.  As of the petition date, the Debtor is authorized to use Cash Collateral for expenses incurred in connection with each of the parcels of real property of the

bankruptcy estate that are necessary to preserve the real property.  Specifically, the Debtor

has authority to use rental income from any paying tenant of real property listed in <u>Table I</u>

to preserve any parcel of real property in the bankruptcy estate with payment of real estate

taxes, property insurance, or maintenance.

G.  <u>Payments to Lantzman</u>.  The Debtor should prioritize any generated rental income to first

pay property insurance and other related expenses to maintain and preserve the real

property prior to payments to Lantzman.  Lantzman agrees that no post-petition

contractual payment shall be required in the year 2023 absent a sale of the real property.

H.  <u>Taxes and Insurance</u>.  Lantzman acknowledges that if the Debtor is not making monthly

mortgage payments on impounded accounts and that Lantzman will pay any property tax

due on each of the parcels of real property listed in Table I until said parcel(s) is sold in

the course of the bankruptcy case or through any installment due in 2023, whichever

happens earlier.

I.  <u>Adequate Protection</u>. Lantzman agrees that it is adequately protected by equity for each of

the real property parcels listed in <u>Table I</u>.


IT IS SO STIPULATED:


Dated: January 10, 2023                              Respectfully Submitted,

                                                     Financial Relief Law Center, APC

                                                     /s/ Andy C. Warshaw
                                                     Andy C. Warshaw
                                                     [Proposed] Attorneys for Debtor-in-Possession

Lantzman Investments, Inc.

Dated: January 10, 2023

By: Mark Lantzman, President of Lantzman Investments, Inc.

Exhibit 2

Andy C. Warshaw SBN 263880
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-3319
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com

[Proposed] Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>      Debtor in Possession. | Case No.: 8:22-bk-12142-SC<br><br>Chapter 11<br><br>**STIPULATION BETWEEN 2ND CHANCE INVESTMENT GROUP, LLC AND LMF 2, LP FOR ORDER (A) AUTHORIZING FINAL USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION FOR USE OF PREPETITION COLLATERAL; AND (C) GRANTING RELATED RELIEF** |

**TO THE OFFICE OF THE UNITED STATES TRUSTEE, THE TWENTY LARGEST UNSECURED CLAIMS, ANY PARTY WHO FILED AND SERVED A REQUEST FOR SPECIAL NOTICE, AND ALL OTHER PARTIES OF INTEREST:**

    The Debtor, by and through counsel, and secured creditor LMF 2, LP. ("LMF"), hereby file this **STIPULATION BETWEEN 2ND CHANCE INVESTMENT GROUP, LLC AND LMF 2, LP FOR ORDER (A) AUTHORIZING FINAL USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION FOR USE OF PREPETITION COLLATERAL; AND (C) GRANTING RELATED RELIEF** ("Stipulation").

**RECITALS**

A. The Debtor owns or has an interest in thirteen parcels of real property. Of those thirteen parcels of real property, five of them are subject to assignment of rent liens by LMF which are serviced by FCI Loan Servicing Inc.

B. The Stipulation authorizes the Debtor's use of the cash collateral of LMF on a final basis.

C. Table I below provides a general overview for each property subject to secured claims of LMF and general terms for use of LMF's cash collateral.

**Table I**

| Address | Contractual Rental Income | Post-petition contractual payment to LMF | Amount Debtor is Authorized to Use for the Bankruptcy Estate |
|---|---|---|---|
| 43933 30 St E Lancaster CA 93535 | $1,000 | $2,277.08 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
| 1004 Peachwood Crt. Los Banos CA 93635 | $400 | $2,397.78 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
| 730-732 E 78th St Los Angeles CA 90001 | $3,000 for two units | $4,103.58 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
| 1016 Portal Ave. Bakersfield CA 93308 | $0 | $1,126.47 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition |

| | | | mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |
|---|---|---|---|
| 37915 Marsala Dr. Palmdale CA 93552 | $750 | $2,494.33 | Any and all rental income is available to the Debtor to pay for property related expenses, including, but not limited to post-petition mortgage payments, real property insurance, and/or maintenance for any parcel of real property listed on Schedule A/B of ECF No. 1 in this bankruptcy case. |

## THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

A.  The Debtor and LMF enter into this stipulation to establish conditions upon which LMF consents to the Debtor's use of cash collateral on a final basis in connection with assignment of rent liens relating to properties listed in <u>Table I</u>.

