1  Rich Sturdevant SBN 269088
   **Financial Relief Law Center, APC**
2  1200 Main St. Ste C
   Irvine, CA 92614
3  Telephone: (714) 442-3335
   Facsimile: (714) 361-5376
4  rich@bwlawcenter.com

5  Attorneys for Defendant

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>Debtor.<br><br>_____<br><br>CLOTEE DOWNING, a legally incompetent individual,<br><br>Plaintiff,<br><br>vs.<br><br>2nd CHANCE INVESTMENT GROUP LLC, erroneously sued as a California limited liability partnership, RAYSHAWN ANDREW FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON FOSTER a.k.a. RAYSHON BOYD, an individual; SONJA FOSTER aka SONJA KIRK a.k.a. SONIA PEREZ, an individual; DAVID M. GOODRICH, an individual; DOES 1-100<br><br>Defendants, | Case No. 8:22-bk-12142-SC<br><br>Adv. Pro. No.: 8:24-ap-01105 SC<br><br>Chapter 11<br><br>**RESPONSE TO DECLARATION OF ATHENA LEE IN SUPPORT OF PLAINTIFF CLOTEE DOWNING'S OMNIBUS MOTION TO OPPOSITION TO MOTION TO DISMISS OF 2ND CHANCE INVESTMENT GROUP LLC**<br><br>**Hearing:**<br>Judge: Hon. Scott Clarkson<br>Date:   November 13, 2024<br>Time:   11:00 a.m.<br>Place:  411 West Fourth Street<br>             Santa Ana, CA 92701<br>Ctrm:   5C |

1

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, PLAINTIFF CLOTEE DOWNING, THIRD PARTY GEOFF TRAP, ALL CO-DEFENDANTS, AND OTHER INTERESTED PARTIES:**

Defendant 2nd Chance Investment Group ("2nd Chance"), named as a defendant herein, hereby responds to the *Declaration of Athena Lee in Support of Plaintiff Clotee Downing's Omnibus Opposition to Motions to Dismiss* ("Athena Declaration") as follows:

**I.    The Plaintiff's Responsive Declaration Was Filed Late and Should Not Be Considered**

Plaintiff Clotee Downing ("Plaintiff") belatedly filed a declaration of Athena Lee, apparently offered to support the Plaintiff's *Complaint for 1) Revocation of Order Confirming Chapter 11 Plan Pursuant to 11 U.S.C. § 1144;*" (*sic*) in support of her Opposition to Defendant 2nd Chance Investment LLC's *Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6)* ("Motion to Dismiss").  *See* Docket No. 23.

The Court's Order Continuing Hearings on (1) Motions to Dismiss [Dks. 9 & 10]; and (2) Status Conference entered on September 25, 2024 (Docket No. 18) ("Order") set a filing deadline of October 30, 2024 for the Plaintiff to file a further opposition to the Motion to Dismiss.  Plaintiff filed the Athena Declaration on October 31, 2024 - 1 day after the deadline.

Although the Court has discretion under Rule 6(b) to extend the Plaintiff's deadline to supplement her opposition, the Plaintiff did not seek an extension and the Court did not grant an extension. *See* FRCP 6(b).  Even if the Court was inclined to consider providing the Plaintiff more time to file a supplemental pleading, it should not because the Court previously provided additional time to the Plaintiff in connection with her responsive deadline for the Motion to Dismiss.  *See* Docket No 18.  The Court provided the Plaintiff has been provided ample time to file pleadings in response to the Motion to Dismiss - yet the Plaintiff filed a late response.

Because the Athena Declaration is late, it should not be considered by the Court in the context of the Motion to Dismiss.

## II. The Plaintiff Failed to Address the Fatal Flaw With The Late Complaint

Plaintiff's Opposition fails to argue or address the Motion's primary argument for dismissing the Complaint- the deadline to seek revocation of the confirmation order passed before she filed her complaint. *See* Opposition, generally.  As argued in the Motion, a request to revoke a confirmation order must be made within 180 days of the date of entry of the confirmation order. *See* Motion, 3:14-24.  The Complaint was filed 182 days after the Court entered the confirmation order. *Id.*, 3:12-13. This deadline is essentially a 180-day statute of limitations and a bright line rule in the Ninth Circuit as discussed in the Motion. The deadline cannot be extended by the Court. No relief can be granted on the Plaintiff's claim for revocation of the confirmation order and the Complaint should be dismissed with prejudice as a result without leave to amend.

## III. The Debtor's Professional's and the Trustee Cannot Be Sued for Matters Related to the Plan Confirmation

In the event the Plaintiff seeks relief to amend her complaint to assert claims of fraud, no such claims can be leveled against the Debtor, the Trustee, or any professional employed by the Debtor in relation to the formulation and implementation of the *Chapter 11 Plan of Liquidation* ("Plan") made in good faith. *See Chapter 11 Plan of Liquidation*, 49:1-8.  Therefore, the Court should deny any request for leave to amend the complaint should the Plaintiff intend to pursue claims against the Debtor's Professionals or the Trustee that are related to the formulation and implementation of the Plan that were made in good faith absent sufficient evidence in support of such request.

## IV. CONCLUSION

Based upon the foregoing, 2nd Chance requests that the Complaint be dismissed with prejudice.

///

///

///

3

Dated: November 6, 2024            Respectfully Submitted,

/s/ Richard Sturdevant
Richard Sturdevant, Esq.
Financial Relief Law Center, APC
Attorneys for Defendant
2nd Chance Investment Group LLC