Amanda G. Billyard SBN No. 256838
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-3349
Facsimile: (714) 361-5392
Email: abillyard@bwlawcenter.com

Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In Re | Case No.:   8:22-bk-12142-SC |
|---|---|
| 2ND CHANCE INVESTMENTS GROUP, LLC | Chapter 11 |
| Debtor in Possession. | **STATUS REPORT COMPLYING WITH ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE** |
| | Hearing:<br>Date: February 8, 2023<br>Time: 1:30 pm<br>Location: Courtroom 5C – Virtual<br>411 West Fourth St.<br>Santa Ana, CA 92701 |

2nd Chance Investment Group, LLC., the debtor in possession ("Debtor"), hereby submits this **STATUS REPORT COMPLYING WITH ORDER SCHEDULING CHAPTER 11 STATUS AND CASE MANAGEMENT CONFERENCE** (the "Report").

### I.     Service of Status Conference Order

A proof of service will be filed showing service of the ORDER SETTING SCHEDULE AND CASE MANAGEMENT CONFERENCE on parties including the United States Trustee, parties on the mailing matrix, and parties who requested service via CM/ECF notice. A true and correct copy of the ORDER SETTING SCHEDULE AND CASE MANAGEMENT

1

CONFERENCE is attached to the Declaration of Rayshon Foster, sole Managing Member of 2nd Chance Investment Group, LLC as Exhibit 1.

## II.    Service of Status Report

The Debtor is serving the same parties as described above in paragraph 1 with a copy of both the ORDER SETTING SCHEDULE AND CASE MANAGEMENT CONFERENCE and the Debtor's STATUS REPORT COMPLYING WITH ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE.

## III.    Answer to Court's Questions

### 1.    DEBTOR'S OPRATIONS AND WHAT LED TO THE FILING

Debtor began operations in 2016 as real estate investment company buying, fixing, and then selling real property. Debtor would facilitate the purchases of these real estate properties with the help of investors. Investors were given written promissory notes with the terms of each investment. When a property was sold, investors were paid a return on their investment. Many if not all of the properties acquired were distressed properties, where Debtor bought the property in default and then rented back to the prior owner.

The downward trend of the real estate market and higher interest rates impacted the Debtor's business model and profitability. Real estate transactions fell out of escrow and there were less available funds to pay investors. Lawsuits ensued.

The Debtor engaged bankruptcy counsel at which time this bankruptcy case was filed.

### 2.    THE STATUS OF DEBTOR'S POST-PETITION OPRATIONS AND ASSETS AND LIABILITIES

Debtor's plan is to promptly liquidate all assets to maximize the benefit to creditors. Since the Debtor's petition has been filed, there has been no ongoing operating of the business,

no properties have been acquired or sold, no debt (including secured debts) have been repaid and the intention here remains a liquidation plan as soon as possible.

Debtor's assets are as followed:

<u>Real Property</u>:  Debtor owns 13 parcels of real property

<u>Personal Property:</u>  Debtor owns 4 Mercedes Benz Vans

All of Debtor's rented properties are in default and are not receiving income from rents. Debtor intends to employ counsel to commence unlawful detainer proceedings as soon as possible for all properties with tenant defaults.  Two properties are vacant.  A cash collateral motion is currently pending as doc number 19.

A true and correct copy of the current filed amended Schedule A/B is attached hereto as Exhibit 2.  Total assets exceed $6.4 million.  Total secured debts are under $4.4 million and total unsecured nonpriority debts are estimated at under $7 million.

## 3.    THE STATUS OF THE DEBTOR'S PRE-PETITION AND POST PETITION LITIGATION

Hiten Ram Bhakta & Sajan Bhakta, along with their entities ASB Ventures and Precision Realty Fund, filed a summons and complaint against Debtor and Rayshon Foster, who is the principal of the Debtor, individually on October 24, 2022, alleging $5 million in damages relating to the following properties:

• 1016 Portral Ave., Bakersfield, CA 93308;

• 37915 Marsala Drive, Palmdale, CA 93552;

• 25641 Byron Street, San Bernardino, CA 92410;

• 827 North Meridian Avenue, San Bernardino, CA 92410; and

• 730 & 732 East 78th Street, Los Angeles, CA 90001.

3

The complaint included a request for a temporary restraining order blocking the sale of the Debtor's properties and preliminary injunction imposing a receivership. A response was filed on behalf of Debtor and individual Rayshon Foster on or about December 12, 2022, prior to the appointment of the receivership. The Debtor's bankruptcy proceeding has stayed the state court proceeding and there has been no activity in the state court proceeding post-petition.

## 4. **POTENTIAL AVOIDANCE ACTIONS PER 11 U.S.C. § 544-550.**

Debtor has disclosed from the onset of the case that several unrecorded deeds of trust exist between Debtor and various investors. After meeting and conferring with CRO David Goodrich, Debtor intends to identify, avoid and recover those deeds in order to deliver clear title. Accordingly, Debtor will address each deed of trust in each sale motion, treat them as disputed and sell free and clear. Debtor will seek relief under § 544(a) or §548 and intends on filing avoidance motions in the coming months.

