1  David M. Goodrich, State Bar No. 208675
   dgoodrich@go2.law
2  **GOLDEN GOODRICH LLP**
   650 Town Center Drive, Suite 600
3  Costa Mesa, California 92626
   Telephone    714-966-1000
4  Facsimile    714-966-1002

5  Proposed Chief Restructuring Officer
   for Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:22-bk-12142-SC |
| 2ND CHANCE INVESTMENT GROUP, LLC, | Chapter 11 |
|     Debtor and Debtor-in-Possession. | **MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER APPROVING SERVICES AGREEMENT WITH DAVID M. GOODRICH PURSUANT TO 11 U.S.C. § 363(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RAYSHON FOSTER AND DAVID M. GOODRICH IN SUPPORT**<br><br>**[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)]** |

MOTION

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:**

2nd Chance Investment Group, LLC, the debtor and debtor-in-possession ("Debtor" or "2nd Chance") in the above-captioned case ("Case"), files this *Motion for Order Approving Services Agreement With David M. Goodrich Pursuant to 11 U.S.C. § 363(b)* ("Motion"). In support of the Motion, the Debtor submits the following memorandum of points and authorities, the declaration of Rayshon Foster ("Foster Declaration") and David M. Goodrich ("Goodrich Declaration"), and respectfully represents as follows:

## I. INTRODUCTION

The Debtor seeks the Court's approval of a services agreement ("Agreement") entered into between the Debtor and David M. Goodrich ("Goodrich"). Under the Agreement, Goodrich will serve as the Debtor's chief restructuring officer and will be compensated on a monthly basis at a discounted hourly rate. As discussed below, the Debtor believes the proposed Agreement is in the best interest of the Debtor and its creditors because the engagement of Goodrich will enable the Debtor to better navigate the bankruptcy process, prepare and report the Debtor's financial data to the other interested parties in the Case and to the Court, ensure the interests of the Debtor's creditors are protected, and assist with formulating a chapter 11 plan. In addition to assisting with bankruptcy-related matters, Goodrich, an experienced bankruptcy trustee and lawyer, will collect rent, pay ordinary business expenses, maintain the Debtor's properties, communicate with tenants, and assist with general and special counsel with preparing the Debtor's property for sale. Accordingly, the Debtor respectfully requests that the Motion be granted.

## II. STATEMENT OF FACTS

### A. General Background

On December 21, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for

the Central District of California ("Court"), case no. 8:22-bk-12142-SC.  *See* Docket No. 1.  The Debtor continues to operate and manage its affairs as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**B.    Proposed Agreement**

Subject to approval by the Court, Goodrich will serve in the capacity of the Debtor's chief restructuring officer ("CRO").  Goodrich has and will continue to provide the following services under the Agreement:

- Manage and oversee the affairs of the Debtor, including supervising the Debtor's financial affairs and outside consultants;
- Assist the Debtor and the Debtor's legal counsel in relation to the Case and any related adversary proceedings; and
- Provide the Debtor and the Debtor's legal counsel with any assistance requested by either in connection with any reports, accountings, motions, responses or other documents relating to the Case.

Accordingly, the Debtor seeks approval of the Agreement, a copy of which is attached as **Exhibit 1**.  The Agreement further provides:

1.    Hourly Rate.  Goodrich will be compensated at an hourly rate of $350 (discounted from his normal attorney rate of $650/hour) for services described above when Goodrich is acting as a fiduciary or chief restructuring officer.

2.    Expenses.  The Debtor will reimburse Goodrich for any out-of-pocket expenses of Goodrich or Golden Goodrich LLP which have been reasonably incurred in connection with this assignment, such as out-of-town travel and lodging, administrative, computer research, messenger services, and telephone charges.

3.    Monthly Compensation Procedure.  Employment and all post-petition fees shall be subject to Sections 363 and 105(a) of the United States Bankruptcy Code and sought effective as of the Petition Date.  Goodrich's compensation will be in accordance with the Jay Alix Protocol, whereby Goodrich shall file with the Court, and serve on the United States Trustee and other parties in interest, reports of

compensation earned and expenses incurred on a monthly basis ("Fee Statement"). Each Fee Statement shall contain summary charts that, for the preceding month, describe the services provided, identify the compensation earned by Goodrich, and itemize the expenses incurred. For each Fee Statement, Goodrich's time records for the preceding month shall be appended to the Fee Statement, and such time records shall (i) contain detailed time entries describing the task(s) performed, and (ii) be organized by project category. Goodrich will record time in six-minute increments. All parties shall have ten days from service of the Fee Statement to object to such Fee Statement. If an objection to any Fee Statement is filed, approval of the Fee Statement shall be set for hearing by the Debtor and subject to review and approval by the Court. Once the objection period for the applicable Fee Statement has lapsed, or such objections are resolved, the Debtor will use best effort to pay Goodrich's outstanding invoices.

