Andy C. Warshaw, Esq. (State Bar No. 263880)
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: 714-442-3319
Facsimile: 714-361-5380
Email: awarshaw@bwlawcenter.com

Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

IN RE

2ND CHANCE INVESTMENT GROUP, LLC,

Debtor and Debtor in Possession.

Case No. 8:22-bk-12142-SC

Chapter 11

**FIRST OMNIBUS OBJECTIONS TO CLAIMS; DECLARATION OF ANDY C. WARSHAW IN SUPPORT THEREOF**

[This objection relates to the following Claimants and Claim Numbers: Salvador Jimenez for claims 8-25]

**Hearing Information**
Date:  May 31, 2023
Time:  1:30 pm
Place:  United States Bankruptcy Court
411 West Fourth Street, Suite 5130 /
Courtroom 5C (via zoom)
Santa Ana, CA 92701-4593

## OMNIBUS OBJECTION

**THIS OBJECTION SEEKS TO HAVE THE CLAIMS 8-1 THROUGH 25-1, ALL FILED BY SALVADOR JIMENEZ, TO BE DISALLOWED IN THEIR ENTIRETIES** (the "Disputed Claims"). Pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 from the Federal Rules of bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, 2nd Chance Investment Group, LLC

(the "Debtor") respectfully submits this First Omnibus Objections to Claims (the "<u>Objection</u>") and hereby moves this Court for the entry of an order disallowing each of the claims identified in the following table (the "<u>Disputed Claims</u>") on the grounds described herein.

The Debtor requests that the Disputed Claims be disallowed with no allowed claim. Pursuant to Local Bankruptcy Rule 3007-1(c), true and correct copies of each of the Disputed Claims are attached to the Objection. The Objection is supported by these moving papers, the proof of claims referenced in the foregoing chart, the attached declaration of Andy C. Warshaw, the record in the bankruptcy case, the arguments, and representations of counsel, and any oral or documentary evidence submitted at or prior to the time of the hearing on this Objection.

WHEREFORE, the Debtor respectfully requests that the Court sustain the Objection and disallow the Disputed Claims, and to grant such other and further relief as may be necessary or appropriate.

Dated: April 3, 2023                    Respectfully Submitted,

                                        <u>/s/ Andy C. Warshaw</u>

                                        Andy C. Warshaw, Esq.
                                        Attorneys for Debtor in Possession
                                        1200 Main St., Suite C
                                        Irvine, CA 92614

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BACKGROUND

2nd Chance Investment Group, LLC is the debtor and debtor in possession ("Debtor" or

"2nd Chance") in the above-captioned Chapter 11 bankruptcy case ("Case").  On December 21,

2022 (the "Petition Date"), the Debtor commenced the Case by filing a voluntary petition under

Chapter 11 of Title 11 of the United States Code,  ("Bankruptcy Code") or "Code").   No trustee has

been  appointed in the bankruptcy case.  The  Official Committee of Unsecured Creditors is represented

 by Goe, Forsythe & Hodges LLP.

The Court entered an order that set the bar date for filing proofs of claim on January 23,

2023, as ECF No. 28.  The general bar date is April 10, 2023, with exceptions as set forth in

mandatory court form F 3003-1.Notice.BarDate.  The Debtor filed and served the Notice of Bar

date for Filing Proofs of Claim in a Chapter 11 on January 24, 2023, as ECF No. 30. The Debtor

is now examining claims as they come in, and with the assistance of counsel and determined that

claims 8-1 through 25-1 filed by Salvador Jimenez should not be allowed for the reasons set

forth herein.

### II.  JURISDICTION AND NOTICE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.

This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(A),(B) & (O).  Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein is

11 U.S.C. § 502(b) and Federal Rules of Bankruptcy Procedure 3001.Notice of this Objection is

being served on the holder of the Disputed Claims as required by Local Bankruptcy Rule

3007(b)(3), and all parties requiring notice in this case.

### III. OBJECTIONS

Pursuant to 11 U.S.C. § 502(a), a proof of claim is deemed allowed unless a party in interest objects. Absent an objection, a proof of claim constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure ("FRBP") 3001(f). <u>Lundell v. Anchor Constr. Specialists, Inc.</u>, 223 F. 3d 1035, 1039 (9th Cir. 2000). When a party files an objection to a proof of claim, that filing "creates a dispute which is a contested matter" within the meaning of FRBP 9014 and the court must resolve the matter after notice and opportunity for hearing upon a motion for relief. <u>Id.</u>

When a creditor has filed a proof of claim that complies with the rules (thereby giving rise to the presumption of validity), the burden shifts to the objecting party who must "present evidence to overcome the *prima facie case*." <u>United States v. Offord Fin., Inc., (In re Medina)</u>, 205 B.R. 216 222 (9th Cir.Bap 1996). To defeat the claim, the objecting party must provide sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." <u>Lundell</u>, 223 F. 3d at 1039 (quoting <u>In re Holm</u>, 931 F.2d 620, 623 (9th Cir. 1991)). "The objector must produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." <u>Lundell</u>, 223 F.3d at 1040 (quoting <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992). An objection to claim may be based on nonbankruptcy law. [11 USC §502 (b)(2)-(8), (d). An objection to claim may be made on any ground for which the claim could be contested in the absence of bankruptcy, and may be factual or legal in nature. (In re G.I. Indus., Inc. (9th Cir. 1999) 165 F3d 1243, 1247.

If the objecting party produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts back to the claimant to prove the validity of the claim by a preponderance of the evidence. <u>Ashford v. Consol. Pioneer Mort.</u> (In re Consol.

1    Pioneer Mort.), 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996)

2    (quoting Allegheny Int'l, 954 F2d at 173-74).  The ultimate burden of persuasion remains at all

3    times on the claimant Lundell, 223, F3d at 1039; Holm, 931 F.2d at 623.  After the presumption

4    is rebutted, the creditor bears the burden of proof as to the validity and amount of its claim. In re

5    Southern California Plastics, Inc. , 165 F.3d 1243 1248 (9th Cir. 1999); In re Palmdale Hills

6    Property, LLC , 423 B.R. 655, 665 (9th Cir. BAP 2009), *aff'd* 654 F.3d 868 (9th Cir. 2011).

7        Federal Rule of Bankruptcy Procedure 3001 provides that proofs of claim must conform

8    to the applicable proof of claim form. The claim must include a reasonable amount of supporting

9    documentation, including, where appropriate, an explanation of the claim together with contracts,

10   invoices, statements of accounts, or other documentary supporting the claim. If sufficient

11   documentation is not attached, the court might disallow the claim outright.  Virginia Broadband,

12   LLC v. Manuel, 538 B.R. 253 (W.D. Va. 2015)).

13       Here, the Disputed Claims do not allege facts sufficient to support a legal liability of the

14   Debtor.  The Disputed Claims never reach the presumption of validity because: (1) The Disputed

15   Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several

16   of its subsections (2) there is no accounting and no clear amount asserted without a cover page,

17   (3) there are potential duplicates of claims filed by Salvador Jimenez, (4) the claims fail to

18   provide valid evidence of security even though the claims register lists the claim as secured; and

19   (5) the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the

20   claimant, Salvador Jimenez. Therefore, the holders of the Disputed Claims do not hold a "claim"

21   against the Debtors because they do not hold a right to payment against the Debtor or its property.

22   *See* 11 U.S.C. §§ 105(5), 102(2). As such, the Disputed Claims are unenforceable against the

23   Debtor pursuant to Bankruptcy Code § 502(b)(1).

## 1. The Disputed Claims Fails to Comply with Federal Rule of Bankruptcy Procedure 3001(a)

Federal Rule of Bankruptcy Procedure 3001(a) requires that "A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001. None of the claims 8-1 through 25-1 filed by Jimenez include Official Form 410 as provided for in the Debtor's Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 Case [LBR 3003-1] and as required by Federal Rule of Bankruptcy Procedure 3001(a). The Disputed Claims never achieve prima facie validity because they fail to comply with Federal Rule of Bankruptcy Procedure 3001(a).

## 2. The Disputed Claims Lack an Accounting and Lack Evidence of funds paid by Salvador Jimenez

The Disputed Claims lacks an accounting and analysis of any amount allegedly owed to claimant, Salvador Jimenez. The checks attached to the Disputed Claims list Carmen Molina as the individual drafting checks that were transmitted to the Debtor. Carmen Molina is not the claimant in claims 8-1 through 25-1. It is unclear the relationship between Carmen Molina and Salvador Jimenez or what right Salvador Jimenez purports to have from checks submitted by Carmen Molina, and therefore the Disputed Claims lack prima facie evidence of being a valid claim.

## 3. Claims May be Duplicative

It appears that Claims 13 and 14 are duplicative and nearly indistinguishable from one another. The only difference the Debtor could discern is that Claim 13 includes one additional page showing a redacted check that Claim 14 omits.

