| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**Andy C. Warshaw**<br>**1200 Main St., Suite C**<br>**Irvine, CA 92614**<br>**714-442-3319 Fax: 714-361-5380**<br>**263880 CA**<br>**awarshaw@bwlawcenter.com**<br><br>☐ Respondent appearing without attorney<br>☑ Attorney for Respondent: 2nd Chance Investment Group, LLC | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>**2nd Chance Investment Group, LLC**<br><br><br><br><br><br><br><br><br><br><br><br>Debtor. | CASE NO.: **8:22-bk-12142-SC**<br>CHAPTER: **11**<br><br>**RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY**<br><br>DATE: **May 31, 2023**<br>TIME: **1:30 pm**<br>COURTROOM: **5C- Virtual**<br>PLACE: **411 W. Fourth Street**<br>**Santa Ana, CA**<br>Zoom.gov |
|---|---|

**Movant:** **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST**

**Respondent:**    ☑ Debtor     ☐ trustee     ☐ other:

1. ☐ **NONOPPOSITION**

    The Respondent does not oppose the granting of the Motion.

2. ☐ **LIMITED OPPOSITION**
    a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*):_____ and the reason for this request is (*specify*):
    b. ☐ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 1                          **F 4001-1.RFS.RESPONSE**

The Debtor:
(1) ☐ has no knowledge of the Property.
(2) ☐ has no interest in the Property.
(3) ☐ has no actual possession of the Property.
(4) ☐ was not involved in the transfer of the Property.

c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit _____.

3. ☑ **OPPOSITION** The Respondent opposes granting of the Motion for the reasons set forth below.

   a. ☐ The Motion was not properly served (*specify*):

      (1) ☐ Not all of the required parties were served.
      (2) ☐ There was insufficient notice of the hearing.
      (3) ☐ An incorrect address for service of the Motion was used for (*specify*):

   b. ☑ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:
      (1) ☑ The value of 37472 Yorkshire Dr., Palmdale, CA 93550 (the "Property") is $ **410,000 - $465,000** , based upon: The Debtor filed APPLICATION OF 2nd CHANCE INVESTMENT GROUP LLC TO EMPLOY BROKER & CO-BROKERS PURSUANT TO 11 U.S.C. §§ 327 AND 328; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF IN SUPPORT ("Employment Application") on March 26, 2023 as ECF No. 80.  The Employment Application provides for the Debtor to employ Coldwell Banker and Citrus Grove Real Estate as broker and co-broker with a listing price of $410,000. Movant's motion or relief from stay includes an opinion of value of $465,000.
      (2) ☑ Total amount of debt (loans) on the Property is $ **175,954.32 per Movant's motion** . The Debtor's originally filed schedules list $162,000. Movant's proof of claim filed on April 10, 2023 as Claim No. 55 lists a claim of $165,647.56.
      (3) ☐ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.
      (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit _____.
      (5) ☑ The Property is necessary for an effective ~~reorganization~~ *liquidation*.  The Debtor intends to file a liquidating plan on or by May 10, 2023 which will provide for the orderly liquidation of 37472 Yorkshire Dr., Palmdale, CA 93550-6239. Other creditors will be harmed if the equity is not available to pay allowed claims.
      (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit _____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit _____.
      (7) ☑ The Property is insured. Evidence of insurance was provided to the Office of the United States Trustee. The same policy remains in effect.
      (8) ☐ Movant's description of the status of the unlawful detainer proceeding is not accurate.
      (9) ☐ Respondent denies that this bankruptcy case was filed in bad faith.
      (10) ☐ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.
      (11) ☑ Other (*specify*): Movant filed Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 (the "Motion") on May 3, 2023.

**Movant is Adequate Protected Under 11 U.S.C. 362(d)(1)**

The Motion seeks relief under 11 U.S.C. Section 362(d)(1) for cause.  No relief is sought under (d)(2), (d)(3), or (d)(4).  11 U.S.C. Section 362(d)(1) reads, "for cause, including the lack of adequate protection of an interest in property of such party in interest;"

The statute specifically identifies adequate protection as an exception in a relief from stay context.  Because the relief sought by Movant is based on grounds of missed payments, the Motion should be denied.  The Debtor's Chapter 11 Plan will be a liquidating plan that pays Movant's claim in full upon the sale of the Property.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                         Page 2                            **F 4001-1.RFS.RESPONSE**

Movant checks boxes under category 4 of its motion, Grounds for Relief from Stay, citing that cause exists because the Property is not adequately protected. Movant's motion provides evidence to the contrary by providing actual evidence that the value of the property provides adequate protection; the value of the Property is not declining, but possibly appreciating based on the Debtor's originally listed value in its Schedule A and the value of the listing price of the property from its Employment Motion. Exhibit D to the Motion indicates a value of $465,000 with a high value estimated at $492,500.

The Ninth Circuit held that a 20% equity cushion provides adequate protection. *In re Mellor*, 734 F.2d 1389, 1401 (9th Cir. 1984) (relief from stay context)."The bankruptcy court found that the value of the residence is $105,000; thus, there is an "equity cushion" to protect the sellers' interest in the amount of $20,340 or approximately 20% of the total value. A 20% cushion has been held to be an adequate protection for a secured creditor. See *In re McGowan,* 6 B.R. 241, 243 (B.Ct.E.D.Pa. 1980) [holding a 10% cushion is sufficient to be adequate protection]; *In re Rogers Development Corp.*, 2 B.R. 679, 685 (B.Ct.E.D.Virg. 1980) [court decided that an equity cushion of approximately 15% to 20% was sufficient adequate protection to the creditor, even though the debtors had no equity in the property.]; *In re Breuer* ,4 B.R. 499, 501 [creditor protected by equity cushion of $21,000 despite fact that debtor lacked equity in the property.]."

The Mellor court cited other cases that less than 20% may be adequate, notably one that a 10% equity cushion sufficed.

"The purpose of adequate protection under § 361 is to insure that the secured creditor receives in value essentially what he bargained for, not a windfall. See *In re Curtis*, 9 B.R. at 112." *In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984)

Movant's own motion lists an "equity cushion" of $289,045.68 being 62% of the fair market value of the property. The Debtor's Employment Motion lists $214,000 in equity. *See* ECF No. 118, Page 2. Either way, there is sufficient equity to adequately protect Movant until the Debtor's plan is confirmed or the Property is liquidated. The calculated equity protects Movant's claim and provides at least a 20% equity cushion.

**Debtor Opposes Relief Requested**
Debtor opposes any termination of the automatic stay, whether it relates to the Debtor, property of the estate, a co-debtor, or the 14-day stay prescribed under FRBP 4001(a)(3).

c. ☑ Respondent asserts the following as shown in the declaration(s) filed with this Response:

(1) ☐ The bankruptcy case was converted from chapter _____ to chapter _____.
(2) ☐ All postpetition arrearages will be cured by the hearing date on this motion.
(3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments ☐ are current, or ☐ will be cured by the hearing date on this motion.
(4) ☑ The Debtor has equity in the Property in the amount of $ __214,000 - $289,045.68__.
(5) ☐ Movant has an equity cushion of $____ or ____% which is sufficient to provide adequate protection.
(6) ☑ The Property is necessary for an effective ~~reorganization~~ *liquidation* because (*specify*): The Debtor's liquidation plan will sell the Property.
(7) ☑ The motion should be denied because: Movant is not harmed by the Debtor listing and selling the Property. The granting of the Motion harms unsecured creditors who will receive a dividend from the sale of the Property. The denial of the Motion allows the Debtor to liquidate the Property, pay Movant in full, and provide a dividend to the general unsecured class.

(8) ☐ An optional memorandum of points and authorities is attached in support of this Response.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                               Page 3                                          **F 4001-1.RFS.RESPONSE**

4. **EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:

| | |
|---|---|
| ☒ Declaration by the Debtor | ☐ Declaration by the Debtor's attorney |
| ☐ Declaration by trustee | ☐ Declaration by trustee's attorney |
| ☐ Declaration by appraiser | ☒ Other (*specify*): Admissions in the moving papers filed as ECF No. 124 relating to the value of the subject property. |

Date: **May 4, 2023**

**Financial Relief Law Center, APC**
Printed name of law firm for Respondent (if applicable)

**Andy C. Warshaw**
Printed name of individual Respondent or attorney for Respondent

**/s/ Andy C. Warshaw**
Signature of individual Respondent or attorney for Respondent

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 4                                **F 4001-1.RFS.RESPONSE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**1200 Main St., Suite C**
**Irvine, CA 92614**

A true and correct copy of the foregoing document entitled (*specify*):  **(1) RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  **05/04/2023**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amanda G. Billyard    abillyard@bwlawcenter.com
Stephan M Brown    ECF@thebklawoffice.com, stephan@thebklawoffice.com;roslyn@thebklawoffice.com
Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
Lazaro E Fernandez    lef17@pacbell.net, lef-sam@pacbell.net;lef-mari@pacbell.net;OfficeLR74738@notify.bestcase.com;lefkarina@gmail.com
Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
David M Goodrich    dgoodrich@go2.law, kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com
Brandon J Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com
Charity J Manee    cmanee@goeforlaw.com, kmurphy@goeforlaw.com
Randall P Mroczynski    randym@cookseylaw.com
Queenie K Ng    queenie.k.ng@usdoj.gov
Douglas A Plazak    dplazak@rhlaw.com
Arvind Nath Rawal    arawal@aisinfo.com
Gary B Rudolph    rudolph@sullivanhill.com, bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;james@ecf.courtdrive.com
Cheryl A Skigin    ca.ecf@aislegaltrac.com, caskigin@earthlink.net
Richard L. Sturdevant    rich@bwlawcenter.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Christopher P. Walker    cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com;r57253@notify.bestcase.com
Fanny Zhang Wan    fwan@raslg.com
Andy C Warshaw    awarshaw@bwlawcenter.com, warshaw.andyb110606@notify.bestcase.com
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*)  **05/04/2023**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**-None**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  **05/04/2023**  , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**-None**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **May 4, 2023** | **Andy C. Warshaw** | **/s/ Andy C. Warshaw** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |