SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
  James P. Hill, SBN 90478
  Gary B. Rudolph, SBN 101921
  Kathleen A. Cashman-Kramer, SBN 128861
600 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 233-4100
Facsimile:  (619) 231-4372
Email:  hill@sullivanhill.com
        rudolph@sullivanhill.com
Attorneys for Creditor and Party in Interest
LANTZMAN INVESTMENTS and LMF 2, LP

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>  Debtor.<br>_____<br>LANTZMAN INVESTMENTS,<br><br>  Movant,<br><br>vs.<br><br>2ND CHANCE INVESTMENT GROUP, LLC<br>  Respondents. | CASE NO.: 8:22-bk-12142-SC<br><br>RS No. – GBR1<br><br>**SUPPLEMENTAL DECLARATION OF MARC LANTZMAN, MOVANT, IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §§ 362(d)(1), 362(d)(2), and 362(d)(3) RE: 25641 BYRON STREET, SAN BERNARDINO, CA 92404, APN 0273-353-01-0-000**<br><br>Date:  May 31, 2023<br>Time:  1:30 p.m.<br>Judge: Hon. Scott C. Clarkson |

I, Marc Lantzman, declare as follows:

1. I am a principal of the Movant, Lantzman Investments, Inc. ("Lantzman"), a creditor of the debtor 2nd Chance Investment Group, LLC ("Debtor"). I make this declaration in support of Lantzman's motion for relief from the automatic stay to proceed to protect the loan made to the Debtor, ("RFS Motion"), secured by a recorded

- 1 -

#5466744v2

deed of trust, which is secured by that certain real property owned by the Debtor, located at 25641 Byron Street, San Bernardino CA 92404, Assessor's Parcel No. 0273-353-01-0-000 (The "Property").

2. I am authorized to make this declaration on behalf of Lantzman. All of the information contained herein is within my personal knowledge except those matters alleged on information and belief and as to those matters I believe them to be true. I am also familiar with Lantzman's books and records respecting this Property and the loan Lantzman made to the Debtor, and am competent to testify as to them.

3. Lantzman is a hard money lender for properties located in California, Nevada, Washington & Texas. I have been actively engaged in real estate acquisitions, private mortgage lending, and real estate development since 1980. I incorporated Lantzman in 1997, and the company has been doing business since that time and is currently in good standing.

4. In this instance, Lantzman entered into an agreement with the Debtor whereby Lantzman agreed to loan to the Debtor the sum of $325,000, as evidenced by that certain promissory note dated December 17, 2021. Exhibit B to the RFS Motion. The loan closed on or about January 4, 2022, at which time the sum of $286,831.50 was disbursed to the Debtor. The deed of trust was recorded in the office of the Los Angeles County recorder on January 4, 2022 as instrument no. 2022-0004179. Exhibit A to the RFS Motion. The balance – i.e., the difference between the loan amount and the disbursed amount, which was $38,168.50, was to be used by the Debtor for substantial rehab to the property, since it was in distressed condition at the time of the loan. However, the Debtor never did any repairs to the Property.

5. The loan to the Debtor was an interest-only loan. Interest payments of $3,346.37 are due on the first of each month. The interest rate (per the note) is nine percent (9%) and the loan was all due and payable on January 1, 2023 (the "Maturity Date"). The last payment that the Debtor made on this loan was in August 2022.

#5466744v2

Because of the default, a notice of default was recorded on October 5, 2022 in the Los Angeles County Recorder's office as instrument no. 2022-0334365. Exhibit 1 hereto.

6. In addition to the unpaid principal, unpaid pre-petition interest and late charges, unpaid post-petition interest and late charges[1], as well as other charges, and as set forth in the proof of claim filed by counsel on behalf of Lantzman (claim no. 48 filed on April 6, 2023, amended on April 18, 2023), the Debtor owes at least $316,905.40. (This does not include additional charges including May's interest payment, nor does it include any of Lantzman's attorney's fees.) Due to the fact that the Debtor is not collecting any rent for the Property, and with interest coming due each month, any equity cushion which the Debtor may have had in the Property is eroding very quickly.

7. I am informed and believe that no one currently lives in the Property. Alternatively, if anyone lives in it, they are not paying any rent to the Debtor, since the Debtor has not reported any rent payments for the Property.

8. While the Debtor lists the value of the Property at $480,000 in its schedules, based upon my forty-plus years of experience in the real estate acquisition, sales, and lending areas, I believe that the current value of the Property is between $380-$420,000 at the most, and could be substantially less that that it this time, since the exact condition is currently unknown.

9. I understand that the Debtor has hired brokers to market this Property (as well as others). See ECF #s 80, 80-1 (pages 56-73). I also understand that this Court's order approving that retention was entered on April 13, 2023. ECF #102. However, I understand from conversations with the broker that, despite entry of that order, this Property has not yet been listed on the Multiple Listing Service ("MLS"). The listing that was approved for this Property (and other properties) was for 6 months and started running on February 20, 2023. As a result, as of the date of this declaration, the listing period is almost half gone, and no action has been taken to market this Property.

---

[1] The Debtor has not made any payments post-petition.

#5466744v2

10. A review of the Debtor's monthly operating report filed April 21, 2023 (ECF #112) shows that, despite claiming to own numerous rental properties, the Debtor only collected rent in the amount of $2,250 for the entire month of March. In addition, the administrative fees that were incurred during March - $4,480 – were more than double the income to the Debtor.

11. In addition, this Court set, in its scheduling order, the day of May 10, 2023 for the Debtor to file a plan and disclosure statement. See ECF #40.

12. Even though Lantzman executed a Stipulation re: adequate protection a mere 21 days after this bankruptcy case was filed (see ECF #17 filed January 11, 2023 - this case was filed on December 21, 2022), given the lack of liquidity and absence of rents, along with the lack of marketing of the properties, the situation appears to be more dire than the Debtor led everyone to believe at that time.

Executed this 2nd day of May, 2023, under penalty of perjury pursuant to the laws of the United States of America at San Diego, California.

Marc Lantzman

- 4 -

#5466744v1

<u>**Exhibit Table**</u>

| Exhibit | Description |
|---|---|
| 1 | Notice of default recorded on October 5, 2022 in the Los Angeles County Recorder's office as instrument no. 2022-0334365 |

- 5 -

#5466744v2

**Exhibit 1**

RECORDING REQUESTED BY:

TLS

WHEN RECORDED MAIL TO:
**TLS**
**PO Box 910739**
**San Diego, CA 92191-0739**

Electronically
Recorded In Official Records
San Bernardino County

Assessor-Recorder-County Clerk

**DOC# 2022-0334365**

| | | |
|---|---|---|
| 10/05/2022 02:58 PM | Titles: 1 | Pages: 3 |
| SAN | Fees | $32.00 |
| | Taxes | $0.00 |
| I5190 | CA SB2 Fee | $75.00 |
| | Total | $107.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: 221004262    Loan No.: **L21-1465**    A.P.N.: **0273-353-01-0-000**
Property Address: **25641 Byron Street San Bernardino, CA 92404**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

PURSUANT TO CIVIL CODE §2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT, BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

## IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$9,748.22** as of **10/4/2022** and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

TS No.: 221004262  Loan No.: L21-1465

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**Del Toro Loan Servicing Inc.**
2300 Boswell Road, Suite 215
Chula Vista, CA 91914
619-474-5400

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **Del Toro Loan Servicing, Inc.** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 12/17/2021, executed by **2nd Chance Investment Group, LLC, a California Limited Liability Company**, as Trustor, to secure certain obligations in favor of **Lantzman Investments, Inc.**, as beneficiary, recorded 1/4/2022, as Instrument No. 2022-0004179, in Book , Page ,   of Official Records in the Office of the Recorder of **San Bernardino** County, California describing land therein as: As more fully described on said Deed of Trust.

Including one **NOTE(S) FOR THE ORIGINAL** sum of $325,000.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
   Installment of Principal and Interest plus impounds and/or advances which became due on 9/1/2022 plus late charges, and all subsequent installments of principal, interest, balloon payments, any other obligations, including taxes, insurance payments, and any payments due senior liens or leaseholds which obligations are secured by the deed of trust which is in default, plus impounds and/or advances and late charges that become payable.

   That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.
The beneficiary or its agent has declared that this loan is exempt from the provisions of Civil Code §§2923.5 or 2923.55.

Dated: 10/4/2022          Del Toro Loan Servicing, Inc., by Total Lender Solutions, Inc., its authorized agent

BY: *Rachel S.* (signature)
Rachel Seropian, Trustee Sale Officer

The above named trustee may be acting as a debt collector attempting to collect a debt. Any information obtained may be used for that purpose.

To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.

## Declaration of Mortgage Servicer Pursuant to Civil Code §2923.5(b)[1]

Borrower(s): 2nd Chance Investment Group, LLC
Mortgage Servicer: Del Toro Loan Servicing, Inc.
Property Address: 25641 Byron Street, San Bernardino, CA 92404
TS Number: 221004262

The undersigned, as an authorized agent named below declares that:

1. The mortgage servicer has contacted the borrower pursuant to Cal. Civil Code §2923.5 (a)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since the initial contact was made.

2. Despite the exercise of due diligence pursuant to Cal. Civil Code §2923.5(e), the mortgage servicer has been unable to contact the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ■ No contact was required by the mortgage servicer because pursuant to (a) Civil Code § 2920.5(c), the individual(s) did not meet the definition of "borrower," or (b) Civil Code §2924.15(a)(2)(B)(i) the property is owned by an (x) individual who owns more than three residential properties containing no more than four dwelling units, or (y) entity.

4. The requirements of Cal. Civil Code §2923.5 do not apply because the borrower, mortgage/deed of trust or real property does not meet the criteria described in Cal. Civil Code §2924.15(a).

5. With respect to Cal. Civil Code §3273.10:
The mortgage servicer received a request for a forbearance in connection with COVID-19 from the borrower, and such request was denied. A copy of the written notice is attached; AND forbearance ___ was or ___ was not subsequently provided.

6. The requirements of Cal. Civil Code §2923.5 do not apply because the mortgage servicer is not a licensed depository institution chartered under federal or state law, covered by the licensing requirements of Division 9 commencing with Section 22000 or Division 20 commencing with Section 50000 of the Financial Code, or Part 1 commencing with Section 10000 of Division 4 of the Business and Professions Code.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence, which the mortgage servicer has reviewed to substantiate that borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: 10/4/22

Del Toro Loan Servicing, Inc. Mtg Svcr
By: _____
Name: Rebecca Novelozo
Title: Default Services Admin

---

[1] for servicers with 175 and under foreclosure volume