| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Amanda G. Billyard 256838**<br>**Financial Relief Law Center, APC**<br>**1200 Main St., Suite C**<br>**Irvine, CA 92614**<br>**714-442-3349 Fax: 714-361-5392**<br>State Bar Number: **263880 CA**<br>**abillyard@bwlawcenter.com** | |

☐ *Debtor(s) appearing without an attorney*
☑ *Attorney for: [proposed] debtor in possession*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

**2nd Chance Investment Group, LLC**

Debtor(s.)

CASE NO.: **8:22-bk-12142-SC**
CHAPTER: **11**

# NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION

# [LBR 9013-1(o)]

[No hearing unless requested in writing]

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) ___**2nd Chance Investment Group, LLC**___, filed a motion or application (Motion) entitled DEBTOR IN POSSESSION'S MOTION UNDER LOCAL BANKRUPTCY RULE 2014-1 FOR: AUTHORIZATION TO EMPLOY PARAPROFESSIONAL AND TO ESTABLISH FEE PROCEDURE;

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

   ☑ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry #_____, and a detailed description of the relief sought is attached to this notice.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                                 Page 1        **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

   a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

   b. If you fail to comply with this deadline:

      (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

      (2) Movant will lodge an order that the court may use to grant the Motion; and

      (3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: **May 9, 2023**

**/s/ Amanda G. Billyard**
Signature of Movant or attorney for Movant

Amanda G. Billyard
Printed name of Movant or attorney for Movant

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

Andy C. Warshaw (263880)
awarshaw@bwlawcenter.com
Amanda G. Billyard (256838)
abillyard@bwlawcenter.com
Financial Relief Law Center, APC
1200 Main St., Suite C
Irvine, CA 92614
Telephone   714-442-3300
Facsimile   714-361-5380

Counsel for the Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>2nd Chance Investment Group, LLC,<br><br>Debtor. | Case No. 8:22-bk-12142-SC<br><br>Chapter 11<br><br>**DEBTOR IN POSSESSION'S MOTION UNDER LOCAL BANKRUPTCY RULE 2014-1 FOR: AUTHORIZATION TO EMPLOY PARAPROFESSIONAL AND TO ESTABLISH FEE PROCEDURE;**<br><br>[No Hearing Required Unless Requested] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL PARTIES IN INTEREST:**

2ND Chance Investment Group, LLC (the "Debtor"), files this MOTION UNDER LOCAL BANKRUPTCY RULE 2014-1 FOR AUTHORIZATION TO EMPLOY PARAPROFESSIONAL AND TO ESTABLISH FEE PROCEDURE;

EMPLOYMENT APPLICATION

("Application"). In support of the Application, the Debtor submits the following memorandum of points and authorities and the attached declarations **STATEMENT OF FACTS**

On December 21, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing case no. 8:22-bk-12142-SC (the "Case"). The Debtor remains as a debtor in possession. The Debtor scheduled fourteen parcels of real property on Schedule A/B. Debtor is in the process of liquidating its real estate assets and wishes to employ the services of DMC to help facilitate this process.

1. The Debtor in Possession moves for an order authorizing employment of a paraprofessional, as follows:

    A. Identity of proposed paraprofessional: D Masin Consulting LLC ("DMC")

        (1) DMC's resume, including hourly rates, is attached as Exhibit A.

        (2) DMC estimates that its fees and out-of-pocket expenses in this case will not exceed $5,000. (3) The proposed terms of DMC's employment, agreed to by the Debtor in Possession, are that DMC will perform the required services at its current hourly rate of $85, plus reimbursement of out-of-pocket expenses. Upon the Trustee's approval of DMC's time records and invoice, he will be authorized to pay the invoice from funds in the estate up to $5,000, without further order of the Court. The order granting this Motion shall allow and award DMC up to $5,000 on the terms and conditions provided herein.

        If at any time DMC's fees and out-of-pocket expenses exceed $5,000, DMC will apply to the Court for approval of interim and/or final compensation in accordance with the provisions of 11 U.S.C. §§ 330 and 331 and agrees to accept as compensation such sums as the Court may allow.

    B. The Debtor in Possession contends that the paraprofessional will provide the following services that are listed in paragraph (f)(1) of Local Bankruptcy Rule 2016-2.

    C. The Debtor in Possession contends that the paraprofessional will provide the following services that are not included in paragraph (f)(1) of Local Bankruptcy Rule 2016-2, and fees for these services should be paid separate and apart from the Trustee's compensation allowed pursuant to 11 U.S.C. §326(a):

        (1) Perform administrative and management duties in connection with liquidation of real estate owned by the Debtor in Possession;
        (2) Retrieve a check at the various premises that the Debtor in

    Possession owns in the state of CA;
 (3) Meet with a representative of various real estate parcels, obtain access, status of utilities, and arrange logistics necessary to administer and liquidate real estate; and
 (4) Perform general tasks of a field agent.

I. **CONCLUSION**

  The Debtor-in-Possession believes the employment of the Broker & Co-Brokers and the Agents on the terms and conditions provided herein is in the best interest of Creditors and the Estate.

              Respectfully submitted,

Dated: May 7, 2023        Financial Relief Law Center, APC

              By: /s/ Amanda Billyard
                 Amanda Billyard
                 Attorneys for Debtor in Possession
                 2nd Chance Investment Group, LLC

## DECLARATION OF DAPHNE MASIN REGARDING DISINTERESTEDNESS FOR EMPLOYMENT OF PARAPROFESSIONAL PERSON UNDER LOCAL BANKRUPTCY RULE 2016-2

1. The following is a complete description of all of the paraprofessional's connections with the Debtor in Possession, principals of the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee: **DMC is employed by the Debtor in Possession, under the bankruptcy code.**

2. The paraprofessional is not a pre-petition creditor, an equity security holder or an insider of the debtor, except as follows: **No exceptions.**

3. The paraprofessional is not and was not, within two years before the date of the filing of the petition herein, a director, officer or employee of the debtor in connection with the offer, sale or issuance of any security of the debtor. **No exceptions**.

4. The paraprofessional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor or an investment banker for any security of the debtor, or for any other reason, except as follows: **No exceptions.**

5. The paraprofessional is not a relative or employee of the United States Trustee or a bankruptcy judge, except as follows: **No exceptions.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: May 9, 2023

Daphne Masin
Field Agent for DMC

4    EMPLOYMENT APPLICATION

## DECLARATION OF DEBTOR'S COUNSEL

I, Amanda Billyard, Counsel for Debtor in Possession, have prepared the foregoing motion for authorization to employ paraprofessional. The effective and efficient administration of this bankruptcy case dictates approval of the motion and I base that conclusion on the following facts:

On December 21, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Debtor in Possession requires the assistance of DMC to: Perform administrative and management duties in connection with liquidation of real estate owned by the Debtor in Possession;

    (1)    Retrieve a check at the various premises that the Debtor in Possession owns in the state of CA;
    (2)    Meet with a representative of various real estate parcels, obtain access, status of utilities, and arrange logistics necessary to administer and liquidate real estate; and
    (3)    Perform general tasks of a field agent.

I am informed and believe that DMC has experience in management and accounting for bankruptcy estates and is well qualified to provide the required services. DMC can provide the required services at a substantially lower cost to the estate than other employed professionals. DMC's resume is attached as Exhibit A and incorporated by this reference. In my capacity as an attorney and counsel I have never used the services of DMC before.

I am informed and believe that DMC estimates that its fees and out-of-pocket expenses will not exceed $5,000.

The proposed terms of DMC's employment are that DMC will perform the required services at its current hourly rate of $85, plus reimbursement of out-of-pocket expenses. Upon my approval of DMC's time records and invoice, I will be authorized to pay the invoice from funds in the estate up to $5,000, without further order of the Court. The order granting this Motion shall allow and award DMC up to $5,000 on the terms and conditions provided herein. If at any time DMC's fees and out-of-pocket expenses exceed $5,000, DMC will apply to the Court for approval of interim and/or final compensation in accordance with the provisions of 11 U.S.C. §§ 330 and 331 and agrees to accept as compensation such sums as the Court may allow.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __7__ day of May, 2023, at Rancho Santa Margarita, California.

                                /s/ Amanda G. Billyard
                                Amanda G. Billyard
                                Attorney for Debtor in Possession

**EXHIBIT "A"**

# Daphne Masin

710 S Myrtle Ave, # 516
Avenue, Monrovia, CA 91016
(626) 827-0262
daphnemasin@dmasinconsulting.com

Results-driven professional with extensive experience in operations, administration, and finance. Managed and directed overall daily accounting functions, administered 401k pension plan for 100 employees, and have assisted in complex software conversions.

## AREAS OF EXPERTISE

- Finance Strategy
- General Accounting
- Contract Analysis
- Cash Flow Projections/Budgets
- Tax Returns/Laws/Schedules
- Working with Secured Lenders
- Human Resources
- Overall Operations

## SPECIAL SKILLS

- Administration and management of the "workout" process for insolvent businesses that are undergoing out-of-court processes.
- Expertise in forced liquidation sales and accompanying processes.
- Strong face-to-face and phone communication skills – able to explain complex situations in easy-to-understand communications; excellent at reassuring customers/clients who are in distress over liquidation process.
- Solid experience in the distribution industry; former material supplier to the construction industry. Calculate costs, deliveries to customers, sales invoicing, prepare AR and AP aging's, track sales commissions, prepare journal entries and update general ledger to tax preparation.
- Extensive knowledge of compliance requirements for federal and state taxing authorities (sales tax, payroll taxes, property taxes and code compliance).
- Software expertise: Microsoft Office-excel, word, QuickBooks, Oracle-NetSuite, ADP, Imanage, SAGE, Auction Flex ; Stretto; Base Case; and miscellaneous proprietary software.

## PROFESSIONAL EXPERIENCE

**D MASIN CONSULTING LLC.**, Monrovia, CA                March 2018-Present
Field Agent for Bankruptcy Trustees in various industries. Preparing reports and schedules to confirm all assets have been identified. Preform on-site inventory analysis. Assist with liquidation values, from my experience working on Auctions. Communicate with all essential parties to better understand intricacies of the case. As the Field Agent in General Assignments, confirm and schedule reports based on gathered Due Diligence information. Prepare bank statement analysis, review bank transfers; review and confirm Accounts Receivable-Accounts Payable-Inventory balances. On site inventory of assets. Work with auction houses when necessary. Collaborating with Turn Around and other companies specializing in insolvency, reviewing, interpreting, and reporting on financial and due diligence work for insolvent companies. Preparing cash flow analysis and research for preferences. Work with the debtors to better understand this alternate insolvency process through a General Assignment for the Benefit of Creditors. Help provide solutions whether to market the business or liquidate the assets through an auction process. Examples of cases worked on: Philmar Convalescent Home; Girardi Keese-Law Firm; Motionloft, Inc.; Uesugi Farms; Morningside Recovery and Sinbad Foods, LLC.

**CREDIT MANAGEMENT ASSOCIATION**, Glendale, CA        2009 – March 2018
**Asset Sales / Communication Manager, Adjustment Insolvency Department**
CMA is a 100+ year-old association that offers an array of business services including Business Collection, Industry Trade, Construction Lien, and the Adjustment Insolvency (ADJ). The focus of the ADJ is to administer complex transactions pertaining to closing a business (vs. filing Chapter7 or 11).
- Prepare and review due diligence about the client company's operation, analyzing all financial information, preparing cash flow projections and budgets.
- Work with secured lenders of the debtors, and ultimately, find the best means to optimize the debtor's estate and the creditor's money, as well as securing all remaining assets in the estate.

1

- Liaison for auctions of client company assets (help coordinate and organize all matters relating to this process).
- Serve as resource for all matters pertaining to the liquidation of company; including managing all creditors and legal parties involved, virtually taking over the process for the client company.

**MCALONEY ENTERPRISES, INC.**, El Monte, CA                        2002-2009
**Executive Vice President/Co-Owner**
*$1.5M Architectural Hardware Company*
- Performed daily operations, oversaw, and managed all areas of Human Resources; prepared all financial information from daily transactions through monthly financials through to tax returns.
- Responsible for applying and certifying the business in city, state, and federal arenas for material procurement.
- Performed site surveys for contractors.
- Brought customers ideas and thoughts together through bids.
- Prepared hardware schedules supported with appropriate cut sheets as needed.
- Responsible for approving and signing all contracts and prepare appropriate liens.

**WELLS FARGO BANK**, Van Nuys, CA                        2001
**Consultant** - *Project to assist in liquidating a company* .
- Prepared all financial analysis forecasts.
- Established payment programs for the taxing authorities.

**MATCO UNITED, INC**, Commerce, CA                        1985-2001
**Controller, Vice President**
*$30M company distributing paper goods, food service and cleaning items.*
- Prepared and maintained all financial records including budgets, cash flows and monthly financial statements.
- Managed accounting, finance, and HR departments. Familiar with 401K and its administration.

## EDUCATION
California State University, Northridge
*Bachelor of Science, Business/Accounting*

## PROFESSIONAL CERTIFICATIONS
- Certified Bankruptcy Credit Specialist
- Certified Construction Credit Specialist

## PROFESSIONAL ASSOCIATIONS
- Member of the National Association of Women in Construction (NAWIC)
- Turn Around Management Association (TMA)
- Los Angeles Bankruptcy Forum (LABF)
- National Association of Credit Managers (NACM)Financial Lawyers Conference (FLC)
- International Women's Insolvency & Restructuring Confederation (IWIRC)

2