Andy C. Warshaw, Esq. (State Bar No. 263880)
Financial Relief Law Center, APC
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: 714-442-3319
Facsimile: 714-361-5380
Email: awarshaw@bwlawcenter.com

Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| IN RE<br><br>2ND CHANCE INVESTMENT GROUP, LLC<br><br>Debtor and Debtor in Possession. | Case No. 8:22-bk-12142-SC<br><br>Chapter 11<br><br>**CHAPTER 11 LIQUIDATING PLAN DATED MAY 10, 2023**<br><br>**Disclosure Statement Hearing:**<br>Date: July 19, 2023<br>Time: 1:30 pm<br>Place: United States Bankruptcy Court[1]<br>411 West Fourth Street, Suite 5130 /<br>Courtroom 5C<br>Santa Ana, CA 92701-4593<br><br>**Plan Confirmation Hearing:**<br>Date: TBD<br>Time:<br>Place: |

---

[1] By way of Zoom.gov. See the Notice for Additional Information and Hearing Access.

**Table of Contents**

I.    Introduction ................................................................. 6

II.   Plan Summary ............................................................. 7

III.  Classification and Treatment of Claims and Interests Under the Plan ............ 8

1.    General Overview ........................................................ 8

2.    Treatment of Unclassified Claims ................................... 9

a.    Administrative Expenses ............................................ 9

b.    Contingent Administrative Expenses ........................... 11

c.    Professional Fee Claims ............................................ 12

d.    Tax Claims ............................................................. 13

3.    Tax Disclaimers ....................................................... 14

4.    Classified Claims ..................................................... 15

1. Secured Claims ........................................................... 15

1.    Class 1 – Unimpaired Secured Claims ......................... 15

There are no claims in this class. ........................................ 15

2.    Class 2 – Impaired Secured Claims ............................. 15

3.    Lease Assumptions and Rejections ............................. 20

4.    General Unsecured Claims ......................................... 21

IV.   Means of Effectuating and Implementation of the Plan ............... 23

      A.   The Liquidating Trust ......................................................... 23

i.    Execution of the Liquidating Trust Agreement ............... 23

ii.   Purpose of the Liquidating Trust ................................. 23

iii.  Transfer of Property to the Liquidating Trust ................ 23

iv.   Governance of the Liquidating Trust ............................ 25

v.    Designation of Liquidating Trustee .............................. 25

vi.   Rights, Powers, and Privileges of the Liquidating Trustee ............ 26

vii.  Agents and Professionals ........................................... 26

viii. Investment and Safekeeping of Trust Property ............... 26

ix.   Use of Existing Accounts ........................................... 27

x.    Limitations on the Liquidating Trustee and Payment of Fees ............ 27

xi.   Bankruptcy Court Approval of Liquidating Trustee Actions ............ 28

xii.  Valuation of Trust Property ........................................ 28

xiii. Distributions .......................................................... 28

xiv.  Pro Rata Share of Distributions .................................. 29

xv. Delivery of Distributions .................................................................... 29

xvi. Undelivered Property ....................................................................... 29

xvii. De Minimus Distributions ................................................................ 30

xviii. ....................................................... Payments Limited to Trust Property 30

xix. Fees and Expenses ........................................................................ 30

xx. Priority of Distributions .................................................................. 30

xxi. Compliance with Laws .................................................................... 31

xxii. Identification fo the Beneficiaries of the Liquidating Trust ........................... 31

xxiii. ....................................................................... Beneficial Interest Only 31

xxiv. .......................................... Ownership of Beneficial Interest Hereunder 31

xxv. Evidence of Beneficial Interest........................................................... 31

xxvi. ......................................................................... Conflicting Claims 32

xxvii. Limitation on Transferability ............................................................ 32

xxviii. Parties Dealing with the Liquidating Trustee........................................... 32

xxix. ......................................................... Liquidating Trustee's Rights 33

xxx. Liquidating Trustee as Successor in Interest to the Debtor and Committee . 33

xxxi. ............................................................................... Indemnity 33

xxxii. Initial Liquidating Trustee................................................................ 34

xxxiii. Terms of Service for the Liquidating Trustee .......................................... 34

xxxiv. Removal of the Liquidating Trustee...................................................... 34

xxxv. Resignation of the Liquidating Trustee .................................................. 34

xxxvi. Appointment of Successor Trustee ...................................................... 35

xxxvii. Powers and Duties of Successor Trustee................................................ 35

xxxviii. Trust Continuance ........................................................................ 35

xxxix. Compensation of Costs of Administration .............................................. 36

xl. Annual Reporting and Filing Requirements .............................................. 36

xli. Confidentiality ............................................................................. 37

xlii. Maintenance of records .................................................................... 37

xliii. ....................................................... Duration of the Liquidating Trust 38

xliv. Termination of the Liquidating Trust .................................................... 38

xlv. Continuance of the Liqudating Trust for Winding Up .................................. 38

xlvi. Preservation of Privilege .................................................................. 39

xlvii. ................................................................................. No Bond 39

xlviii. Governing Law of the Liquidating Trust ................................................. 39

xlix. Successors and Assigns ................................................................ 39

l.    No Execution .................................................................................... 40

li.   Intention to Establish Grantor Trust .............................................. 40

lii.  Amendment of the Liquidating Trust ............................................. 40

2.    Settlement Agreements .................................................................... 40

3.    Claims and Administration and Prosecution and Plan Distributions ........... 40

4.    Corporate Action ............................................................................. 41

5.    Effectuating Documents and Further Transactions ....................... 41

6.    Dissolution of the Debtor ............................................................... 41

7.    Dissolution of the Debtor's Board ................................................ 41

8.    Termination of the Committee ....................................................... 42

9.    Procedures for Disputed, Contingent, or Unliquidated Claims .................. 42

i.    Objections to Claims ....................................................................... 42

ii.   No Distribution Pending Allowance of Claims .............................. 42

iii.  Establishment and Maintenance of a Reserve for Disputed Claims............. 42

iv.   Distributions upon Allowance of Disputed Claims ....................... 43

v.    Resolution of Disputed Claims ....................................................... 43

vi.   Estimation ........................................................................................ 43

10.   Distributions  to be Made Pursuant to this Plan ........................... 44

11.   Exculpations and Release ............................................................... 44

12.   Retention and Distribution.............................................................. 45

V.    Effect of Confirmation of the Plan ................................................ 47

1.    Discharge ......................................................................................... 47

2.    Modification of this Plan ................................................................ 47

3.    Post-Confirmation Status Reporting .............................................. 47

4.    Post-Confirmation Conversion/Dismissal ..................................... 47

5.    Section 1145 Exemption ................................................................. 48

6.    Effectuating Documents, Further Transactions ............................. 48

7.    Final Decree .................................................................................... 48

1.    Temporal Conditional Injunction .................................................. 49

VI.   General Provisions........................................................................... 49

A.    Definitions and Rules of Construction .......................................... 49

B.    Binding Effect.................................................................................. 49

D.    Captions ........................................................................................... 50

### *Cases*

11 U.S.C. § 1127 ...........................................................................................................46

1123(b)(3) ....................................................................................................................25

1129(a)(5). ...................................................................................................................25

### *Statutes*

11 U.S.C. § 506(b) ......................................................................................................11

11 U.S.C. §§ 101 .................................................................................................6, 15, 49

11 U.S.C. §102 ............................................................................................................49

11 U.S.C. §1112(b) .....................................................................................................47

11 U.S.C. §505 .......................................................................................................14, 15

11 U.S.C. §511 ............................................................................................................11

26 U.S.C. § 6672 .........................................................................................................15

### *Rules*

Bankruptcy Rule 3022 .................................................................................................48

### *Regulations*

Treasury Regulation Section 301.7701-4(d)..................................................................7

## I.    Introduction

2nd Chance Investment Group, LLC is the debtor and debtor in possession ("Debtor" and/or "2nd Chance") in the above-captioned Chapter 11 bankruptcy case ("Case"). On December 21, 2022 (the "Petition Date"), the Debtor commenced the Case by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. ("Bankruptcy Code") or "Code"). This document is the Debtor's Chapter 11 Liquidating Plan Dated May 10, 2023 ("Plan"). The Plan provides for a list of definitions of certain capitalized terms in Exhibit A.

The Debtor is the proponent of this Plan. Provided to you in the same envelope as this document is the Disclosure Statement Describing the Chapter 11 Liquidating Plan Dated May 10, 2023 ("Disclosure Statement") [which has been approved by this Court as having adequate information to help you understand the Plan.][2] The Disclosure Statement is explanatory while the language in the Plan is binding. Your rights may be affected, and you should read these papers carefully. Discuss them with an attorney if you have one. If you do not have an attorney, you may wish to consult one.

Chapter 11 allows the Debtor, and, under some circumstances, creditors, and other parties in interest, to propose a plan of reorganization or liquidation. This Plan is a plan of liquidation proposed by the Debtor. The effective date of this Plan (the "Effective Date") is the first day of the month that is at least fifteen days after the date an order confirming Debtor's plan is entered, so long as there is no order staying the effectiveness of the order confirming the plan (the "Confirmation Order"). The Confirmation Order will allow disbursements on Allowed Claims.

The Debtor believes that this Plan enables the bankruptcy estate ("Estate") to efficiently liquidate its assets for the benefit of creditors and accomplish its objectives within Chapter 11. The

---

[2] Items described in certain [brackets] are subject to updating prior to solicitation of the Plan.

Debtor recommends that all parties and creditors eligible for voting to cast a ballot or ballots accepting the Plan.

## II.    Plan Summary

As required by the Bankruptcy Code, the Plan classifies claims and interests into classes and priority.  All claims against the Estate are presented in Exhibit B, including but not limited to, proofs of claim filed in this case, claims which have been satisfied during the bankruptcy case, unliquidated claims, disputed claims, contingent claims, or unfiled claims. Some of these claims may ultimately be disallowed or are otherwise subject to claim objection proceedings by the Debtor or Reorganized Debtor.

This Plan is a liquidating plan that creates a liquidating trust (the "Liquidating Trust") for the benefit of creditors. The Liquidating Trust shall be a creditors' liquidating trust for all purposes, including Treasury Regulation Section 301.7701-4(d), and is intended to be treated as a grantor trust for federal income tax purposes.  The Liquidating Trust will be organized for the purpose of collecting, distributing, liquidating, and otherwise disposing of all the funds, property, claims, rights, and causes of action of the Debtor and its estate, which is assigned to the Liquidating Trust pursuant to, and in accordance with, this Plan.  After the Liquidating Trust is created and takes ownership and/or assignment of funds, property, claims, rights, and causes of action of the Debtor and its Estate, the Debtor shall dissolve or otherwise wind down pursuant to applicable law and shall not conduct any further business or other activities. The Liquidating Trust is attached as Exhibit D.

The Plan contemplates a distribution to creditors of the Debtor based upon cash generated from (1) the sale of substantially all the Debtor's assets; and (2) the resolution, settlement, or liquidation of claims; and 3) the potential claims of the Debtor against various parties.

The rights of the Debtor to pursue claims of the Estate are subject to a Stipulation with the Official Committee of Unsecured Creditors ("Stipulation"). The terms of the Stipulation, by which a

copy of the terms and agreement with the Official Committee of Unsecured Creditors is attached as

Exhibit C, are incorporated into this Plan. A copy of the order approving the Stipulation is appended

as part of Exhibit C.  The Stipulation provides the Official Committee of Unsecured Creditors, by and

through its counsel, the ability to (a) investigate Avoidance Actions, (b) file, serve, prosecute, and

settle (subject to separate Bankruptcy Court approval) Avoidance Actions, whether in the Bankruptcy

Court or another forum, and (c) grant releases of liability with respect to Avoidance Actions that are

settled pursuant to separate Bankruptcy Court approval. It grants further authority to the Committee

to investigate and prosecute objections to non-Committee Member proofs of claim on behalf of the

Estate.  The Committee may continue to pursue claims post-confirmation consistent with the terms of

the Stipulation or alternatively the Liquidating Trustee may hire the Committee's counsel to continue

with the terms of the Stipulation.

## III.    Classification and Treatment of Claims and Interests Under the Plan
### 1.    General Overview

Claim treatment in this Plan is in full and complete satisfaction of the legal, contractual, and

equitable rights (including any liens) that each creditor, entity, or individual holding a claim may

have against the Debtor or the Estate and each holder of an equity interest in the Debtor. Plan

treatment supersedes and replaces any agreements or rights that any holder of a claim or equity

interest may have with or against the Debtor, the Estate, or their respective property.  All distributions

in respect of Allowed Claims will be allocated first to the principal amount of the Allowed Claim, as

determined for federal income tax purposes, and thereafter, to the remaining portion of such Allowed

Claim, if any exists.

As required by the Bankruptcy Code, the Plan classifies claims in various classes according to

their right to priority. The Plan states whether each class of claims is impaired or unimpaired.  The

Plan provides the treatment each class will receive.  In no event shall any creditor receive more than

the creditor's Allowed Claim, plus interest.  Unless the Plan provides otherwise, no distributions will

be made, and no rights retained on account of any claim that has not become an Allowed Claim.

### 2.  Treatment of Unclassified Claims

Certain types of claims are not placed into voting classes but are instead considered to be

unclassified.  They are not impaired, and they do not vote on the Plan because they are automatically

entitled to certain treatment under the Bankruptcy Code.  The following claims are unclassified:

### a.  Administrative Expenses

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter

11 case that are allowed under section 507(a)(2) (incorporating 11 U.S.C. § 503).  For all fees, except

Clerk's Office fees and the U.S. Trustee fees, the professional in question must file and serve a

properly noticed fee application and the Court must rule on the application.  Only the amount of fees

allowed by the Court will be owed and required to be paid under this Plan.

The Code requires that all administrative claims be paid on the Effective Date of the Plan unless

a claimant agrees to a different treatment.  The administrative claims are to be paid in full on the

Effective Date or upon the first availability of funds from the sale of Estate property.  The Effective

Date of is the first day of the following month, that is at least fifteen days after the date an order

confirming Debtor's plan is entered, assuming that there has been no order staying the effectiveness

of the Confirmation Order. The following chart lists all the Debtor's estimated administrative claims

and their treatment under the Plan.

| Description | Estimated Amount Owed | Treatment |
| --- | --- | --- |
| Bankruptcy Court Clerk's Office | $0 | Paid in full before or upon the Effective Date |
| United States Trustee | To be determined | The quarterly fee is calculated by totaling the reported disbursements for the three-month calendar quarter, or portion thereof, according to the fee schedules shown below.  The quarterly fee amount will be |

|  |  | estimated if disbursements for all of the months of a calendar quarter that the case is open have not been reported to the United States Trustee.  The estimated fee is based on a) the reported disbursement history, b) the debtor's initial financial data submitted when the case was filed, or c) the United States Trustee's estimate.  If there is a disagreement with the estimated quarterly fee noted on the billing statement, then Monthly Operating Reports or actual disbursement reports supporting a different calculation must be filed with the bankruptcy court and served on the United States Trustee office. The applicable minimum fee is due even if there were no disbursements during a calendar quarter.  The fee is not prorated.<br><br>The Bankruptcy Administration Improvement Act of 2020, Pub. L. No. 116-325, enacted on January 12, 2021, temporarily amended the calculation of chapter 11 quarterly fees for calendar quarters beginning April 1, 2021, through December 31, 2025. Under this amendment, the quarterly fee payable for a calendar quarter shall be the greater of: (1) 0.4% of disbursements or $250 for each quarter in which disbursements total less than $1,000,000, and (2) 0.8% of disbursements but not more than $250,000 for each quarter in which disbursements total at least $1,000,000.<br><br>The creation of the Liquidating Trust does not qualify for and is not considered a disbursement for purposes of calculating United States Trustee fees. |
| Ordinary Course Administrative Claims | $0 | Unless the Debtor objects to the ordinary- course administrative claim, the claim will be allowed and the person holding the ordinary-course administrative claim need not file any request for payment of its claim. The ordinary-course administrative claim will be paid in full over six (6) months.  However, any request for payment, or motion to allow a claim as an ordinary-course administrative claim must be filed with the Court and served on counsel for the Debtor or the Liquidating Trustee and the OUST by no later than sixty (60) days after the Effective Date. |
| Administrative Tax Claim | $0 | Unless the Debtor objects to an administrative tax claim or otherwise disputes the administrative tax claim in accordance with applicable law, the claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the administrative tax claim, and the person holding the administrative tax claim need not file any request for payment of its claim. |

| | | Any allowed administrative tax claim will be paid in the ordinary course of business, currently and timely as they are incurred and assessed, unless the Debtor objects to or otherwise disputes such administrative tax claim in accordance with applicable law.  In an event of default, and to the extent such administrative tax claim is also secured, the payment thereof will include all costs, fees, charges and interest, if applicable, as required under 11 U.S.C. §511, 11 U.S.C. § 506(b) and 511, and applicable non-bankruptcy law. The Debtor calculates tax claims in the Disclosure Statement based on the sale of property of the Estate. |
|---|---|---|
| David Goodrich of Golden Goodrich LLP ("GGLLP") | $25,000 | GGLLP is employed under 11 U.S.C. § 363. The balance due to GGLLP will be paid directly by the Debtor.  The amounts listed here are an estimate for administrative fees for GGLLP. |
| Financial Relief Law Center, APC ("Lawcenter") | $150,000 | The balance due to Lawcenter will be paid directly by the Debtor after fees and expenses are awarded by the Court.  The amounts listed here are an estimate for administrative fees for Lawcenter. |
| Goe, Forsythe & Hodges, LLP ("Committee") | $75,000 | The balance due to the Committee will be paid directly by the Debtor after fees and expenses are awarded by the Court.  The amounts listed here are an estimate for administrative fees for the Committee. |
| Grobstein Teeple ("GT") | $50,000 | The balance due to GT will be paid directly by the Debtor after fees and expenses are awarded by the Court. The amounts listed here are an estimate for administrative fees for GT. |
| Bewley, Lassleben & Miller, LLP | $15,000 | The Debtor intends to employ Bewley, Lassleben & Miller, LLP to assist the Debtor with any eviction actions. The terms of this professional's engagement will be subject to court approval of both employment as well as fees and expenses. |
| Estimated Total | $315,000 +/- | - |

## b.  Contingent Administrative Expenses

Members of the Contingent Administrative Expenses class are the real estate agents and brokers who incur fees and expenses, but those fees and expenses are not payable unless the real property that the member is engaged for sales of the real property.  The following chart lists the

Contingent Administrative Expense class members and the parcel of real estate for which they are engaged.

| Address | Broker | Co-Broker | Listing Price | Commission |
|---|---|---|---|---|
| 324 W. 47th Pl. Los Angeles, CA 90037 | Coldwell Banker | None. | $640,000 | 6% |
| 730 E. 78th St. Los Angeles, CA 90001 | Coldwell Banker | None. | $685,000 | 6% |
| 13352 Marty Lane Garden Grove, CA 92843 | Coldwell Banker | None. | $700,000 | 6% |
| 37472 Yorkshire Dr. Palmdale, CA 93550 | Coldwell Banker | Citrus Grove Real Estate | $410,000 | 6% |
| 37915 Marsala Dr. Palmdale, CA 93552 | Coldwell Banker | Citrus Grove Real Estate | $420,000 | 6% |
| 43933 30 St. E. Lancaster, CA 93535 | Coldwell Banker | Citrus Grove Real Estate | $305,000 | 6% |
| 25641 Byron St. San Bernardino, CA 92404 | Coldwell Banker | 44 Realty | $480,000 | 6% |
| 3025 Glenview Ave. San Bernardino, CA 92407 | Coldwell Banker | 44 Realty | $365,000 | 6% |
| 827 N. Meridian Ave. San Bernardino, CA 92410 | Coldwell Banker | 44 Realty | $460,000 | 6% |
| 1004 Peachwood Ct., Los Banos, CA 93635 | Coldwell Banker | Keller Williams / Coldwell Banker | $400,000 | 6% |
| 1611 151st St., San Leandro, CA 94578 | Coldwell Banker Southern California | Coldwell Banker Northern California | $600,000 | 6% |
| 1016 Portal Ave. Bakersfield, CA 93308 | Coldwell Banker | REMAX Golden Empire | $240,000 | 6% |
| 3122 Emery Lane Robbins, IL 60472 | EXP Realty | None. | $85,000 | 6% |
| 8607 Custer Road SW, Lakewood, WA 98499 | Keller Williams Tacoma | None | $395,000 | 6% |

### c. Professional Fee Claims

Any professional seeking allowance of a professional fee claim for services rendered to the Effective Date in connection with the Debtor's case must (1) file their application for allowance of compensation and reimbursement of expenses on or before 45-days after the Effective Date or such

other date as may be set by the Court, and (2) have the fees and expenses allowed by a final order.

Any party in interest may file an objection to such an application within the time provided by the

Local Bankruptcy Rules or within any other period that the Court sets. Persons holding professional

fee claims or who do not timely file and serve their applications for payment will be forever barred

from asserting these claims against the Estate or the Liquidating Trust.

### d. Tax Claims

Priority tax claims include certain unsecured income, employment and other taxes described

by 11 U.S.C. § 507(a)(8). The Bankruptcy Code requires that each holder of such a § 11 U.S.C.

§507(a)(8) priority tax claim receive the present value of such claim in regular installments payments

in cash, over a period not exceeding five (5) years from the Petition Date.  The following chart lists

all the Debtor's known §11 U.S.C. § 507(a)(8) claims and their treatment under the Plan.

| Description | Amount Owed | Treatment[3] |
|---|---|---|
| United States of America, on behalf of its agency, the Internal Revenue Service ("IRS")[4] | $0 | To the extent there is Trust Property available, the allowed priority tax claim will be paid in full. Alternatively, each holder of an allowed priority tax claim will receive, in full and final satisfaction of such claim, a pro rata share of the remaining Trust Property.<br><br>The Debtor projects that this claim will be paid in full since it is $0.  To the extent any additional taxes become due with the sale of real property, those taxes |

---

[3] Nothing in the Plan or Confirmation Order shall discharge, release, relieve, impair, or otherwise preclude collection of any tax liability asserted against officers or members of the Debtor's board, including, but not limited to, any assessments under 26 U.S.C. § 6672.

[4] Nothing contained in the Plan or Confirmation Order shall be deemed to determine the tax liability of any person or entity, including but not limited to the Debtor and the Liquidating Trust, as defined in the Plan.  Nor shall the Plan or the Confirmation Order be deemed to determine the federal tax treatment of any items, distribution, or entity, including the federal tax consequences of this Plan. Nor shall anything in this Plan or the Confirmation Order be deemed to confer jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided under §11 U.S.C. 505.

|  |  | will be paid through escrow, in full or as agreed to in writing by the IRS[5]. |
| Franchise Tax Board ("FTB") Claim 4 Priority: $866.63 | $866.63 | To the extent there is Trust Property available, the allowed priority tax claim will be paid in full. Alternatively, each holder of an allowed priority tax claim will receive, in full and final satisfaction of such claim, pro rata shares of the remaining Trust Property. The Debtor projects that this claim will be paid in full. To the extent any additional taxes become due by the Debtor with the sale of real property, those taxes will be paid through escrow, in full or as agreed to in writing by the FTB. |

### 3. Tax Disclaimers

Nothing contained in the Plan or Confirmation Order shall be deemed to determine the tax liability of any person or entity, including but not limited to the Debtor and the Liquidating Trust as defined in the Plan, nor shall the Plan or Confirmation Order be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of this Plan, nor shall anything in this Plan or Confirmation Order be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided under 11 U.S.C. §505.

Notwithstanding anything contained in the Plan or Confirmation Order to the contrary, nothing in the Plan or Confirmation Order shall discharge, release, impair or otherwise preclude: (1) any liability to the United States that is not a "claim" within the meaning of section 101(5) of the

---

[5] Notwithstanding anything contained in the Plan or Confirmation Order to the contrary, nothing in the Plan or Confirmation Order shall discharge, release, impair or otherwise preclude: (1) any liability to the United States that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code; (2) any Claim of the United States arising on or after the Confirmation Date; or (3) the refiling of a notice of federal tax lien to maintain perfection of the lien.  Nor shall anything in this Confirmation Order or the Plan: (i) enjoin or otherwise bar the United States or any Governmental Unit, as defined in section 101(27), from asserting or enforcing, outside the Bankruptcy Court, any liability described in the preceding sentence; or (ii) divest any court, commission, or tribunal of jurisdiction to determine whether any liabilities asserted by the United States or any Governmental Unit are discharged or otherwise barred by the Confirmation Order, the Plan, or the Bankruptcy Code.

Bankruptcy Code; (2) any Claim of the United States arising on or after the Confirmation Date; or (3)

the refiling of a notice of federal tax lien to maintain perfection of the lien.  Nor shall anything in this

Confirmation Order or the Plan: (i) enjoin or otherwise bar the United States or any Governmental

Unit, as defined in section 101(27), from asserting or enforcing, outside the Bankruptcy Court, any

liability described in the preceding sentence; or (ii) divest any court, commission, or tribunal of

jurisdiction to determine whether any liabilities asserted by the United States or any Governmental

Unit are discharged or otherwise barred by the Confirmation Order, the Plan, or the Bankruptcy

Code. Nothing in the Plan or Confirmation Order shall discharge, release, relieve, impair, or

otherwise preclude collection of any tax liability asserted against officers or members of the Debtor's

board, including, but not limited to, any assessments under 26 U.S.C. § 6672.

### 4. Classified Claims
#### 1. Secured Claims

Secured Claims are claims secured by liens on property of the Estate.  The following chart of

secured claims identifies the Plan's treatment of unimpaired secured claims. There are no claims in

Class 1, and there are no insiders in Class 1.

## 1. Class 1 – Unimpaired Secured Claims

There are no claims in this class.

| Secured Claims[6] | | | |
|---|---|---|---|
| **Class, Creditor, and POC** | **Description** | **Impaired (Y/N)** | **Treatment** |
| **Class 1-1** | - | - | - |

## 2. Class 2 – Impaired Secured Claims

Each claim in Class 2 is impaired. There are no insiders in any Class 2 claim or member of

Class 2 or its subclasses.

---

[6] The claim amounts set forth in this chart are based on the Debtor's records and/or proofs of claim filed by the creditor. Such amounts may vary based on, among other things, the incurrence of interest and/or payments made on account of such Secured Claims following the Petition Date.

**Secured Claims[7]**

| Class, Creditor, and POC | Description | Treatment |
|---|---|---|
| **Class 2-1**<br><br>**Ally Bank**<br><br>**Claim 1** | Secured Claim of Ally Bank for 2021 Mercedes-Benz Sprinter ("MB1" in the Debtor's Motion to Abandon). | The Debtor filed DEBTOR'S MOTION TO ABANDON PERSONAL PROPERTY OF THE ESTATE ("Motion to Abandon") on February 21, 2023, as ECF No. 55. A relief from stay motion is currently pending that the Debtor does not oppose. Ally Bank's deficiency claim, if any exists, shall be re-classified as a general unsecured claim in Class 4. There shall be no disbursement on any secured claim in this class. |
| **Class 2-2**<br><br>**Claim 56** | Secured Claim of Mercedes-Benz Financial Services for 2021 Mercedes-Benz Sprinter ("MB2" in the Debtor's Motion to Abandon). | The Debtor filed DEBTOR'S MOTION TO ABANDON PERSONAL PROPERTY OF THE ESTATE on February 21, 2023, as ECF No. 55. A relief from stay motion is currently pending that the Debtor does not oppose. There shall be no disbursement on any secured claim in this class. Mercedes-Benz Financial Service shall not be entitled to any deficiency claim in Class 4 based on its late-filed claim. |
| **Class 2-3**<br><br>**Claim 56** | Secured Claim of Mercedes-Benz Financial Services for 2021 Mercedes-Benz Sprinter ("MB3" in the Debtor's Motion to Abandon). | The Debtor filed DEBTOR'S MOTION TO ABANDON PERSONAL PROPERTY OF THE ESTATE on February 21, 2023, as ECF No. 55. A relief from stay motion is currently pending that the Debtor does not oppose. There shall be no disbursement on any secured claim in this class. Mercedes-Benz Financial Service shall not be entitled to any deficiency claim in Class 4 based on its late-filed claim. |
| **Class 2-4**<br><br>**Claim 57** | Secured Claim of Mercedes- | The Debtor filed DEBTOR'S MOTION TO ABANDON PERSONAL PROPERTY OF THE ESTATE on February 21, 2023, as ECF No. 55. A relief from stay motion is currently pending that the Debtor does not |

---

[7] The claim amounts set forth in this chart are based on the Debtor's records and/or proofs of claim filed by the creditor. Such amounts may vary based on, among other things, the incurrence of interest and/or payments made on account of such Secured Claims following the Petition Date.

| | Benz Financial Services for 2021 Mercedes-Benz Sprinter ("MB4" in the Debtor's Motion to Abandon). | oppose. There shall be no disbursement on any secured claim in this class. Mercedes-Benz Financial Service shall not be entitled to any deficiency claim with no proof of claim being filed by the claims bar date of April 10, 2023. |
|---|---|---|
| **Class 2-5**<br><br>**U.S. Small Business Administration**<br><br>**Claim 5** | Secured Claim of U.S. Small Business Administration | The claim of U.S. Small Business Administration is secured by a UCC Financing Statement securing, "All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies, and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto, EXEMPT Per California Government Code Section 6103 PLEASE EXPEDITE [redacted text] 7808."<br><br>To the extent the Debtor or Trustee liquidate any assets secured by the U.S. Small Business Administration debt, the U.S. Small Business Administration will receive a distribution on the asset liquidated in the same extent, priority and amount that existed on the petition date, but subject to any senior lien rights perfected against the asset liquidated.  Unless the U.S. Small Business Administration agrees to release its lien or recharacterize its debt as a general unsecured debt, the U.S. Small Business Administration will not receive any distribution under the Plan as an unsecured creditor. |
| **Class 2-6**<br><br>**Wells Fargo Bank, N.A.**<br><br>**Claim 6** | Secured claim of Wells Fargo Bank, N.A. | Wells Fargo Bank, N.A. filed Claim 6 on February 23, 2023, relating to its lien against real property located at 33232-3234 Folson Street, San Francisco, CA 94110, which is not property of the bankruptcy estate.  The Debtor objected to this claim on April 5, 2023.  The Class 2-6 creditor withdrew the claim on April 6, 2023.<br><br>Claim 6 will be treated, in its entirety, under Class 5: Disputed, Contingent, and Unliquidated Claims and will receive no dividend under the Plan. |

| Class 2-7 **Fay Servicing** **Claim 51** | Secured claim of Fay Servicing | Real property located at 3025 Glenview Ave., San Bernardino, CA 92407 shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-7 shall be paid pursuant to the Liquidating Trust. |
|---|---|---|
| Class 2-8 **Del Toro Servicing, Inc.** **Claim 48** | Secured Claim of Del Toro Servicing, Inc. | Real property located at 25641 Byron St., San Bernardino, CA 92404, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-8 shall be paid pursuant to the Liquidating Trust. |
| Class 2-9 **Del Toro Servicing, Inc.** **Claim 48** | Secured Claim of Del Toro Servicing, Inc. | Real property located at 827 N. Meridian Ave., San Bernardino, CA 92410, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-9 shall be paid pursuant to the Liquidating Trust. |
| Class 2-10 **Del Toro Servicing, Inc.** **Claim 48** | Secured Claim of Del Toro Servicing, Inc. | Real property located at 1611 1551st St., San Leandro, CA 94578, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-10 shall be paid pursuant to the Liquidating Trust. |
| Class 2-11 **FCI** **Claim 50** | Secured claim of FCI | Real property located at 43933 30 St. E., Lancaster, CA 93535, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-11 shall be paid pursuant to the Liquidating Trust. |
| Class 2-12 **FCI** **Claim 50** | Secured claim of FCI | Real property located at 1004 Peachwood Crt, Los Banos, CA 93635, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-12 shall be paid pursuant to the Liquidating Trust. |
| Class 2-13 **FCI** **Claim 50** | Secured claim of FCI | Real property located at 730 E. 78th St., Los Angeles, CA 90001, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-13 shall be paid pursuant to the Liquidating Trust. |
| Class 2-14 **FCI** | Secured claim of FCI | Real property located at 1016 Portal Ave., Bakersfield, CA 93308, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-14 shall be paid pursuant to the Liquidating Trust. |

| Claim 50 | | |
|---|---|---|
| **Class 2-15**<br><br>**FCI**<br><br>**Claim 50** | Secured claim of FCI | Real property located at 37915 Marsala Dr., Palmdale, CA 93552, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-15 shall be paid pursuant to the Liquidating Trust. |
| **Class 2-16**<br><br>**Select Portfolio Servicing**<br><br>**No claim filed.** | Secured claim by Select Portfolio Servicing | Real property located at 13352 Marty Lane, Garden Grove, CA 92843, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-16 shall be paid pursuant to the Liquidating Trust. |
| **Class 2-17**<br><br>**Select Portfolio Servicing**<br><br>**No claim filed.** | Secured claim by Select Portfolio Servicing | Real property located at 324 W. 47th Pl., Los Angeles, CA 90037, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-17 shall be paid pursuant to the Liquidating Trust. |
| **Class 2-18**<br><br>**Selene Finance**<br><br>**Claim 55** | Secured claim by Selene Finance | Real property located at 37472 Yorkshire Dr., Palmdale, CA, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-18 shall be paid pursuant to the Liquidating Trust. |
| **Class 2-19**<br><br>**Superior Loan Servicing**<br><br>**No claim filed** | Secured claim by Superior Loan Servicing | Real property located at 8607 Custer Rd SW, Lakewood, WA 98499, shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-19 shall be paid pursuant to the Liquidating Trust. |

### 3. Lease Assumptions and Rejections

On the Effective Date, the following executory contracts, unexpired leases, or personal guarantees of leases or contracts will be treated as obligations of the Reorganized Debtor, as follows under this Chapter 11 Plan:

| Property Address | Lessee / Status | Summary of Lease | Intention |
|---|---|---|---|
| 3025 Glenview Ave. San Bernardino CA 92407 | Occupied | To the extent that a valid contract or lease existed, it was breached by occupant for non-payment of rent. | Reject |
| 13352 Marty Lane Garden Grove CA 92843 | Kathy Martinez and Fabien Martinez | To the extent that a valid contract or lease existed, it was breached by occupant for non-payment of rent. | Reject |
| 37472 Yorkshire Dr. Palmdale CA 93550 | Clotee Downing | To the extent that a valid contract or lease existed, it was breached by Tenant for non-payment of rent. | Reject |
| 324 W 47th Pl. Los Angeles CA 90037 | Michael Robert Chapman, Sr. | Subject to 11 U.S.C. §§ 544(a), 548, 550, 551, and Cal. Civ. Code Pro. Section 3439.01 et seq. | Reject |
| 25641 Byron St. San Bernardino CA 92404 | Margaret Adams | Subject to 11 U.S.C. §§ 544(a), 548, 550, 551, and Cal. Civ. Code Pro. Section 3439.01 et seq. | Reject |
| 43933 30 St E Lancaster CA 93535 | Thamar Ann Peterson | To the extent that a valid contract or lease existed, it was breached by Tenant for non-payment of rent. | Reject |
| 1004 Peachwood Crt. Los Banos CA 93635 | Rosendo Quiroz Estroga | To the extent that a valid contract or lease existed, it was breached by Tenant for non-payment of rent. | Reject |
| 8607 Custer Rd SW Lakewood WA 98499 | Vacant. | No lease exists. | Not applicable. |
| 827 N Meridian Ave. San Bernardino CA 92410 | Teresa Miller | To the extent that a valid contract or lease existed, it was breached by Tenant for non-payment of rent. | Reject |

| 730 E 78th St Los Angeles CA 90001 | Keisha Marie Terrell | To the extent that a valid contract or lease existed, it was breached by the Tenant for non-payment of rent. | Reject |
|---|---|---|---|
| 1611 151st St. San Leandro CA 94578 | Shawn Southern | To the extent that a valid contract or lease existed, it was breached by occupant for non-payment of rent. | Reject |
| 1016 Portal Ave. Bakersfield CA 93308 | Vacant. | No lease exists. | Not applicable. |
| 37915 Marsala Dr. Palmdale CA 93552 | Gregory Steven | To the extent that a valid contract or lease existed, it was breached by Tenant for non-payment of rent. | Reject |
| 3122 Emery Lane, Robbins, IL | Vacant. | No lease exists. | Not applicable. |

**Rejections**

On the Effective Date, any lease or unexpired executory contract that is not specifically assumed is rejected under the Plan. The order confirming this Plan shall constitute an Order approving the rejection of any other leases or contracts. If you are a party to a lease or contract to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to confirmation of the Plan.

The bar date for filing a proof of claim based on a claim arising from the rejection of a lease or contract is thirty (30) days after entry of the order confirming the Plan. Any claim based on rejection of a contract or lease will be barred if the proof of claim is not timely filed unless the Court later orders otherwise.

### 4. General Unsecured Claims

Class 4 contains unsecured claims that are unsecured claims that are not entitled to priority under Code Section 507(a). Each allowed general unsecured claim that is not disputed, contingent, or subject to a claim objection or plan treatment stipulation will receive its pro rata share. The following chart identifies the Plan's treatment of General Unsecured Claims:

**General Unsecured Claims**

| Class | Description | Insider Claims | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| **4** | General Unsecured Claims <br><br> Estimated total amount of claims: $9,636,685.55 | 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 44, 45, 49 | Y | General Unsecured Claims have been estimated at $9,636,685.55. Claims 2, 3, 4, 5, 27, 28, 20, 30, 31, 32, 33, 34, 35 ,36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 49, 52, 53, and 54 are included in this class. The exact amount of Class 4 Allowed Claims will not be known until the claims process has been completed.  Each holder of an allowed Class 4 claim will receive a pro rata share of the unencumbered cash remaining in the Liquidating Trust after the payment of all other Allowed Claims such as administrative claims (including the fees and costs of the Liquidating Trust), and all allowed priority claims, which are not classified, including priority tax claims.  The Debtor projects that General Unsecured Claims will be paid in 2023-2026 from funds received the sale of real property and assets of the bankruptcy estate. |

**Class 5: Disputed, Contingent, and Unliquidated Claims**

Class 5 members do not have allowed claims in this bankruptcy proceeding.  Accordingly, pursuant to Federal Rules of Bankruptcy Procedure Rule 3003(c)(2), those claims or interests that were scheduled as disputed, contingent, or unliquidated by the Debtor in its petition and schedules shall not be treated as a creditor for purposes of voting and shall receive no distribution under the plan.

A claim is deemed allowed if (1) it is scheduled on the Debtor's schedules and such claim is not scheduled as disputed, contingent, or unliquidated, and (2) no party in interest has objected to the claim.  An interest is deemed allowed if it is scheduled and no party in interest has objected to the interest.  Pursuant to 11 U.S.C. Section 1111(a), those claims or interests that were scheduled as disputed, contingent, or unliquidated by the Debtor in their petition and schedules are treated as unfiled claims unless the creditor filed a proof of claim in this case on or before the claims bar date.

Creditors and interest holders in Class 5 are listed in Exhibit 5 to the Disclosure Statement and are subject to having their debts and interests discharged under 11 U.S.C. Section 1141 without receiving any distribution under the Chapter 11 plan. Parties in Class 5 shall be enjoined from demanding, pursuing, or obtaining payment from the Debtor on their alleged debt for a period of sixty-two months following the Effective Date, conditioned upon the Debtor making payments as required

under the terms of the Chapter 11 plan.  This injunction ensures that Debtor can perform under the terms of the Chapter 11 plan in funding sixty months of payments for the benefit of the allowed claims belonging to secured and unsecured creditors in this case, without having to defend against claims that were not filed in the Debtor's bankruptcy case.

## IV.  Means of Effectuating and Implementation of the Plan
### A.  The Liquidating Trust
### i.  Execution of the Liquidating Trust Agreement

On the Effective Date, a Liquidating Trust Agreement in a form approved by the Bankruptcy Court at the Plan Confirmation Hearing shall be executed, and all other necessary steps shall be taken to establish a Liquidating Trust and the beneficial interests therein, which shall be for the benefit of all creditors entitled to receive distributions under the Plan from the Liquidating Trust.

### ii.  Purpose of the Liquidating Trust

The Liquidating Trust Shall Be established and maintained for the purpose set forth in the Liquidating Trust Agreement, including for the purpose of collecting, distributing, and liquidating all of the funds and property assigned to the Liquidating Trust, and pursuing claims and causes of actions assigned to the Liquidating Trust under this Plan for the benefit of the creditors entitled to receive distributions under the Plan from the Liquidating Trust according to the terms of the Liquidating Trust Agreement and the Plan. The Liquidating Trust shall have no objective or authority to continue or to engage in the conduct of any trade or business.

### iii.  Transfer of Property to the Liquidating Trust

b. On the Effective Date, all right, title and interest of the Debtor and the Estate in property and assets of any kind (the "Trust Property"), shall be, and shall be deemed to be, irrevocably transferred, absolutely assigned, conveyed, set over and delivered to the Liquidating Trust, in trust to and in trust for the benefit of the beneficiaries of the Liquidating Trust for the uses and purposes stated herein and in the Liquidating Trust Agreement, free and clear of any and all liens, claims, encumbrances and interests (legal, beneficial or otherwise) of all other entities to the maximum extent contemplated by

1   and permissible under section 1141(c) of the Bankruptcy Code, except as set forth in the Plan

2   Confirmation Order or this Plan.  To the extent that certain assets of the Debtor or the Debtor's Estate

3   (and their rights, title, and interests in such assets), because of the nature or because they will accrue

4   subsequent to the Effective Date, cannot be irremovably transferred, absolutely assigned, conveyed,

5   set over or delivered to the Liquidating Trust on the Effective Date, such assets are deemed assigned,

6   set over, transferred and conveyed to the Liquidating Trust as soon as practicable after the Effective

7   Date.  The Liquidating Trustee is hereby granted the Power of Attorney to execute documents on

8   behalf of the Debtor, as reasonably determined by the Liquidating Trustee (in recordable form where

9   necessary or appropriate) to vest or perfect in or confirm to the Liquidating Trustee title to and

10  possession of the Trust Property.

11     c.  On or after the Effective Date, the Liquidating Trustee and the Committee shall continue as the

12  plaintiff in all litigation or causes of action in which the Debtor or the Committee were plaintiff prior

13  to the Effective Date.  On the Effective Date, all causes of action that belong to the Debtor and/or the

14  Debtor's Estate are assigned to the Liquidating Trustee or the Committee, as provided for in the

15  stipulation between the parties attached hereto as <u>Exhibit 3</u>.

16     d.  The transfer of assets of the Estate to the Liquidating Trust shall be made for the benefit of the

17  beneficiaries of the Liquidating Trust, but only to the extent the beneficiaries are entitled to

18  distributions under the Plan. In conjunction with the Debtor's motion to confirm the Plan, the Debtor

19  will seek an order finding that the transfer of the assets of the Estate to the Liquidating Trust shall not

20  constitute a distribution under 28 U.S.C. §1930(a)(6) if there is an adverse position held by any party.

21  e. For all federal, state, and local income tax purposes, the Debtor, the beneficiaries of the

22  Liquidating Trust, and the Liquidating Trustee shall treat the transfer of the Trust Property to the

23  Liquidating Trust as a transfer of the Trust Property by the Debtor to the beneficiaries of the

Liquidating Trust in exchange for their beneficial interests in the Liquidating Trust. The beneficiaries of the Liquidating Trust shall be treated as the grantors and owners of the Liquidating Trust.

### iv.    Governance of the Liquidating Trust

The Liquidating Trust shall be governed by the Liquidating Trustee in accordance with the Liquidating Trust Agreement and consistent with the Plan. A proposed form of the Liquidating Trust Agreement is attached hereto as Exhibit 1.

### v.    Designation of Liquidating Trustee

David Goodrich shall serve as the Liquidating Trustee, subject to the provisions of the Liquidating Trust Agreement. The Liquidating Trustee currently serves as the Debtor's Chief Restructuring Officer. As the Liquidating Trustee, he will be the sole officer of the Debtor and responsible for all further decisions, by which his historical knowledge of the Debtor is crucial. The designation of the Liquidating Trustee shall be effective on the Effective Date without the need for any further order of the Bankruptcy Court. The duties, obligations, and responsibilities of the Liquidating Trustee shall be as set forth in the Liquidating Trust Agreement and shall include, but not be limited to, the following: (a) oversee the preservation, holding, management and maximization of all Trust Property and distribute it to the beneficiaries of the Liquidating Trust; (b) take or not take those actions that the Liquidating Trustee, in his business discretion believes to be in accordance with the best interests of the beneficiaries of the Liquidating Trust and which actions or inactions are consistent with the Plan. The Liquidating Trustee's responsibilities, duties and obligations are soley to the beneficiaries of the Liquidating Trust. The Liquidating Trustee shall have an independent right and standing to request relief from the Bankruptcy Court that the Liquidating Trustee believes to be in accordance with the best interests of the beneficiaries of the Liquidating Trust. The Liquidating Trustee shall be deemed to be a "party in interest" within the meaning of section 1109(b) of the

Bankurptcy Code and a representative of the Debtor's Estate under Bankruptcy Code sections 1123(b)(3) and 1129(a)(5).

### vi.    Rights, Powers, and Privileges of the Liquidating Trustee

The Liquidating Trustee shall have all of the rights, powers, and privileges expressly provided for by the Liquidating Trust Agreement and the Plan.  The Liquidating Trustee shall have the power to take the actions granted in the Liquidating Trust Agreement and any powers reasonably incidental thereto so that the Liquidating Trustee, in his reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Liquidating Trust, unless otherwise specifically limited or restricted by this Plan or the Liquidating Trust Agreement.

### vii.    Agents and Professionals

The Liquidating Trustee shall consult with and retain attorneys, accountants, appraisers, or other parties deemed by the Liquidating Trustee to have qualifications necessary to assist in the proper administration of the Liquidating Trust.  The Liquidating Trustee may pay the reasonable salaries, fees and expenses of such persons as himself, and contingency fees out of the Trust Property in the ordinary course to the extent permitted herein.

### viii.    Investment and Safekeeping of Trust Property

All monies other than Trust Property received by the Liquidating Trustee shall, until distributed or paid over as provided in the Liquidating Trust Agreement and this Plan, be held in the Liquidating Trust for the benefit of the beneficiaries of the Liquidating Trust, but need not be segregated from other Trust Property, unless and to the extent required by law or this Plan.  The Liquidating Trustee shall have no liability for interest or producing income or any money received by the Liquidating Trust and held for distribution or payment to the beneficiaries of the Liquidating Trust, except as such interest shall actually be received by the Liquidating Trustee.  Investments of any money held by the Liquidating Trustee shall be administered in the view of the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own

affairs.  For the removal of doubt, the investment powers of the Liquidating Trustee, other than those reasonably necessary to maintain the value of the Trust Property and to further the liquidating purpose of the Liquidating Trust are limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary, liquid investments such as treasury bills.

### ix.    Use of Existing Accounts

The Liquidating Trustee may use the Debtor's existing bank accounts (as of the Effective Date) for the purposes set forth herein, to the extent possible and desired. The Liquidating Trustee may also close the existing bank accounts of the Debtor and transfer all amounts to one or more separate accounts.

### x.    Limitations on the Liquidating Trustee and Payment of Fees

The Liquidating Trustee shall not at any time, on behalf of the Liquidating Trust or beneficiaries of the Liquidating Trust: (i) enter into or engage in trade or business, and no part of the Trust Property or Proceeds, revenue, or income therefrom shall be used or disposed by the Liquidating Trust in furtherance of any trade or business, or (ii) except as provided in the Liquidating Trust Agreement, reinvest any Trust Property.  The Liquidating Trustee may invest funds held in the Liquidating Trust consistent with the requirements of the Liquidating Trust Agreement and the prudent person standard of care, provided that the Liquidating Trustee shall have no liability in the event of insolvency of any financial institution from invested funds to the extent that such institution is on the list of approved depositories by the United States Trustee.  The Liquidating Trustee shall hold, collect, conserve, protect and administer the Liquidating Trust in accordance with the provisions of the Liquidating Agreement and the Plan, and pay and distribute amounts as set forth herein for the purposes set forth in the Liquidating Trust Agreement.  Any determination by the

Liquidating Trustee as to what actions are in the best interests of the Liquidating Trust shall be determinative.

### xi.    Bankruptcy Court Approval of Liquidating Trustee Actions

Except as provided in this Plan or otherwise specified in the Liquidating Trust Agreement, the Liquidating Trustee need not obtain the approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder or account to the Bankruptcy Court.  The Liquidating Trustee shall exercise his business judgment for the beneficiaries of the Liquidating Trust to maximize the value of the Trust Property.  The Liquidating Trustee shall have the right to submit to the Bankruptcy Court any questions regarding the Trust Property, the Liquidating Trust, the Liquidating Trust Agreement, the Plan, or the Debtor.

### xii.    Valuation of Trust Property

The Trustee shall make best efforts to understand and apprise the Trust Beneficiaries of the fair market value of the Trust Property. The valuation shall be used consistently by all parties (including the Trustee and Trust Beneficiaries) for all federal income tax purposes.  Any dispute regarding the valuation of Trust Property shall be resolved by the Bankruptcy Court.

### xiii.    Distributions

The Liquidating Trustee shall distribute at least annually to the beneficiaries of the Liquidating Trust all net cash income plus all net cash rpoceeds from the liquidation of Trust Property; provided, however, that the Liquidating Trustee shall maintain at all times adequate cash reserves or marketable securities as reserves, including the Disputed Claim Reserve (defined below) as may be reasonable necessary to maintain the value of the Trust Property, satisfy projected expenses and meet claims and contingent liabilities of the Liquidating Trust.  The Liquidating Trustee may request the Bankruptcy Court to resolve any dispute or to rule upon any inquiry regarding the adequacy of reserves.

### xiv.    Pro Rata Share of Distributions

Each of the beneficiaries of the Liquidating Trust shall receive its share or its pro rata share (as applicable) of distributions made by the Liquidating Trustee.  The Liquidating Trustee may withhold from amounts distributable to any beneficiary of the Liquidating Trust any and all amounts determined in the Liquidating Trustee's reasonable sole discretion to be required by law, regulation, rule, ruling, director, or other governmental requirement.

### xv.    Delivery of Distributions

All distributions to be made to the beneficiaries of the Liquidating Trust shall be made by the Liquidating Trustee under the terms of the Plan.

### xvi.    Undelivered Property

Any beneficiary of the Liquidating Trust that fails to claim any cash within ninety (90) days from the date upon which a distribution is first made to such entity shall forfeit all rights to receive any distribution under the Plan, and shall not be subject to the unclaimed property or escheat laws of any governmental unit. Upon forfeiture, such cash (inlcuding interest thereon) shall be made available for re-distribution to all other beneficiaries of the Liquidating Trust.  Beneficiaries of the Liquidating Trust who fail to claim cash shall forfeit their rights thereto and have no claim whatsoever against the Liquidating Trust or the Liquidating Trustee, or any of the other beneficiaries of the Liquidating Trust to whom distributions are made under the Plan.  The Liquidating Trustee is authorized to, but is not required to, undertake reasonable efforts, in his[8] business judgment, to locate beneficiaries of the Liquidating Trust whose distributions are returned as undeliverable or whose checks are not timely cashed.

---

[8] Any reference to him/he/his relating to the Liquidating Trustee shall be treated with gender neutrality to the Liquidating Trustee and any successor.

### xvii.    De Minimus Distributions

No distribution shall be required to be made to any beneficiary of the Liquidating Trust under the Plan and the Liquidating Trust Agreement to any beneficiary unless such distribution amounts to greater than $25.00.  Any beneficiary of the Liquidating Trust on account of which the amount of cash to be distributed pursuant to any distribution from the Liquidating Trust of less than $25.00 shall be deemed to have no claim for any distribution of the Debtor, the Liquidating Trust, the Liquidating Trustee, or the Trust Property.

### xviii.    Payments Limited to Trust Property

All payments to be made by the Liquidating Trustee to or for the benefit of any beneficiary of the Liquidating Trust shall be made only to the extent that the Liquidating Turstee has sufficient cash reserves to make such payments according to the Liquidating Trust Agreement and the Plan.  Each beneficiary of the Liquidating Trust shall have recourse only to the Trust Proprety for distribution under the Liquidating Trust Agreement and this Plan.

### xix.    Fees and Expenses

Subject to the limitations set forth in the Liquidating Trust Agreement and in this Plan, the Liquidating Trustee shall pay and/or reserve for the operating and administrative expenses of the Liquidating Trust before approving distributions to or for the benefit of the beneficiaries of the Liquidating Trust.  The Liquidating Trustee shall satisfy any fees and expenses of the Liquidating Trust with Trust Property.

### xx.    Priority of Distributions

Any recovery of the Liquidating Trust on account of the Trust Property shall be applied in the following Order:

i.    First, to pay and/or reserve for any unpaid or reasonably anticipated costs and expenses of the Liquidating Trust, including, without limitation, reasonable professional fees, expenses, and court costs.

ii.    Second, distributed to the beneficiaires of the Liquidating Trust per the Liquidating Trust

Agreement and the Plan.

### xxi.    Compliance with Laws

Any and all distributions of Trust Property shall be in compliance with applicable laws,

including, but not limited to applicable federal and state securities laws.

### xxii.    Identification fo the Beneficiaries of the Liquidating Trust

Each of the beneficiaries of the Liquidating trust shall be recorded and set forth in a schedule

(the "Beneficiary Schedules") maintained by the Liquidating Trustee.  In order to determine the

actual names and addresses of the beneficiaries of the Liquidating Trust, the Liquidating Trustee may

either: (i) rely on the Beneficiary Schedules, or (ii) deliver a notice to the beneficiaries of the

Liquidating Trust to complete in order to be properly registered as a beneficiary of the Liquidating

Trust and be eligible for distributions under the Liquidating Trust.

### xxiii.    Beneficial Interest Only

The ownership of a beneficial interest in the Liquidating Trust shall not entitle any beneficiary of

the Liquidating Trust or the Debtor to any title in or to the Trust Property or to any right to call for a

partition or division of such Trust Property or to require an accounting, except as specifically

provided in the Liquidating Trust Agreement.

### xxiv.    Ownership of Beneficial Interest Hereunder

Subject to the requirements and limitations of the Liquidating Trust Agreement, each beneficiary

of the Liquidating Trust shall own a beneficial interest in the Liquidating Trust equal in proportion to

such Trust Beneficiary's pro-rata share of its Allowed Claim under the Plan.

### xxv.    Evidence of Beneficial Interest

Ownership of a beneficial interest in the Liquidating Trust shall not be evidenced by any

certificate, security, or receipt in any other form or manner, except as maintained on the books and

records of the Liquidating Trust by the Liquidating Trustee, including the Beneficiary Schedule.

### xxvi.    Conflicting Claims

If any conflicting claims or demands are made or asserted with respect to a beneficial interest, the Liquidating Trustee shall be entitled, at his sole election, to refuse to comply with such conflicting claims or demands.  In so refusing, the Liquidating Trustee may elect to make no payment or distribution with respect ot the beneficial interest represented by the claims or demands involved, or any part thereof, and the Liquidating Trustee shall refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands.  In so doing, the Liquidating Trustee shall not be or become liable to any party for his refusal to comply with any of such conflicting claims or demands.  The Liquidating Trustee shall be entitled to refuse to act until either (a) the rights of the adverse claimants have been adjudicated by a final order; or (b) all differences have been resolved by a written agreement among the parties and the Liquidating Trustee, by which the agreement includes a complete release of the Liquidating Trust and the Liquidating Trustee (the occurrence of either (a) or (b) is a "Dispute Resolution" in this paragraph). Until a Dispute Resolution is reached with respect to such conflicting claims or demands, the Liquidating Trustee shall hold in a segregated account with a United States financial institution approved by the United States Trustee for any payments or distributions from the Liquidating Trust to be made with respect to the beneficial interest at tissue.  Promptly after a Dispute Resolution is reached, the Liquidating Trustee shall transfer the payments and distributions, if any, held in the segregated account, in accordance with the terms of the Dispute Resolution.

### xxvii.    Limitation on Transferability

The beneficial interests in the Liquidating Trust are unassignable, other than by operation of law.

### xxviii.    Parties Dealing with the Liquidating Trustee

In the absence of actual knowledge to the contrary, any person dealing with the Liquidating Trust or the Liquidating Trustee shall be entitled to rely on the authority of the Liquidating Trustee or any of the Liquidating Trustee's agents or professionals to act in connection with the Trust Property.

No person or entity dealing with the Liquidating Trustee shall have any obligation to inquire into the validity, expediency or propriety of any transaction by the Liquidating Trustee or any agent or professional of the Liquidating Trustee.

### xxix.  Liquidating Trustee's Rights

In exercising the rights granted in the Liquidating Trust Agreement and this Plan, the Liquidating Trustee shall exercise his best judgment to the end that the affairs of the Liquidating Trust shall be properly managed and the interests of all the beneficiaries of the Liquidating Trust and the Debtor are safeguarded.

### xxx.  Liquidating Trustee as Successor in Interest to the Debtor and Committee

The Liquidating Trustee is the successor in interest to the Debtor and the Committee, and thus, after the Effective Date, to the extent this Plan requires an action by the Debtor, the action shall be taken by the Liquidating Trustee on behalf of the Debtor and the Committee, as applicable.  The Liquidating Trustee may not materially alter or amend the terms of the Plan.

### xxxi.  Indemnity

The Liquidating Trustee and each of the Liquidating Trustee's respective agents, employees, professionals, attorneys, accountants, advisors and representatives (collecitvely, the "Liquidating Trust Indemnified Parties") are and shall be indemnified and held harmless by the Liquidating Trust, to the fullest extent permitted by law, solely from the Trust Property for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorney fees, disbursements and related expenses that the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may incur or to which the Liquidating Trust Indemnified Parties may become subject to in connection with any action, suit, proceeding or investigation brought or threatened against one or more of the Liquidating Trust Indemnified Parties on account of the acts or omissions of a Liquidating Trust Indemnified Party solely in its capacity as such; provided, however, that the Liquidating Trust shall not be liable to indemnify any Liquidating Trust Indemnified Party or

any act or omission constituting bad faith, fraud, or willful misconduct by such Liquidating Trust

Indemnified Party.  Notwithstanding any provision herein to the contrary, the Liquidating Trust

Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their

reasonable expenses of defending themselves in any action brought against them as a result of the

acts or omissions, actual or alleged, of a Liquidating Trust Indemnified Party in its capacity as such.

The foregoing indemnity in respect of the Liquidating Trust Indemnified Party shall survive the

termination of the Liquidating Trust.

### xxxii.    Initial Liquidating Trustee

The Liquidating Trustee shall be David M. Goodrich.

### xxxiii.    Terms of Service for the Liquidating Trustee

The Liquidating Trustee shall serve until (a) the completion of all the Liquidating Trustee's

duties, responsibilities and obligations under the Liquidating Trust Agreement and the Plan; (b)

termination of the Liquidating Trustee in accordance with the Liquidating Trust Agreement; or (c) the

Liquidating Trustee's death, resignation, or removal.

### xxxiv.    Removal of the Liquidating Trustee

The Liquidating Trustee may be removed only upon the entry of an order of the Bankruptcy

Court that such removal is appropriate upon a showing of good cause.  The removal shall be effective

upon the date specified in the entered order of the Bankruptcy Court, subject to the payment of all

amounts owing to the Liquidating Trustee as of such date.  In the event of any such removal, the

Liquidating Trustee shall submit to the Bankruptcy Court and any successor a full and complete

accounting of monies and Trust Property received, disbursed, and held during the term of office of

the Liquidating Trustee.

### xxxv.    Resignation of the Liquidating Trustee

The Liquidating Trustee may resign at any time by filing with the Bankruptcy Court at least

ninety (90) days written notice to the Debtor and Debtor's bankruptcy counsel of his intention to do

so.  In the event of a resignation, the resigning Liquidating Trustee shall submit to the Bankruptcy Court a full and complete accounting of monies and Trust Property received, disbursed, and held during the term of office of that Liquidating Trustee. The resignation shall be effective on the later to occur of: (i) the date specified in the notice; (ii) the appointment of a successor Liquidating Trustee by order of the Bankruptcy Court and the acceptance by such successor of such appointment; provided, that if a successor Liquidating Trustee is not appointed or does not accept his/her appointment within ninety (90) days following the delivery of notice of resignation, the resigning Liquidating Trustee may petition the Bankruptcy Court for the appointment of a successor Liquidating Trustee.

### xxxvi.    Appointment of Successor Trustee

Upon the resignation, death, incapacity, or removal of the Liquidating Trustee, a successor Liquidating Trustee shall be appointed pursuant to an order of the Bankruptcy Court. Any successor Liquidating Trustee so appointed shall consent to and accept in writing the terms of the Liquidating trust Agreement and agree that the provisions of the Liquidating Trust Agreement and this Plan shall be binding upon and inure to the benefit of the successor Liquidating Trustee.

### xxxvii.    Powers and Duties of Successor Trustee

A successor Liquidating Trustee shall have the rights, privileges, powers, and duties of his/her predecessor under the Agreement and this Plan.  Notwithstanding anything to the contrary herein, a removed or resigning Liquidating Trustee shall, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee under the Trust Agreement and all the estates, properties, rights, power, and trusts of such predecessor Liquidating Trustee.

### xxxviii.    Trust Continuance

The death, resignation or removal of the Liquidating Trustee does not terminate the Liquidating Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action

theretofore taken by the original Liquidating Trustee. In the event that a successor Liquidating

Trustee is not appointed within thirty (30) days of when required under Agreement, any Trust

Beneficiary may apply to the Bankruptcy Court for appointment of a successor Liquidating Trustee

upon notice to the Liquidating Trustee.

## xxxix.    Compensation of Costs of Administration

The Liquidating Trustee shall receive compensation of $350 per hour plus expenses for services

provided under the Liquidating Trust Agreement. This is the same rate as the Liquidating Trustee's

current hourly rate as the Chief Restructuring Officer for the Debtor and is a reduction of his typical

rate as a practicing bankruptcy attorney of $650 per hour.  The Liquidating Trustee may utilize his

staff to assist him with certain functions at a rate of $225 per hour.

## xl.    Annual Reporting and Filing Requirements

The Liquidating Trustee shall or cause to be filed tax returns for the Liquidating Trust as a

grantor trust pursuant to the Treasury Regulation Section 1.671-4(a) and any other applicable laws or

regulations and shall furnish information statements to the Trust Beneficiaries setting forth their

allocable share of the income, loss, deduction or credit of the Liquidating Trust and instruct them to

report such items on their federal income tax returns. The Liquidating Trustee may withhold from

amounts distributable to any Trust Beneficiary any and all amounts, determined in the Liquidating

Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, director, or

other governmental requirement.  The Liquidating Trustee shall have the right to employ an

accountant and any other professionals needed to assist the Liquidating Trustee for annual reporting

and filing requirements.  The tax returns filed by the Liquidating Trustee shall report all Liquidating

Trust earnings for the taxable year being reported.  All of the Liquidating Trust's income shall be

treated as subject to tax on a current basis.  For federal income tax purposes, items of income, gain,

loss, and deduction of the Liquidating Trust will be allocated to the Trust Beneficiaries in a manner to

be determined by the Liquidating Trustee, that is consistent with the applicable Treasury Regulations that reflect the Trust Beneficiaries' respective contributions and their respective interests in the interim and final distributions to be made by the Liquidating Trust, and such Trust Beneficiaries shall be responsible for the payment of taxes on a current basis that result from such allocations.

### xli.  Confidentiality

The Liquidating Trustee shall, while serving as the Liquidating Trustee under the Liquidating Trust Agreement and for a period of twelve (12) months following the termination of the Liquidating Trust Agreement or following his removal or resignation thereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Trust Property relate or of which he has become aware in his capacity as Liquidating Trustee.

### xlii.  Maintenance of records

The Liquidating Trustee shall maintain books and records containing a description of all property from time to time constituting the Trust Property and accounting of all receipts and disbursements.  Upon sixty (60) days' prior written notice delivered to the Liquidating Trustee, such books and records shall be open to inspection by any beneficiary of the Liquidating Trust at any reasonable time during normal business hours, provided that, if so requested, such beneficiary of the Liquidating Trust shall have entered into a confidentiality agreement satisfactory in form and substance to the Liquidating Trustee.  The Liquidating Trustee shall furnish to any beneficiary of the Liquidating Trust upon written request an annual statement of receipts and disbursements of the Liquidating Trust.  Such books and records may be destroyed without further notice to parties or approval of the Bankruptcy Court five (5) years after the final report to the Bankruptcy Court has been rendered by the Liquidating Trustee (unless such records and documents are necessary to fulfill the Liquidating Trustee's obligations pursuant to the Liquidating Trust Agreement).

### xliii.    Duration of the Liquidating Trust

The Liquidating Trust shall become effective upon the Effective Date of this Plan.  Thereupon, the Liquidating Trust Agreement shall remain and continue in full force and effect until the Liquidating Trust is terminated according to the provisions of the Liquidating Trust Agreement and this Plan.

### xliv.    Termination of the Liquidating Trust

The Liquidating Trust (and the duties, responsibilities and powers of the Liquidating Trustee) shall terminate on the later of (a) the date which is five (5) years after the Effective Date; and (b) the date when full resolution of all Trust Property transferred to the Liquidating Trust occurs, including distribution of the Trust Property and the net proceeds thereof, according to the Plan and the Liquidating Trust Agreement, provided however, that for cause, the Liquidating Trustee may seek early termination of the Liquidating Trust upon application to the Bankruptcy Court. The Liquidating Trustee shall not unduly prolong the duration of the Liquidating Trust and shall at all times endeavor to resolve, settle, or otherwise dispose of all claims that constitute Trust Property and to effect the distribution of the Trust Property to the beneficiaries of the Liquidating Trust according to the Plan and terminate the Liquidating Trust as soon as practicable.  Upon such termination, except as otherwise set forth in this Plan and the Liquidating Trust Agreement, the Liquidating Trustee shall be discharged from his position as Liquidating Trustee and from all further duties, obligations and responsibilities under this Plan.

### xlv.    Continuance of the Liqudating Trust for Winding Up

After the termination of the Liquidating Trust and for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until his duties have been fully performed, including, without limitation, such post-distribution tasks as necessary to windup the affairs of the Liquidating Trust.  After the termination of the Liquidating Trust, the Liquidating Trustee shall retain for a period of five (5) years the books, records, beneficiary

lists, and certificates and other documents and files that have been created by the Liquidating Trustee. At the Liquidating Trustee's discretion, all such records and documents may, but need not, be destroyed at any time after five (5) years from the completion and winding up of the affairs of the Liquidating Trust.  Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidating Trust and final distribution of the Trust Property, the Liquidating Trustee shall have no further duties or obligations under this Plan or the Liquidating Trust Agreement.  The Liquidating Trustee may pay in advance from the Trust Property all costs of document management.

### xlvi.    Preservation of Privilege

In connection with the rights, claims and causes of action that constitute the Trust Property, any attorney-client privilege, work product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidating Trust pursuant to the terms of this Plan or otherwise, shall vest in the Liquidating Trustee and his representatives, and the Debtor and the Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges, as necessary.

### xlvii.    No Bond

Notwithstanding any state law to the contrary, the Liquidating Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction.

### xlviii.    Governing Law of the Liquidating Trust

The Liquidating Trust Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to principles of conflicts of law.

### xlix.    Successors and Assigns

The Liquidating Trust Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

### l.    No Execution

All Trust Property shall be deemed in custodia legis until such times as the Trust Property has actually been paid to or for the benefit of a beneficiary of the Liquidating Trust, and no beneficiary of the Liquidating Trust or any person can execute upon, garnish or attach the Trust Property or the Liquidating Trust in any manner or compel payments from the Liquidating Trust except as by order of the Bankruptcy Court that becomes a final order.  Payments will be solely governed by the Liquidating Trust Agreement and this Plan.

### li.    Intention to Establish Grantor Trust

The Liquidating Trust Agreement is intended to create a grantor trust for United States Federal Income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a grantor trust.

### lii.    Amendment of the Liquidating Trust

The Liquidating Trust Agreement may be amended at any time by order of the Bankruptcy Court after motion by the Liquidating Trustee.

## 2.    Settlement Agreements

Any settlement effectuated prior to the confirmation of this Plan, upon notice thereof to the Bankruptcy Court, shall be deemed incorporated into this Plan and the Plan Confirmation Order, including provisions of such settlement that shall be deemed a settlement pursuant to section 1123(b)(3)(A) of the Bankruptcy Code.

## 3.    Claims and Administration and Prosecution and Plan Distributions

On and after the Effective Date, in addition to the rights provided to the Liquidating Trustee in the Liquidating Trust Agreement, the Liquidating Trustee shall have the power and authority to prosecute and resolve objections to disputed secured claims, disputed administrative claims, disputed priority tax claims, disputed propriety non-tax claims and disputed general unsecured claims.  The Liquidating Trustee shall have the rights, powers, and authority to retain and assert all defenses,

rights of setoff, recoupment, and counterclaims with respect to each of the foregoing.  The Liquidating Trustee shall also have the power and authority to hold, manage and distribute Plan distributions to the holders of Allowed Claims consistent with this Plan and the Liquidating Trust Agreement.

### 4.  Corporate Action

On the Effective Date, the Liquidating Trustee may perform each of the actions and effect each of the transfers required by the terms of the Plan in the time period allocated therefor, and all matters provided for under this Plan that would otherwise require approval of the directors or comparable governing body of the Debtor shall be deemed to have occurred and shall be in effect from and after the Effective Date pursuant to the applicable corporation law (or other applicable governing law) of the state in which the Debtor is incorporated or organized, without any requirement of further action by the directors (or other governing body) of the Debtor.

### 5.  Effectuating Documents and Further Transactions

The Liquidating Trustee is authorized and directed to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such action as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan and the Liquidating Trust Agreement.

### 6.  Dissolution of the Debtor

On the Effective Date, and after the transfer of the Trust Property to the Liquidating Trust, the Debtor shall be dissolved, or otherwise wind down, under applicable law.

### 7.  Dissolution of the Debtor's Board

Upon the Effective Date, the Debtor's board of directors shall be dissolved, and the then current members of the board of directors and officers of the Debtor shall be relieved of their positions and corresponding duties and obligations.

### 8.  Termination of the Committee

Upon the Effective Date, the Committee shall be dissolved, the retention and employment of the Committee's professionals shall terminate, and the members of the Committee will be released and discharged of and from all further authority, duties, responsibilities, and obligations related to and arising from and in connection with the Case, other than for purposes of filing and/or objecting to final fee applications filed in the Case.  The Trustee has the power and authority to re-hire the committee and other professionals under the terms of the Liquidating Trust.

### 9.  Procedures for Disputed, Contingent, or Unliquidated Claims

From and after the Effective Date, the Liquidating Trust, or its employed counsel or professional, shall be entitled to object to any and all claims against the Debtor's bankruptcy Estate.

### i.  Objections to Claims

From and after the Effective Date, the Liquidating Trust shall be entitled to object to any and all claims against the Debtor's bankruptcy estate.

### ii.  No Distribution Pending Allowance of Claims

Notwithstanding any other provision of this Plan, if any portion of a claim is a disputed claim, no payment or distribution provided under this Plan shall be made on account of such disputed Claim unless and until the disputed Claim becomes an Allowed Claim.

### iii.  Establishment and Maintenance of a Reserve for Disputed Claims

The Liquidating Trust shall maintain a disputed claim reserve (the "<u>Disputed Claim Reserve</u>") at an amount equal to the aggregate of 100% of the distributable amounts to which holders of such disputed claims would be entitled under this Plan if such disputed Claims were Allowed Claims in their disputed amounts or such lesser amount as required by a final order of the Bankruptcy Court. The Bankruptcy Court may fix or liquidate the amount of any disputed claims pursuant to 11 U.S.C. §502(c) of the Bankruptcy Code, in which event the amounts so fixed or liquidated shall be deemed the amounts of the disputed claims for purposes of distribution under the Plan.  In lieu of fixing or

liquidating the amount of any disputed claim, the Bankruptcy Court may determine the amount to be reserved for such disputed claim or such amount may be fixed by agreement in writing between the Liquidating Trustee and the holder of a disputed claim.

### iv.  Distributions upon Allowance of Disputed Claims

The holder of a disputed claim that becomes an Allowed Claim shall receive a distribution in cash from the Disputed Claim Reserve and subject to the terms of the Plan and the Liquidating Trust Agreement.  Such distributions shall be made in accordance with the Plan based upon distributions that would have been made to such holder under this Plan if the disputed claim had been an Allowed Claim or prior to the Effective Date.  No holder of a disputed claim shall have any claim against the Disputed Claim Reserve or the Liquidating Trust with respect to such disputed claim until such disputed claim becomes an Allowed Claim, and no holder of a disputed claim shall have any right to interest on such disputed claim.

### v.  Resolution of Disputed Claims

Unless otherwise ordered by the Bankruptcy court after notice and a hearing following the Effective Date, the Liquidating Trustee shall have the right to the exclusion of all others (except as to applications for allowance of compensation and reimbursement of expenses under sections 328(a), 330 and 503 of the Bankruptcy Code) to make and file objections to claims and shall serve a copy of each objection upon the holder of the claim to which the objection is made as soon as practicable, but in no event later than one hundred eighty (180) days after the Effective Date, subject, however, to the right of the Liquidating Trustee to seek an extension to file such objections with the Bankruptcy Court.

### vi.  Estimation

The Liquidating Trustee may at any time request that the Bankruptcy Court estimate any contingent, unliquidated or disputed claim pursuant to 11 U.S.C. § 502(c) of the Bankruptcy Code regardless of whether the Debtor or the Liquidating Trust previously objected to such claim, and the

Bankruptcy Court shall retain jurisdiction to estimate any claim at any time during litigation

concerning any objection to any claim, including, without limitation, during the pendency of any

appeal relating to such objection. In the event that the Bankruptcy Court estimates any contingent,

unliquidated, or disputed claim, the amount so estimated shall constitute either the allowed amount of

such claim or maximum limitation on such claim, as determined by the Bankruptcy Court.  If the

estimated amount constitutes a maximum limitation on the amount of such claim, the Liquidating

Trustee may pursue supplementary proceedings to object to the allowance of such claim.  All of the

aforementioned procedures for objection, estimation and resolution are intended to be cumulative and

not exclusive of one another.  On and after the Effective Date, claims that have been estimated by

may be compromised, settled, withdrawn, or otherwise resolved subsequently, without further order

of the Bankruptcy Court.

## 10. Distributions  to be Made Pursuant to this Plan

Distributions to be made to holders of Allowed Claims pursuant to this Plan may be delivered by

regular mail, postage prepaid, to the address shown in the Debtor's schedules, as they may be from

time to time amended in accordance with Bankruptcy Rule 1000, or, if a different address is provided

in a proof of claim timely filed with the Bankruptcy Court, then to that address.  Checks issued to pay

Allowed Claims shall be null and void if not negotiated within ninety (90) days after the date of

issuance thereof with no requirement for further distribution on the claim.

## 11. Exculpations and Release

To the maximum extent permitted by law, neither the Debtor, the Liquidating Trust, the

Liquidating Trustee, nor any of their employees, officers, directors, shareholders, agents, members,

representatives, or professionals employed or retained by any of them shall have or incur any liability

to any person or entity for any act taken or omission made in good faith in connection with or related

to the formulation and implementation of this Plan or the Liquidating Trust Agreement, or in

contract, instrument, release, or other agreement or document created in connection therewith, or the solicitation of acceptances for confirmation of the Plan and for transactions contemplated therein.

## 12. Retention and Distribution

After confirmation of the Plan and the occurrence of the Effective Date, in addition to any jurisdiction which exists in any other court, the Bankruptcy Court will retain such jurisdiction as is legally permissible, including the following purposes:

i.      To resolve any disputes regarding the operation and interpretation of the Plan;

ii.     To resolve any disputes regarding the operation and interpretation of the Confirmation Order;

iii.    To determine the allowability, classification, or priority of claims upon objection by the Debtor, the Liquidating Trustee, or any other parties in interest withstanding to bring such objection or proceeding and to consider any objection to claim whether such objection is filed before or after the Effective Date.

iv.     To determine the extent, validity and priority of any lien asserted against property of the Debtor or property of the Debtor's Estate;

v.      To construe and take any action to enforce this Plan, the Plan Confirmation Order, and any other order of the Bankruptcy Court, issues such orders as may be necessary for the implementation, execution, performance, and consummation of this Plan and the Plan Confirmation Order and all matters referred to in this Plan and the Plan Confirmation Order, and to determine all matters that may be pending before the Bankruptcy Court in this Case on or before the Effective Date with respect to any persons or entity related thereto;

vi.     To determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

vii.    To determine any request for payment of administrative expenses;

viii.    To determine motions for rejection, assumption, or assignment of executory contracts or

unexpired leases filed before the Effective Date and the allowance of any claims resulting therefrom;

ix.    To determine all applications, motions, adversary proceedings, contested matters, and all

other litigated matters instituted during the pendency of the Case whether before, on, or after the

Effective Date, including avoidance causes of action.  The Liquidating Trustee shall have the right

and standing to commence any avoidance causes of action after the Effective Date and to continue

with the prosecution and avoidance causes of action commenced by the Debtor and/or Committee

prior to the Effective Date;

x.    To determine such other matters and for such other purposes as may be provided in the Plan

Confirmation Order;

xi.    To modify this plan under section 1127 of the Bankruptcy Code in order to remedy any

apparent defect or omission in this Plan or to reconcile any inconsistency in this Plan so as to carry

out its intent and purpose;

xii.    Except as otherwise provided in this Plan or Plan Confirmation Order, to issue injunctions, to

take such other actions or make such other orders as may be necessary or appropriate to restrain

interference with this Plan or the Plan Confirmation Order, or the execution or implementation by

any person or entity of this Plan or the Plan Confirmation Order;

xiii.    To issue such orders in aid of consummation of the Plan or the Plan Confirmation Order,

notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to

the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules; and

xiv.    To enter an interim or final decree closing this Case.

## V.     Effect of Confirmation of the Plan

### 1.   Discharge

The Debtor will not receive a discharge under this Plan pursuant to Section 1141 of the Bankruptcy Code because the Plan contemplates and will result in a sale or liquidation of all or substantially all the property of the Debtor's Estate.

### 2.   Modification of this Plan

The Proponent may modify the Plan pursuant to 11 U.S.C. § 1127 (West 2004 & Supp. 2006). However, the Bankruptcy Court may require a new disclosure statement and/or re-voting of the Plan if the Debtor modifies the Plan before confirmation. The Liquidating Trustee or Debtor's counsel may modify this Plan at any time after confirmation of the Plan so long as (1) the Plan has not been substantially consummated, and (2) the Bankruptcy Court authorizes the proposed modification after notice and a hearing.

### 3.   Post-Confirmation Status Reporting

Until a final decree closing the Case is entered, the Liquidating Trustee or Debtor's counsel will file a quarterly status report with the Bankruptcy Court explaining what progress has been made toward consummation of the confirmed Plan.  The Liquidating Trustee or Debtor's counsel will also be required to file post-confirmation quarterly reports consistent with guidelines of the OUST.

### 4.   Post-Confirmation Conversion/Dismissal

A creditor or any other party in interest may bring a motion to convert or dismiss the Debtor's Case under section 1112(b) of the Bankruptcy Code after this Plan is confirmed if there is a default in performing this Plan.  If the Bankruptcy Court orders the Debtor's Case converted to chapter 7 after this Plan is confirmed, then all property that has been property of the chapter 11 Estate, and that has not been disbursed pursuant to this Plan, will revest in the chapter 7 estate, and the automatic stay will be reimposed upon revested property, but only to the extent that relief from stay was not previously authorized by the Bankruptcy Court during the Case.  The Plan Confirmation Order may also be revoked under very limited circumstances.  The Bankruptcy Court may revoke the Plan

Confirmation Order if it was procured by fraud and if a party of interest brings an adversary

proceeding to revoke confirmation within 180 days after the entry of the Plan Confirmation Order.

### 5.  Section 1145 Exemption

Pursuant to section 1145 of the Bankruptcy Code, the issuance under the Plan of the

Reorganized Debtor Equity Interests shall be exempt from registration under the Securities Act.

Pursuant to Section 4(2) of the Securities Act, the issuance of the Reorganized Debtor Equity

Interests shall also be exempt.

### 6.  Effectuating Documents, Further Transactions

On and after the Effective Date, the Reorganized Debtor is authorized to and may issue, execute,

deliver, file, or record such contracts, instruments, releases and other agreements or documents and to

take such actions as may be necessary or appropriate to effectuate, implement, and further evidence

the terms and conditions of the Plan and the Securities issued pursuant to the Plan in the name of and

on behalf of the Reorganized Debtor, without the need for any approvals, authorizations, or consents

except for those expressly required in the Plan.

### 7.  Final Decree

Once this Chapter 11 Estate has been fully administered as referred to in Bankruptcy Rule

3022, the Liquidating Trustee will file a motion with the Bankruptcy Court to obtain a final decree to

close the Case.  The Liquidating Trustee shall be responsible for the timely payment of all fees

incurred pursuant to 28 U.S.C. § 1930(a)(6) from the Trust Property.

### 1.  Temporal Conditional Injunction

The provisions contained with 11 U.S.C. 362 shall apply post-confirmation to assets of the bankruptcy estate for a period of 365 days after the Effective Date. The Bankruptcy Court shall retain jurisdiction to address any issues under this provision relating to 11 U.S.C. Section 362.  Creditors may not take any action to enforce either pre-confirmation obligations or obligations due under the plan, so long as the Liquidating Trustee is not in material default under the Plan.  If the Liquidating Trustee is in material default under the Plan, affected creditors may: (1) file a motion for the Court to consider relief from the automatic stay while balancing adequate protections and the benefit to creditors of the bankruptcy estate; or (ii) move to dismiss this Case or convert this Case to one under Chapter 7. The post-confirmation injunction shall be liberally construed to protect the Debtor and assets of the Debtor while it is granted ample time to consummate the Liquidating Trust.

## VI.    General Provisions

### A. Definitions and Rules of Construction

The same definitions and rules of construction set forth in §§101 and 102 of the Bankruptcy Code shall apply in the Plan as defined and construed in the Bankruptcy Code.

### B. Binding Effect

The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

### C. Severability of Plan Provisions

If, before the Confirmation Date, the Court holds that any Plan term or provision is invalid, void, or unenforceable, the Court may alter or interpret the term or provision so that it is valid and enforceable to the maximum extent possible that is consistent with the original purpose of the term or provision. The term or provision will then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration, or interpretation, the Plan's remaining terms and provisions will remain in full force and effect and will in no way be affected, impaired, or invalidated.  The confirmation Order will constitute a judicial determination providing that each plan term and provision, as it may

have been altered or interpreted in accordance with this section, is valid and enforceable under its

terms.

### D. Captions
The headings contained in the Plan are for convenience and reference; they do not affect the

meaning or interpretation of the Plan.


Dated: May 10, 2023                                Respectfully Submitted,

                                                   /s/ Andy C. Warshaw

                                                   Andy C. Warshaw, Esq.
                                                   Attorneys for Debtor in Possession
                                                   1200 Main St., Suite C
                                                   Irvine, CA 92614

## Exhibit A
Definitions

To the extent there are any uncapitalized terms used in this Plan that are not defined in this Plan but are defined in the Disclosure Statement, those terms in the Plan shall have the same definitions as contained in the Disclosure Statement.

Definitions

The following definitions shall apply in the Plan:

- "Allowed Claim" shall mean a claim with respect to which (i) a proof of claim has been timely filed with the Court, as amended from time to time, and which is not listed as disputed, contingent or unliquidated, and, as to which no objection to allowance thereof has been interposed within the applicable period of limitations fixed by the Bankruptcy Court, or as to which any such objection has been determined by an order or judgment which has become a Final Order. An Allowed Claim shall not include any unmatured or post-petition interest unless otherwise stated in the Plan.

- "Allowed Priority Claim" shall mean any Allowed Claim, other than an allowed administrative expense or allowed tax claim, which is entitled to priority pursuant to Section 507(a) of the Bankruptcy Code.

- "Allowed Secured Claim" shall mean any Allowed Claim which is secured by a validly perfected security interest.

- "Allowed Unsecured Claim" shall mean any Allowed Claim, other than an allowed administrative claim, allowed priority claim, allowed secured claim, or allowed tax claim.

- "Bankruptcy Code" or "Code" shall mean Title 11 of the United States Code, section 101, et seq. Unless otherwise indicated, all citations in this Plan are to the Code.

- "Bankruptcy Court" or "Court" shall mean the United States Bankruptcy Court for the Central District of California, in which the case is currently pending, or such other court of competent jurisdiction that is exercising jurisdiction over the case at the time of Confirmation.

- "Bar Date" shall mean the last date for filing claims, which date has been set by the Court.

- "Case" shall mean case number 8:22-bk-12142-SC, currently pending in the United States Bankruptcy Court for the Central District of California – Santa Ana Division.

- "Claim" shall mean any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or any right to an equitable remedy for breach of

performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

- "Class" shall mean any grouping into which Allowed Claims or interests are classified pursuant to this Plan.

- "Confirmation" shall mean the date of entry of the Confirmation Order.

- "Confirmation Order" shall mean the written order of the Bankruptcy Court confirming the Plan under Section 1129 of the Code.

- "Court" shall mean the Bankruptcy Court for the Central District of California – Santa Ana Division, in which the case was filed and has jurisdiction over the Debtor and the Estate.

- "Creditor" or "Claimant" shall mean any person or entity holding an Allowed Claim.

- "Debtor" or "Debtor" shall mean 2nd Chance Investment Group, Inc.

- "Disclosure Statement" shall mean the mean the Disclosure Statement Describing Chapter 11 Plan of Reorganization.

- "Disputed Claim" shall mean (i) any alleged Claim against the Debtor which may be filed with the Bankruptcy Court on or before the Effective Date with respect to which an objection has been filed by a party in interest, which objection has not been resolved by entry of a final order on or before the Effective Date and (ii) any Claim listed as disputed on Debtor's schedules.

- "Effective Date" is defined as the first day of the month following the entry of the order confirming the plan that is at least fifteen days after the date an order confirming Debtor's plan is entered, assuming that there has been no order staying the effectiveness of the Confirmation Order.

- "Estate" shall mean the bankruptcy estate created by the filing of the Case pursuant to section 541 of the Code.

- "Final Order" shall mean an order or judgment of the Bankruptcy Court as to which any appeal that has been or may be taken has been resolved or as to which the time for appeal has expired.

- "U.S. Trustee" or "UST" shall mean the Office of the United States Trustee.

- "Petition Date" shall mean the date upon which the Debtor filed their Chapter 11 petition with the Court.

- "<u>Plan</u>" shall mean this document.
- "<u>Reorganized Debtor</u>" shall mean the estate of the Debtor, as modified, and restructured by the Plan after the Effective Date.
- "<u>Substantial Consummation of the Plan</u>" shall have the definition under Section 1101(2).
- "<u>TBD</u>" shall mean to be determined.

A term or phrase used in this Plan and/or the Disclosure Statement describing Plan that is not specifically defined above but that is used in the Bankruptcy Code has the meaning assigned to that term or phrase in the Bankruptcy Code.  A word or phrase that is defined above shall take on the meaning of the definition here regardless of whether the word or phrase is capitalized.

# Exhibit B

Exhibit B shows the claims against the Debtor, including but not limited to, proofs of claim filed in this case, claims which have been satisfied during the bankruptcy case, unliquidated claims, disputed claims, contingent claims, or unfiled claims. Some of these claims may be subject to claim objection proceedings filed by the Debtor.

| Claimant | Claim No. | Date POC Filed | Claimed Secured | Claimed Priority Unsecured | Claimed General Unsecured | Scheduled Disputed/Unliq | Scheduled Secured | Scheduled Priority Unsecured | Scheduled General Unsecured | Plan's Allowed Secured | Plan's Allowed Priority | Plan's Allowed General Unsecured |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ally Bank [1] | 1 | 12/28/22 | $41,992.14 | $0.00 | $0.00 | - | $41,207 | $0 | | $0 | $0 | $0.00 |
| American Express | 2 | 12/30/22 | $0.00 | $0.00 | $227,492 | Disputed | $0 | $0 | $209,091 | $0 | $0 | $227,492 |
| Jesus Acosta & Michelle Acosta | 3 | 1/6/23 | $0.00 | $0.00 | $180,000.00 | Disputed | $0 | $0 | Unknown | $0 | $0 | $180,000 |
| Franchise Tax Board | 4 | 1/17/23 | $0.00 | $866.63 | $355.45 | Disputed | $0 | $0 | $0 | $0 | $867 | $355.45 |
| U.S. Small Business Administration | 5 | 2/16/23 | $148,894.05 | $0.00 | $0.00 | - | $150,000 | $0 | $0 | $0 | $0 | $150,000.00 |
| Wells Fargo Bank, N.A. | 6 | 2/23/23 | $594,915.37 | $0.00 | $0.00 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $0.00 |
| Internal Revenue Service | 7 | 3/2/23 | $0.00 | $7,972.89 | $0.00 | Disputed | $0 | $0 | $0 | $0 | $7,973 | $0.00 |
| Salvador Jimenez | 8 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 9 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 10 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 11 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 12 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 13 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 14 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 15 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 16 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 17 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 18 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 19 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 20 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 21 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 22 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 23 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 24 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| Salvador Jimenez | 25 | 3/21/23 | Unknown | Unknown | Unknown | Disputed | $0 | $0 | Unknown | $0 | $0 | TBD |
| ASB Ventures LLC | 26 | 3/22/23 | $0.00 | $0.00 | $261,283 | Disputed | $0 | $0 | Unknown | $0 | $0 | $261,283 |
| Ronak Parikh | 27 | 3/22/23 | $0.00 | $0.00 | $59,479 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $59,479 |
| Deven Bhakta | 28 | 3/22/23 | $0.00 | $0.00 | $62,018 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $62,018 |
| Abhishek Bhakta | 29 | 3/22/23 | $0.00 | $0.00 | $62,176 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $62,176 |
| Jatin Bhakta | 30 | 3/22/23 | $0.00 | $0.00 | $60,035 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $60,035 |
| Parin Bhakta | 31 | 3/22/23 | $0.00 | $0.00 | $171,619 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $171,619 |
| Anand Bhakta | 32 | 3/22/23 | $0.00 | $0.00 | $60,411 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $60,411 |
| Sima Patel | 33 | 3/22/23 | $0.00 | $0.00 | $109,640 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $109,640 |
| Vishal Bhakta | 34 | 3/22/23 | $0.00 | $0.00 | $172,895 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $172,895 |
| Bhavesh Bhakta | 35 | 3/22/23 | $0.00 | $0.00 | $60,443 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $60,443 |
| Zona AZ LLC | 36 | 3/22/23 | $0.00 | $0.00 | $196,729 | Disputed | $0 | $0 | Unknown | $0 | $0 | $196,729 |
| Zona AZ LLC | 37 | 3/22/23 | $0.00 | $0.00 | $731,460.12 | Disputed | $0 | $0 | Unknown | $0 | $0 | $731,460.12 |
| Stratten Lending Group, LLC | 38 | 3/22/23 | $0.00 | $0.00 | $1,012,169.32 | Disputed | $0 | $0 | Unknown | $0 | $0 | $1,012,169.32 |
| David Guzman | 39 | 3/27/23 | $0.00 | $0.00 | $60,000 | Disputed | $0 | $0 | Unknown | $0 | $0 | $60,000 |
| Merah LLC | 40 | 3/27/23 | $0.00 | $0.00 | $240,000 | Disputed | $0 | $0 | Unknown | $0 | $0 | $240,000 |
| Midare LLC | 41 | 3/27/23 | $0.00 | $0.00 | $1,057,500 | Disputed | $0 | $0 | Unknown | $0 | $0 | $1,057,500 |
| Steven Kinsbursky | 42 | 3/29/23 | $0.00 | $0.00 | $150,000 | - | $0 | $0 | Unknown | $0 | $0 | $150,000 |
| Zisman Family Trust | 43 | 3/29/23 | $0.00 | $0.00 | $270,000 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | $0 | $0 | $270,000 |
| Kiwi Capital Group LLC | 44 | 3/30/23 | $0.00 | $0.00 | $822,161.10 | Disputed | $0 | $0 | Unknown | $0 | $0 | $822,161.10 |
| Pramira LLC | 45 | 3/30/23 | $0.00 | $0.00 | $690,524.38 | Disputed | $0 | $0 | Unknown | $0 | $0 | $690,524.38 |
| Internal Revenue Service | 46 | 4/4/23 | $0.00 | $12,485.00 | $0.00 | Disputed | $0 | $0 | $0 | $0 | $12,485 | $0.00 |
| Lamar Central Outdoor, LLC | 47 | 4/5/23 | $0.00 | $0.00 | $1,164,618.17 | Disputed | $0 | $0 | $1,286,803 | $0 | $0 | $1,164,618.17 |
| Lantzman Investments, Inc. | 48 | 4/6/23 | $1,119,387.19 | $0.00 | $0.00 | - | $1,015,559 | $0 | $0 | $1,119,387 | $0 | $0.00 |
| Precision Realty Fund LLC | 49 | 4/7/23 | $0.00 | $0.00 | $1,256,031.58 | Disputed | $0 | $0 | Unknown | $0 | $0 | $1,256,031.58 |
| LMF2, LP | 50 | 4/7/23 | $1,588,962.55 | $0.00 | $0.00 | - | $1,486,000 | $0 | $0 | $1,588,963 | $0 | $0.00 |
| Forethought Life Insurance Company | 51 | 4/7/23 | $194,913.29 | $0.00 | $0.00 | - | $180,000 | $0 | $0 | $194,913.29 | $0 | $0.00 |
| Felipe Gutierrez Jr. | 52 | 4/7/23 | $0.00 | $0.00 | $66,125.00 | Disputed | $0 | $0 | Unknown | $0 | $0 | $66,125.00 |
| Maher Abou Khzam | 53 | 4/9/23 | $58,728.77 | $0.00 | $287,131.00 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | TBD | $0 | TBD |
| Maher Abou Khzam | 54 | 4/9/23 | $58,445.21 | $0.00 | $287,216.43 | Unscheduled | Unscheduled | Unscheduled | Unscheduled | TBD | $0 | TBD |
| U.S. Bank Trust N.A. | 55 | 4/10/23 | $165,647.56 | $0.00 | $0.00 | - | $162,000 | $0 | $0 | $165,648 | $0 | $0.00 |
| Mercedes-Benz Financial Services | 56 | 4/11/23 | $77,308.52 | $0.00 | $0.00 | - | $58,336 | $0 | $34,015 | $0 | $0 | $0.00 |
| Mercedes-Benz Financial Services | 57 | 4/11/23 | $46,868.43 | $0.00 | $0.00 | - | $52,669 | $0 | $1,553 | $0 | $0 | $0.00 |
| Comcast/Effectv | - | | - | - | - | - | $0 | $0 | $78,021 | $0 | $0 | $78,021 |

| Claimant | Claim No. | Date POC Filed | Claimed Secured | Claimed Priority Unsecured | Claimed General Unsecured | Scheduled Disputed/Unliqu | Scheduled Secured | Scheduled Priority Unsecured | Scheduled General Unsecured | Plan's Allowed Secured | Plan's Allowed Priority | Plan's Allowed General Unsecured |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Google Adwords | - | - | - | - | - | - | $0 | $0 | Unknown | $0 | $0 | $0 |
| Margaret Adams | - | - | - | - | - | - | $0 | $0 | $96,000 | $0 | $0 | $96,000 |
| Michael Chapman Sr. | - | - | - | - | - | - | $0 | $0 | $107,500 | $0 | $0 | $107,500 |
| | - | - | - | - | - | | | | | | | |
| **Totals** | | | $783,801.56 | $8,839.52 | $6,310,542.35 | | $3,145,771 | $0 | $1,812,983 | $3,068,911 | $21,325 | $9,636,685.55 |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| **Exhibit B** to Plan | | | | | | | | | | | | |
| **Exhibit 3** to Disclosure Statement | | | | | | | | | | | | |

## Exhibit C

Exhibit C provides the Stipulation with the Official Committee of Unsecured Creditors and the accompanying Court order.

1  Robert P. Goe – State Bar No. 137019
   Brandon J. Iskander – State Bar No. 300916
2  **GOE FORSYTHE & HODGES LLP**
   17701 Cowan, Bldg. D, Suite 210
3  Irvine, CA 92614
   rgoe@goeforlaw.com
4  biskander@goeforlaw.com
   Telephone:  (949) 798-2460
5  Facsimile:   (949) 955-9437

6  Attorneys for Official Committee of Unsecured Creditors

7

8                  **UNITED STATES BANKRUPTCY COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10                        **SANTA ANA DIVISION**

11

12  In re:                                    Case No. 8:22-bk-12142-SC

13  **2ND CHANCE INVESTMENT GROUP, LLC,**
                                              Chapter 11 Proceeding
14

15        Debtor and Debtor-in-possession.    **STIPULATION BETWEEN DEBTOR
                                              AND THE OFFICIAL COMMITTEE OF
16                                            UNSECURED CREDITORS GRANTING
                                              THE COMMITTEE STANDING TO
17                                            PURSUE CERTAIN AVOIDANCE
                                              ACTIONS ON BEHALF OF THE
18                                            ESTATE**

19                                            [No Hearing Required]

20
          The Official Committee of Unsecured Creditors ("Committee") for the above-referenced
21
    bankruptcy estate ("Estate") and 2nd Chance Investment Group, LLC, the Debtor and Debtor-in-
22
    Possession ("Debtor"), by and through their counsel of record, agree and stipulate as follows:
23
                              **I.    RECITALS**
24
          1.    This case was commenced on December 21, 2022 ("Petition Date"), by the filing of
25
    a voluntary Chapter 11 petition by Debtor.
26
          2.    On February 7, 2023, the United States Trustee's Office appointed (as amended) the
27
    following unsecured creditors to serve on the Committee:  (1) Felipe Gutierrez Jr., (2) Jesus Acosta,
28
    (3) Straten Lending Group, LLC, c/o Shan Patel, (4) ASB Ventures LLC, c/o Sajan Bhakta, (5)

                                      1

Precision Realty Fund, LLC, c/o Hiten Ram Bhakta, and (6) Zona AZ LLC, c/o Vishal Bhakta. (Docket No. 39) (individually, "Committee Member," and collectively, "Committee Members.")

3.     The Estate may have claims, counterclaims, causes of action, lawsuits, actions and/or the like, whether arising before, on, or after the Petition Date for preferences, fraudulent transfers, and other avoidance claims under Sections 502(d), 510, 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code or any avoidance actions under applicable non-bankruptcy law (collectively "Avoidance Actions").

4.     Subject to Bankruptcy Court approval, the Debtor and Committee desire to grant the Committee standing to investigate, prosecute, and, if appropriate, compromise and settle the Avoidance Actions on behalf of the Estate, with the exception that any claims against an individual or corporation of the Committee Members are not included in the Avoidance Actions.

## II.     **STIPULATION**

1.     **WHEREFORE**, based on the foregoing Recitals, and subject to Bankruptcy Court approval, the Committee, by and through its counsel, shall have standing and authority, without further order of the Bankruptcy Court, to (a) investigate Avoidance Actions, (b) file, serve, prosecute and settle (subject to separate Bankruptcy Court approval) Avoidance Actions, whether in the Bankruptcy Court or another forum, and (c) grant releases of liability with respect to Avoidance Actions that are settled pursuant to separate Bankruptcy Court approval.

2.     The Committee, by and through its counsel, shall also have standing and non-exclusive authority to investigate and prosecute objections to non-Committee Member proofs of claim on behalf of the Estate.  Nothing in this paragraph is intended to limit the right of (i) any other party in interest to object to proofs of claim or (ii) the rights of the Estate to object to proofs of claim.

3.     This Stipulation may be executed in multiple counterparts each of which will constitute an original and all of which together will constitute one and the same agreement. Facsimile or PDF signatures shall be considered original signatures for all purposes.

1       4.     This Stipulation constitutes the entire and complete understanding and agreement of

2 the Parties hereto, and supersedes prior understandings and agreements, if any, among the Parties

3 hereto with respect to the subject matter hereof.

4       5.     This Stipulation shall be binding upon the Parties hereto and all of their respective

5 successors, heirs, legal representatives and assigns, including any subsequently appointed

6 liquidating trustee or chapter 11 or chapter 7 trustee.

7     **IT IS SO STIPULATED AND AGREED.**

8

9    Dated: March 22, 2023                    **GOE FORSYTHE & HODGES LLP**

10

11                                       By: /s/ Robert P. Goe
                                             Robert P. Goe

12                                              Brandon J. Iskander
                                             Counsel for the Official Committee of

13                                              Unsecured Creditors

14    Dated: March 22 , 2023                   **FINANCIAL RELIEF LAW CENTER,**

15                                             **APC**

16

17                                       By: _____
                                             Andy C. Warshaw

18                                              Amanda G. Billyard
                                             Attorneys for 2nd Chance Investment

19                                              Group, LLC, Debtor and Debtor in
                                             Possession

20

21

22

23

24

25

26

27

28

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan, Bldg. D, Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION BETWEEN DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS GRANTING THE COMMITTEE STANDING TO PURSUE CERTAIN AVOIDANCE ACTIONS ON BEHALF OF THE ESTATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 22, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

&boxtimes;    Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) March 22, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

&boxtimes;    Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 22, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Scott C. Clarkson, 411 W. Fourth Street, Suite 5130; Santa Ana, CA  92701-4593
- (SUSPENDED DUE TO COVID-19 PROTOCOLS)

□    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 22, 2023 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

4

1

# Mailing Information for Case 8:22-bk-12142-SC

2

## Electronic Mail Notice List

3

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

4

5          • **Amanda G. Billyard     abillyard@bwlawcenter.com**
           • **Stephan M Brown     ECF@thebklawoffice.com,**
6            **stephan@thebklawoffice.com;roslyn@thebklawoffice.com**
           • **Dane W Exnowski     dane.exnowski@mccalla.com,**
7            **bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com**
           • **Lazaro E Fernandez     lef17@pacbell.net, lef-sam@pacbell.net;lef-**
8            **mari@pacbell.net;OfficeLR74738@notify.bestcase.com;lefkarina@gmail.com**
           • **Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com**
9          • **David M Goodrich     dgoodrich@go2.law,**
             **kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com**
           • **Brandon J Iskander     biskander@goeforlaw.com, kmurphy@goeforlaw.com**
10         • **Charity J Manee     cmanee@goeforlaw.com, kmurphy@goeforlaw.com**
           • **Queenie K Ng     queenie.k.ng@usdoj.gov**
11         • **Douglas A Plazak     dplazak@rhlaw.com**
           • **Arvind Nath Rawal     arawal@aisinfo.com**
12         • **Richard L. Sturdevant     rich@bwlawcenter.com**
           • **United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov**
13         • **Andy C Warshaw     awarshaw@bwlawcenter.com,**
             **warshaw.andyb110606@notify.bestcase.com**
14         • **Jennifer C Wong     bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com**

15

## Manual Notice List

16

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who
therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into
17   your word processing program in order to create notices or labels for these recipients.

18
           **Financial Relief Law Center APC**
19           1200 Main St., Ste C
             Irvine, CA 92614

20

21

22

23

24

25

26

27

28

5

1  Robert P. Goe – State Bar No. 137019
   Brandon J. Iskander – State Bar No. 300916
2  **GOE FORSYTHE & HODGES LLP**
   17701 Cowan, Bldg. D, Suite 210
3  Irvine, CA 92614
   rgoe@goeforlaw.com
4  biskander@goeforlaw.com
   Telephone:  (949) 798-2460
5  Facsimile:   (949) 955-9437

6  Attorneys for Official Committee of Unsecured Creditors

FILED & ENTERED

MAR 22 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

7

8                   **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                         **SANTA ANA DIVISION**

11

12  In re:                              Case No. 8:22-bk-12142-SC

13  **2ND CHANCE INVESTMENT GROUP, LLC,**   Chapter 11 Proceeding

14
                                        **ORDER APPROVING STIPULATION
15      Debtor and Debtor-in-possession.    BETWEEN DEBTOR AND THE
                                        OFFICIAL COMMITTEE OF
16                                      UNSECURED CREDITORS GRANTING
                                        THE COMMITTEE STANDING TO
17                                      PURSUE CERTAIN AVOIDANCE
                                        ACTIONS ON BEHALF OF THE
18                                      ESTATE**

19
                                        [No Hearing Required]
20

21

22         The Court, having read and considered the *Stipulation Between Debtor and the Official*

23  *Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance*

24  *Actions on Behalf of the Estate* ("Stipulation") entered into between 2nd Chance Investment Group,

25  LLC, the Debtor and Debtor-in-Possession ("Debtor") and The Official Committee of Unsecured

26  Creditors ("Committee"), filed March 22, 2023 as Docket No. 76, and for good cause appearing,

27  \\\

28

                                        1

1    **IT IS ORDERED:**

2    1.    The Stipulation is approved.

3                                                    ###

24    Date: March 22, 2023

Scott C. Clarkson
United States Bankruptcy Judge

## Exhibit D
Liquidating Trust

Andy C. Warshaw, Esq. (State Bar No. 263880)
Financial Relief Law Center, APC
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: 714-442-3319
Facsimile: 714-361-5380
Email: awarshaw@bwlawcenter.com

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| IN RE<br>2ND CHANCE INVESTMENT GROUP, LLC<br><br>Debtor and Debtor in Possession. | Case No. 8:22-bk-12142-SC<br><br>Chapter 11<br><br>**LIQUIDATING TRUST OF 2ND CHANCE INVESTMENT GROUP, LLC**<br><br>**Disclosure Statement Hearing:**<br>Date:  July 19, 2023<br>Time:  1:30 pm<br>Place:  United States Bankruptcy Court[1]<br>411 West Fourth Street, Suite 5130 /<br>Courtroom 5C<br>Santa Ana, CA 92701-4593<br><br>**Plan Confirmation Hearing:**<br>Date:    TBD<br>Time:<br>Place: |

---

[1] By way of Zoom.gov.  See the Notice for Additional Information and Hearing Access.

PAGE **1** OF 27
LIQUIDATING TRUST OF 2ND CHANCE INVESTMENT GROUP, LLC

## **TRUST AGREEMENT**

This Trust Agreement (the "Agreement") dated as of June 1, 2023, is entered into by and among 2nd Chance Investment Group, LLC (the "Debtor"), as settlor, and David M. Goodrich as the trustee of the Trust referred to herein (the "Trustee"), and is executed in connection with and pursuant to the terms of the Debtor's Liquidating Plan Dated May 10, 2023 ("Plan") that was proposed by the Debtor and filed with the Bankruptcy Court as ECF No. _____, and confirmed by the Plan confirmation order entered by the Bankruptcy Court on _____ ____, 2023 as ECF No. _____ (the "Plan Confirmation Order"), which provides for, among other things, the establishment of a trust evidenced hereby (the "Trust").

### **Witnesseth**

WHEREAS, on December 21, 2022, the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, Central District of California – Santa Ana Division (the "Bankruptcy Court");

WHEREAS, on _____ ____, 2023, the Bankruptcy Court entered the Confirmation Order confirming the Plan.  All references herein to the "Plan" mean the Plan as modified by the Confirmation Order.

WHEREAS, the Trust is created pursuant to the Plan;

WHEREAS, the Trust is created on behalf, and for the sole benefit of the creditors of the Debtor (the "Trust Beneficiaries"), as set forth in the Plan and provided herein.

WHEREAS, the Trust is established and maintained for the purpose of collecting, distributing, and liquidating all of the funds and property assigned to the Trust, as well as pursuing claims and causes of actions assigned to the Trust under the Plan 9 (the "Trust Corpus") for the benefit of the Trust Beneficiaries in accordance with the terms of this Agreement and the Plan;

WHEREAS, the Trust shall have no objective or authority to continue or to engage in the conduct of any trade or business;

WHEREAS, the Plan provides that the Trust Beneficiaries are entitled to their applicable share of the Trust Corpus, as described in the Plan;

WHEREAS, concurrently with the effectiveness of this Agreement, the Effective Date under the Plan has occurred, the Plan has become effective, and the Debtor has been conclusively deemed to have irrevocably transferred, absolutely assigned, conveyed, set over and delivered all right, title and interest of the Debtor and the Debtor's bankruptcy estate in property and assets of any kind (the "Trust Property") to the Trust (except as specifically set forth in the Plan), and the Trustee will cause the Debtor to be dissolved pursuant to the terms of the Plan.   The corpus of the Trust Property will be subject to United States Trustee fees as provided for under the Plan as administrative expenses.

WHEREAS, pursuant to the Plan, the Debtor, the Trustee, and the Trust Beneficiaries are required to treat, for all federal income tax purposes, the transfer of the Trust Property to the Trust as a transfer of the Trust Property by the Debtor to the Trust Beneficiaries in satisfaction of their claims under the Plan, followed by a transfer of the Trust Property by the Trust Beneficiaries to the Trust in exchange for the beneficial interest herein, and to treat the Trust Beneficiaries as the grantors and owners of the Trust for federal income tax purposes;

WHEREAS, the Trust is intended to qualify as a liquidating trust for federal income tax purposes pursuant to Treasury Regulation Section 301.770-4(d), and to be treated as a grantor trust for federal income tax purposes pursuant to Sections 671 through 679 of the Internal Revenue Code;

1

2     WHEREAS, pursuant to the Plan, the Plan Confirmation Order, and the order of the

3     Bankruptcy Court entered as ECF No. _____ granting the motion filed by the Debtor as ECF

4     No. _____ requesting that the Bankruptcy Court approve the agreement with David Goodrich for

5     Trustee Services, the Bankruptcy Court approved David Goodrich to serve as the Trustee of the

6     Trust; .

7     WHEREAS, the Bankruptcy Court shall have jurisdiction over the Trust, the Trustee, and

the Trust Property, including, without limitation, any claims and causes of action, as provided

8     herein and in the Plan; and

9     NOW, THEREFORE, in consideration of the promises and the mutual covenants contained

10    herein and, in the Plan, the Debtor and the Trustee hereby agree as follows.

11

12                                    **Article I**
                              Definitions and Interpretations

13    1.1.    Definitions

14         1.1.1.    "Agreement" shall mean this document and have the meaning set forth in the

      introductory paragraph to this Agreement.

15
           1.1.2.    "Bankruptcy Court" or "Court" shall mean the United States Bankruptcy Court for
16
      the Central District of California, in which the case is currently pending, or such other court of
17
      competent jurisdiction that is exercising jurisdiction over the case at the time of Confirmation.
18
           1.1.3.    "Debtor" shall mean 2nd Chance Investment Group, LLC as the Debtor in
19
      bankruptcy case number 8:22-bk-12142-SC filed in the Central District of California – Santa Ana
20
      Division.
21
           1.1.4.    "Effective Date" is defined as the first day of the month following the entry of the
22
      order confirming the plan that is at least fifteen days after the date an order confirming Debtor's
23

24

plan is entered, assuming that there has been no order staying the effectiveness of the Confirmation Order.

    1.1.5.  "Plan" shall mean the Chapter 11 Plan of Reorganization Dated May 10, 2023, as part of case number 8:22-bk-12142SC filed in the Central District of California – Santa Ana Division

    1.1.6.  "Trust" shall have the same meaning as set forth in the introductory paragraph of this Agreement.

    1.1.7.  "Trustee" shall mean David M. Goodrich and any successor or replacement appointed under the terms of this Agreement.

    1.1.8.  "Trust Beneficiaries" shall have the meaning set forth in the Recitals to this Agreement, or any successors to such Trust Beneficiaries pursuant to Article VI of this Agreement.

    1.1.9.  "Trust Property" shall mean the Trust Corpus (as defined in the Recitals of this Agreement) and shall include all of the assets assigned to the Trust under the Plan.

1.2.  Use of Plan Definitions. All capitalized terms which are used in this Agreement and not otherwise defined herein shall have the same meaning as set forth in the Plan or the Disclosure Statement Describing the Plan, and the Plan Confirmation Order. In the case of any inconsistency between the terms of this agreement and the terms of the Plan or Disclosure Statement, then the terms of the Plan govern and control.  The Plan Confirmation Order governs above all others.

1.3.  Certain References. Reference in this Agreement to any Section or Article is, unless otherwise specified, to such section or article under this Agreement.  The words "hereof", "herein"

and similar terms shall refer to this Agreement but not to any particular section or article of this

Agreement.

## Article II
### Establishment, Purpose, and Funding of the Trust

2.1    <u>Creation and Name</u>. There is hereby created the Trust, referred to in the Plan as the

Liquidating Trust.

2.2    <u>Purpose of the Trust</u>. The Debtor and the Trustee, pursuant to the Plan and in accordance

with title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), hereby create the Trust for the

purpose of (i) collecting, distributing, liquidating and otherwise disposing of all of the funds and

property in the Trust for the benefit of Trust Beneficiaries in accordance with the terms of this

Agreement and the Plan, (ii) causing all proceeds of Trust Property to be deposited into the Trust

in accordance with the Plan and this Agreement, (iii) controlling, defending, prosecuting, settling,

and/or pursuing the resolution or litigation of all claims, rights, and causes of action included in

the Trust Property, in each such case, in accordance with the Plan and this Agreement, (iv)

overseeing and, where appropriate, directly initiating actions to resolve any remaining issues

regarding the allowance and payment of disputed claims or any other claims that require

resolution, including, as necessary, initiation and/or participation in proceedings before the

Bankruptcy Court, and (v) taking such actions permitted hereunder that are necessary or useful to

maximize the value of the Trust, including, without limitation, the borrowing of funds and the

retention of employees.  The Activities of the Trust shall be limited to those activities set forth

herein and as otherwise contemplated by the Plan.  The Trustee understands and agrees that the

Trust has no objective to continue or to engage in the conduct of any trade or business, except to

the extent reasonably necessary to operate consistently with the purpose of the Liquidating Trust and the Plan.

2.3    Transfer of Trust Property.

2.3.1    The Debtor hereby irrevocably grants, releases, assigns, conveys, transfers, and delivers, for the benefit of the Trust Beneficiaries, pursuant to Sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code and in accordance with the Plan and the Plan Confirmation Order, the Trust Property to the Trust for the uses and purposes as specified in this Agreement and the Plan, free and clear of any and all liens, claims, encumbrances and interest (legal, beneficial, or otherwise) to the maximum extent contemplated by and permissible under Section 1141(c) of the Bankruptcy Code, except as set forth in the Confirmation Order or the Plan.  To the extent that certain assets of the Debtor's or the Debtor's bankruptcy estate (and the right, title and interest in such assets), because of their nature or because they will accrue subsequent to the Effective Date, cannot be irrevocably transferred, absolutely assigned, conveyed, and set over or delivered to the Trust on the Effective date, such assets shall be deemed assigned, set over, transferred and conveyed to the Liquidating Trust as soon as practicable after the Effective Date. The Trustee is hereby granted the Power of Attorney to execute documents on behalf of the Debtor, as reasonably determined by the Trustee (in recordable form where necessary or appropriate) to vest or perfect in or confirm to the Trustee title to and possession of the Trust Property.

2.3.2    Except as expressly provided herein or as provided in the Plan Confirmation Order, in no event shall any part of the Trust Property revert to or be distributed to the Debtor.

2.3.3    For all federal, state, and local income tax purposes, the Debtor, the Trust Beneficiaries, and the Trustee shall treat the transfer of Trust Property by the Debtor to the Trust Beneficiaries in

satisfaction of their claims, in exchange for their beneficial interests in the Trust.  Thus, the Trust Beneficiaries shall be treated as grantors and owners of the Trust.

### Article III
#### Appointment, Duties, and Powers of the Trustee

3.1    <u>Appointment</u>: David M. Goodrich hereby acknowledges his acceptance of his appointment as the Trustee to serve pursuant to the terms of the Plan and this Agreement, until such time as he resigns, is removed, discharged, or this Agreement and the Trust terminate as set forth herein.

3.2    <u>Trustee Duties</u>. The duties, obligations and responsibilities of the Trustee shall include, but not be limited to, the following: (a) oversee the preservation, holding, management and maximization of all Trust Property and distribute them to the Trust Beneficiaries; (b) take or not take those actions that the Trustee in his business discretion believes to be in accordance with the best interests of the Trust Beneficiaries and which actions or inactions are consistent with the Plan.

3.2.1    The Trustee's responsibilities, duties and obligations are solely to the Trust Beneficiaries. The Trustee shall have an independent right and standing to request relief from the Bankruptcy Court that the Trustee believes to be in accordance with the best interests of the Trust Beneficiaries. For purposes of performing his duties and fulfilling his obligations under the Plan, this Agreement, and the Plan Confirmation Order, the Trustee shall be deemed to be a "party in interest" within the meaning of Section 1109(b) of the Bankruptcy Code and to be a representative of the Debtor's bankruptcy estate under Bankruptcy Code Section 1123(b)(3) and 1129(a)(5).

3.3    <u>Trustee's Rights, Powers, Privileges, and Limitations</u>

The Trustee's rights, powers, privileges, and any limitations thereto are set forth below in Sections 4.1 and 4.4, respectively.

## Article IV
### Administration of the Trust

4.1    <u>Rights, Powers, and Privileges</u>. The Trustee shall have all of the rights, powers and privileges expressly provided in this Agreement and the Plan.  The Trustee shall have the power to take the actions granted in the subsections below and any powers reasonably incidental thereto, that the Trustee, in their reasonable discretion, deems necessary or appropriate to fulfil the purpose of the Trust, unless otherwise specially limited or restricted by the Plan or this Agreement:

4.1.1    Make continuing efforts to collect, sell, or otherwise liquidate or dispute of Trust Property, and take any of the actions set forth in this Agreement without the approval of the Bankruptcy Court and free of restrictions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, other than restrictions expressly imposed by the Plan, the Plan Confirmation Order or this Agreement.

4.1.2    File, initiate, analyze, investigate, compromise and settle all causes of action that are Trust Property, including all claims and causes of action, that could be brought by a trustee or debtor in possession under the Bankruptcy Cod, and prosecute or defend all appeals on behalf of the Debtor, as representative of the Debtor within the meaning of section 1123(b)(3)(B) of the Bankruptcy Code.

4.1.3    Commence and/or pursue all actions involving Trust Property that could arise or be asserted at any time, unless otherwise waived or relinquished in the Plan, including all claims and causes of action.

4.1.4    Hold legal title to all rights of the Debtor and the Trust Beneficiaries in or arising from the Trust Property.

4.1.5    Protect and enforce the rights to the Trust Property (including, without limitations, any and all claims and causes of action that are Trust Property) vested in the Trustee by this Agreement and the Plan by any method deemed appropriate, including, without limitation, by judicial proceedings or otherwise.

4.1.6    Compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle, in accordance with the terms of this Agreement, claims in favor of or against the Trust, and release and discharge, to the fullest extent permitted by law, non-Debtor parties to claims or causes of action from all claims and causes of action that the Trustee (as successor to the Debtor on behalf of the Trust Beneficiaries) has or may have whether known or unknown against such persons without further notice to, or approval of, the Bankruptcy Court.

4.1.7    Exercise any and all powers granted to the Trustee by any agreements or by common law or any statute which serves to increase the extent of the powers granted to the Trustee hereunder;

4.1.8    Manage all litigation instituted by or against the Trust or the Trustee, and administer the Trust expenses related thereto;

4.1.9    Determine and satisfy any and all liabilities created or incurred by the Trust;

4.1.10   Effectuate the wind-down and ultimate dissolution of the Debtor as a legal entity;

4.1.11   File any and all tax information or returns with respect to the Trust and pay taxes payable by the Trust, if any;

4.1.12   Request any appropriate tax determination with respect to the Trust;

4.1.13   Maintain on the Trustee's books and records a schedule evidencing the beneficial interest held by each of the Trust Beneficiaries, using data such as the official claims register in the Debtor's Chapter 11 bankruptcy case.

4.1.14    Make timely distributions to the Trust Beneficiaries of Trust Property in accordance with this Agreement;

4.1.15    Open and maintain bank accounts on behalf of or in the name of the Trust;

4.1.16    Make all tax withholdings, file tax information and returns, make tax elections by and on behalf of the Trust and file returns for the Trust.

4.1.17    Establish such reserves for, among other things, payment of taxes, assessments, Trustee fees and professional expenses, such as for the administration of the Trust as the Trustee deems appropriate, for the proper operation of matters incidental to the Trust.

4.1.18    Pay all expenses and make all other payments relating to the Trust Property and the administration of the Trust.

4.1.19    Retain and pay third parties pursuant to Section 4.2 herein;

4.1.20    Obtain insurance coverage or a bond with respect to the liabilities and obligations of the Trustee under this Agreement (in the form of an errors and omissions policy or otherwise) and use the Trust Property to obtain and maintain the same, if necessary;

4.1.21    Employ and compensate professionals as the Trustee deems necessary or appropriate;

4.1.22    Pay required or Court ordered, post-Effective Date quarterly fees to the U.S. Trustee;

4.1.23    Prepare and file post-confirmation quarterly reports with the U.S. Trustee and post-confirmation status reports with the Bankruptcy Court, as required;

4.1.24    All powers provided under the Plan to the Trustee;

4.1.25    Invest any monies held as part of the Trust Property in accordance with the terms of Section 4.3 hereof; and

4.1.26   Terminate the Trust consistent with the terms of this Agreement and the Plan, and not unduly prolong the duration of the Trust.

4.2    Agents and Professionals.  The Trustee shall consult with and retain attorneys, accountants, appraisers, or other parties deemed by the Trustee to have qualifications necessary to assist in the proper administration of the Trust.  The Trustee may pay the reasonable salaries, fees, and expenses of such persons (including himself or herself), also including contingency fees, out of the Trust Property in the ordinary course and to the extent permitted herein.

4.3    Investment and Safekeeping of Trust Property. All monies and other Trust Property received by the Trustee shall, until distributed or paid over as herein provided, be held in trust for the benefit of Trust Beneficiaries, but need not be segregated from other Trust Property, unless and to the extent required by law or the Plan.  The Trustee shall be under no liability for interest or producing income on any money received by the Trust and held for distribution or payment to the Trust Beneficiaries, except as such interest that is actually received by the Trustee.  Investments of any monies held by the Trustee shall be administered in view of the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs. For the removal of doubt, the investment powers of the Trustee, other than those reasonably necessary to maintain the value of the Trust Property and to further the liquidating purpose of the Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, other temporary, liquid investments, such as treasury bills.

4.4    Limitations on Trustee and Payment of Fees. The Trustee shall not at any time on behalf of the Trust or Trust Beneficiaries: (i) enter into or engage in any trade or business, and no part of

the Trust Property or its proceeds, revenue or income therefrom shall be used or disposed of by the

Trust in furtherance of any trade or business, or (ii) except as provided below, reinvest any Trust

Property.

4.4.1    The Trustee may invest funds held in the Trust consistent with the requirements of this

Agreement and the prudent person standard of car, provided that the Trustee shall have no liability

in the event of insolvency of any financial institution which holds invested funds of the Trust, to

the extent such institution is on the list of approved depositories by the United States Trustee.

4.4.2    The Trustee shall hold, collect, conserve, protect and administer the Trust in accordance

with the provisions of this Agreement and the Plan, and pay and distribute amounts as set forth

herein for the purposes set forth in this Agreement.  Any determination by the Trustee as to what

actions are in the best interests of the Trust shall be determinative.

4.5    <u>Bankruptcy Court Approval of Trustee Actions</u>. Except as provided in the Plan or

otherwise specified by this Agreement, the Trustee need not obtain the approval of the Bankruptcy

Court in the exercise of any power, rights, or discretion conferred hereunder or account to the

Bankruptcy Court. The Trustee shall exercise their own business judgment for the benefit of the

Trust Beneficiaries in order to maximize the value of the Trust Property and distributions, giving

due regard to the cost, risk, and delay of any course of action.  Notwithstanding the foregoing, the

Trustee shall have the right to submit to the Bankruptcy Court any questions of interpretation

seeking direction and/or approval of the Bankruptcy Court with respect to the Trust Property, the

Trust, this Agreement, the Plan, or the Debtor. The Trustee shall have the authority, but not the

obligation, to seek Bankruptcy Court approval to sell any Trust Property free and clear of any and

all liens, claims, and encumbrances.

4.6    Valuation of Trust Property.  The Trustee shall make best efforts to understand and

apprise the Trust Beneficiaries of the fair market value of the Trust Property.  The valuation shall

be used consistently by all parties (including the Trustee and Trust Beneficiaries) for all federal

income tax purposes.  Any dispute regarding the valuation of Trust Property shall be resolved by

the Bankruptcy Court.

**Article V**
Distributions from the Trust

5.1.    Distributions. The Trustee shall distribute at least annually to the Trust Beneficiaries all net

cash income plus all net cash proceeds from the liquidation of Trust Property; provided, however,

that the Trustee shall maintain at all times adequate cash or marketable securities as reserves,

including the Disputed Claim Reserve, as may be reasonably necessary to maintain the value of

the Trust Property, satisfy projected expenses and meet claims and contingent liabilities of the

Trust.  The Trustee may request the Bankruptcy Court to resolve any dispute or to rule upon any

inquiry regarding the adequacy of reserves.

5.2.    Pro Rata Share of Distributions. Each of the Trust Beneficiaries shall receive its share or

pro rata share (as applicable) of any and all distributions made by the Trustee.  The Trustee may

withhold from amounts distributable to any Trust Beneficiary any and all amounts determined in

the Trustee's reasonable sole discretion to be required by any law, regulation, rule, ruling,

directive or other governmental requirement.

5.3.    Delivery of Distributions. All distributions to be made to the Trust Beneficiaries shall be

made by the Trustee in accordance with the terms of the Plan.

5.4.    Undelivered Property. Any Trust Beneficiary that fails to claim any cash within ninety (90)

days from the date upon which a distribution is first made to such entity shall forfeit all rights of

any distribution under the Plan and shall not be subject to the unclaimed property or escheat laws of any governmental unit.  Upon forfeiture of such rights, any cash or interest thereon shall be made available for re-distribution to the remaining Trust Beneficiaries.  Trust Beneficiaries who fail to claim cash shall forfeit their rights thereto and shall have no claim whatsoever against the Trust or the Trustee, as applicable, or any of the other Trust Beneficiaries to whom distributions are made under the Plan, provided, however, that the Trustee may, but is not required to, undertake reasonable efforts, in his or her business judgment, to locate Trust Beneficiaries whose distributions are returned as undeliverable or whose checks are not timely cashed.

5.5.    <u>De Minimus Distributions</u>. No distribution shall be required to be made hereunder to any Trust Beneficiary unless such distribution amounts to at least $25.  Any Trust Beneficiary on account of which the amount of cash to be distributed pursuant to any distribution from the Trust of less than $25 shall be deemed to have no claim for such distribution against the Debtor, the Trust, the Trustee or the Trust Property.  Subject to Section 5.4 of this Agreement, any cash not distributed pursuant to this Section 5.5 shall be the property of the Trust, free and clear of any restrictions thereon.

5.6.    <u>Payments Limited to Trust Property</u>. All payments to be made by the Trustee to or for the benefit of any Trust Beneficiary shall be made only to the extent that the Trustee has sufficient reserves to make such payments in accordance with this Agreement and under the Plan.  Each Trust Beneficiary shall have recourse only to the Trust Property for distribution under this Agreement and the Plena.

5.7.    <u>Fees and Expenses</u>.

5.7.1.  Subject to the limitations set forth herein and, in the Plan, the Trustee shall pay, and/or reserve estimated amounts for the operating and administrative expenses of the Trust (such as the Trustee's professional fees or outstanding administrative claims), before approving distributions to or for the benefit of the Trust Beneficiaries.

5.7.2.  The Trustee shall satisfy any fees and expenses of the Trust with Trust Property.

5.8.    Priority of Distributions.

    (i)    First, to pay and/or reserve for any unpaid or reasonably anticipated costs and expenses of the Trust, including, without limitation, reasonable professional fees and expenses and court costs;

    (ii)    Second, distributed to Trust Beneficiaries in accordance with this Agreement and the Plan.

5.9.    Compliance with Laws. Any and all distributions of Trust Property comply with applicable laws, including, but not limited to, federal and state securities laws.

## Article VI
Trust Beneficiaries

6.1.    Identification of the Trust Beneficiaries. Each of the Trust Beneficiaries shall be recorded and set forth in a schedule (the "Schedule") maintained by the Trustee. In order to determine the actual names and addresses of the Trust Beneficiaries, the Trustee may either (i) rely upon the Schedule, or (ii) deliver a notice to the Trust Beneficiaries.  Such notice will include a form for each Trust Beneficiary to complete in order to be properly registered as a Trust Beneficiary and be eligible for distributions under the Trust.

6.2.    Beneficial Interest Only. The ownership of a beneficial interest in the Trust shall not entitle any Trust Beneficiary or the Debtor to any title in or to the Trust Property or to any right to call for

a partition or division of such Trust Property or to require an accounting, except as specifically provided hereunder.

6.3. _Ownership of Beneficial Interests Hereunder_. Subject to the requirements and limitations of this Agreement, each Trust Beneficiary shall own a beneficial interest in the Trust equal in proportion to such Trust Beneficiary's pro rata share of its allowed claim under the Plan.

6.4. _Evidence of Beneficial Interest_. Ownership of a beneficial interest in the Trust shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained in the books and records of the Trust by the Trustee.

6.5. _Conflicting Claims_. If any conflicting claims or demands are made or asserted with respect to a beneficial interest, the Trustee shall be entitled, as his sole election, to reuse to comply with any such conflicting claims or demands.  In so refusing, the Trustee may elect to make no payment or distribution with respect to the beneficial interest represented by the claims or demands involved, or any part thereof, and the Trustee shall refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands. In doing so, the Trustee shall not be or become liable to any party for his refusal to comply with any of such conflicting claims or demands.  The Trustee shall be entitled to refuse to act until either (a) the rights of the adverse claimant have been adjudicated by a final order, or (b) all differences have been resolved by a written agreement among such parties and the Trustee, which agreement shall include a complete release of the Trust and the Trustee (the occurrence of either (a) or (b) referred to as a "Dispute Resolution" in Section 6.5).  Until a Dispute Resolution is reached with respect to such conflicting claims or demands, the Trustee shall hold in a segregated and I nterest bearing account any payments or distributions from the

Trust to be made with respect to the Beneficial Interest at issue.  Upon the Dispute Resolution, the

Trustee shall promptly transfer payments and distributions due, if any, that are held in the

segregated account together with any interest and income generated thereon, in accordance with

the terms of the Dispute Resolution.

6.6.    <u>Limitation on Transferability</u>. It is understood and agreed that the beneficial interests in the

Trust shall not be assignable, other than by operation of law.

**Article VII**
Third Party Rights; Limitation of Liability and Indemnity

7.1.    <u>Parties Dealing with the Trustee</u>.  In the absence of actual knowledge to the contrary, any

person dealing with the Trust, or the Trustee shall be entitled to rely on the authority of the Trustee

or any of the Trustee's agents or professionals to act in connection with the Trust Property.  No

person or entity dealing with the Trustee shall have any obligation to inquire into the validity,

expediency, or propriety of any transaction by the Trustee or any agent or professional of the

Trustee.

7.2.    <u>Trustee's Liability</u>.  In exercising the rights granted herein, the Trustee shall exercise his

best judgment to the end that the affairs of the Trust shall be properly managed and the interests of

all of the Trust Beneficiaries and the Debtor are safeguarded.

7.3.    <u>Indemnity</u>. The Trustee and each of the Trustee's respective agents, employees,

professionals, attorneys, accountants, advisors and representatives (collectively, the "<u>Indemnified</u>

<u>Parties</u>") shall be indemnified and held harmless by the Trust, to the fullest extent permitted by

law, solely from the Trust Property for any losses, claims, damages, liabilities and expenses,

including, without limitation, reasonable attorneys' fees, disbursements and related expenses that

the Indemnified Parties may incur or to which the Indemnified Parties may become subject in

connection with any action, suit, proceeding or investigation brought or threatened against one or

more of the Indemnified Parties on account of the acts or omissions of an Indemnified Party solely

in its capacity as such; provided, however, that the Trust shall not be liable to indemnify any

Indemnified Party for any act or omission constituting bad faith, fraud or willful misconduct by

such Indemnified Party. Notwithstanding any provision herein to the contrary, the Indemnified

Parties shall be entitled to obtain advances from the Trust to cover their reasonable expenses of

defending themselves in any action brought against them as a result of the acts or omissions,

actual or alleged, of an Indemnified Party in its capacity as such. The foregoing indemnity in

respect of any Indemnified Party shall survive the termination of such Indemnified Party from the

capacity for which it is indemnified.

### Article VIII
Selection, Removal, and Compensation of the Trustee

8.1.    <u>Initial Trustee</u>. The Liquidating Trustee shall be David M. Goodrich.

8.2.    <u>Term of Service</u>. The Liquidating Trustee shall serve until (a) the completion of all the

Liquidating Trustee's duties, responsibilities and obligations under the Liquidating Trust

Agreement and the Plan; (b) termination of the Liquidating Trustee in accordance with the

Liquidating Trust Agreement; or (c) the Liquidating Trustee's death, resignation, or removal.

8.3.    <u>Removal of the Trustee</u>. The Liquidating Trustee may be removed only upon the entry of

an order of the Bankruptcy Court that such removal is appropriate upon a showing of good cause.

The removal shall be effective upon the date specified in such entered order of the Bankruptcy

Court, subject to the payment of all amounts owing to the Liquidating Trustee as of such date.  In

the event of any such removal, the Liquidating Trustee shall submit to the Bankruptcy Court and

any successor a full and complete accounting of monies and Trust Property received, disbursed, and held during the term of office of the Liquidating Trustee.

8.4.    <u>Resignation of the Trustee</u>.   The Liquidating Trustee may resign at any time by filing with the Bankruptcy Court at least ninety (90) days written notice of his intention to do so.  In the event of a resignation, the resigning Liquidating Trustee shall submit to the Bankruptcy Court a full and complete accounting of monies and Trust Property received, disbursed, and held during the term of office of that Liquidating Trustee. The resignation shall be effective on the later to occur of: (i) the date specified in the notice; (ii) the appointment of a successor Liquidating Trustee by order of the Bankruptcy Court and the acceptance by such successor of such appointment; provided, that if a successor Liquidating Trustee is not appointed or does not accept his/her appointment within ninety (90) days following the delivery of notice of resignation, the resigning Liquidating Trustee may petition the Bankruptcy Court for the appointment of a successor Liquidating Trustee.

8.5.    <u>Appointment of Successor Trustee</u>. Upon the resignation, death, incapacity, or removal of the Liquidating Trustee, a successor Liquidating Trustee shall be appointed pursuant to an order of the Bankruptcy Court. Any successor Liquidating Trustee so appointed shall consent to and accept in writing the terms of the Liquidating trust Agreement and agree that the provisions of the Liquidating Trust Agreement and this Plan shall be binding upon and inure to the benefit of the successor Liquidating Trustee.

8.6.    <u>Powers and Duties of Successor Trustee</u>. A successor Liquidating Trustee shall have the

rights, privileges, powers, and duties of their predecessor under the Agreement and this Plan.

Notwithstanding anything to the contrary herein, a removed or resigning Liquidating Trustee shall,

when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument

or instruments conveying and transferring to such successor Liquidating Trustee under the Trust

Agreement and all the estates, properties, rights, power, and trusts of such predecessor Liquidating

Trustee.

8.7.    <u>Trust Continuance</u>. The death, resignation or removal of the Liquidating Trustee does not

terminate the Liquidating Trust or revoke any existing agency created pursuant to this Agreement

or invalidate any action theretofore taken by the original Liquidating Trustee. In the event that a

successor Liquidating Trustee is not appointed within thirty (30) days of when required under

Agreement, any Trust Beneficiary may apply to the Bankruptcy Court for appointment of a

successor Liquidating Trustee upon notice to the Liquidating Trustee.

8.8.    <u>Compensation and Costs of Administration</u>. The Liquidating Trustee shall receive

compensation of $350 per hour plus expenses for services provided under the Liquidating Trust

Agreement. This is the same rate as the Liquidating Trustee's current hourly rate as the Chief

Restructuring Officer for the Debtor and is a reduction of his typical rate as a practicing

bankruptcy attorney of $650 per hour.  The CRO will use his staff to assist him with certain

functions which will create a blended rate of $225 per hour.

8.9.    <u>Annual Reporting and Filing Requirements</u>. The Liquidating Trustee shall file tax returns

for the Liquidating Trust as a grantor trust pursuant to the Treasury Regulation Section 1.671-4(a)

and any other applicable laws or regulations and shall furnish information statements to the Trust

Case 8:22-bk-12142-SC    Doc 139    Filed 05/10/23    Entered 05/10/23 17:13:57    Desc
Main Document    Page 88 of 93

Beneficiaries setting forth their allocable share of the income, loss, deduction or credit of the Liquidating Trust and instruct them to report such items on their federal income tax returns. The Liquidating Trustee may withhold from amounts distributable to any Trust Beneficiary any and all amounts, determined in the Liquidating Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, director, or other governmental requirement.  The Liquidating Trustee shall have the right to employ an accountant and any other professionals needed to assist the Liquidating Trustee for annual reporting and filing requirements.  The tax returns filed by the Liquidating Trustee shall report all Liquidating Trust earnings for the taxable year being reported. All of the Liquidating Trust's income shall be treated as subject to tax on a current basis.   For federal income tax purposes, items of income, gain, loss, and deduction of the Liquidating Trust will be allocated to the Trust Beneficiaries in a manner to be determined by the Liquidating Trustee, that is consistent with the applicable Treasury Regulations that reflect the Trust Beneficiaries' respective contributions and their respective interests in the interim and final distributions to be made by the Liquidating Trust, and such Trust Beneficiaries shall be responsible for the payment of taxes on a current basis that result from such allocations.

8.10.   <u>Confidentiality</u>.  The Liquidating Trustee shall, while serving as the Liquidating Trustee under the Liquidating Trust Agreement and for a period of twelve (12) months following the termination of the Liquidating Trust Agreement or following his removal or resignation thereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Trust Property relate or of which he/she has become aware in his capacity as Liquidating Trustee.

**Article IX**
Maintenance of Records

PAGE **22** OF **27**
LIQUIDATING TRUST OF 2ND CHANCE INVESTMENT GROUP, LLC

9.1.    The Trustee shall maintain books and records containing a description of all property from time to time constituting the Trust Property and an accounting of all receipts and disbursements. Upon 60 days' prior written notice delivered to the Trustee, such books and records shall be open to inspection by any Trust Beneficiary at any reasonable time during normal business hours; _provided_ that, if so requested, such Trust Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Trustee.  The Trustee shall furnish to any Trust Beneficiary upon written request an annual statement of receipts and disbursements of the Trust.  Such books and records may be destroyed without further notice to parties or approval of the Bankruptcy Court after five years from the final report to the Bankruptcy Court has been filed by the Trustee (unless such records and documents are necessary to fulfil the Trustee's obligations pursuant to this Agreement).

**Article X**
Duration of Trust

10.1.    Duration.  The Trust shall become effective upon the Effective Date of the Plan. Thereupon, this Agreement shall remain and continue in full force and effect until the Trust is terminated in accordance with the provisions of this Agreement and the Plan.

10.2.    Termination of the Trust. The Trust (and the duties, responsibilities and powers of the Trustee) shall terminate on the later of (a) the date which is five (5) years after the Effective Date; and (b) the date when full resolution of all Trust Property transferred to the Trust has occurred, including distribution of the Trust Property and the net proceeds thereof, in accordance with the Plan and this Agreement, provided, however, that for cause the Trustee may seek earlier termination of the Trust upon application to the Bankruptcy Court.  The Trustee shall not unduly prolong the duration of the Trust and shall at all times endeavor to resolve, settle or otherwise

dispose of all claims that constitute Trust Property and to the effect the distribution of the Trust Property to the Trust Beneficiaries in accordance with the Plan and terminate the Trust as soon as practicable.  Upon such termination, except as set forth in Section 10.3 below, the Trustee shall be discharged from his position as Trustee and from all further duties, obligations, and responsibilities under the Plan.

10.3.    <u>Continuance of Trust for Winding Up</u>. After the termination of the Trust and for the purpose of liquidating and winding up the affairs of the Trust, the Trustee shall continue to act as such until his duties have been fully performed, including, without limitation, such post-distribution tasks as necessary to windup the affairs of the Trust.  After the termination of the Trust, the Trustee shall retain for a period of five (5) years the books, records, Beneficiary lists, and certificates and other documents and filed created by the Trustee.  At the Trustee's discretion, all such records and documents may, but need not, be destroyed at any time after five (5) years from the completion and winding up of the affairs of the Trust.  Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Trust and final distribution of the Trust Property, the Trustee shall have no further duties or obligations hereunder.  The Trustee may pay in advance from the Trust Property all costs of document management.

### Article XI
Miscellaneous

11.1.    <u>Preservation of Privilege</u>. In connection with the rights, claims, and causes of action that constitute the Trust Property, any attorney-client privilege, work product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Trust pursuant to the terms of the Plan or otherwise shall vest in the Trustee and

his representatives, and the Debtor and the Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges, as necessary.

11.2.  <u>Notices</u>. Any notice of other communication which may be or is required to be given, served, or sent to the Trustee, as applicable, shall be in writing and shall be sent by Federal Express and email, or transmitted by hand delivery and email, addressed as follows:

If to the Trustee:
David M. Goodrich.
Golden Goodrich LLP
650 Town Center Dr., Suite 600
Costa Mesa, CA 92626
Phone: (714) 766-1000
Email: dgoodrich@go2.law


With a copy to:
Andy C. Warshaw
Financial Relief Law Center, APC
1200 Main St., Suite C
Irvine, CA 92614
Phone: (714) 442-3319
Email: awarshaw@bwlawcenter.com

11.3.  <u>No Bond</u>.  Notwithstanding any state law to the contrary, the Trustee or the Trustee's successor, shall be exempt from giving any bond or other security in any jurisdiction.

11.4.  <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to principles of conflicts of law.

11.5.   <u>Successor and Assigns</u>. This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

11.6.  <u>Headings</u>. The various headings of this Agreement are inserted for convenience only and shall not affect the meaning or understanding of this Agreement or any provision hereof.

PAGE **25** OF **27**
LIQUIDATING TRUST OF 2ND CHANCE INVESTMENT GROUP, LLC

11.7.   No Execution.  All Trust Property shall be deemed *in custodia legis* until such times as the Trust Property has actually been paid to or for the benefit of a Beneficiary, and no Beneficiary or any other Person can execute upon, garnish or attach the Trust Property or the Trust in any manner or compel payment from the Trust except by order of the Bankruptcy Court that becomes a final order.  Payment will be solely governed by this Agreement and the Plan.

11.8.   Intention of Parties to Establish Grantor Trust. This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a grantor trust.

11.9.   Amendment. This Agreement may be amended at any time by order of the Bankruptcy Court after motion by the Trustee.

11.10.   Severability.  If any term, provision, covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

11.11.   Counterparts and Facsimile Signatures. This Agreement (of any amendment thereto) may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original signature.

//

//

//

IN WITNESS WHEREOF, the parties executed this agreement as of the day and year written in the paragraph titled <u>TRUST AGREEMENT</u>.

2nd Chance Investment Group, Inc.

By: _____
Name: Rayshon Foster
Title: Chief Executive Officer

Trustee

By: _____
Name: David M. Goodrich
Title: Chief Restructuring Officer