Dane Exnowski, SBN 281996
McCalla Raymer Leibert Pierce, LLP
301 E. Ocean Boulevard, Suite 1720
Long Beach, CA 90802
Telephone: 562-661-5060
Dane.Exnowski@mccalla.com

Attorney for Secured Creditor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re:<br><br>2nd Chance Investment Group, LLC,<br><br><br><br><br><br><br><br>Debtor. | CASE NO.: **8:22-bk-12142-SC**<br><br>CHAPTER: **11**<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN**<br><br><br>Confirmation Hearing:<br>Date:   tbd<br>Time:   tbd<br>Place:  Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701 |
|---|---|

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES**

Forethought Life Insurance Company ("Secured Creditor"), as serviced by Fay Servicing, LLC, hereby objects to the confirmation of the Debtor's Chapter 11 Plan in the above-captioned matter on 5/10/2023 [docket # 139]. Secured Creditor is a party in interest as the holder of a secured claim and therefore has standing to object to the Debtor's Chapter 11 Plan. Secured Creditor objects to the Debtor's Chapter 11 Plan on the following grounds:

1. **Secured Creditor's claim relating to the Property.** Secured Creditor's claim is secured by the real property commonly known as 3025 Glenview Ave, San Bernardino, CA 92407 (the "Property"). At the time of the bankruptcy petition filing, Secured Creditor's claim was in the amount

of $194,913.29, including arrearage in the amount of $8,094.33.  Secured Creditor's Proof of Claim was filed on April 7, 2023 as claim number 51-1.

2. **Plan Treatment on Secured Creditor's Claim.**  The Debtor's Plan is a liquidating Plan. Secured Creditor's Claim is a Class 2-7 Claim, which provides: "[the Property] shall be transferred to and subject to the terms of the Liquidating Trust. The claimant in Class 2-7 shall be paid pursuant to the Liquidating Trust."  A copy of the proposed liquidating trust is attached as Exhibit D to the Plan. In addition, according to the Hypothetical Liquidation Analysis set forth in Exhibit 2 to the Disclosure Statement, the Property's estimated value is $320,000 (forced liquidation) to $377,000 (orderly liquidation).  Finally, pursuant to § 2.3.1 of the proposed liquidating trust, the Debtor proposes to transfer all trust property to the trust free and clear of any and all liens, claims, encumbrances and interests except as set forth in the Confirmation Order or the Plan.

3. **Objection.**

(a) <u>The Plan fails to comply with § 1129(a)(1).</u>

"The debtor carries the burden of proving that a Chapter 11 plan complies with the statutory requirements for confirmation under §§ 1129(a) & (b)." *In re Arnold & Baker Farms*, 177 BR 648, 654 (9th Cir. BAP 1994).  Section 1129(a)(1) requires that a Chapter 11 plan comply with the applicable provisions of Title 11. The Plan is not fair and equitable under § 1129(b)(1), § 1129(b)(2)(A) and § 1129(b)(2)(B) as it proposes an indefinite and hypothetical sale. Similarly, the Plan appears infeasible under § 1129(a)(11) for the same reasons.  Therefore, the Plan violates § 1129(a)(1), and cannot be confirmed as a matter of law.

(b) **11 U.S.C. § 1129(b)(2)(A) - Secured Creditor's Claim Amount.**

The Disclosure Statement (at Exhibit 3) correctly lists Secured Creditor's Claim amount at $194,913.29 and does not list the Claim as disputed.  Secured Creditor does not necessarily read the Plan as attempting to fix the value of Secured Creditor's claim. However, Secured Creditor objects, out of an abundance of caution, to the fixing of its claim at $194,913.29; it submits that it is entitled to the full value of its claim [including accrual of interest at the contract rate and any fees or costs] at the time of any sale, as provided by 11 U.S.C. § 506(b) or otherwise under applicable non-bankruptcy law, as its claim has not been valued.  *See also* 11 U.S.C. § 1129(b)(2)(A)(i)(I) (in order to afford

'fair and equitable' treatment to a non-consenting secured claimant, the plan must provide that the secured claimant retain its lien securing such claim, whether the property subject to such lien is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claim); 11 U.S.C. § 1129(b)(2)(A)(ii) [subjecting this 'sale' provision to § 1129(b)(2)(A)(i)].

Secured Creditor notes that, as the Debtor (the borrower under the subject note) is winding down and is walking away from Secured Creditor's loan, Secured Creditor anticipates having to advance for post-petition property taxes and insurance. Accordingly, in addition to interest accrual and fees, Secured Creditor sets forth that it is likely that its Secured Claim will include additional amounts for tax and insurance advances. Accordingly, Secured Creditor wants to ensure it is compensated for any such advances.

**(c) 11 U.S.C § 1129(b)(2)(A)(ii) – proposed sale of Property.**

The Plan's treatment is not fair and equitable under § 1129(b)(1) and § 1129(b)(2)(A)(ii). First, with respect to the 'cram-down' provisions of § 1129(b), in the event a chapter 11 plan proponent proposes to satisfy a secured claim by a sale of the collateral, the proponent must afford the secured claimant the right to credit bid at any sale as required by § 363(k). *RadLAX Gateway Hotel v. Amalgamated Bank*, 132 S. Ct. 2065, 2073 (2012). This applies whether the plan proponent attempts to seek confirmation of a plan proposing such a sale pursuant to § 1129(b)(2)(A)(ii) or § 1129(b)(2)(A)(iii). *Id*. at 2072.

As the Plan does not appear to afford Secured Creditor the right to credit bid at any sale of the Property, the Plan violates § 1129(b)(2)(A)(ii) and is not fair and equitable under § 1129(b)(1). *See also In Re Monarch Beach Venture, Ltd.,* 166 B.R. 428, 433 (C.D. Cal. 1993) (explaining that the right to credit bid may not be taken from the creditor and that a chapter 11 plan proposing a sale under § 1129(b)(2)(A)(ii) without such credit bid cannot qualify as 'fair and equitable').

Second, Secured Creditor submits that the Plan's proposed treatment is not fair and equitable because it only appears to propose a hypothetical sale in the future at some point, with an undefined marketing or sale period; Secured Creditor would be stayed from taking any action against the Property, presumably without receiving any payment and without any defined default provisions should the Property not be sold or actively marketed in good faith. *See, e.g., Matter of Martindale*,

125 B.R. 32, 40 (Bankr. D. Idaho 1995) (finding a plan not fair and equitable where such plan proposed to retain right to sell secured creditor's collateral for 300 days and thereafter surrender if no sale occurred because, *inter alia*, said approach gave little incentive for the debtors to aggressively market the collateral, as there were no adverse consequences for not selling, provided no safeguards to ensure aggressive marketing, and the debtors retained the benefits derived from the collateral while paying nothing to secured creditor); *In Re Calvanese*, 169 B.R. 104, 107–08 (Bankr. E.D. Pa. 1994) (where debtors proposed to market property for five months without paying creditor and withholding creditor from foreclosing: "In the clear majority of cases considering such or similar plans, bankruptcy courts have refused to confirm plans which keep creditors 'on hold' without receipt of payments while the debtor seeks to sell real estate which it has been unable to sell in years past. Generally, these courts point out that such plans are nothing more than speculative ventures which place all the risk on the respective secured creditors…").

Accordingly, Secured Creditor submits that the Plan's proposed liquidation plan is not fair and equitable as to Secured Creditor. At a minimum, Secured Creditor would request a reasonable deadline to sell, receipt of any net rents, specific provisions regarding payment of taxes and insurance, and default provisions regarding the failure to timely sell.

### (d) 11 U.S.C. §§ 1123(a)(5) and 1129(a)(11) – Feasibility and Adequate Means of Implementation.

Secured Creditor submits that the Plan's structure of a hypothetical future sale is infeasible within the purview of § 1129(a)(11). The Plan provides no details regarding any sale. *See, e.g.*, *In Re Walker*, 165 B.R. 994, 1003 (E.D. Va. 1994) (in the context of the requirement for a plan to provide 'adequate means of implementation' under § 1123(a)(5), and infeasibility in general: "Other courts have found that plans of reorganization which fail to provide specific details for the sale of real estate, [including the date by which the sale must occur] or to identify the potential purchaser and the expected price do not satisfy the adequate means of implementation requirement of the Code thereby precluding confirmation."). *See again In Re Calvanese*, *supra*, 169 B.R. at 107 ("Although § 1129(a)(11) recognizes the possibility of liquidating plans, a planned liquidation does not create an exception to the feasibility requirement. Even liquidating plans must be feasible. Indeed, many of the

cases discussing the feasibility issue arise in the context of liquidating plans much like the Plan in this case.").

Similarly, Secured Creditor submits that the Plan fails to comply with § 1123(a)(5), which requires that a plan shall adequately provide for the means of its implementation. Here, without limitation, it is unclear whether: (1) Secured Creditor's lien remains on the Property when transferred to the liquidation trust (Secured Creditor presumes as such; but it could not locate any language specifically providing that its lien remains subject to the otherwise free and clear transfer of the Property to the proposed liquidation trust); (2) whether Secured Creditor would be paid directly from escrow on a sale of the Property (as its lien is undisputed) or whether its lien would attach to the proceeds of the sale; and (3) a reasonable deadline to sell.

## CONCLUSION

**WHEREFORE**, Secured Creditor respectfully requests that:

1. Confirmation of Debtor's Chapter 11 Plan be denied; or, in the alternative,

2. Debtor's Plan be amended in accordance with this Objection.

3. For other such relief as the Court deems just and proper.

Dated: May 18, 2023　　　　　　　　　　Respectfully Submitted,

McCalla Raymer Leibert Pierce, LLP

By:　　/s/Dane  Exnowski

Dane  Exnowski

Attorney for Secured Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**301 E. Ocean Boulevard, Suite 1720, Long Beach, CA 90802**

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) (*date*) **5/18/2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

*U.S. Trustee*
ustpregion16.sa.ecf@usdoj.gov

*Debtor's Attorney*
**Amanda G. Billyard, Esq.**
abillyard@bwlawcenter.com
☐ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On  (*date*) **5/18/2023**, I *served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. **\*caused to be served**

*U.S. Bankruptcy Court Judge*
**Honorable Scott C Clarkson**
411 West 4th Street
Ronald Regan Federal Builing
Santa Ana, California 92701

*Debtor*
2nd Chance Investment Group, LLC
600 W. Santa Ana Blvd.
PMB 5045
Santa Ana, CA 92701

☐Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/18/2023 | Alejandro Rodriguez | /s / *Alejandro Rodriguez* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                                  **F 9013-3.1.PROOF.SERVICE**