1  Douglas A. Plazak, State Bar No. 181709
   dplazak@rhlaw.com
2  REID & HELLYER APC
   3685 Main Street, Suite 300
3  Riverside, California 92501
   Telephone: (951) 682-1771
4  Facsimile: (951) 686-2415

5  Attorneys for Sajan Bhakta and
   Ram Bhakta, Interested Parties
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        SANTA ANA DIVISION

11 | In re                              | Case No. 8:22-bk-12142-SC

12 | 2nd Chance Investment Group, LLC,   | Chapter 11

13 |                                     | **OBJECTION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 LIQUIDATING PLAN DATED MAY 10, 2023**
14 |
15 |          Debtor and Debtor in Possession
16 |                                     | **Disclosure Statement Hearing:**
   |                                     | Date:    July 19, 2023
17 |                                     | Time:    1:30 p.m.
   |                                     | Place:   #5C
18 |                                     |          411 West Fourth Street
   |                                     |          Santa Ana, CA 92701-4593
19 |
   |                                     | Confirmation Hearing:
20 |                                     | Date:    TBD
   |                                     | Time:    TBD
21 |                                     | Place:   #5C
   |                                     |          411West Fourth Street
22 |                                     |          Santa Ana, CA 92701-4593

23

24 **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

25 **COURT JUDGE, THE DEBTOR, DEBTOR'S COUNSEL AND OTHER INTERESTED**

26 **PARTIES:**

27   ////

28   ////

1

1    Sajan Bhakta, ASB Ventures LLC, Ram Bhakta, Ronak Parikh, Precision Realty Fund,

2    Deven Bhakta, Abhishek Bhakta, Jatin Bhakta, Parin Bhakta, Anand Bhakta, Sima Patel, Vishal

3    Bhakta, Bhavesh Bhakta, Zona AZ LLC, Straten Lending, Kiwi Capital Group, Pramira LLC,

4    ("Creditors"), hereby object to the Disclosure Statement Describing the Debtor's Chapter 11

5    Liquidating  Dated May 10, 2023 [Doc. #140] ("Disclosure Statement") filed on May 10, 2023.

6    Creditors are interested parties as the holders of sixteen claims and therefore have standing to

7    object to the Debtor's Disclosure Statement.   Creditors object to the Disclosure Statement on the

8    following grounds:

9    **1.    Creditors' Filed Claims**

10    In or about March 22, 2023-April 7, 2023, Creditors filed Proofs of Claim numbers 26-38,

11    44-45, and 49 with the Estate.  The aforementioned Proofs of Claim total approximately

12    $5,790,000.

13    **2.    Disclosure Statement Characterization and Treatment on Creditors' Claims**

14    The Debtor's Chapter 11 Liquidating  Dated May 10, 2023 Plan ("Plan") is a liquidating

15    plan. The Plan generally lists Creditors' claims under Class 4 General Unsecured claims. (See

16    DOC 140, p. 26).  In particular, the Plan characterizes all of the Creditors' claims as "Insider

17    Claims."   Additionally, with respect to the "Treatment" of the Creditors' claims, the Plan fails to

18    include Proof of Claim No. 26 submitted by ASB Ventures LLC and Proof of Claim No. 29 by

19    Abishek Bhakta. (See DOC 140, p. 26).

20    **3.    Creditors Object That The Disclosure Statement Does Not Accurately Describe**

21         **Creditors**

22    **A.    Creditors Should Not Be Characterized As Insiders**

23    "An insider is one who has a sufficiently close relationship with the debtor that his conduct

24    is made subject to closer scrutiny than those dealing at arms [sic] length with the debtor." [citation]

25    *In re The Village at Lakeridge, LLC*, 814 F.3d 993, 999 (9th Cir. 2016).   Prior courts have

26    recognized two types of insiders: (1) statutory insiders described in 11 U.S.C. section 101(31), also

27    known as "per se insiders"; and (2) non-statutory insiders.  A non-statutory insider is a person not

28

2

1  listed in section 101(31), but who has a sufficiently close relationship with the debtor to fall within

2  the definition *Id.*

3       Whether a creditor is an insider is a factual inquiry that must be conducted on a case-by-

4  case basis. *In re Friedman*, 126 B.R. 63, 67, 71-73 (9th Cir. BAP 1991).

5       Insiders under 11 U.S.C. section 101(31)(B) are defined as those who are: (1) directors,

6  officers, and general partners of the debtor; (2) a person in control of the debtor; (3) a general

7  partner of the debtor or a partnership in which the debtor is a general partner; and (4) a relative of a

8  general partner, director, officer, or person in control of the debtor.  Here, no evidence was set forth

9  in DOC 139 that any of the Creditors meets the statutory definition of insider.

10       Prior courts have interpreted statutory and non-statutory insiders as follows:

11       First, the Code assigns insider status to entities or relatives of the
         debtor, or of persons in control of a related entity, whose affinity or
12       consanguinity gives rise to a conclusive presumption that the
         individual or entity commands preferential treatment by the debtor.
13       Second, insider status may be based on a professional or business
         relationship with the debtor, in addition to the Code's per se
14       classifications, where such relationship compels the conclusion
         that the individual or entity has a relationship with the debtor, close
15       enough to gain an advantage attributable simply to affinity rather
         than to the course of business dealings between the parties.
16

17  *Friedman*, supra, 126 B.R. at 69-70 (footnote omitted).

18       "The tests developed by the courts in determining who is an insider focus on the

19  closeness of the parties and the degree to which the transferee is able to exert control and

20  influence over the debtor." *In re Schuman*, 81 B.R. 583, 586 (Bankr. 9th Cir. 1987).  However,

21  in interpreting this standard, 9th Circuit courts have made it clear that the ability to "apply

22  financial pressure" does not transform a creditor into an insider, but instead the focus is on

23  whether the debtor engaged in prepetition conduct due to debtor's "affinity" for the creditor.

24

25  (See, e.g. In re Fourthstage Technologies, Inc., 355 B.R. 155, 159-160 (Bankr. D. Ariz, 2006)

26  [although creditor was in a superior bargaining position, there was no evidence that debtor made

27  settlement payment because of debtor's "affinity" for the creditor.]; see also *In re The Village at*

28

3

*Lakeridge, LLC*, 814 F.3d 993, 1002-1003 [not every creditor-debtor relationship attended by a degree of personal interaction between the parties rises to the level of an insider relationship].

Here, neither DOC 139 nor DOC 140 contain evidence that any payments were made to any of Creditors, or that there were any transactions between the Debtor and Creditors, that occurred because of any affinity between Debtor and any of the Creditors as opposed to transactions simply occurring in the course of business dealings between the Debtor and Creditors. As such, the Disclosure Statement improperly characterizes Creditors as insiders pages 8:17-20, 8:24-9:2, and 26:3-19.

**B.      Proof of Claims No. 26 and 29 Are Omitted From Treatment**

Additionally, and as noted above, with respect to the "Treatment" of the Creditors' claims, the Disclosure Statement fails to include Proof of Claim No. 26 submitted by ASB Ventures LLC and Proof of Claim No. 29 by Abishek Bhakta. (See DOC 140, p. 26).

**4.      CONCLUSION**

Therefore, Creditors respectfully request that Debtor's Chapter 11 Plan be denied, or in the alternative, that the Disclosure Statement be amended in accordance with this Objection, and for such other relief as this Court deems just and proper.

Dated: June 29, 2023                            Respectfully submitted,

                                                        REID & HELLYER, APC

                                                        By:/s/ Douglas A. Plazak
                                                            Douglas A. Plazak, Attorney for
                                                            Sajan Bhakta and Ram Bhakta

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 LIQUIDATING PLAN DATED MAY 10, 2023** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 28, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amanda G. Billyard**  abillyard@bwlawcenter.com
- **Stephan M Brown**  ECF@thebklawoffice.com, stephan@thebklawoffice.com;roslyn@thebklawoffice.com
- **Kathleen A Cashman-Kramer**  cashman-kramer@sullivanhill.com, theresam@psdslaw.com
- **Dane W Exnowski**  dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Lazaro E Fernandez**  lef17@pacbell.net, lef-sam@pacbell.net;lef-mari@pacbell.net;OfficeLR74738@notify.bestcase.com;lefkarina@gmail.com
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **David M Goodrich**  dgoodrich@go2.law, kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com
- **Daniel J Griffin**  daniel@thebklawoffice.com, tclayton@thebklawoffice.com;daniel@thebklawoffice.com
- **Brandon J Iskander**  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Charity J Manee**  cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Randall P Mroczynski**  randym@cookseylaw.com
- **Queenie K Ng**  queenie.k.ng@usdoj.gov
- **Douglas A Plazak**  dplazak@rhlaw.com
- **Arvind Nath Rawal**  arawal@aisinfo.com
- **Gary B Rudolph**  rudolph@sullivanhill.com, bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;james@ecf.courtdrive.com
- **Cheryl A Skigin**  caskigin@earthlink.net, caskigin@earthlink.net
- **Richard L. Sturdevant**  rich@bwlawcenter.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov
- **Christopher P. Walker**  cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com;r57253@notify.bestcase.com
- **Fanny Zhang Wan**  fwan@raslg.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

- **Andy C Warshaw**    awarshaw@bwlawcenter.com,
  warshaw.andyb110606@notify.bestcase.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 29, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Honorable Scott Clarkson, United States Bankruptcy Judge, 411 West Fourth Street, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/29/2023 | Wendy M. Patrick | /s/ Wendy M. Patrick |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**