Douglas A. Plazak, State Bar No. 181709
dplazak@rhlaw.com
REID & HELLYER APC
3685 Main Street, Suite 300
Riverside, California 92501
Telephone: (951) 682-1771
Facsimile: (951) 686-2415

Attorneys for Sajan Bhakta and
Ram Bhakta, Interested Parties

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>2nd Chance Investment Group, LLC,<br><br><br><br>Debtor and Debtor in Possession | Case No. 8:22-bk-12142-SC<br><br>Chapter 11<br><br>**OBJECTION TO CHAPTER 11 LIQUIDATING PLAN DATED MAY 10, 2023**<br><br>**Disclosure Statement Hearing:**<br>Date: July 19, 2023<br>Time: 1:30 p.m.<br>Place: #5C<br>411 West Fourth Street<br>Santa Ana, CA 92701-4593<br><br>Confirmation Hearing:<br>Date: TBD<br>Time: TBD<br>Place: #5C<br>411 West Fourth Street<br>Santa Ana, CA 92701-4593 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, DEBTOR'S COUNSEL AND OTHER INTERESTED PARTIES:

////

////

////

1

Sajan Bhakta, ASB Ventures LLC, Ram Bhakta, Ronak Parikh, Precision Realty Fund, Deven Bhakta, Abhishek Bhakta, Jatin Bhakta, Parin Bhakta, Anand Bhakta, Sima Patel, Vishal Bhakta, Bhavesh Bhakta, Zona AZ LLC, Straten Lending, Kiwi Capital Group, Pramira LLC, ("Creditors"), hereby object to the confirmation of the Debtor's Chapter 11 Liquidating Dated May 10, 2023 [Doc. #139] ("Plan") filed on May 10, 2023. Creditors are interested parties as the holders of sixteen claims and therefore have standing to object to the Debtor's Plan. Creditors object to the Plan on the following grounds:

### 1. Creditors' Filed Claims

In or about March 22, 2023-April 7, 2023, Creditors filed Proofs of Claim numbers 26-38, 44-45, and 49 with the Estate. The aforementioned Proofs of Claim total approximately $5,790,000.

### 2. Plan Characterization and Treatment on Creditors' Claims

The Plan is a liquidating plan. The Plan generally lists Creditors' claims under Class 4 General Unsecured claims. (See DOC 139, p. 21-22). In particular, the Plan characterizes all of the Creditors' claims as "Insider Claims." Additionally, with respect to the "Treatment" of the Creditors' claims, the Plan fails to include Proof of Claim No. 26 submitted by ASB Ventures LLC and Proof of Claim No. 29 by Abishek Bhakta. (See DOC 139, p. 22).

### 3. Creditors Object That The Plans Not Fair and Equitable, Nor Is It Filed In Good Faith

The Debtor bears the burden of proof on all confirmation requirements. In re *Art & Architecture Books of the 21st Century*, 2016 Bankr. LEXIS 859, *22 (Bankr. C.D. Cal 2016) [proponent of a plan has the burden of proof on each element of section 1129(a)].

In this regard, a proposed plan must be "fair and equitable" pursuant 11 U.S.C. section 1129(b)(1), and must be filed in good faith pursuant to 11 U.S.C section 1129(a)(3).

Here, the Plan is not fair and equitable, nor was it filed in good faith, with respect to at least two separate and independent issues: (1) The Plan's characterization of the Creditors as "insiders"; and (2) The Plan's omission of Proofs of Claims No. 26 and 29 from Plan Treatment.

///

### A. Creditors Should Not Be Characterized As Insiders

"An insider is one who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms [sic] length with the debtor." [citation] *In re The Village at Lakeridge, LLC*, 814 F.3d 993, 999 (9th Cir. 2016). Prior courts have recognized two types of insiders: (1) statutory insiders described in 11 U.S.C. section 101(31), also known as "per se insiders"; and (2) non-statutory insiders. A non-statutory insider is a person not listed in section 101(31), but who has a sufficiently close relationship with the debtor to fall within the definition *Id.*

Whether a creditor is an insider is a factual inquiry that must be conducted on a case-by-case basis. *In re Friedman*, 126 B.R. 63, 67, 71-73 (9th Cir. BAP 1991).

Insiders under 11 U.S.C. section 101(31)(B) are defined as those who are: (1) directors, officers, and general partners of the debtor; (2) a person in control of the debtor; (3) a general partner of the debtor or a partnership in which the debtor is a general partner; and (4) a relative of a general partner, director, officer, or person in control of the debtor. Here, no evidence was set forth in DOC 139 that any of the Creditors meets the statutory definition of insider.

Prior courts have interpreted statutory and non-statutory insiders as follows:

> First, the Code assigns insider status to entities or relatives of the debtor, or of persons in control of a related entity, whose affinity or consanguinity gives rise to a conclusive presumption that the individual or entity commands preferential treatment by the debtor. Second, insider status may be based on a professional or business relationship with the debtor, in addition to the Code's per se classifications, where such relationship compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain an advantage attributable simply to affinity rather than to the course of business dealings between the parties.

*Friedman*, supra, 126 B.R. at 69-70 (footnote omitted).

"The tests developed by the courts in determining who is an insider focus on the closeness of the parties and the degree to which the transferee is able to exert control and influence over the debtor." *In re Schuman*, 81 B.R. 583, 586 (Bankr. 9th Cir. 1987). However, in interpreting this standard, 9th Circuit courts have made it clear that the ability to "apply

3

financial pressure" does not transform a creditor into an insider, but instead the focus is on whether the debtor engaged in prepetition conduct due to debtor's "affinity" for the creditor. (See, e.g. In re Fourthstage Technologies, Inc., 355 B.R. 155, 159-160 (Bankr. D. Ariz, 2006) [although creditor was in a superior bargaining position, there was no evidence that debtor made settlement payment because of debtor's "affinity" for the creditor.]; see also In re The Village at Lakeridge, LLC, 814 F.3d 993, 1002-1003 [not every creditor-debtor relationship attended by a degree of personal interaction between the parties rises to the level of an insider relationship].

Here, DOC 139 contains no evidence that any payments were made to any of Creditors, or that there were any transactions between the Debtor and Creditors that occurred because of any affinity between Debtor and any of the Creditors as opposed to transactions simply occurring in the course of business dealings between the Debtor and Creditors. As such, the Plan improperly characterizes Creditors as insiders and is thus not "fair and equitable" pursuant 11 U.S.C. section 1129(b)(1), or filed in good faith pursuant to 11 U.S.C section 1129(a)(3).

**B.    Proof of Claims No. 26 and 29 Are Omitted From Treatment**

Additionally, and as noted above, with respect to the "Treatment" of the Creditors' claims, the Plan fails to include Proof of Claim No. 26 submitted by ASB Ventures LLC and Proof of Claim No. 29 by Abishek Bhakta. (See DOC 139, p. 22). As such, the Plan is thus not "fair and equitable" pursuant 11 U.S.C. section 1129(b)(1), or filed in good faith pursuant to 11 U.S.C section 1129(a)(3).

///

///

///

///

///

### 4. CONCLUSION

Therefore, Creditors respectfully request that Debtor's Chapter 11 Plan be denied, or in the alternative, that Debtor's Plan be amended in accordance with this Objection, and for such other relief as this Court deems just and proper.

Dated: June 29, 2023

Respectfully submitted,

REID & HELLYER, APC

By: /s/ Douglas A. Plazak
    Douglas A. Plazak, Attorney for
    Sajan Bhakta and Ram Bhakta

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO CHAPTER 11 LIQUIDATING PLAN DATED MAY 10, 2023** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 28, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amanda G. Billyard**   abillyard@bwlawcenter.com
- **Stephan M Brown**   ECF@thebklawoffice.com, stephan@thebklawoffice.com;roslyn@thebklawoffice.com
- **Kathleen A Cashman-Kramer**   cashman-kramer@sullivanhill.com, theresam@psdslaw.com
- **Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Lazaro E Fernandez**   lef17@pacbell.net, lef-sam@pacbell.net;lef-mari@pacbell.net;OfficeLR74738@notify.bestcase.com;lefkarina@gmail.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **David M Goodrich**   dgoodrich@go2.law, kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com
- **Daniel J Griffin**   daniel@thebklawoffice.com, tclayton@thebklawoffice.com;daniel@thebklawoffice.com
- **Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Charity J Manee**   cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Randall P Mroczynski**   randym@cookseylaw.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Douglas A Plazak**   dplazak@rhlaw.com
- **Arvind Nath Rawal**   arawal@aisinfo.com
- **Gary B Rudolph**   rudolph@sullivanhill.com, bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;james@ecf.courtdrive.com
- **Cheryl A Skigin**   caskigin@earthlink.net, caskigin@earthlink.net
- **Richard L. Sturdevant**   rich@bwlawcenter.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Christopher P. Walker**   cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com;r57253@notify.bestcase.com
- **Fanny Zhang Wan**   fwan@raslg.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE

- **Andy C Warshaw**  awarshaw@bwlawcenter.com, warshaw.andyb110606@notify.bestcase.com
- **Jennifer C Wong**  bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) June 29, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott Clarkson, United States Bankruptcy Judge, 411 West Fourth Street, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 006/29/2023 | Wendy M. Patrick | /s/ Wendy M. Patrick |
|---|---|---|
| Date | Printed Name | Signature |
This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE