Andy C. Warshaw SBN 263880
Rich Sturdevant SBN 269088
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-19
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com

Attorneys for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>2ND CHANCE INVESTMENTS GROUP, LLC<br><br>Debtor in Possession. | Case No.: 8:22-bk-12142-SC<br><br>Chapter 11<br><br>**DECLARATION OF DAVID M. GOODRICH SUPPORTING STATUS CONFERENCE REPORT BY THE DEBTOR AND DEBTOR IN POSSESSION**<br><br>Hearing:<br>Date: November 9, 2023<br>Time: 1:30 pm<br>Location: Courtroom 5C – Virtual<br>411 West Fourth St.<br>Santa Ana, CA 92701 |

I, David M. Goodrich, do hereby declare and say as follows:

1. I am over eighteen (18) years of age and a citizen of the United States of America. I make this Declaration based upon the following facts, all of which are within my personal knowledge or belief. As to all matters alleged on information and belief, I believe them to be true. If called upon as a witness, I could and would competently testify thereto.

2. I am the chief restructuring officer of the Debtor and Debtor in possession.

1

3. Monthly operating reports are current through July of 2023 with the latest quarterly fee paid to the UST on August 22, 2023.

4. The Debtor's Chapter 11 Liquidating Plan Dated May 10, 2023 ("Plan") and the original Disclosure Statement Describing the Chapter 11 Liquidating Plan Dated May 10, 2023 ("Disclosure Statement") were filed on May 10, 2023, as ECF No. 139 & 140. The Plan enables the bankruptcy estate ("Estate") to efficiently liquidate its assets for the benefit of creditors and carry out its goals within Chapter 11.

5. The Debtor is preparing sale motions to liquidate real properties of the estate. Specifically, the Debtor is preparing sale motions for 3025 Glenview Avenue, San Bernardino, CA 92407; 13352 Marty Lane, Garden Grove, CA 92843; and 1016 Portal Ave, Bakersfield, CA 93308. The Debtor expects these motions to be heard on the December 6, 2023, hearing date.

6. The Debtor filed the motion to sell the real property for 37472 Yorkshire Dr., Palmdale, CA 93550. The hearing date is set for October 26, 2023, at 1:30 p.m. The Debtor expects $47,000 in net proceeds from the sale.

7. The Debtor obtained court approval to sell the property located at 8607 Custer Road SW, Lakewood, WA 98499. Escrow has not yet closed on this property.

8. An order employing Bewley, Lassleben & Miller ("Bewley") was entered providing the Debtor with a professional to handle tenancy issues.

9. All *lis pendens* have been removed against the properties except for the property located at 3025 Glenview Ave., San Bernardino, CA 92407, as well as the property located at 1016 Portal Ave., Bakersfield, CA 93308. The withdrawal of *lis pendens* for the two properties have been filed, and the recording of the withdrawal of *lis pendens* for both properties is expected to occur any day.

10. The Debtor filed two separate stipulations with Lantzman Investment Group, LLC and LMF 2,

LP on January 11, 2023 ("CC Stipulations"). The CC Stipulations are for eight of the Debtor's parcels of real property and are the only parcels of real property that are both subject to assignment of rent provision or a lien on cash proceeds, some of which generate rental income during the Case. The Debtor obtained a cash collateral order by stipulation.

11. An Adversary Complaint was filed on April 4, 2023, and was given case number 8:23-ap-01028-SC. The Debtor entered into a stipulation with Maher Abou Khazam dismissing the case without prejudice with each party bearing its own attorney fees. The Court entered an order dismissing the adversary case on August 16, 2023.

12. The Debtor conferred with counsel for the Office of the United States Trustee relating to Debtor's Plan and Disclosure Statement provisions relating to the temporal injunction. The Debtor recommends that the disseminated version of the Disclosure Statement amend, add, or otherwise provide the following language to clarify the temporal injunction:

**Actions Restrained.** Creditors, interest holders and other parties in interest may not take any action to enforce preconfirmation obligations, or any obligations due under this Plan, so long as Debtor is not in material default under this Plan (as defined below). If Debtor is in material default under this Plan, then any party in interest may: (1) take any action permitted under nonbankruptcy law either (a) to enforce the terms of this Plan as a contract of Debtor or (b) to pursue nonbankruptcy remedies including collection of the entire nondischarged dollar amount of any claim held by such person, or (2) if this case is still pending, move to dismiss this case or to convert this case to one under chapter 7, or seek other relief from the bankruptcy court. If this case is converted to chapter 7 at any time, then property will revest in the chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the court during this case.

**Material Default Defined.** If Debtor (1) fails to make any payment required under this Plan, or (2) fails to perform any other obligation required under this Plan for more than 14 days after the time specified in this Plan, or (3) performs any act that is inconsistent with the terms of this Plan, then any affected creditor, interest holder, or other party in interest may file and serve upon Debtor and Debtor's attorney (if any) a written notice of default at their most recent address(es) listed in this case. Debtor is in material default under this Plan if Debtor fails within 21 days after service of that notice of default, plus an additional 3 days if served by mail, either to cure the default or obtain from the court an extension of time to cure the default or a determination that no material default occurred. Notwithstanding the other provisions of this paragraph, to the extent that Debtor has assumed an executory contract or unexpired lease, or to the extent that a creditor retains a lien under this Plan that was a consensual lien, the default provisions of that contract, lease, or lien documentation govern what constitutes a default for purposes of the rights and remedies thereunder, all subject to applicable nonbankruptcy law and any exceptions set forth in this Plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of October 2023 at Costa Mesa, California.

_____
David M. Goodrich
CRO of the Debtor

4