| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Andy C. Warshaw, SBN 263880<br>Rich Sturdevant, SBN 269088<br>FINANCIAL RELIEF LAW CENTER, APC<br>1200 Main Street, Suite C<br>Irvine, CA 92614<br>Direct Phone: (714) 442-3319<br>Facsimile: (714) 361-5380<br>Email: awarshaw@bwlawcenter.com<br>Email: rich@bwlawcenter.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor and Debtor-in-Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br><br>Debtor(s). | CASE NO.: 8:22-bk-12142-SC<br>CHAPTER: 11<br><br>**NOTICE OF SALE OF ESTATE PROPERTY** |
|---|---|

**Sale Date:** 12/13/2023    **Time:** 1:30 pm

**Location:** United States Bankruptcy Court, Courtroom 5C, 411 West Fourth Street, Santa Ana, California 92701

**Type of Sale**:  ☒ Public   ☐ Private      **Last date to file objections**: 11/29/2023

**Description of property to be sold**: All of the Estate's right, title and interest in real property located at 3025 Glenview Avenue, San Bernardino, California, 92407; APN: 0268-132-04-0-000.

**Terms and conditions of sale**: See attached Notice of Hearing on Debtor's Motion for Order: (1) Auhorizing Sale of Real Property Subject to Liens, Claims and Interests Pursuant to 11 U.S.C. Sections 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder and Back-Up Bidder as Good-Faith Purchaser Pursuant to 11 U.S.C. Section 363(m); (4) Approving Payment of Undisputed Liens, Real Estate Broker's Commissions and Other Ordinary Costs of Sale; and (5) Waiving Stay Under Rule 6004(h) ("Notice").

**Proposed sale price**: $ 250,000.00

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Overbid procedure (*if any*)**: Overbid increments: $10,000.00 initial / $5,000.00 thereafter. $20,000.00 earnest money deposit.

**If property is to be sold free and clear of liens or other interests, list date, time and location of hearing:**

Sale Date: December 13, 2023 at 1:30 p.m.
Location
United States Bankruptcy Court
Central District of California, Santa Ana Division
411 W. Fourth Street, Courtroom 5C, Santa Ana, CA 92701
Judge Clarkson will conduct the hearing remotely using ZoomGov. ZoomGov: Video and audio connection information for each hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at: http://ecf-ciao.cacb.usourts.gov/CiaoPosted/?jid=SC, and then selecting "Judge Clarkson" from the tab on the left-hand side of the page.

**Contact person for potential bidders (*include name, address, telephone, fax and/or email address*):**

David M. Goodrich, CRO of 2nd Chance Investment Group, LLC
Golden Goodrich LLP
3070 Bristol Street, Suite 640, Costa Mesa, California 92626
714-966-1000 tel; 714-966-1002 fax
dgoodrich@go2.law

William Friedman
Coldwell Banker Realty
1608 Montana Avenue, Santa Monica, CA 90403
(310) 202-1818
billfried@earthlink.net

Date: 11/22/2023

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 6004-2.NOTICE.SALE**

**Overbid Procedures - Case No. 8:22-bk-12142-SC**

The Debtor proposes the following procedure to allow for overbids prior to the Court's approval of the sale of the Property to ensure that the Property is sold for the best possible price:

1. Qualifying bidders ("Qualifying Bidder") shall:

    a. Bid at least $260,000.00 in cash for the Property;

    b. Set forth in writing the terms and conditions of the offer that are at least as favorable to the Debtor as those set forth in the Purchase Agreement attached to the Motion as **Exhibit 5**;

    c. Be financially qualified, in the Debtor's exercise of its sound business judgment, to close the sale as set forth in the Purchase Agreement;

    d. Submit an offer that does not contain any contingencies to closing the sale, including, but not limited to, financing, inspection, or repair contingencies;

    e. Submit a cash deposit in the amount of $20,000.00 ($10,000.00 deposit plus $10,000.00) ("Overbid Deposit") payable to David M. Goodrich, Chief Restructuring Officer for 2nd Chance Investment Group, LLC, in the form of a cashier's check, which Overbid Deposit shall be non-refundable if the bid is deemed to be the Successful Bid, as defined in paragraph 4 below.  The Overbid Deposit, written offer, and evidence of financial qualification must be delivered to the CRO (at 3070 Bristol Street, Suite 640, Costa Mesa, California 92626) by no later than **4:00 p.m**., Pacific Standard Time, two business days before the hearing on the Motion ("Overbid Deadline").  In its absolute and sole discretion, the Debtor shall have the right to accept additional overbids submitted prior to the hearing but after the Overbid Deadline.

2. At the hearing on the Motion, only the Buyer and any party who is deemed a Qualifying Bidder shall be entitled to bid.

3. Any incremental bid in the bidding process shall be at least $5,000.00 higher than the prior bid.

4. At the hearing on the Motion and upon conclusion of the bidding process, the Debtor shall decide, subject to Court approval, which of the bids is the best bid, and such bid shall be deemed to be the "Successful Bid." The bidder who is accepted by the Debtor as the successful bidder ("Successful Bidder") must pay all amounts reflected in the Successful Bid in cash at the closing of the sale. At the hearing on the Motion, and upon conclusion of the bidding process, the Debtor may also acknowledge a back-up bidder ("Back-Up Bidder") which shall be the bidder with the next best bid. Should the Successful Bidder fail to close escrow on the sale of the Property, the Debtor may sell the Property to the Back-Up Bidder without further Court order.

5. Overbids shall be all cash and no credit shall be given to the purchaser or overbidder(s).

6. Upon the conclusion of the auction, any Overbid Deposits, other than the deposits submitted by the Successful Bidder and the Back-Up Bidder, will be promptly returned. The deposit of the Back-Up Bidder will be returned promptly following the close of escrow for the sale of the Property to the Successful Bidder.

| | |
|---|---|
| 1 | Andy C. Warshaw, State Bar No. 263880<br>Rich Sturdevant SBN 269088 |
| 2 | **FINANCIAL RELIEF LAW CENTER, APC**<br>1200 Main St., Suite C |
| 3 | Irvine, CA 92614<br>Direct Phone: (714) 442-3319 |
| 4 | Facsimile: (714) 361-5380<br>Email: awarshaw@bwlawcenter.com |
| 5 | Email: rich@bwlawcenter.com |
| 6 | Attorneys for Debtor and Debtor in Possession |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:22-bk-12142-SC |
| 2nd CHANCE INVESTMENT GROUP, LLC, | Chapter 11 |
| Debtor and Debtor-in-Possession. | **NOTICE OF HEARING ON DEBTOR'S MOTION FOR ORDER:**<br>(1) **AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f);**<br>(2) **APPROVING OVERBID PROCEDURES;**<br>(3) **APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m);**<br>(4) **AUTHORIZING PAYMENT OF UNDISPUTED LIENS, REAL ESTATE BROKER'S COMMISSIONS, AND OTHER ORDINARY COSTS OF SALE;**<br>(5) **WAIVING STAY UNDER RULE 6004(h)**<br><br>**[3025 Glenview Avenue, San Bernardino, California 92407; APN: 0268-132-04-0-000]**<br><br>**Remote Hearing:**<br>DATE:  December 13, 2023<br>TIME:  1:30 p.m.<br>PLACE:  Courtroom 5C/Via ZoomGov<br>411 West Fourth Street<br>Santa Ana, California 92701 |

NOTICE OF HEARING

**TO THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES AND POTENTIAL BUYER(S)**:

**PLEASE TAKE NOTICE** that on December 13, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard, the Court will conduct a hearing ("Hearing") in the above-captioned Court on the *Motion for Order: (1) Authorizing Sale of Real Property Free and Clear of Liens, Claims, and Interests Pursuant 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder, and Back-up Bidder as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m); (4) Authorizing Payment of Undisputed Liens, Real Estate Broker's Commissions, and Other Ordinary Costs of Sale; and (5) Waiving Stay Under Rule 6004(h)* ("Motion") filed by 2ND Chance Investment Group, LLC, the debtor and debtor-in-possession in the above-captioned case ("Debtor").[1]

**PLEASE TAKE FURTHER NOTICE** that through the Motion, the Debtor seeks an order approving the sale ("Sale") of its right, title and interest in real property located at 3025 Glenview Avenue, San Bernardino, California 92407, APN: 0268-132-04-0-000 ("Property"), on the terms and conditions stated in the written offer titled *California Residential Purchase Agreement and Joint Escrow Instructions* and the *Counter-Offer* (together, "Purchase Agreement") attached to the Motion as Exhibit 5, and incorporated herein by reference, to Cobra 28 No. 8, LP ("Buyer"), for $250,000.00, cash, or to any person or entity who appears at the hearing on the Motion and submits a higher acceptable bid in accordance with the Trustee's proposed overbid procedures.

**PLEASE TAKE FURTHER NOTICE** that as part of the Motion, the Debtor seeks an order approving the sale free and clear of any liens, claims, and interests. The Property is being sold on an "as is, where is" basis, with no warranties, recourse, contingencies, or representations of any kind.

---

[1] On March 1, 2023, the Court approved David M. Goodrich ("CRO") to serve in the capacity of the Debtor's chief restructuring officer. The CRO is authorized to manage and oversee the Debtor's affairs, including supervising the Debtor's financial affairs and outside consultants.

According to the Preliminary Report prepared by Orange Coast Title Company with an effective date of November 6, 2023 ("Title Report"), a copy of which is attached as to the Motion as Exhibit 3, the following items have been recorded against the Property:

| Recording Date | Lien Holder | Type of Encumbrance | Instrument Number | Original Lien Amount or Payoff Amount |
|---|---|---|---|---|
| (item 1) | San Bernardino County Tax Collector | General and special taxes for fiscal year 2023-2024 $1,436.79 – open $1,436.76 – open | | |
| 05/26/2021 (item 8) | Loan Funder LLC | Financing Statement | 2021-242411 | |
| 05/26/2021 (item 9) | Loan Funder LLC | Deed of Trust | 2021-242412 | $182,000.00 (original amount) $196,353.20 (current estimate) |
| 05/26/2021 | Loan Funder, LLC | Assignment of Rents | 2021-242413 | $182,000.00 (original amount) |
| 7/14/2023 | Forethought Life Insurance Company | Assignment of Beneficial Interest | 2023-0171913 | |
| 12/19/2022 (item13) | Hiten Ram Bhakta, an individual; ASB Ventures, LLC; Precision Realty Fund, LLC | Notice of Pendency of Action CVR12204640, Superior Court of California, County of Riverside ("Lis Pendens") | 2022-0402268 | |
| 10/24/2023 | | Withdrawal of Notice of Pendency of Action | 2023-0261438 | |

The lien of Loan Funder LLC (Fay Servicing) is undisputed unless the payoff demands contains fees, costs, or interests that appear unsubstantiated.

San Bernardino County Tax Collector also asserts $6,574.44 in delinquent unsecured tax bills.

The Lis Pendens has been released.  A withdrawal of the Lis Pendens was recorded on October 24, 2023.

The Debtor intends to pay the following undisputed lien or claim at closing of the sale:

      (i)  the Loan Funder lien recorded on May 26, 2021 as instrument no. 2021-242412 of official records shall be paid in full as of the date of the closing of the sale.

According to the Court's register of claims ("Claims Register"), a copy of which is attached to the Motion as Exhibit 4, the following relevant claim has been filed:

| Claim Number | Claimant | Date Filed | Claim Amount/Basis | Classification |
|---|---|---|---|---|
| 51-1 | Forethought Life Insurance Company c/o Fay Servicing, LLC | 04/07/2023 | $194,913.29 – mortgage/deed of trust | Secured |

The Debtor reserves the right to object to the validity, scope and priority of any disputed liens, claims and interest that have been or will be asserted against the Property.

**PLEASE TAKE FURTHER NOTICE** that the Debtor also seeks an order (i) confirming the sale to the Buyer or to the highest bidder appearing at the hearing and approving the Debtor's proposed overbid procedures; (ii) determining that the Buyer or the successful bidder is entitled to 11 U.S.C. § 363(m) protection; and (iii) waiving the fourteen (14) day stay prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

**PLEASE TAKE FURTHER NOTICE** that after payment of undisputed liens, current and past due real estate taxes, brokers' commissions, and cost of sale, the Trustee estimates that the sale will generate approximately $21,754.78 in cash for the benefit of the Estate, calculated as follows:

| | |
|---|---|
| Purchase Price | $250,000.00 |
| Payoff to Fay Servicing | (196,353.20) |
| Brokers Commission | (15,000.00) |
| Title, taxes, NHD report, recording charges | (15,567.02) |
| Escrow charges | (1,325.00) |
| Net proceeds: | $21,754.78 |

**PLEASE TAKE FURTHER NOTICE** that capital gains taxes, if any, will be paid by the Debtor's principals, Rayshon and Sonja Foster, as the Debtor passes through all income to its principals.

**PLEASE TAKE FURTHER NOTICE** that as further detailed in the Motion, the Trustee proposes the following **OVERBID PROCEDURES** for the purchase of the Property:

### PROPOSED OVERBID PROCEDURES

The proposed sale to the Buyer is subject to approval of the United States Bankruptcy Court and to qualified overbids. The Buyer has offered to purchase the Property for $250,000.00 ("Purchase Price"), $10,000.00 of which has been tendered, with the balance to be tendered upon Close of Escrow (as defined in the Purchase Agreement). As noted above, however, the sale of the Property is subject to overbid pursuant to the following proposed overbid procedures ("Overbid Procedures"):

The Debtor proposes the following procedure to allow for overbids prior to the Court's approval of the sale of the Property to ensure that the Property is sold for the best possible price:

1. Qualifying bidders ("Qualifying Bidder") shall:

    a. Bid at least $260,000.00 in cash for the Property;

    b. Set forth in writing the terms and conditions of the offer that are at least as favorable to the Debtor as those set forth in the Purchase Agreement attached to the Motion as **Exhibit 5**;

    c. Be financially qualified, in the Debtor's exercise of its sound business judgment, to close the sale as set forth in the Purchase Agreement;

    d. Submit an offer that does not contain any contingencies to closing the sale, including, but not limited to, financing, inspection, or repair contingencies;

   e. Submit a cash deposit in the amount of $20,000.00 ($10,000.00 deposit plus $10,000.00) ("Overbid Deposit") payable to David M. Goodrich, Chief Restructuring Officer for 2nd Chance Investment Group, LLC, in the form of a cashier's check, which Overbid Deposit shall be non-refundable if the bid is deemed to be the Successful Bid, as defined in paragraph 4 below.  The Overbid Deposit, written offer, and evidence of financial qualification must be delivered to the CRO (at 3070 Bristol Street, Suite 640, Costa Mesa, California 92626) by no later than **4:00 p.m**., Pacific Standard Time, two business days before the hearing on the Motion ("Overbid Deadline").  In its absolute and sole discretion, the Debtor shall have the right to accept additional overbids submitted prior to the hearing but after the Overbid Deadline.

  2. At the hearing on the Motion, only the Buyer and any party who is deemed a Qualifying Bidder shall be entitled to bid.

  3. Any incremental bid in the bidding process shall be at least $5,000.00 higher than the prior bid.

  4. At the hearing on the Motion and upon conclusion of the bidding process, the Debtor shall decide, subject to Court approval, which of the bids is the best bid, and such bid shall be deemed to be the "Successful Bid."  The bidder who is accepted by the Debtor as the successful bidder ("Successful Bidder") must pay all amounts reflected in the Successful Bid in cash at the closing of the sale.  At the hearing on the Motion, and upon conclusion of the bidding process, the Debtor may also acknowledge a back-up bidder ("Back-Up Bidder") which shall be the bidder with the next best bid.  Should the Successful Bidder fail to close escrow on the sale of the Property, the Debtor may sell the Property to the Back-Up Bidder without further Court order.

  5. Overbids shall be all cash and no credit shall be given to the purchaser or overbidder(s).

6. Upon the conclusion of the auction, any Overbid Deposits, other than the deposits submitted by the Successful Bidder and the Back-Up Bidder, will be promptly returned. The deposit of the Back-Up Bidder will be returned promptly following the close of escrow for the sale of the Property to the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that the Motion is made pursuant to 11 U.S.C. § 363(b)(1), and Federal Rules of Bankruptcy Procedure 6004 and 6006 on the grounds that, based on the Debtor's sound business justification, the Debtor believes the sale of the Property as set forth herein is in the best interests of the Estate. The Buyer's offer is the highest and best offer received to date. Moreover, the Overbid Procedures provide a process by which the Debtor could secure a higher price for the Property.

A copy of the Motion is in file with the Court and available by contacting counsel for the Debtor.

**PLEASE TAKE FURTHER NOTICE** that any response to the Motion must conform with Local Bankruptcy Rule 9013-1(f)(1), must be filed with the Bankruptcy Court no less than 14 days prior to the above hearing date, and must be served no less than 14 days prior to the above hearing date on the Debtor's counsel at the address noted in the top left corner of the first page of this Notice. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve an opposition to the Motion may be deemed by the Court to be consent to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the hearing will be conducted remotely using ZoomGov. Video and audio connection information for the hearing will be provided on Judge Clarkson's publicly posted hearing calendar, which may be viewed online at: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC.

Dated: November 22, 2023            FINANCIAL RELIEF LAW CENTER, APC

By: */s/ Rich Sturdevant*
ANDY C. WARSHAW
RICH STURDEVANT
General Counsel for 2nd Chance Investment Group, LLC