

FILED & ENTERED

DEC 05 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>2nd Chance Investment Group, LLC,<br><br><br><br><br><br>Debtor(s). | Case No.: 8:22-bk-12142-SC<br><br>CHAPTER 11<br><br>**ORDER DENYING EMERGENCY MOTION TO ALTER OR AMEND ORDER AND/OR FOR RELIEF FROM ORDER, AUTHORIZING SALE OF REAL PROPERTY** |

The Court has received the Emergency Motion to Alter or Amend Order, and/or for Relief From Order, Authorizing Sale of Real Property, filed December 4, 2023 [Dk. 328] (the "Motion") by Next Friends to, and [proposed] Co-Guardians Ad Litem for, Plaintiff Clotee Downing (collectively, referred to as "Movants"), and, for the reasons stated below, denies the Motion.

**I.    Preliminary Statement**

As a preliminary matter, the Court notes that the Motion was presented and signed by "Next Friends to, and [proposed] Co-Guardians Ad Litem for, Plaintiff Clotee Downing," however, there is no evidence that these parties are authorized and legally

-1-

permitted to represent Ms. Downing before this Court. Accordingly, the presentation of the Motion on Ms. Downing's behalf constitutes the unauthorized practice of law.

**II.     Reconsideration**

The Motion seeks reconsideration of the order entered November 20, 2023 [Dk. 313] approving the sale of property located at 37472 Yorkshire Drive, Palmdale, CA 93550 (the "Sale Order"). Movants alleged, among other things, that Ms. Downing is the true lawful owner of the property and was tricked and defrauded out of her home. Movants further allege that Ms. Downing possesses Alzheimer's related mental deficits. Movants seek reconsideration of the Sale Order pursuant to Federal Rule of Civil Procedure Rule 59(e)[1]. Movants have not demonstrated that reconsideration is warranted.

Reconsideration is an "extraordinary remedy" which should be used "sparingly in the interests of finality and the conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); see also *Sch. Dist. No. 1J, Multonomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (stating that reconsideration should only be granted in "highly unusual circumstances").

Reconsideration of an order under Rule 59 is appropriate only "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *SEC v. Platforms Wireless International Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quoting *United National Insurance Co. v. Spectrum*

---

[1] While the caption and notice to the Motion indicate that reconsideration is sought under Rule 59 and/or 60(b) or (d), the Motion does not substantively address Rule 60(b) or (d). "While the pleadings of pro se litigants are to be liberally construed, a court is not required to search the record and make their arguments for them. *Aguasin v. Mukasey,* 297 Fed. Appx. 706 (9th Cir. 2008). Additionally, arguments must be briefed in order to be preserved. *Id.*" *Mohsen v. Wu (In re Mohsen)*, 2010 Bankr. LEXIS 5074, *13-14 (9th Cir BAP 2010); "It is not the court's role to do Plaintiff's legal research or to make legal arguments on Plaintiff's behalf. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) (Courts will not "manufacture arguments for a[] [party], and a bare assertion does not preserve a claim.")" *Cent. Union High Sch. v. United States*, 2022 U.S. Dist. LEXIS 231156, *7-8 (CA So. Dist. Ct. 2022). Accordingly, to the extent relief is sought under Rule 60(b) or (d), such relief is denied.

*Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009)). Movants have not met this standard. The Motion contains factual allegations, which are not supported by evidentiary support, as required by Local Bankruptcy Rule 9013-1(i) ("Factual contentions involved in any motion… must be presented, heard, and determined upon declarations and other written evidence."). The Motion also references exhibits, which are not attached.

The Movants have not presented evidence to establish that reconsideration is warranted.

### III.  An Adversary is Required

Notwithstanding the foregoing, the prayer to the Motion requests that the property be returned to Ms. Downing, and that an injunction and or stay be issued; however, these remedies may only be obtained within the confines of an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001(2) (proceeding to determine an interest in property) and 7001(7) (proceeding to obtain an injunction).

### IV.  Conclusion

Accordingly, for all of the above reasons, the Motion is denied.

**IT IS SO ORDERED.**

Date: December 5, 2023

Scott C. Clarkson
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER DENYING EMERGENCY MOTION TO ALTER OR AMEND ORDER AND/OR FOR RELIEF FROM ORDER, AUTHORIZING SALE OF REAL PROPERTY** was entered on the date above and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Geoff Trapp
Athena Lee
2551 E Avenue S, Ste G-166
Palmdale, CA 93550