Andy C. Warshaw, State Bar No. 263880
Rich Sturdevant State Bar No. 269088
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-3319
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com
Email: rich@bwlawcenter.com

Attorneys for Debtor and Debtor-in-Possession

**FILED & ENTERED**

**DEC 13 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

2nd CHANCE INVESTMENT GROUP, LLC,

    Debtor and Debtor-in-
    Possession.

Case No. 8:22-bk-12142-SC

Chapter 11

**ORDER GRANTING DEBTOR-IN-POSSESSION'S MOTION FOR ORDER:**
    **(1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f);**
    **(2) APPROVING OVERBID PROCEDURES;**
    **(3) APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m);**
    **(4) AUTHORIZING PAYMENT OF UNDISPUTED LIENS, REAL ESTATE BROKER'S COMMISSIONS, AND OTHER ORDINARY COSTS OF SALE;**
    **(5) WAIVING STAY UNDER RULE 6004(h)**

**[1016 Portal Avenue, Bakersfield, California 93308; APN:  117-222-13-00-7]**

**Remote Hearing:**
DATE:    **December 6, 2023**
TIME:    **1:30 p.m.**
PLACE:    **Courtroom 5C/Via ZoomGov**
            **411 West Fourth Street**
            **Santa Ana, California 92701**

    The *Debtor-in-Possession's Motion for Order: (1) Authorizing Sale of Real Property*

*Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f);*

*(2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder, and Back-up*

*Bidder as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m); (4) Authorizing Payment of Undisputed Liens, Real Estate Broker's Commissions and Other Ordinary Costs of Sale; and (5) Waiving Stay Under Rule 6004(h)* (Dkt. 298, "Motion")[1] filed by 2ND Chance Investment Group, LLC, the debtor and debtor-in-possession in the above-captioned case ("Debtor"), came on regularly for hearing on December 6, 2023 at 1:30 p.m., before this Court, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, presiding.  The Debtor appeared through its bankruptcy counsel, Financial Relief Law Center, APC, by Andy C. Warshaw.  All other appearances were as noted on the record.

Having considered the Motion and all related pleadings filed in support thereof and any arguments made at the time of the hearing, finding that notice of the Motion was proper and adequate, and for good cause shown,

IT IS ORDERED:

1.      The Property is property of the Estate.

2.      The Motion is granted and the sale to Giuliana Vista GP and/or assignee ("Buyer") is approved as the highest and best offer.

3.      The Purchase Agreement which is attached to the Motion as Exhibit 5 is approved and the Debtor is authorized to sell the real property commonly referred to as 1016 Portal Avenue, Bakersfield, California, APN: 117-222-13-00-7 ("Property") and legally described in the Preliminary Report which is attached to the Motion, to Buyer for the purchase price of $236,000.00, "as is," "where is," "with all faults," and without warranty or recourse, but free and clear of liens, claims, and interests, together with all improvements, as well as all easements and appurtenances, pursuant to 11 U.S.C. §§ 363(b) and (f), including without limitation:

(a)      California TD Specialists lien recorded on June 7, 2022, as instrument no. 2022-89912 of official records (substituted by instrument no. 2022-158302); and

---

[1] All capitalized terms have the same meaning or definition as the capitalized terms in the Motion.

(b)      Notice of Pendency of Action CVR12204640, Superior Court of California, County of Riverside ("Lis Pendens") filed by Hiten Ram Bhakta, an individual, Sajan Bhakta, an individual, ASB Ventures, LLC, and Precision Realty Fund, LLC.

4.      The Debtor or the CRO, and any escrow agent upon the Debtor or the CRO's written instruction, is authorized to make the following disbursements on or after the closing of the sale as are required by the Purchase Agreement or order of this Court, including, but not limited, to:

(i) the updated payoff amount of the California TD Specialists lien recorded on June 7, 2022, as instrument no. 2022-89912 of official records (substituted by instrument no. 2022-158302);

(ii) real property taxes and assessments prorated as of the close of escrow;

(iii) the broker's commission of 6%; and

(iv) any escrow fees, title insurance premiums and other ordinary and typical closing costs and expenses payable by the Debtor pursuant to the Purchase Agreement or in accordance with local custom.

5.      The sales proceeds remaining after payment of these items shall constitute the net sale proceeds ("Net Proceeds").  The Net Proceeds will not be disbursed without further order of this Court, except as provided below.

6.      Unless the holder of the liens, claims or interests identified in paragraph 3 above have agreed to other treatment, such lien, claim or interest, to the extent such liens, claims or interests have not been extinguished by this Order, shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Property.

7.      The CRO is authorized to execute the Purchase Agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

8.    The Debtor reserves the right to object to the validity, scope and priority of any disputed liens, claims and interest that have been or will be asserted against the Property.

9.    Buyer paid value for the Property and is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code.  Buyer is entitled to all protections to Section 363(m) of the Bankruptcy Code.

10.    This Order shall be effective immediately upon entry.  No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, Bankruptcy Rules 6004(h), or Local Bankruptcy Rule 9021-1 applies with respect to this Order.

11.    This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Property to Buyer, (b) resolve any disputes arising under or related to the Purchase Agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Property.

12.    The Debtor may retain, as the Estate's liquidated damages, the deposit of Buyer should the Purchase Agreement be cancelled by Buyer or, alternatively, the Debtor may return Buyer's deposit, at the Debtor's discretion.

///

4

13.     To the extent there is any tax liability to the Estate from the sale, the Debtor's principals are authorized to pay such taxes from the net proceeds generated from the sale, at their discretion.

14.     The overbidding procedures in the Motion are approved.

###

Date: December 13, 2023

Scott C. Clarkson
United States Bankruptcy Judge