B.  <u>Term</u>.  This Stipulation provides for the final use of Cash Collateral as defined herein, and shall be valid from January 6, 2023, forward.

C.  <u>Cash Collateral Defined</u>.  The term "<u>Cash Collateral</u>" as used in this Stipulation is defined as all property of the Debtor as set forth in 11 U.S.C. §363(a) generated in whole or part from any property of the Debtor or the estate in which a security interest was granted in the Loan Documents.

D.  <u>Cash Collateral Account</u>.  The Debtor represents that within 14-days of receiving rental income for any of the real property listed in Table I that it will establish and maintain a separate debtor-in-possession account for, into which the Debtor shall deposit all Cash Collateral derived from rents and revenues of said property.  The Debtor will only be required to open a debtor in possession account for any parcel of real property in which the tenant pays rent such that the Debtor is not required to open a debtor in possession bank account for any parcel of real property that it is not receiving rental income.

E. <u>Consideration</u>.   The Debtor will utilize cash collateral of LMF to protect and preserve property of the bankruptcy estate thereby benefiting LMF as a lienholder on each of the parcels of real property listed in <u>Table I</u>.

F. <u>Monthly Budget</u>.  As of the petition date, the Debtor is authorized to use Cash Collateral for expenses incurred in connection with each of the parcels of real property of the bankruptcy estate that are necessary to preserve the real property.  Specifically, the Debtor has authority to use rental income from any paying tenant of real property listed in <u>Table I</u> to preserve any parcel of real property in the bankruptcy estate with payment of real estate taxes, property insurance, or maintenance.

G. <u>Payments to LMF</u>.  The Debtor should prioritize any generated rental income to first pay property insurance and other related expenses to maintain and preserve the real property prior to payments to LMF.  LMF agrees that no post-petition contractual payment shall be required in the year 2023 absent a sale of the real property.

H. <u>Taxes and Insurance</u>.  LMF acknowledges that if the Debtor is not making monthly mortgage payments on impounded accounts and that LMF will pay any property tax due on each of the parcels of real property listed in Table I until said parcel(s) is sold in the course of the bankruptcy case or through any installment due in 2023, whichever happens earlier.

I. <u>Adequate Protection</u>. LMF agrees that it is adequately protected by equity for each of the real property parcels listed in <u>Table I</u>.


IT IS SO STIPULATED:

Dated: January 10, 2023

Respectfully Submitted,

Financial Relief Law Center, APC

/s/ Andy C. Warshaw

Andy C. Warshaw

[Proposed] Attorneys for Debtor-in-Possession

LMF 2 LP

Lantzman Management General Partner

Mark Lantzman, Director

Dated: January 10, 2023

Exhibit 3

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Andy C. Warshaw (263880)<br>Financial Relief Law Center, APC<br>1200 Main St., Suite C<br>Irvine, CA 92614<br>Phone: (714) 442-3319<br>Fax: (714) 361-5380<br>Email: awarshaw@bwlawcenter.com | |

☐ *Individual appearing without attorney*
☒ *Attorney for: [Proposed] Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SANTA ANA DIVISION**

| In re:<br><br>2nd Chance Investment Group, LLC | CASE NO.:  8:22-bk-12142-SC<br><br>CHAPTER:  11 |
|---|---|
| | **STATEMENT REGARDING**<br>**CASH COLLATERAL OR**<br>**DEBTOR IN POSSESSION FINANCING**<br>**[FRBP 4001; LBR 4001-2]** |
| | DATE:    02/08/2023<br>TIME:    1:30 pm<br>COURTROOM:  5C / via ZoomGov<br>ADDRESS:    411 W. Fourth Street<br>    Santa Ana, CA 92701 |
| Debtor(s). | |

| Secured party(ies): | Lantzman Investments, Inc.<br>LMF2 LP |
|---|---|

The Debtor has requested the approval of either (1) a motion for use of cash collateral, or postpetition financing, or both, or (2) through a separately-filed motion, a stipulation providing for the use of cash collateral, or postpetition financing, or both.  The proposed form of order on the motion or the stipulation contains the following provisions or findings of fact:

| Disclosures Tracking FRBP 4001(c)(1)(B)(i) through (xi) and (d)(1)(B) | Page No.: | Line No. (if applicable) |
|---|---|---|
| ☐ (i): "[A] grant of priority or a lien on property of the estate under § 364(c) or (d)" | | |
| ☐ (ii): "[T]he providing of adequate protection or priority for a claim that arose before the commencement of the case, including the granting of a lien on property of the estate to secure the claim, or the use of property of the estate or credit obtained under § 364 to make cash payments on account of the claim"<br>   ☐ Cross-collateralization, *i.e.*, clauses that secure prepetition debt by postpetition assets in which the secured party would not otherwise have a security interest by virtue of its prepetition security agreement or applicable law<br>   ☐ Roll-up, *i.e.*, provisions deeming prepetition debt to be postpetition debt or using postpetition loans from a prepetition secured party to pay part or all of that secured party's prepetition debt, other than as provided in § 552(b) | | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | | |
|---|---|---|
| *Continued from page 1*<br>☐    Grant a replacement lien in an amount in excess of the dollar amount of the lien on cash collateral as of the petition date | | |
| ☐    (iii): "[A] determination of the validity, enforceability, priority, or amount of a claim that arose before the commencement of the case, or of any lien securing the claim" | | |
| ☐    (iv): "[A] waiver or modification of Code provisions or applicable rules relating to the automatic stay"<br>☐    Automatic relief from the automatic stay upon occurrence of certain events. | | |
| ☐    (v): "[A] waiver or modification of any entity's authority or right to file a plan, seek an extension of time in which the debtor has the exclusive right to file a plan, request the use of cash collateral under § 363(c), or request authority to obtain credit under § 364" | | |
| ☐    (vi): "[T]he establishment of deadlines for filing a plan of reorganization, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order" | | |
| ☐    (vii): "[A] waiver or modification of the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien" | | |
| ☐    (viii): "[A] release, waiver, or limitation on any claim or other cause of action belonging to the estate or the trustee, including any modification of the statute of limitations or other deadline to commence an action" | | |
| ☐    (ix): "[T]he indemnification of any entity" | | |
| ☐    (x): "[A] release, waiver, or limitation of any right under § 506(c)"<br>☐    The granting of any lien on any claim or cause of action arising under § 506(c) | | |
| ☐    (xi): "The granting of any lien on any claim or cause of action arising under §§ 544, 545, 547, 548, 549, 553(b), 723(a), or 724(a)" | | |
| **Additional Disclosures Required by LBR 4001-2** | **Page No.:** | **Line No.**<br>**(if applicable)** |
| ☐    With respect to a professional fee carve out, disparate treatment for professionals retained by a creditors' committee from that provided for the professionals retained by the debtor | | |
| ☐    Pay down prepetition principal owed to a creditor | | |
| ☐    Findings of fact on matters extraneous to the approval process | | |

<u>01/16/2023</u>    <u>Andy C. Warshaw</u>                 <u>/s/ Andy C. Warshaw</u>
*Date*             *Printed Name*                        *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit 4

| Re | COST OF SALE | DEED OF TRUST | TOTAL | Equity Cushion | *Equity Cushion % | Servicer | BROKER VALUES |
|---|---|---|---|---|---|---|---|
| 25641 Byron St. San Bernardino CA 92404 | $28,800 | $286,831 | $315,631 | $164,369 | 34% | Del Toro | $480,000.00 |
| 43933 30 St E Lancaster CA 93535 | $18,000 | $266,000 | $284,000 | $21,000 | 7% | FCI | $295,000 - $305,000 |
| 1004 Peachwood Crt. Los Banos CA 93635 | $24,000 | $238,038 | $262,038 | $137,962 | 34% | FCI | $400,000 |
| 827 N Meridian Ave. San Bernardino CA 92410 | $27,600 | $286,631 | $314,231 | $145,769 | 31% | Del Toro | $460,000.00 |
| 730 E 78th St Los Angeles CA 90001 | $36,000 | $483,000 | $519,000 | $81,000 | 13.50% | FCI | $570,000-$630,000 |
| 1611 151st St. San Leandro CA 94578 | $39,600 | $442,928 | $482,528 | $177,472 | 26% | Del Toro | $640,000-$680,000 |
| 1016 Portal Ave. Bakersfield CA 93308 | $14,400 | $127,833 | $142,233 | $102,767 | 41% | FCI | $240,000 -$ 250000 |
| 37915 Marsala Dr. Palmdale CA 93552 | $24,900 | $295,725 | $320,625 | $94,375 | 22% | FCI | $410,000 - $420,000 |
| **Total Equity:** | | | | **924,714** | | | |

*In Mellor, the equity cushion percentage was calculated by dividing the equity cushion by the value of the residence. 734 F.2d at 1401

**The Broker estimates are not appraisals and do not incorporate work by the Debtor to enhance value.  The Debtor believes the values are likely higher.

Average Equity Cushion:                                                                                 26%

Del Toro loan servicing is for Lantzman

FCI loan servicing is for LMF2 LP

Exhibit 5

Andy C. Warshaw SBN 263880
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-3319
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com

[Proposed] Attorneys for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In Re

2ND CHANCE INVESTMENT
GROUP, LLC,

          Debtor in Possession.

Case No.: 8:22-bk-12142-SC

Chapter 11

**[PROPOSED] ORDER GRNATING MOTION FOR ORDER APPROVING STIPULATION BETWEEN 2ND CHANCE INVESTMENT GROUP, LLC AND LANTZMAN INVESTMENTS, INC. AS WELL AS BETWEEN 2ND CHANCE INVESTMENT GROUP, LLC AND LMF2 LP FOR ORDERS (A) AUTHORIZING FINAL USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION FOR USE OF PREPETITION COLLATERAL; AND (C) GRANTING RELATED RELIEF**

<u>**Remote Hearing**</u>
**Date: February 8, 2022**
**Time: 1:30 pm**
**Courtroom: 5C / via ZoomGov**
        **411 West Fourth Street**
        **Santa Ana, CA 92701**

     The Debtor's Motion for Order Approving Stipulation Between 2nd Chance Investment Group, LLC and Lantzman Investments, Inc. As Well As Between 2nd Chance Investment Group, LLC And LMF2 LP For Orders (A) Authorizing Final Use Of Cash Collateral, (B) Granting

Adequate Protection For Use Of Prepetition Collateral; And (C) Granting Related Relief

("Motion[1]") [ECF No. _____] having come on for hearing on the date, at the time, and in the

courtroom above-referenced, with the parties being present and stated on the record, and the Court

having considered the matter, finding that any interests of the secured creditors in any cash

collateral are adequately protected, and good cause appearing therefor,

**IT IS ORDERED AS FOLLOWS**:

1. The Motion is granted.

2. The Stipulations that enable the Debtor to use cash collateral from January 6, 2023,

   forward on a final basis is approved.

---

[1] Capitalized terms in the order have the same meaning or definition as defined, capitalized terms in the Motion.