## 5. **STATUS OF COUNSEL AND EMPLOYMENT**

Counsel, Financial Relief Law Center, APC, is employed on the case as ordered by docket number 25.

The Debtor anticipates that it may retain one or more other professionals in this bankruptcy case as follows: David M. Goodrich was employed by the Debtor pre-petition as the Debtor's Chief Restructuring Officer. The engagement provides for the Duties and Powers of the CRO as follows: Goodrich will provide the following services:

(i) Manage and oversee the affairs of the Debtor, including supervising the Debtor's employees, management company and outside consultants;

(ii) Assist the Debtor and Debtor's legal counsel in relation to the bankruptcy case and any related adversary proceedings;

4

(iii) Provide the Debtor and Debtor's legal counsel with any assistance requested by either in connection with any reports, accountings, motions, responses or other documents relating to Debtor's case;

(iv) The Debtor has been advised that tax counsel may become appropriate, at the very least to prepare tax returns on behalf of the bankruptcy estate, but at this time, no tax professional is either retained or especially known.

## 6. **STATUS OF THE EMPLOYMENT OF OTHER PROFESSIONALS AND WHY EMPLOYMENT HAS NOT YET BEEN SOUGHT**

Debtor will retain real estate professionals to facilitate the liquidation of the bankruptcy estate as well as additional legal professionals to manage the eviction process of the occupants of the real estate Debtor currently owns. Because Debtor owns real estate in several different counties in CA and in Washington State, Counsel and CRO just recently identified real estate professionals in all counties who are ready and able to list and sell these properties. Debtor's counsel will apply for employment for remaining professionals promptly, as well as any other additional real estate professional as needed. Professionals to be employed currently include:

Kimball, Tirey and St. John, LLP – Unlawful Detainer

Bill Friedman – Real Estate Broker

## 7. **DEBTOR HAS COMPLIED WITH ALL OF THE REQUIREMENTS UNDER 11 U.S.C. §§ 521, 1106, 1107, AND ALL APPLICABLE GUIDELINES**

11 U.S.C. § 521 sets forth obligations of the Debtor including filing a list of creditors, current income, a statement of financial affairs, and other. The Debtor met these obligations with all schedules and required documents filed in the case to date including a certificate of credit counseling.

11 U.S.C. § 1106 sets forth the duties of a trustee or a debtor in possession. The Debtor complied with any applicable portions of this section.

5

11 U.S.C. § 1107 sets forth the rights of a debtor in possession.  The Debtor complied with any applicable portions of this section.

11 U.S.C. § 1116 sets forth requirements in a small business case. Compliance with 11 U.S.C. § 1116 is inapplicable because it is not a small business case.

## 8. WHETHER THIS CASE IS A SMALL BUSINESS CASE U.S.C §101(51D).

Pursuant to the above code section, a small business is defined as a person engaged in commercial or business activity that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,000,000.  Because Debtor's noncontingent liquidated secured and unsecured debts exceed $2,000,000, this is not a small business case.

## 9. WHETHER THIS CASE IS A SINGLE ASSET REAL ESTATE CASE UNDER 11 U.S.C §101 (51B).

The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.  Debtor owns multiple pieces of real estate and is therefore not a single asset real estate case.

## 10. PROPOSED TIMELINE FOR PLAN AND DISLCOSURE STATEMENT

The Debtor envisions a plan with a liquidating trust.  Because the Debtor faces cash flow restrictions and likely foreclosure activity, the Debtor will balance the timing of any § 363 sale

motions of real property with the filing of a plan and disclosure statement.  The best estimate for a plan and disclosure statement is one-hundred and fifty to one-hundred and eighty days from the petition date.

## 11. PROPOSED DEADLINE FOR FILING A PROOF OF CLAIM

The Debtor filed a claims bar motion seeking a general bar date of April 10, 2023.  On January 23, 2023 the Court ordered, "the general bar date for creditors of the Debtor to file proofs of claim (Bar Date) is (date) April 10, 2023, with the exceptions set forth in mandatory court form F 3003-1.NOTICE.BARDATE. With respect to governmental units, the person completing the notice is responsible for ensuring that it states the correct exception. If the stated deadline is incorrect, then the actual deadline is hereby set as the latter of (a) the incorrect date stated in the notice, (b) the statutory deadline (11 U.S.C. §§ 101(27) and 502(b)(9)), or (c) the general Bar Date."

## 12. PROPOSED DEALINE FOR FILING CLAIM OBJECTIONS

Debtor intends on setting an objection date as a plan provision, most likely 180 days after the effective date.

## 13. PROPOSED DEALINE FOR FILING ANY AVOIDANCE ACTIONS

Debtor intends to ask the Court to impose a 2-year deadline, pursuant to 11 U.S.C. §546(a), for filing avoidance actions.

January 23, 2023                              Respectfully Submitted,

                                              /s/ Amanda G. Billyard

                                          Amanda G. Billyard Esq.
Attorneys for Debtor in Possession
1200 Main St., Suite C
Irvine, CA 92614