4.  **Additional Terms in Agreement**. The additional terms of Goodrich's engagement are as set forth in the Agreement.

5.  **Additional Terms Not Listed in Agreement**. In addition to the terms set forth in the Agreement, it is noteworthy Goodrich will report to Rayshon Foster, the Debtor's sole member, and will not supplant the Debtor's existing management. Further, the Debtor has not retained Golden Goodrich LLP as its counsel and no legal time will be charged by Golden Goodrich LLP to the Debtor or its estate, unless the Court later authorizes employment of Golden Goodrich LLP and/or approves legal fees incurred by Golden Goodrich LLP. Goodrich's staff will not bill for time incurred in connection with Goodrich's role as chief restructuring officer.

C.  **Goodrich's Qualifications**

David M. Goodrich has represented bankruptcy trustees, large financial companies, distressed businesses, secured and unsecured creditors, unsecured creditor committees, receivers, and commercial litigants throughout California since 2000. Mr. Goodrich

focuses on representation of fiduciaries in bankruptcy cases, receiverships and general assignments.  Mr. Goodrich also represents companies and municipalities in chapter 9 and 11 bankruptcy cases.  Mr. Goodrich also serves as a receiver, referee and assignee.

Mr. Goodrich is a member of the Chapter 7 Bankruptcy Panel of Trustees, appointed by the Office of the United States Trustee, serving in the Los Angeles Division of the Central District of California (2011 to present).

Mr. Goodrich is a certified bankruptcy law specialist (State Bar of California – 2010).  Mr. Goodrich served as a commissioner on the Bankruptcy Law Advisory Commission which prepares, administers and grades examinations for lawyers seeking certification as bankruptcy law specialists from the State Bar of California (2017-2019).

Mr. Goodrich served on the board of directors for the Orange County Bankruptcy Forum (President 2016-2017) and is the president of the California Bankruptcy Forum (2022 to present).  Mr. Goodrich is a board member of the San Diego Bankruptcy Forum (2021 to present).  Mr. Goodrich is also a member of the National Association of Bankruptcy Trustees, the Orange County Bar Association, the Los Angeles Bar Association and the California Receivers Forum.  Mr. Goodrich is also Judicial Conference Lawyer Representative for the Ninth Circuit (2019 to present).  Mr. Goodrich is the Personal Affairs Editor for the *NABT Journal*, a national periodical sent to members of the National Association of Bankruptcy Trustees.

Mr. Goodrich graduated from the University of Arizona with a BA in political science and earned his JD from Whittier Law School.

### III.    LEGAL ANALYSIS

#### 1.    Standard for Approval of Agreement.

Pursuant to Section 363(b)(1) of the Bankruptcy Code, a trustee (or a debtor) may use, sell, or lease, other than in the ordinary course of business, property of the estate. *See* 11 U.S.C. § 363(b)(1).  The Ninth Circuit holds that there must be a good business reason for the use, sale or lease of estate property outside the ordinary course of business.  *See In re Walter*, 83 B.R. 14, 19-20 (9th Cir. 1988); *see also In re Continental*

*Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)(held that there must be some articulated business justification for the court to approve the use, sale, or lease of property outside the ordinary course of business); *see also In re Lionel Corp.*, 722 F.2d 1063, 1071 (2nd Cir. 1983)(court should consider all salient factors pertaining to proceeding to determine whether there is good business reason for use, sale and lease of property outside the ordinary course of business).

A chief restructuring officer and his or her consultants may be employed under § 363(b). *See e.g., In re Enron Corp.*, 2006 WL 1030421, at *2 (Bankr. S.D.N.Y. Apr. 12, 2006); (noting that the court authorized the debtors, under § 363(b), to retain a management consulting firm to provide a chief executive and chief restructuring officer, and additional individuals to serve as additional personnel during the chapter 11 cases); *In re Ajubeo LLC*, 2017 WL 5466655, at *4 (Bankr. D. Col. Sept. 27, 2017) (approving retention of management consulting firm to provide a chief restructuring officer under § 363(b)); *In re Copenhaver, Inc.*, 506 B.R. 757, 764-765 (Bankr. C.D. Ill. 2014) (holding that retention of a current director as consultant and chief restructuring officer under § 363(b) would be appropriate given the "unique and compelling circumstances" of the case, subject to the modification of the court's oversight of the officers' fees).

Because Goodrich is being retained as chief restructuring officer, approval of the Agreement under § 363(b) is appropriate. *In re Enron Corp.*, 2006 WL 1030421, at *2.

Additionally, pursuant to section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The basic purpose of section 105(a) is "to assure the bankruptcy courts' power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY § 105.01 (15th ed. rev. 2007). Essentially, § 105(a) codifies the Bankruptcy Court's equitable powers. Here, the requested relief will facilitate the Debtor's operations and will assist in the Debtor carrying out its duties under the Bankruptcy Code.

The Debtor believes entering into the Agreement is necessary and appropriate to

provide for the services necessary to successfully develop, propose, confirm and consummate a chapter 11 plan, which includes a liquidation of real property. Therefore, the Debtor's request for approval of the Agreement is in good faith and for a valid business reason, and the Motion should be granted. *See* Foster Declaration.

**2.   Goodrich is Disinterested and Holds No Adverse Interest.**

Although there is no requirement that Goodrich demonstrate that he is disinterested or holds no adverse interest, the Debtor submits the Goodrich Declaration which attests to Goodrich's disinterestedness and lack of adverse interest. As is clear from the declaration, Goodrich is disinterested and holds no adverse interest against the Debtor.

**IV.   CONCLUSION**

Based upon the foregoing, the Debtor respectfully requests an order as follows:

1.   Granting the Motion;

2.   Approving the terms of the Agreement, a copy of which is attached as **Exhibit 1**, and authorizing the Debtor to enter into the Agreement with Goodrich;

3.   Authorizing the Debtor to make monthly disbursements to Goodrich pursuant to the terms of the Agreement;

4.   Authorizing the Debtor to execute any documents or take any actions reasonably necessary to effectuate the terms of the Agreement; and

5.   For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 9, 2023

By: /s/David M Goodrich
DAVID M. GOODRICH
Proposed Chief Restructuring Officer for
2nd Chance Investment Group, LLC, Debtor
and Debtor-in-Possession

Dated: January 15th, 2023

2ND CHANCE INVESTMENT GROUP, LLC

By: [signature]
RAYSHON FOSTER
Managing Member

# DECLARATION OF RAYSHON FOSTER[1]

I, Rayshon Foster, declare as follows:

1. I am the Managing Member of 2nd Chance Investment Group, LLC ("Debtor"). I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto. I am submitting this declaration in support of the *Motion for Order Approving Services Agreement With David M. Goodrich Pursuant to 11 U.S.C. § 363* ("Motion").

2. On December 21, 2022 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California ("Court"), case no. 8:22-bk-12142-SC. The Debtor continues to operate and manage its affairs as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor seeks authority to enter into the Agreement, under which Goodrich will provide the services of a chief restructuring officer. A true and correct copy of the Agreement attached as **Exhibit 1**.

4. The Debtor believes the proposed Agreement is in the best interest of the Debtor and its creditors because the engagement of Goodrich will enable the Debtor to better navigate the bankruptcy process, prepare and report the Debtor's financial data to the other interested parties in the Case and to the Court, ensure the interests of the Debtor's creditors are protected, and assist with formulating a chapter 11 plan. In addition to assisting with bankruptcy-related matters, Goodrich, an experienced bankruptcy trustee and lawyer, will collect rent, pay ordinary business expenses, maintain the Debtor's properties, communicate with tenants, and assist with general and special counsel with preparing the Debtor's property for sale.

5. I have read the Agreement, and agree to its terms on behalf of the Debtor.

---

[1] All capitalized terms have the same definition or meaning as the capitalized terms in the Motion.

6. In my business judgment, I respectfully submit that the engagement of the CRO will greatly benefit the Debtor. Therefore, I request that the Debtor be authorized to enter into the Agreement with Goodrich.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25 day of January, 2023, at Santa Ana, California.

_____
Rayshon Foster

## **DECLARATION OF DAVID M. GOODRICH**[2]

I, David M. Goodrich, declare as follows:

1. Except as otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. I am submitting this supplemental declaration in support of the *Motion for Order Approving Services Agreement With David M. Goodrich Pursuant to 11 U.S.C. § 363* ("Motion").

2. I have extensive experience representing and serving as a fiduciary for distressed businesses and am well qualified to serve as the Debtor's CRO.

3. I will provide the services described in the Agreement, effective as of the Petition Date. A true and correct copy of the Agreement is attached as Exhibit 1.

4. In addition to the terms set forth in the Agreement, it is noteworthy I will report to Rayshon Foster, the Debtor's sole member, and will not supplant the Debtor's existing management. Further, the Debtor has not retained Golden Goodrich LLP as its counsel and no legal time will be charged by Golden Goodrich LLP to the Debtor or its estate, unless the Court later authorizes employment of Golden Goodrich LLP and/or approves legal fees incurred by Golden Goodrich LLP. My staff will not bill for time incurred in connection with my role as chief restructuring officer.

4. My hourly rate for this engagement is $350. My regular attorney rate is $650/hour.

5. I will be compensated on a monthly basis from funds of the Debtor pursuant to the procedure described in the Agreement.

6. I declare that I:

   a. am not a party to this action, or related to or affiliated with any party therein, am not an attorney for any party in this action, have no interest in this action, and am not related to any judge of this Court;

---

[2] All capitalized terms have the same definition or meaning as the capitalized terms in the Motion.

1       b.     do not hold or represent any interest adverse to the Debtor;

2       c.     am not a creditor, equity holder or insider of the Debtor;

3       d.     have not received a retainer for the services to be performed herein;

4       e.     have not shared or agreed to share any compensation in the case with any other person;

6       f.     am not and was not, within two (2) years before the date of the filing of the petition herein, directors, officers or employees of the Debtor.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 9th day of February, 2023, in Dove Canyon, California.

          /s/David M. Goodrich
          David M. Goodrich



December 2, 2022

**VIA EMAIL**

Dear _2nd Chance Investments, LLC

This letter sets forth the scope of services agreed to be performed by David M. Goodrich ("Goodrich") for the benefit of _2nd Chance Investments, LLC ("Debtor"), and the terms and conditions of that engagement, including the basis pursuant to which Goodrich will be compensated for those services; provided, however, that this agreement is subject to the approval of the United States Bankruptcy Court ("Court") if a bankruptcy case is filed by the Debtor.

1. Description of Services.

    a. Chief Restructuring Officer. Goodrich will serve in the capacity of the Debtor's Chief Restructuring Officer of Debtor (the "CRO").

    b. Duties and Powers of the CRO. Subject to the limitations on authority set forth in this letter, Goodrich will provide the following services:

    (i) Manage and oversee the affairs of the Debtor, including supervising the Debtor's employees, management company and outside consultants;

    (ii) Assist the Debtor and Debtor's legal counsel in relation to the bankruptcy case and any related adversary proceedings;

    (iii) Provide the Debtor and Debtor's legal counsel with any assistance requested by either in connection with any reports, accountings, motions, responses or other documents relating to Debtor's case;

    c. Additional Personnel. Goodrich may use staff of Golden Goodrich, LLP, to assist him in his role as CRO, at no cost to the Debtor.

    d. Employment by Goodrich. Goodrich will not be deemed for any purpose to be an employee of the Debtor. The Goodrich may continue to work as a partner of Golden Goodrich LLP on unrelated matters, provided doing so does not unduly interfere with the services required pursuant to this engagement.

Golden Goodrich LLP

Page 2

2.  **Compensation.** The Debtor will pay Goodrich $350/hour for the services described in section one (1) above. This rate is the rate Goodrich charges for acting as a fiduciary or chief restructuring officer, except where such role is subject to compensation pursuant to 11 U.S.C. Section 326. Goodrich's rate charged when acting as a lawyer is $650/hour, subject to periodic change. The Debtor will reimburse Goodrich for any out-of-pocket expenses of Goodrich or Golden Goodrich LLP which has been reasonably incurred in connection with this assignment, such as out-of-town travel and lodging, administrative, computer research, messenger services, and telephone charges.

3.  **Employment and Fee Approval.** Employment and all post-petition fees shall be subject to 11 U.S.C. Sections 363 and 105(a). The Debtor shall seek an order for compensation to Goodrich in accordance with the Jay Alix Protocol, whereby Goodrich shall file with the Court, and serve on the United States Trustee and other parties in interest, reports of compensation earned and expenses incurred on a monthly basis ("Fee Statement"). Each Fee Statement shall contain detailed time entries for the preceding month, describe the services provided, identify the compensation earned Goodrich, and itemize the expenses incurred. For each Fee Statement, time records for the preceding month for Goodrich shall be appended to the Fee Statement, and such time records shall (i) contain detailed time entries describing the task(s) performed, and (ii) be organized by project category. All parties shall have ten days from service of the Fee Statement to object to such Fee Statement. If an objection to any Fee Statement is filed, approval of the Fee Statement shall be set for hearing by the Debtor and subject to review and approval by the Court. Once the objection period for the applicable Fee Statement has lapsed, or such objections are resolved, the Debtor will use best effort to pay Goodrich's outstanding invoices.

4.  **Termination.** This agreement may be terminated immediately by either party, in its sole discretion, for any reason whatsoever. Upon and after termination of this Agreement, Goodrich shall be entitled to all unpaid fees and expenses.

5.  **No Third-Party Beneficiary.** The Debtor acknowledges that all advice (written or oral) given by Goodrich in connection with this engagement is intended solely for the benefit and use of the Debtor in considering the matters to which this engagement relates. The Debtor agrees that no such advice shall be used for any other purpose or reproduced, disseminated, quoted or referred to at any time in any manner or for any purpose other than accomplishing the tasks referred to herein without Goodrich's prior approval (which shall not be unreasonably withheld), except as required by law. The Debtor agrees and acknowledges that Goodrich is not providing legal services and any advice is not advice given as a lawyer, but a fiduciary.

6.  **Conflicts.** Goodrich is not currently aware of any relationship that would create a conflict of interest with the Debtor or those parties-in-interest of which you have made us aware. Because Goodrich is a partner in a law firm that serves clients in numerous cases, both in and out of court, it is possible that Goodrich may have rendered services to or have business associations with other entities or people which had or have or may have relationships with the Debtor, including creditors of the Debtor. In the event

Golden Goodrich LLP

Page 3

you accept the terms of this engagement, Goodrich will not represent, and Goodrich has not represented, the interests of any such entities or people in connection with this matter.

      7.    <u>Confidentiality / Non-Solicitation.</u> Goodrich shall keep confidential all non-public information received from the Debtor in conjunction with this engagement, except (i) as requested by the Debtor or its legal counsel; (ii) as required by legal proceedings or (iii) as reasonably required in the performance of this engagement. All obligations as to non-disclosure shall cease as to any part of such information to the extent that such information is or becomes public other than as a result of a breach of this provision.

      8.    <u>Indemnification.</u> The Debtor shall indemnify Goodrich to the same extent as the most favorable indemnification it extends to its officers or directors, whether under the Debtor's bylaws, its certificate of incorporation, or otherwise, and no reduction or termination in any of the benefits provided under any such indemnities shall affect the benefits provided to Goodrich. Goodrich shall be covered as an officer under the Debtor's existing director and officer liability insurance policies if any. The Debtor shall also maintain any such insurance coverage, if any currently exists, for Goodrich for not less than two years following the date of the termination of such officer's services hereunder. The provisions of this section 8 are contractual obligations, and no change in applicable law or the Debtor's charter, bylaws, or other organizational documents or policies shall affect Goodrich's rights hereunder.

      9.    <u>Substitution of CRO</u> Notwithstanding anything herein to the contrary, Goodrich hereby agrees that, without the consent of the Board of Directors of the Debtor, Goodrich will not substitute any party to serve as CRO of the Debtor.

If this Agreement is acceptable to you, then please kindly execute and return the enclosed copy to acknowledge your agreement to its terms.

Sincerely,

By: /S/ David M. Goodrich
David M. Goodrich

Agreed and Accepted:

By: *Rayshon Foster*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa California 92626**

A true and correct copy of the foregoing document entitled (*specify*) **MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER APPROVING SERVICES AGREEMENT WITH DAVID M. GOODRICH PURSUANT TO 11 U.S.C. § 363(b): MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATIONS OF RAYSHON FOSTER AND DAVID M. GOODRICH IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 10, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amanda G. Billyard    abillyard@bwlawcenter.com
Lazaro E Fernandez    lef17@pacbell.net, lef-sam@pacbell.net;lef-mari@pacbell.net;OfficeLR74738@notify.bestcase.com;lefkarina@gmail.com
David M Goodrich    dgoodrich@go2.law, kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com
Queenie K Ng    queenie.k.ng@usdoj.gov
Douglas A Plazak    dplazak@rhlaw.com
Arvind Nath Rawal    arawal@aisinfo.com
Richard L. Sturdevant    rich@bwlawcenter.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Andy C Warshaw    awarshaw@bwlawcenter.com, Warshaw.AndyB110606@notify.bestcase.com
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **February 10, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 10 ,2023,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon, Scott C, Clarkson United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse 411 West Fourth Street, Suite 5130 / Courtroom 5C Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **2/10/2023** | Evelyn Ruiz | *(signature)* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**Served By U.S Mail**
**2nd Chance Investment Group, LLC**
600 W. Santa Ana Blvd.
PMB 5045
Santa Ana, CA 92701

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**