## 4. The Claims Are Not Secured Under California Law

"In California, the creditor must record a deed of trust or mortgage in the County Recorder's office in the county where the real property is located." In re Arlett, 22 B.R. 732, 735 (Bankr. E.D. Cal. 1982). The [p]erfection of a deed of trust occurs when the document is

recorded in the office of the County Recorder. Cal.Civ.Code § 1213; In re Schuman, 81 B.R. 583,

587 (Bankr. 9th Cir.1987). Prior to recordation, an interest in real property is not effective

against intervening creditors. See Cal.Civ.Code § 1214. In re Planned Protective Services, Inc.,

130 B.R. 94, 98 (Bankr. C.D. Cal. 1991)

Federal Rule of Bankruptcy Procedure 3001(d) provides, "If a security interest in

property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the

security interest has been perfected." Fed. R. Bankr. P. 3001(d).

The Disputed Claims in this case fail to comply with both California law and with

Federal Rule of Bankruptcy Procedure 3001.  Based on California law, what was provided in the

Disputed Claims does not result in them achieving secured status.  Each of the Disputed Claims

provide a promissory note and deed of trust, but none of them are notarized or recorded. As to

Federal Rule of Bankruptcy Procedure 3001, each of the Disputed Claims fails to comply with

subsection (d) because it asserts a security interest on the claims register without providing

evidence of valid security.

## 5. The Potential Transfer of the Disputed Claims Fail to Comply with FRBP 3001(e)

The lack of both disclosure and clarity of Salvador Jimenez's relationship and connection

to Carmen Molina leads the Debtor to the possibility that the Disputed Claims should be denied

because of their potential transfer from Carmen Molina to Salvador Jimenez, either as a pre-

petition or post-petition transfer, in their failures to comply with Federal Rule of Bankruptcy

Procedure 3001(e).

**(3)***Transfer of Claim for Security Before Proof Filed*. If a claim other than one based on a publicly traded note, bond, or debenture has been transferred for security before proof of the claim has been filed, the transferor or transferee or both may file a proof of claim for the full amount. The proof shall be supported by a statement setting forth the terms of the transfer. If either the transferor or the transferee files a proof of claim, the clerk shall immediately notify the other by mail of the right to join in the filed claim. If both

transferor and transferee file proofs of the same claim, the proofs shall be consolidated. If the transferor or transferee does not file an agreement regarding its relative rights respecting voting of the claim, payment of dividends thereon, or participation in the administration of the estate, on motion by a party in interest and after notice and a hearing, the court shall enter such orders respecting these matters as may be appropriate.

**(4)**_Transfer of Claim for Security after Proof Filed._ If a claim other than one based on a publicly traded note, bond, or debenture has been transferred for security after the proof of claim has been filed, evidence of the terms of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 21 days of the mailing of the notice or within any additional time allowed by the court. If a timely objection is filed by the alleged transferor, the court, after notice and a hearing, shall determine whether the claim has been transferred for security. If the transferor or transferee does not file an agreement regarding its relative rights respecting voting of the claim, payment of dividends thereon, or participation in the administration of the estate, on motion by a party in interest and after notice and a hearing, the court shall enter such orders respecting these matters as may be appropriate.

Fed. R. Bankr. P. 3001.

Each of Federal Rules of Bankruptcy Procedure Sections 3001(e)(3) – (e)(4) are applicable because of the Disputed Claims' assertion that they are secured.  The Disputed Claims, if there is a transfer from Carmen Molina to Salvador Jimenez, fail to comply with either Federal Rule of Bankruptcy Procedure 3001(e)(3) or (e)(4).

## 6.  Personal Identifiers on at least one claim

Claim 16 lists unredacted personal bank account information of Carmen Molina. Federal Rule of Bankruptcy Procedure 9037 governs the redaction of social-security and tax-payer identification numbers, birthdates, names of minors and financial account numbers.  Rule 9037(h) sets forth procedures for redacting previously filed documents to conform with the applicable redaction requirements. Similarly, Local Bankruptcy Rule 9037-1 expressly provides that any party in interest may file a motion seeking to block public access to a previously filed document containing a personal identifier. The Federal Bankruptcy Rules also urge courts to "promptly restrict public access to the motion and the unredacted document pending its ruling on

the motion." And upon granting such a motion, "the court must docket the redacted document."

Fed. R. Bankr. P. 9037(h)(2).  While considering the Debtor's Objection to the Disputed Claims,

the Debtor requests that the Court issue an Order precluding any future access to Claim 16 as

filed to protect Carmen Molina.

## 7.    Summary of Objections of the Disputed Claims

### Claim 8-1.

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **8-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 1</u> is Claim 8-1 filed by Salvador Jimenez.  Claim 8-1 is a 6-page claim without an official claim sheet as required by FRBP 3001. Claim 8-1 is listed on the claims register for $66,000.

### Claim 9-1.

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **9-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 2</u> is Claim 9-1 filed by Salvador Jimenez.  Claim 9-1 is a 6-page claim without an official claim sheet as required by FRBP 3001.  Claim 9-1 is listed on the claims register for $66,000.

**Claim 10-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **10-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 3</u> is Claim 10-1 filed by Salvador Jimenez.  Claim 10-1 is a 6-page claim without an official claim sheet as required by FRBP 3001.  Claim 10-1 is listed on the claims register for $66,000.

**Claim 11-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **11-1** | $72,600 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 4</u> is Claim 11-1 filed by Salvador Jimenez.  Claim 11-1 is a 6-page claim without an official claim sheet as required by FRBP 3001.  Claim 11-1 is listed on the claims register for $72,600.

**Claim 12-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **12-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims | Disallow in its entirety. |

| | | fail to provide valid evidence of security even though the claims register lists the claim as secured. | |

Attached hereto as <u>Exhibit 5</u> is Claim 12-1 filed by Salvador Jimenez.  Claim 12-1 is a 6-page claim without an official claim sheet as required by FRBP 3001.  Claim 11-1 is listed on the claims register for $66,000.

### Claim 13-1.

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **13-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured; (5) there are potential duplicates of claims filed by Salvador Jimenez. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 6</u> is Claim 13-1 filed by Salvador Jimenez.  Claim 13-1 is a 6-page claim without an official claim sheet as required by FRBP 3001.  Claim 13-1 is listed on the claims register for $66,000.

### Claim 14-1.

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **14-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured; (5) there are potential duplicates of claims filed by Salvador Jimenez. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 7</u> is Claim 14-1 filed by Salvador Jimenez.  Claim 14-1 is a 6-page claim without an official claim sheet as required by FRBP 3001.  Claim 14-1 is listed on the claims register for $66,000.

**Claim 15-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **15-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 8</u> is Claim 15-1 filed by Salvador Jimenez.  Claim 15-1 is an 8-page claim without an official claim sheet as required by FRBP 3001.  Claim 15-1 is listed on the claims register for $66,000.

**Claim 16-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **16-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 9</u> is Claim 16-1 filed by Salvador Jimenez.  Claim 16-1 is a 10-page claim without an official claim sheet as required by FRBP 3001.  Claim 16-1 is listed on the claims register for $66,000.

**Claim 17-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **17-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims | Disallow in its entirety. |

| | | fail to provide valid evidence of security even though the claims register lists the claim as secured. | |

Attached hereto as Exhibit 10 is Claim 17-1 filed by Salvador Jimenez. Claim 17-1 is an 8-page claim without an official claim sheet as required by FRBP 3001. Claim 17-1 is listed on the claims register for $66,000.

**Claim 18-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|-----------|-----------------|---------------------|------------------|
| **18-1** | $72,600 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as Exhibit 11 is Claim 18-1 filed by Salvador Jimenez. Claim 18-1 is an 8-page claim without an official claim sheet as required by FRBP 3001. Claim 18-1 is listed on the claims register for $72,600.

**Claim 19-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|-----------|-----------------|---------------------|------------------|
| **19-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as Exhibit 12 is Claim 19-1 filed by Salvador Jimenez. Claim 19-1 is an 8-page claim without an official claim sheet as required by FRBP 3001. Claim 19-1 is listed on the claims register for $66,000.

//

**Claim 20-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **20-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 13</u> is Claim 20-1 filed by Salvador Jimenez.  Claim 20-1 is an 8-page claim without an official claim sheet as required by FRBP 3001.  Claim 20-1 is listed on the claims register for $66,000.

**Claim 21-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **21-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 14</u> is Claim 21-1 filed by Salvador Jimenez.  Claim 21-1 is an 8-page claim without an official claim sheet as required by FRBP 3001.  Claim 21-1 is listed on the claims register for $66,000.

**Claim 22-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **22-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims | Disallow in its entirety. |

| | | fail to provide valid evidence of security even though the claims register lists the claim as secured. | |

Attached hereto as <u>Exhibit 15</u> is Claim 21-1 filed by Salvador Jimenez. Claim 22-1 is an 8-page claim without an official claim sheet as required by FRBP 3001. Claim 22-1 is listed on the claims register for $66,000.

**Claim 23-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **23-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 16</u> is Claim 23-1 filed by Salvador Jimenez. Claim 23-1 is a 7-page claim without an official claim sheet as required by FRBP 3001. Claim 23-1 is listed on the claims register for $66,000.

**Claim 24-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **24-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 17</u> is Claim 24-1 filed by Salvador Jimenez. Claim 24-1 is an 8-page claim without an official claim sheet as required by FRBP 3001. Claim 24-1 is listed on the claims register for $66,000.

//

**Claim 25-1.**

| Claim No. | Amount Asserted | Basis for Objection | Relief Requested |
|---|---|---|---|
| **25-1** | $66,000 | (1) The Disputed Claims fail to comply with the Federal Rules of Bankruptcy Procedure Rule 3001 under several of its subsections (2) there is no accounting and no clear amount asserted without a cover page, (3), the evidence of a check from Carmen Molina fails to indicate liability of the Debtor to the claimant, Salvador Jimenez.(4) the claims fail to provide valid evidence of security even though the claims register lists the claim as secured. | Disallow in its entirety. |

Attached hereto as <u>Exhibit 18</u> is Claim 25-1 filed by Salvador Jimenez.  Claim 25-1 is an

8-page claim without an official claim sheet as required by FRBP 3001.  Claim 23-1 is listed on

the claims register for $66,000.

## IV. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court sustain this

Objection and disallow the Disputed Claims in their entirety. The Debtor reserves the right to (a)

object to or seek disallowance or reclassification of any claim that is subject to the Objection on

any grounds that the Debtor may later assert, (b) assert claims, demands for relief requiring an

adversary proceeding consistent with Rules 307(b) and 7001 of the Federal Rules of Bankruptcy

Procedure, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer

actions, or any other bankruptcy or non-bankruptcy claims and causes of action against the

claimant whose claims are subject to the Objection, and (c) the right to withdraw without

prejudice the Objection as it applies to any claim that is subject to the Objection prior to the

conclusion of the hearing thereon and, in case of any such withdrawal, to assert the same (or

other) objections to such claim in a later objection or objections to the claims.


Dated: April 3, 2023                   Respectfully Submitted,

                                        /s/ Andy C. Warshaw

                                        Andy C. Warshaw, Esq.
                                        Attorneys for Debtor in Possession
                                        1200 Main St., Suite C
                                        Irvine, CA 92614

# DECLARATION OF ANDY C. WARSHAW[1]

I, Andy C. Warshaw, declare and state as follows:

1. I am over eighteen years of age.  Except as otherwise indicated, if called as a witness, I could and would competently testify to the matters set forth herein from my own personal knowledge.

2. I am an attorney duly admitted to practice in the State of California and before this Court.

3. I am an attorney representing the Debtor in Possession in this bankruptcy case as an attorney with Financial Relief Law Center, APC.

4. I submit this declaration in support of the *First Omnibus Objection to Claims*.

5. Attached hereto as <u>Exhibit 1-18</u> are true and complete copies of the following proofs of claim filed in the Debtor's bankruptcy case, as downloaded from daily cm/ecf notice summaries providing links to the documents.

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 8-1 | 1 |
| **Salvador Jimenez** | 9-1 | 2 |
| **Salvador Jimenez** | 10-1 | 3 |
| **Salvador Jimenez** | 11-1 | 4 |
| **Salvador Jimenez** | 12-1 | 5 |
| **Salvador Jimenez** | 13-1 | 6 |
| **Salvador Jimenez** | 14-1 | 7 |
| **Salvador Jimenez** | 15-1 | 8 |
| **Salvador Jimenez** | 16-1[2] | 9 |
| **Salvador Jimenez** | 17-1 | 10 |
| **Salvador Jimenez** | 18-1 | 11 |
| **Salvador Jimenez** | 19-1 | 12 |
| **Salvador Jimenez** | 20-1 | 13 |

---

[1] Capitalized terms not otherwise defined shall take on the meanings ascribed to them in the Objection.
[2] The personal banking information on page 7 of the claim with the check image of Carmen Molina is redacted.

| **Salvador Jimenez** | 21-1 | 14 |
| **Salvador Jimenez** | 22-1 | 15 |
| **Salvador Jimenez** | 23-1 | 16 |
| **Salvador Jimenez** | 24-1 | 17 |
| **Salvador Jimenez** | 25-1 | 18 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of April 2023 at Irvine, CA

/s/ Andy C. Warshaw
Andy C. Warshaw

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 8-1 | 1 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE:

10/20/2021

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of
$60,000 (Investment +20 %) on June 20th, 2022 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from June 20th, 2022
at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*
_____
2nd Chance Investment Group LLC

After Recording Return To:

Salvador Jimenez
_____

_____ [Space Above This Line For Recording Data] _____

# SHORT FORM DEED OF TRUST

DEFINITIONS

Words used in multiple sections of this Security Instrument are defined below, in the "Definitions" Section of the Master Form, and in Sections 3, 11, 13, 18, 20 and 21 of the Master Form. Certain rules regarding the usage of words used in this Security Instrument are also provided in Section 16 of the Master Form.

"Master Form" means that certain Master Form Mortgage recorded in the Office of the Recorder on _____, 20____, in Book/Volume _____, beginning at Page Number ___, for land situate in the County of Pierce
        [Name of Recording Jurisdiction]

(A)    **"Security Instrument"** means this document, which is dated October 20th, 2021 together with all Riders to this document.

(B)    **"Borrower"** is 2nd Chance Investment Group, LLC.  Borrower is the trustor under this Security Instrument.

(C)    **"Lender"** is Salvador Jimenez Lender is a Trust organized and existing under the laws of California Lender's address is
_____. Lender is the beneficiary under this Security Instrument.

(D)    **"Trustee"** is 2nd Chance Investment Group, LLC_.

(E)    **"Note"** means the promissory note signed by Borrower and dated October 20th ,2021. The Note states that Borrower owes Lender 60,000 Dollars US (sixtythousanddollars). Borrower has promised to pay this debt in regular Periodic Payments (as defined in the Master Form) and to pay the debt in full not later than June20th, 2022

(F)    **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

(G)    **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H)    **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

|  |  |  |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | X☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | Promissory Note |

Washington--Single Family--Fannie Mae/Freddie Mac SHORT FORM DEED OF TRUST        Form 3029-SF 7/07 *(page 1 of 3 pages)*

All references to section numbers in the Security Instrument that are contained in the Riders to those sections of the same number incorporated from the Master Form.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renev extensions and modifications of the Note; and (ii) the performance of Borrower's covenants agreements under this Security Instrument and the Note. For this purpose, Borrower irrevoca grants and conveys to Trustee, in trust, with power of sale, the following described prop located in the County of Pierce:

which currently has the address of 8607 Custer Rd SW, Lakewood WA 98499 ("Property Address"). APN# 0220341080

TOGETHER WITH all the improvements now or hereafter erected on the property, a all easements, appurtenances, and fixtures now or hereafter a part of the proper All replacements and additions shall also be covered by this Security Instrument. A of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate herel conveyed and has the right to grant and convey the Property and that the Property unencumbered, except for encumbrances of record. Borrower warrants and will defend generall the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute uniform security instrument covering real property.

## ASSUMPTION FEE

If there is an assumption of this Loan, Lender may charge an assumption fee of U.S. $ 0.00.

## INCORPORATION OF MASTER FORM PROVISIONS

Paragraph (I) through and including paragraph (Q) of the "Definitions" Section of the Master Form, and Section 1 through and including Section 24 of the Master Form, are incorporated into this Security Instrument by reference. Borrower acknowledges having received a copy of the Master Form and agrees to be bound by the Sections and paragraphs of the Master Form incorporated into this Security Instrument.

Washington--Single Family--Fannie Mae/Freddie Mac SHORT FORM DEED OF TRUST          Form 3828 0r

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument (including those provisions of the Master Form that are incorporated by reference) and in any Rider executed by Borrower and recorded with it.

*Rayshon Foster*
_____                    10/20/21
2nd Chance Investment Group, LLC               Date

_____        [Space Below This Line For Acknowledgment]    _____

## -$50,000.00
Total

**Oct 22, 2021**
Post date

**3400**
Check #



JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.            Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.            Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.            Equal Housing Opportunity

1/9/23, 4:55 PM    Check Details - Chase.com

**-$50,000.00**
Total

Oct 22, 2021
Post date

3400
Check #



>322970001<

For Deposit at

East West Bank Only

Pasadena, CA

10212021

0001746050

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 9-1 | 2 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE:

7-28-2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) on March 28th , 2023 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from on March 28th , 2023 at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*
_____
2nd Chance Investment Group LLC

CK# 6318
7-30-22

After Recording Return To:

_____

Salvador Jimenez

_____

_____ [Space Above This Line For Recording Data] _____

# SHORT FORM DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this Security Instrument are defined below, in the "Definitions" Section of the Master Form, and in Sections 3, 11, 13, 18, 20 and 21 of the Master Form. Certain rules regarding the usage of words used in this Security Instrument are also provided in Section 16 of the Master Form.

"Master Form" means that certain Master Form Mortgage recorded in the Office of the Recorder on_____, 20____, in Book/Volume_____, beginning at Page Number____, for land situate in the County of Pierce.

 (A)  "Security Instrument" means this document, which is dated July28th,2022
 (B)  together with all Riders to this document.
 (C)  "Borrower" is 2nd Chance Investment Group, LLC.  Borrower is the trustor under this Security Instrument.
 (D)  "Lender" is Salvador Jimenez , Lender is a Trust organized and existing under the laws ofCalifornia Lender's address is
_____. Lender is the beneficiary under this Security Instrument.
 (D)  "Trustee" is 2nd Chance Investment Group, LLC_.
 (E)  "Note" means the promissory note signed by Borrower and dated July 28th , 2022. The Note states that Borrower owes Lender 60,000 Dollars US (sixtythousanddollars). Borrower has promised to pay this debt in regular Periodic Payments (as defined in the Master Form) and to pay the debt in full not later than March 28th, 2023.
 (F)  "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
 (G)  "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
 (H)  "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

|   |   |   |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider   ☐ | ☐ Second Home Rider X |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☒ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | Promissory Note |

**Washington--Single Family--Fannie Mae/Freddie Mac SHORT FORM DEED OF TRUST**

All references to section numbers in the Security Instrument that are contained in the Riders refer to those sections of the same number incorporated from the Master Form.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Pierce:

which currently has the address of 3711 Fawcett Ave. Tacoma WA 96418 ("Property Address"). APN # 7470025430

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

## ASSUMPTION FEE

If there is an assumption of this Loan, Lender may charge an assumption fee of U.S. $ 0.00.

## INCORPORATION OF MASTER FORM PROVISIONS

Paragraph (I) through and including paragraph (Q) of the "Definitions" Section of the Master Form, and Section 1 through and including Section 24 of the Master Form, are incorporated into this Security Instrument by reference. Borrower acknowledges having received a copy of the Master Form and agrees to be bound by the Sections and paragraphs of the Master Form incorporated into this Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument (including those provisions of the Master Form that are incorporated by reference) and in any Rider executed by Borrower and recorded with it.

_____          07/28/2022
2nd Chance Investment Group, LLC            _____
                                                                            Date

_____ [Space Below This Line For Acknowledgment] _____

**-$50,000.00**
Total

Aug 2, 2022
Post date

6318
Check #



CARMEN MOLINA
12822 CLEMSON DR
CORONA, CA 92880-3369

6318
90/7162

DATE 07-30-2022

PAY TO THE ORDER OF 2nd Chance Investment Group LLC   $ 50,000.00

Fifty; thousand dll 00/100 ————   DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO 3711 Fawcett Ave, WA

Molina

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

-$50,000.00     Aug 2, 2022        6318

Total                 Post date        Check #



JPMorgan Chase Bank, N.A. Member FDIC       ©2023 JPMorgan Chase & Co.       Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC       ©2023 JPMorgan Chase & Co.       Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 10-1 | 3 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE:

7-28-2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) on March 28th , 2023 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from on March 28th , 2023 at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.


*Rayshon Foster*
_____
2nd Chance Investment Group LLC

OK#6317
7-30-2022

After Recording Return To:

Salvador Jimenez

_____ [Space Above This Line For Recording Data] _____

## SHORT FORM DEED OF TRUST

### DEFINITIONS

Words used in multiple sections of this Security Instrument are defined below, in the "Definitions" Section of the Master Form, and in Sections 3, 11, 13, 18, 20 and 21 of the Master Form. Certain rules regarding the usage of words used in this Security Instrument are also provided in Section 16 of the Master Form.

"Master Form" means that certain Master Form Mortgage recorded in the Office of the Recorder on_____, 20____, in Book/Volume_____, beginning at Page Number____, for land situate in the County of Pierce.

**(A)** **"Security Instrument"** means this document, which is dated July 28th, 2022
**(B)** together with all Riders to this document.
**(C)** **"Borrower"** is 2nd Chance Investment Group, LLC. Borrower is the trustor under this Security Instrument.
**(D)** **"Lender"** is Salvador Jimenez , Lender is a Trust organized and existing under the laws of California Lender's address is
_____. Lender is the beneficiary under this Security Instrument.
**(D)** **"Trustee"** is 2nd Chance Investment Group, LLC_.
**(E)** **"Note"** means the promissory note signed by Borrower and dated July 28th , 2022. The Note states that Borrower owes Lender 60,000 Dollars US (sixty thousand dollars). Borrower has promised to pay this debt in regular Periodic Payments (as defined in the Master Form) and to pay the debt in full not later than March 28th, 2023.
**(F)** **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(G)** **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(H)** **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | |
|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider      ☐ |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider    Second Home Rider X |
| ☐ 1-4 Family Rider | ☒ Other(s) [specify] |
| | ☐ Biweekly Payment Rider    Promissory Note |

Washington--Single Family--Fannie Mae/Freddie Mac SHORT FORM DEED OF TRUST

All references to section numbers in the Security Instrument that are contained in the Riders refer to those sections of the same number incorporated from the Master Form.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Pierce:

which currently has the address of 14415 72nd Ave Ct E, Puyallup WA 98375 ("Property Address"). APN # 3920320650

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

ASSUMPTION FEE

If there is an assumption of this Loan, Lender may charge an assumption fee of U.S. $ 0.00.

INCORPORATION OF MASTER FORM PROVISIONS

Paragraph (I) through and including paragraph (Q) of the "Definitions" Section of the Master Form, and Section 1 through and including Section 24 of the Master Form, are incorporated into this Security Instrument by reference. Borrower acknowledges having received a copy of the Master Form and agrees to be bound by the Sections and paragraphs of the Master Form incorporated into this Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument (including those provisions of the Master Form that are incorporated by reference) and in any Rider executed by Borrower and recorded with it.

_____     07/28/2022_____
2nd Chance Investment Group, LLC                    Date

_____ [Space Below This Line For Acknowledgment] _____

# -$50,000.00

Total

**Aug 2, 2022**
Post date

**6317**
Check #



| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
| --- | --- | --- |
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |

-$50,000.00     Aug 2, 2022        6317

Post date          Check #

Total

>322070381<

For Deposit at

East West Bank Only

Pasadena, CA

08012022

0000131710

ENDORSE HERE

CREDITED TO THE ACCOUNT
OF THE WITHIN NAMED PAYEE(S)
ABSENCE OF ENDORSEMENT
GUARANTEED BY
EAST WEST BANK

CHECK HERE AFTER MOBILE OR REMOTE DEPOSIT

DATE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE *

* FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

| | | |
|---|---|---|
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 11-1 | 4 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE:

9/26/2021

AMOUNT OF NOTE:

$66,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of
$66,000 (Investment +20 %) on July 21st, 2022 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from July 21st, 2022
at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

After Recording Return To:

_____
Salvador Jimenez
_____

_____ [Space Above This Line For Recording Data] _____

# SHORT FORM DEED OF TRUST

DEFINITIONS

Words used in multiple sections of this Security Instrument are defined below, in the "Definitions" Section of the Master Form, and in Sections 3, 11, 13, 18, 20 and 21 of the Master Form. Certain rules regarding the usage of words used in this Security Instrument are also provided in Section 16 of the Master Form.

"Master Form" means that certain Master Form Mortgage recorded in the Office of the Recorder on _____, 20____, in Book/Volume _____, beginning at Page Number ___, for land situate in the County of King
              [Name of Recording Jurisdiction]
  (A)    "Security Instrument" means this document, which is dated September 26th ,2021 together with all Riders to this document.
  (B)    "Borrower" is 2nd Chance Investment Group, LLC.  Borrower is the trustor under this Security Instrument.
  (C)    "Lender" is Salvador Jimenez   is a Trust organized and existing under the laws of California Lender's address is
_____. Lender is the beneficiary under this Security Instrument.
  (D)    "Trustee" is 2nd Chance Investment Group, LLC_.
  (E)    "Note" means the promissory note signed by Borrower and dated September 26th ,2021. The Note states that Borrower owes Lender 66,000 Dollars US (sixtysixthousanddollars). Borrower has promised to pay this debt in regular Periodic Payments (as defined in the Master Form) and to pay the debt in full not later than July 21st , 2022
  (F)    "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
  (G)    "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
  (H)    "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

|  |  |  |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | X☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | Promissory Note |

All references to section numbers in the Security Instrument that are contained in the Riders refer to those sections of the same number incorporated from the Master Form.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender:  (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Snohomish:

which currently has the address of 9823 57th Ave S. Seattle WA 98119 ("Property Address"). APN# 0770000075

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

ASSUMPTION FEE

If there is an assumption of this Loan, Lender may charge an assumption fee of U.S. $ 0.00.

INCORPORATION OF MASTER FORM PROVISIONS

Paragraph (I) through and including paragraph (Q) of the "Definitions" Section of the Master Form, and Section 1 through and including Section 24 of the Master Form, are incorporated into this Security Instrument by reference. Borrower acknowledges having received a copy of the Master Form and agrees to be bound by the Sections and paragraphs of the Master Form incorporated into this Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument (including those provisions of the Master Form that are incorporated by reference) and in any Rider executed by Borrower and recorded with it.

_____    _____
2nd Chance Investment Group, LLC              Date

_____    **[Space Below This Line For Acknowledgment]**    _____

**-$55,000.00**

Total

Sep 28, 2021

.Post date

3399

Check #



CARMEN MOLINA
12822 CLEMSON DR
CORONA, CA 92880-3369

3399
90/7162

DATE 09-23-21

PAY TO THE
ORDER OF  2nd Chance Investment Group LLC    | $ 55,000 00

fifty five. thousand dll 00/100 _____ DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO 9823 5H4 WA

Molina

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity



**-$55,000.00**
Total

Sep 28, 2021
Post date

3399
Check #



>322070381<

For Deposit at

East West Bank Only

Pasadena, CA

09272021

0001418490

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.                    Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.                    Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.                    Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.                    Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.                    Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 12-1 | 5 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE:

8-22-2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) on April 22nd , 2023 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from on April 22nd, 2023 at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

After Recording Return To:

_____

Salvador Jimenez

_____
_____

_____ [Space Above This Line For Recording Data] _____

# SHORT FORM DEED OF TRUST

DEFINITIONS

Words used in multiple sections of this Security Instrument are defined below, in the "Definitions" Section of the Master Form, and in Sections 3, 11, 13, 18, 20 and 21 of the Master Form. Certain rules regarding the usage of words used in this Security Instrument are also provided in Section 16 of the Master Form.

"Master Form" means that certain Master Form Mortgage recorded in the Office of the Recorder on _____, 20____, in Book/Volume _____, beginning at Page Number ___, for land situate in the County of Lyon.
        [Name of Recording Jurisdiction]

**(A)**    **"Security Instrument"** means this document, which is dated August 22nd, 2022 together with all Riders to this document.
**(B)**    **"Borrower"** is 2nd Chance Investment Group, LLC.  Borrower is the trustor under this Security Instrument.
**(C)**    **"Lender"** is Salvador Jimenez Lender is a Trust organized and existing under the laws of California  Lender's address is
_____. Lender is the beneficiary under this Security Instrument.
**(D)**    **"Trustee"** is 2nd Chance Investment Group, LLC_.
**(E)**    **"Note"** means the promissory note signed by Borrower and dated August 22nd ,2022. The Note states that Borrower owes Lender 60,0000 Dollars (U.S.$ sixtythousanddollars). Borrower has promised to pay this debt in regular Periodic Payments (as defined in the Master Form) and to pay the debt in full not later than April 22nd, 2023
**(F)**    **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(G)**    **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(H)**    **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

|  |  |  |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | X☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | Promissory Note |

All references to section numbers in the Security Instrument that are contained in the Riders refer to those sections of the same number incorporated from the Master Form.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Lyon:

which currently has the address of 151 Fern Way, Dayton, NV 89403 ("Property Address"). APN# 02958505

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

ASSUMPTION FEE

If there is an assumption of this Loan, Lender may charge an assumption fee of U.S. $ 0.00.

INCORPORATION OF MASTER FORM PROVISIONS

Paragraph (I) through and including paragraph (Q) of the "Definitions" Section of the Master Form, and Section 1 through and including Section 24 of the Master Form, are incorporated into this Security Instrument by reference. Borrower acknowledges having received a copy of the Master Form and agrees to be bound by the Sections and paragraphs of the Master Form incorporated into this Security Instrument.

Nevada--Single Family--Fannie Mae/Freddie Mac SHORT FORM DEED OF TRUST          Form 3029-SF 7/07 *(page 2 of 3 pages)*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument (including those provisions of the Master Form that are incorporated by reference) and in any Rider executed by Borrower and recorded with it.

*Rayshon Foster*
2nd Chance Investment Group, LLC

8/22/2022
Date

_____   **[Space Below This Line For Acknowledgment]**   _____

-$50,000.00      Aug 24, 2022      6321

Total      Post date      Check #



JPMorgan Chase Bank, N.A. Member FDIC      ©2023 JPMorgan Chase & Co.      Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC      ©2023 JPMorgan Chase & Co.      Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC      ©2023 JPMorgan Chase & Co.      Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC      ©2023 JPMorgan Chase & Co.      Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC      ©2023 JPMorgan Chase & Co.      Equal Housing Opportunity

**-$50,000.00**

Total

Aug 24, 2022

Post date

6321

Check #

>322070381<

For Deposit at

East West Bank Only

Pasadena, CA

08232022

0000095220

ENDORSE HERE

CREDITED TO THE ACCOUNT
OF THE WITHIN NAMED PAYEE(S)
ABSENCE OF ENDORSEMENT
GUARANTEED BY
EAST WEST BANK
CHECK HERE IF MOBILE OR REMOTE DEPOSIT

DATE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE *

FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
|---|---|---|
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 13-1 | 6 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE: 04/08/2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of **Salvador Jimenez** the principal sum of $60,000 (Investment +20%) ,on December 10th ,2022 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from December 10th ,2022, at the rate of ten (10%) percent per year, until note is paid in full.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 365 days after default date.

**If property is sold within 60 days of note date, interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent return.**

All notes even though still payable will have an extended maturity date ,if any act of god, pandemic, market shift or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN:3803430200

**This Deed of Trust**, made this <u>April 8th , 2022</u> , between <u>2nd  Chance  Investment  Group , LLC</u>

herein called **TRUSTOR**, whose address 9543 Nicole Way, Santee CA 92701 _____ ,
<u>Pacific  Coast  Title  Company</u> _____ , a California Corporation, herein called **TRUSTEE**, and
<u>Salvador Jimenez</u> _____ herein called
BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH**
**POWER OF SALE**, that property         described as:
San Diego County California,
**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and
conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents,
issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2.
Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the
principal sum of $ 60,000  executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as
the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting
it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note
secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page
of Official Records in the office of the county recorder of the county where said property is located, noted below  opposite the
name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

Page 1  of 5

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X_____          Rayshon Foster_____

Signature of Trustor                  Print Name of Trustor


X_____          _____

Signature of Trustor                  Print Name of Trustor


| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document. |

DATE:

STATE OF CALIFORNIA

COUNTY OF _____

On_____before me,_____, a Notary
Public, personally appeared_____
_____,
who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature

_____

                                    (Seal)

                              SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

EXHIBIT "A"

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)    To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)    To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)    To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)    That at any time or from time to time, without liability therefor and without notice, upon written request of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)    That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)    That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)    That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid:

To_____, Trustee

Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

**MAIL RECONVEYANCE TO:**

_____

_____

_____

_____

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**-$60,000.00**
Total

Apr 8, 2022
Post date

2937
Check #



1/9/23, 4:52 PM Case 2:22-bk-12142-SC Doc 38 Filed 04/28/23 Entered 04/03/28 11:25:53 Page 8 of 8
Check Details - chase.com
Main Document Page 62 of 169

## -$60,000.00

Total

Apr 8, 2022
Post date

2937
Check #



```
>322070381<
For Deposit at
East West Bank Only
Pasadena, CA
04072022
0001770170
```

JPMorgan Chase Bank, N.A. Member FDIC     ©2023 JPMorgan Chase & Co.     Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC     ©2023 JPMorgan Chase & Co.     Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 14-1 | 7 |

# PROMISSORY NOTE
# SECURED BY DEED OF TRUST

DATE OF NOTE: 04/08/2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of **Salvador Jimenez** the principal sum of $60,000 (Investment +20%) ,on December 10th ,2022 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from December 10th ,2022, at the rate of ten (10%) percent per year, until note is paid in full.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 365 days after default date.

**If property is sold within 60 days of note date, interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent return.**

All notes even though still payable will have an extended maturity date ,if any act of god, pandemic, market shift or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.

ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN:047032009000

This Deed of Trust, made this April 8th , 2022 , between 2nd Chance Investment Group ,LLC

herein called **TRUSTOR**, whose address 27195 Stanford Ave. Madera CA 93637

Pacific Coast Title Company , a California Corporation, herein called **TRUSTEE**, and

Salvador Jimenez herein called

BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH**

**POWER OF SALE,** that property described as:

Madera County California,

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 60,000 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X_____

Signature of Trustor

Rayshon  Foster
_____
Print Name of Trustor

X_____

Signature of Trustor

_____
Print Name of Trustor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

DATE:

STATE OF CALIFORNIA

COUNTY OF  _____

On_____before me,_____, a Notary
Public, personally appeared_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

_____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

**EXHIBIT "A"**

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)   To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)   To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)   To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)   To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)   To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)   That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)   That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)   That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)   That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)   That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and  the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)   That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of  said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)   Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)   That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)   That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated _____

     The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

| MAIL RECONVEYANCE TO: |
| --- |
| _____ |
| _____ |
| _____ |
| _____ |

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 15-1 | 8 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE: 05/17/2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) ,on January 17th ,2023(maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from January 17th ,2023 at the rate of ten (10%) percent per year, until note is paid in full.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 365 days after default date.

**If property is sold within 60 days of note date, interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent return.**

All notes even though still payable will have an extended maturity date ,if any act of god, pandemic, market shift or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.

ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN11722213

**This Deed of Trust**, made this _May 17th , 2022_ , between _2nd Chance Investment Group , LLC_

herein called **TRUSTOR**, whose address 1016 Portal Ave. Bakersfield CA 993308 _____ ,

_Pacific Coast Title Company_ _____ , a California Corporation, herein called **TRUSTEE**, and

_Salvador Jimenez_ _____ herein called

**BENEFICIARY**,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH**

**POWER OF SALE,** that property        described as:
Kern County California,
**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the

principal sum of $ 60,000   executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county PAGE:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

CK # 29411
05-17-22

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X_____          Rayshon  Foster
Signature of Trustor                                  _____
                                                            Print Name of Trustor

X_____          _____
Signature of Trustor                                  Print Name of Trustor

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

DATE:

STATE OF CALIFORNIA

COUNTY OF _____

On_____before me,_____, a Notary
Public, personally appeared_____,

who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

_____

                                                            (Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

Page 2 of 5

EXHIBIT "A"

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated _____

    The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

MAIL RECONVEYANCE TO:

_____

_____

_____

_____

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**-$60,000.00**
Total

May 19, 2022
Post date

2941
Check #





## -$60,000.00

Total

May 19, 2022
Post date

2941
Check #



JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 16-1 | 9 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE: 05/17/2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of **Salvador Jimenez** the principal sum of $60,000 (Investment +20%) ,on January 17th ,2023(maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from January 17th ,2023 at the rate of ten (10%) percent per year, until note is paid in full.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 365 days after default date.

**If property is sold within 60 days of note date, interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent return.**

All notes even though still payable will have an extended maturity date ,if any act of god, pandemic, market shift or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN
004082002000

**This Deed of Trust**, made this May 17th , 2022 , between 2nd Chance Investment Group , LLC

herein called **TRUSTOR**, whose address 7224 Hillcrest Dr. Modesto CA 95356 _____
Pacific Coast Title Company , a California Corporation, herein called **TRUSTEE**, and
Salvador Jimenez herein called
BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH**

**POWER OF SALE**, that property described as:
Stanislaus County California,
**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and
conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents,
issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2.
Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the

principal sum of $ 60,000 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as
the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting
it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note
secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page
of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the
name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

CIA #2940
05-17-22

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____

Signature of Trustor

Rayshon Foster _____

Print Name of Trustor

X _____

Signature of Trustor

_____

Print Name of Trustor

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

DATE:

STATE OF CALIFORNIA

COUNTY OF _____

On_____before me,_____, a Notary
Public, personally appeared_____

_____ ,
who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

_____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

Page 2 of 5

EXHIBIT "A"

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)    To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)    To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)    To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)    That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)    That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)    That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and  the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of  said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)    That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated _____

    The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

| | MAIL RECONVEYANCE TO: |
|---|---|
| _____ | _____ |
| _____ | _____ |
| By _____ | _____ |
| By _____ | _____ |

ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**-$60,000.00**
Total

May 19, 2022
Post date

2940
Check #

---

**CARMEN MOLINA**
12822 CLEMSON DR
CORONA, CA 92880-3369

2940

90/7162

DATE 05-17-2022

PAY TO THE ORDER OF 2nd Chance Investment Group LLC | $ 60,000 ᶜᶜ

sixty - thousand dll                    DOLLARS

**CHASE ○**
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO 7224 Hillcrest Dr. Modesto Ca,       Molina

---

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

## -$60,000.00

Total

May 19, 2022
Post date

2940
Check #



>322070381<

For Deposit at

East West Bank Only

Pasadena, CA

05182022

0001832240

JPMorgan Chase Bank, N.A. Member FDIC            ©2023 JPMorgan Chase & Co.            Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC            ©2023 JPMorgan Chase & Co.            Equal Housing Opportunity

**-$60,000.00**
Total

May 19, 2022
Post date

2940
Check #



CARMEN MOLINA
12822 CLEMSON DR
CORONA, CA 92880-3369

2940
90/7162

DATE 05-17-2022

PAY TO THE ORDER OF  2nd Chance Investment Group LLC | $ 60,000 00

sixty - thousand dll                                    DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO 7224 Hillcrest Dr. Modesto Ca       Molina

**-$60,000.00**
Total

May 19, 2022
Post date

2940
Check #



JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 17-1 | 10 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE: 05/17/2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) ,on January 17th ,2023(maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from January 17th ,2023 at the rate of ten (10%) percent per year, until note is paid in full.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 365 days after default date.

**If property is sold within 60 days of note date, interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent return.**

All notes even though still payable will have an extended maturity date ,if any act of god, pandemic, market shift or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN 84112019

**This Deed of Trust**, made this <u>May 17th , 2022</u> , between <u>2nd Chance Investment Group , LLC</u>

herein called **TRUSTOR**, whose address 610 E 8th St Gilroy CA 95020 _____ ,
<u>Pacific Coast Title Company</u> , a California Corporation, herein called **TRUSTEE**, and
<u>Salvador Jimenez</u> herein called
BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH**

**POWER OF SALE**, that property described as:
Santa Clara County California,
**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and
conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents,
issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2.
Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the

principal sum of $ 60,000 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as
the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting
it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note
secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page
of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the
name of such county, viz:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____

Signature of Trustor

Rayshon  Foster

Print Name of Trustor

X _____

Signature of Trustor

_____

Print Name of Trustor

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

DATE:

STATE OF CALIFORNIA

COUNTY OF _____

On_____before me,_____, a Notary
Public, personally appeared_____,
who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

_____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

Page 2  of 5

EXHIBIT "A"

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

To Protect the Security of This Deed of Trust, Trustor Agrees:

(1)    To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)    To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)    To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)    That any award of damages in connection with any condemnation for public use or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)    That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)    That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)    That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of  said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)    That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____
_____

By _____

By _____

| MAIL RECONVEYANCE TO: |
| --- |
| _____ |
| _____ |
| _____ |
| _____ |

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

## -$30,000.00
Total

May 19, 2022
Post date

3393
Check #





**-$30,000.00**
Total

May 19, 2022
Post date

3393
Check #



```
>322070381<
For Deposit to
East West Bank Only
Pasadena, CA
05182022
0001832250
```

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 18-1 | 11 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE:

9/26/2021

AMOUNT OF NOTE:

$66,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of
$66,000 (Investment +20 %) on July 21st, 2022 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from July 21st, 2022
at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.


*Rayshon Foster*

2nd Chance Investment Group LLC

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN:014704222000

This Deed of Trust, made this  September 26th, 2021  , between  2nd Chance  Investment  Group , LLC

herein called **TRUSTOR**, whose address is 386 E 16 St. San Bernardino CA 92404 ,
Pacific  Coast  Title  Company  , a California Corporation, herein called **TRUSTEE**, and
Salvador Jimenez  herein called
BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property  described as:
San Bernardino County California,
**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:**  1.  Performance of each agreement of Trustor incorporated by reference or contained herein.  2.  Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 66,000  executed by Trustor in favor of Beneficiary by order.  3.  Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below  opposite the name of such County, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

Page 1  of 5

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X _____

Signature of Trustor

Rayshon  Foster
_____

Print Name of Trustor

X _____

Signature of Trustor

_____

Print Name of Trustor

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document. |
| --- |

DATE:

STATE OF CALIFORNIA

COUNTY OF _____

On_____before me,_____, a Notary
Public, personally appeared_____
_____ ,
who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

_____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

EXHIBIT "A"

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.

ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)   To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)   To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)   To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)   To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)   To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)   That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)   That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)   That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)   That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)   That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)   That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)   Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)   That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)   That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

**SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS**
**DO NOT RECORD**

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

| MAIL RECONVEYANCE TO: |
|---|
| _____ |
| _____ |
| _____ |
| _____ |

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

-$55,000.00         Sep 28, 2021              3398

Total                Post date               Check #



CARMEN MOLINA
12822 CLEMSON DR
CORONA, CA 92880-3369                                    3398
                                                        90/7162
                              DATE 09-23-21

PAY TO THE
ORDER OF  2nd Chance Investment Group LLC   $ 55,000 00

fifty five thousand dll 00/100                    DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO San Bernardino C                    Molina

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

# -$55,000.00

**Total**

Sep 28, 2021
Post date

3398
Check #



For Deposit at
East West Bank Only
Pasadena, CA
09272021
0001418480

CREDITED TO THE ACCOUNT
OF THE WITHIN NAMED PAYEE(S)
ABSENCE OF ENDORSEMENT
GUARANTEED BY
EAST WEST BANK

ENDORSE HERE

JPMorgan Chase Bank, N.A. Member FDIC     ©2023 JPMorgan Chase & Co.     Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC     ©2023 JPMorgan Chase & Co.     Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC     ©2023 JPMorgan Chase & Co.     Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC     ©2023 JPMorgan Chase & Co.     Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC     ©2023 JPMorgan Chase & Co.     Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 19-1 | 12 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE:

7-22-2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) on March 22nd, 2023 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from on March 22nd, 2023 at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

CK # 6315
7-25-2022

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:
Salvador Jimenez

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 014442009000

**This Deed of Trust**, made this <u>July 22nd</u>, <u>2022</u>, between <u>2nd Chance Investment Group, LLC</u>

herein called **TRUSTOR**, whose address is 4377 Lever Ave. Olivehurst CA 95961

<u>Pacific Coast Title Company</u>——————————, a California Corporation, herein called **TRUSTEE**, and
<u>Salvador Jimenez</u>——————————herein called BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property     as:
Yuba County, California, described

For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

For the Purpose of Securing: 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ <u>60,000</u> executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X_____          Rayshon  Foster
                                           _____
Signature of Trustor                       Print Name of Trustor


X_____          _____
Signature of Trustor                       Print Name of Trustor


| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document. |
| --- |

DATE:

STATE OF CALIFORNIA

COUNTY OF  _____

On_____before me,_____, a Notary
Public, personally appeared_____
_____,
who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature

          _____

                                              (Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

Page 2  of 5

EXHIBIT "A"

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)    To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)    To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)    To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)    That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)    That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)    That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of  said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)    That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated _____

    The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

```
_____

_____

By   _____

By   _____
```

MAIL RECONVEYANCE TO:

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

1/9/23, 1:08 PM
Check Details - chase.com

**-$50,000.00**
Total

Jul 26, 2022
Post date

6315
Check #

CARMEN MOLINA
12822 CLEMSON DR
CORONA, CA 92880-3369

6315
90/7162

DATE 7-21-2022

PAY TO THE ORDER OF _2nd Chance Investment Group LLC_ | $ 50,000.00

_fifty thousand dll 00/100_ DOLLARS

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO 4377 Lower Ave. Olivehurst

**-$50,000.00**
Total

Jul 26, 2022
Post date

6315
Check #



>322070381<
For Deposit at
East West Bank Only
Pasadena, CA
07252022
0000052790

ENDORSE HERE

CREDITED TO THE ACCOUNT
OF THE WITHIN NAMED PAYEE(S)
ABSENCE OF ENDORSEMENT
GUARANTEED BY
EAST WEST BANK
DATE
DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

*FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|----------|-----------|----------------|
| **Salvador Jimenez** | 20-1 | 13 |

# PROMISSORY NOTE
# SECURED BY DEED OF TRUST

DATE OF NOTE:

7-22-2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) on March 22nd, 2023 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from on March 22nd, 2023 at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

CA#6314
7-25-2022

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 0131333050000

**This Deed of Trust, made** this **July 22nd , 2022** , between **2nd Chance Investment Group , LLC**

herein called **TRUSTOR**, whose address is 311E Fromer St. Rialto CA 92376

**Pacific Coast Title Company** _____, a California Corporation, herein called **TRUSTEE**, and

**Salvador Jimenez** _____herein called BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property     as:
San Bernardino County, California,
described

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 60,000  executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

### SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X_____

Signature of Trustor

Rayshon  Foster

Print Name of Trustor

X_____

Signature of Trustor

_____

Print Name of Trustor

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

DATE:

STATE OF CALIFORNIA

COUNTY OF  _____

On_____before me,_____, a Notary
Public, personally appeared_____
_____,
who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

_____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

Case 8:22-bk-12142-SC Claim 28 Filed 04/03/23 Desc Main Document Page 4 of 8
Case 8:20-bk-12142-SC Doc 38 Filed 04/03/23 Entered 04/03/23 11:25:53 Page 4 of
Main Document Page 121 of 169

EXHIBIT "A"

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)  To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)  To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act  done pursuant to such notice.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)  To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)  That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)  That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)  That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and  the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)  That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

MAIL RECONVEYANCE TO:

_____

_____

_____

_____

ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

1/9/23, 1:00 PM

**-$50,000.00**
Total

Jul 26, 2022
Post date

6314
Check #



JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.                    Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.                    Equal Housing Opportunity

**-$50,000.00**      Jul 26, 2022      6314
Total                Post date          Check #



>322070381<

For Deposit at
East West Bank Only
Pasadena, CA
07252022
0000052770

ENDORSE HERE

CREDITED TO THE ACCOUNT
OF THE WITHIN NAMED PAYEE(S)
ABSENCE OF ENDORSEMENT
GUARANTEED BY

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE *

DATE _____ EAST WEST BANK
CHECK RECEIVED BY REMOTE DEPOSIT

* FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 21-1 | 14 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE:

7-22-2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) on March 22nd, 2023 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from on March 22nd, 2023 at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*
_____
2nd Chance Investment Group LLC

0441 6316
7-25-2022

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.

ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 009250025000

**This Deed of Trust**, made this July 22nd , 2022 , between 2nd Chance Investment Group , LLC

herein called **TRUSTOR**, whose address is 1837 W Merritt St. Hanford CA 93230

Pacific Coast Title Company , a California Corporation, herein called **TRUSTEE**, and

Salvador Jimenez herein called BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property as:

Kings County, California, described

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 60,000 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

### SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X_____                    Rayshon  Foster
                                              _____

Signature of Trustor                          Print Name of Trustor


X_____                    _____
Signature of Trustor                          Print Name of Trustor


| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document. |
| --- |

DATE:

STATE OF CALIFORNIA

COUNTY OF  _____

On_____before me,_____, a Notary
Public, personally appeared_____
_____ ,
who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature

_____

                                              (Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

EXHIBIT "A"

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.
The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)    To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)    To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)    To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust.
Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)    That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)    That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)    That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.
After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.
After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)    That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated _____

    The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

**MAIL RECONVEYANCE TO:**

_____

_____

_____

_____

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

Case 8:22-bk-12142-SC  Doc 38  Filed 04/03/23  Entered 04/03/23 15:53  Desc of 8
Main Document     Page 133 of 169
1/9/23, 12:55 PM                                    Check Details - chase.com

**-$50,000.00**
Total

Jul 26, 2022
Post date

6316
Check #



CARMEN MOLINA
12822 CLEMSON DR
CORONA, CA 92880-3369

6316

90/7162

DATE 7-21-2022

PAY TO THE
ORDER OF *2nd Chance Investment Group LLC*   $ 50,000 00

*fifty thousand dll 00/100* ———   DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO 837 W Merritt St. Hanford

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

Check Details - Chase.com

1/9/23, 12:56 PM

**-$50,000.00**

Jul 26, 2022
Post date

6316
Check #

Total

>322070381<

For Deposit at

East West Bank Only

Pasadena, CA

07252022

0000052780

ENDORSE HERE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE *

CREDITED TO THE ACCOUNT
OF THE WITHIN NAMED PAYEE
ABSENCE OF ENDORSEMENT IS
GUARANTEED BY
EAST WEST BANK
CHECK HERE IF PRIOR TO DEPOSIT

DATE

* FEDERAL RESERVE BOARD OF GOVERNORS REG. CC *

| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
|---|---|---|
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |
| JPMorgan Chase Bank, N.A. Member FDIC | ©2023 JPMorgan Chase & Co. | Equal Housing Opportunity |

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 22-1 | 15 |

# PROMISSORY NOTE
# SECURED BY DEED OF TRUST

DATE OF NOTE:

8-22-2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) on April 22nd , 2023 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from on April 22nd, 2023 at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

ʻRECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 3146-008-037

**This Deed of Trust**, made this _August 22, 2022_, between _2nd Chance Investment Group ,LLC_

herein called **TRUSTOR**, whose address is 44733 Andale Ave. Lancaster, CA 93535

Pacific Coast Title Company _____, a California Corporation, herein called **TRUSTEE**, and
Salvador Jimenez _____herein called BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property as:
Los Angels County, California,
described

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 60.000 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X_____              Rayshon  Foster
                                       _____
Signature of Trustor                   Print Name of Trustor


X_____              _____
Signature of Trustor                   Print Name of Trustor


| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document. |
| --- |

DATE:

STATE OF CALIFORNIA

COUNTY OF _____

On_____before me,_____, a Notary
Public, personally appeared_____
_____ ,
who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature

_____

                                       (Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

EXHIBIT "A"

**SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS**

ORDER NO.
ESCROW NO.
The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)   To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)   To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act  done pursuant to such notice.

(3)   To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)   To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust.
Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)   To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)   That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)   That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)   That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)   That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)   That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and  the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)   That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)   Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)   That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)   That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
### DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated _____

    The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

| | MAIL RECONVEYANCE TO: |
|---|---|

By _____

By _____

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**-$50,000.00**
Total

Aug 24, 2022
Post date

6322
Check #



JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

**-$50,000.00**

Total

Aug 24, 2022
Post date

6322
Check #

>322070381<

For Deposit at

East West Bank Only

Pasadena, CA

08232022

0000095240

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 23-1 | 16 |

# PROMISSORY NOTE
# SECURED BY DEED OF TRUST

DATE OF NOTE:

8-22-2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) on April 22nd, 2023 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from on April 22nd, 2023 at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 00282421000

**This Deed of Trust**, made  this  August 22nd , 2022 , between  2nd  Chance  Investment  Group , LLC

herein called **TRUSTOR**, whose address is 1908 New Jersey St. Fairfield CA 94533

Pacific  Coast  Title  Company _____, a California Corporation, herein called **TRUSTEE**, and
Salvador Jimenez _____ herein called BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property    as:
Solono County, California, described

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:**  1.   Performance of each agreement of Trustor incorporated by reference or contained herein.  2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 60,000  executed by Trustor in favor of Beneficiary by order.  3.  Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

Page 1  of 5

# EXHIBIT "A"

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument (including those provisions of the Master Form that are incorporated by reference) and in any Rider executed by Borrower and recorded with it.

_____    8-22-22
2nd Chance Investment Group, LLC        Date

_____    [Space Below This Line For Acknowledgment]    _____

Washington-Single Family--Fannie Mae/Freddie Mac SHORT FORM DEED OF TRUST    Form 3029-SF 7/07 *(page 3 of 3 pages)*

**SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS**

**DO NOT RECORD**

ORDER NO.

ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid:

To_____, Trustee

Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

| MAIL RECONVEYANCE TO: |
| --- |
| _____ |
| _____ |
| _____ |
| _____ |

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

## -$50,000.00
Total

Aug 24, 2022
Post date

6324
Check #



JPMorgan Chase Bank, N.A. Member FDIC      ©2023 JPMorgan Chase & Co.      Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC      ©2023 JPMorgan Chase & Co.      Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC      ©2023 JPMorgan Chase & Co.      Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC      ©2023 JPMorgan Chase & Co.      Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC      ©2023 JPMorgan Chase & Co.      Equal Housing Opportunity

**-$50,000.00**

Total

Aug 24, 2022
Post date

6324
Check #

>322070381<

For Deposit at

East West Bank Only

Pasadena, CA

08232022

0000095230

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|----------|-----------|----------------|
| **Salvador Jimenez** | 24-1 | 17 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE:

7-28-2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) on March 28th , 2023 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from on March 28th , 2023 at the rate of ten (10%) percent per year, until note is paid in full.

If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*
_____
2nd Chance Investment Group LLC

CA#6319
7-30-2022

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 357120011000

**This Deed of Trust,** made this __July 28th , 2022__, between __2nd Chance Investment Group , LLC__

herein called **TRUSTOR**, whose address is 710 Dante Circle Roseville CA 95678

Pacific Coast Title Company _____, a California Corporation, herein called **TRUSTEE**, and

Salvador Jimenez _____herein called BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property as:
Placer County, California, described

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 60,000 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X_____

Signature of Trustor

Rayshon Foster
_____

Print Name of Trustor

X_____

Signature of Trustor

_____

Print Name of Trustor

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

DATE:

STATE OF CALIFORNIA

COUNTY OF _____

On_____before me,_____, a Notary Public, personally appeared_____,
who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

_____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

**EXHIBIT "A"**

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)    To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)    To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suite brought by Beneficiary to foreclose this Deed.

(4)    To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust.
Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)    That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)    That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)    That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.
After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.
After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)    That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

**SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS**
**DO NOT RECORD**

ORDER NO.
ESCROW NO.

## REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid:

To_____, Trustee

Dated _____

        The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

MAIL RECONVEYANCE TO:

_____

_____

_____

_____

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**-$50,000.00**
Total

Aug 2, 2022
Post date

6319
Check #

**CARMEN MOLINA**
12822 CLEMSON DR
CORONA, CA 92880-3369

6319
90/7162

DATE 07-30-2022

PAY TO THE
ORDER OF 2nd Chance Investment Group LLC $50,000 00

fifty-thousand dll 00/100 ——— DOLLARS

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO 710 Dante Circle Roseville Co

Molina

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC        ©2023 JPMorgan Chase & Co.        Equal Housing Opportunity

Check Details - chase.com



-$50,000.00          Aug 2, 2022              6319
                     Post date                Check #

Total

>322070381<

For Deposit at

East West Bank Only

Pasadena, CA

08012022

0000131730

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

| Claimant | Claim No. | Exhibit Number |
|---|---|---|
| **Salvador Jimenez** | 25-1 | 18 |

# PROMISSORY NOTE
## SECURED BY DEED OF TRUST

DATE OF NOTE:

7-30-2022

AMOUNT OF NOTE:

$60,000

For value received, I, Ray Foster/2nd Chance Investment Group, LLC the undersigned, promise to pay to the order of Salvador Jimenez the principal sum of $60,000 (Investment +20%) on April 1st , 2023 (maturity date) or sooner. If note is paid by maturity, no interest will be due. If note is not paid at maturity, interest will accrue from on April 1st , 2023 at the rate of ten (10%) percent per year, until note is paid in full.

 If property is sold within 60 days of note date interest rate will drop to 15 percent and anything over 61 days will continue at a rate of 20 percent.

Should default be made in payment of the principal or interest, the whole sum of principal and interest shall, at the option of the holder of this note, become due within 360 days after default date.

All notes even though still payable will have an extended maturity date if any act of god, pandemic, market or housing crash occurs.

This Note is subject to Section 2966 of the California Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 150 and not more than 180 business days before any balloon payment is due.

*Rayshon Foster*

2nd Chance Investment Group LLC

7-22-2022

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Salvador Jimenez

ORDER NO.
ESCROW NO.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 221291006

**This Deed of Trust, made** this __July 30th , 2022__ , between __2nd Chance Investment Group , LLC__

herein called **TRUSTOR**, whose address is 4751 Newbury Ct. Riverside CA 92507

__Pacific Coast Title Company__ _____, a California Corporation, herein called **TRUSTEE**, and
__Salvador Jimenez__ _____herein called BENEFICIARY,

Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property     as:
Riverside County, California,
described

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 60,000  executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glen | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego Series 2, Book 1961, Page 183887 | | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

ORDER NO.
ESCROW NO.

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

X_____

Signature of Trustor

Rayshon  Foster  _____

Print Name of Trustor

X_____

Signature of Trustor

_____

Print Name of Trustor

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached and not the truthfulness, accuracy, or validity of that document.

DATE:

STATE OF CALIFORNIA

COUNTY OF  _____

On_____before me,_____, a Notary Public, personally appeared_____,

who proved to me on the basis of satisfactory evidence to be the person(s), whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

_____

(Seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

EXHIBIT "A"

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO.
ESCROW NO.

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)    To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2)    To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4)    To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)    That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)    That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10)    That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)    Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)    That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO.
ESCROW NO.

### REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid:

To_____, Trustee

Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____

_____

By _____

By _____

**MAIL RECONVEYANCE TO:**

_____

_____

_____

_____

**ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED**

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**-$50,000.00**
Total

Aug 2, 2022
Post date

6326
Check #



CARMEN MOLINA
12822 CLEMSON DR
CORONA, CA 92880-3369

6326
90/7162

DATE 07-31-2022

PAY TO THE
ORDER OF  2nd Chance Investment Group LLC  |  $ 50,000 00

fifty - thousand dll 00/100                          DOLLARS

CHASE ◆
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO 4751 Newbury Ct, CA

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

**-$50,000.00**

Total

Aug 2, 2022
Post date

6326
Check #



>322070381<

For Deposit at

East West Bank Only

Pasadena, CA-

08012022

0000131720

ENDORSE HERE

CREDITED TO THE ACCOUNT
OF THE WITHIN NAMED PAYEE(S)
ABSENCE OF ENDORSEMENT
GUARANTEED BY
EAST WEST BANK REMOTE DEPOSIT

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

DATE:

CHECK HEAST WESTBANK REMOTE DEPOSIT

* FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity