Andy C. Warshaw, State Bar No. 263880
Rich Sturdevant State Bar No. 269088
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-3319
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com
Email: rich@bwlawcenter.com

Attorneys for Debtor and Debtor in Possession

**FILED & ENTERED**

**DEC 18 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:22-bk-12142-SC |
| 2nd CHANCE INVESTMENT GROUP, LLC, | Chapter 11 |
|     Debtor and Debtor-in-Possession. | **ORDER GRANTING DEBTOR'S MOTION FOR ORDER:**<br>(1) **AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f);**<br>(2) **APPROVING OVERBID PROCEDURES;**<br>(3) **APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m);**<br>(4) **AUTHORIZING PAYMENT OF UNDISPUTED LIENS, REAL ESTATE BROKER'S COMMISSIONS, AND OTHER ORDINARY COSTS OF SALE;**<br>(5) **WAIVING STAY UNDER RULE 6004(h)**<br><br>**[3025 Glenview Avenue, San Bernardino, California 92407; APN: 0268-132-04-0-000]**<br><br>**Remote Hearing:**<br>DATE:    **December 13, 2023**<br>TIME:    **1:30 p.m.**<br>PLACE:    **Courtroom 5C/Via ZoomGov**<br>            **411 West Fourth Street**<br>            **Santa Ana, California 92701** |

The *Debtor-in-Possession's Motion for Order: (1) Authorizing Sale of Real Property Free and Clear of Liens, Claims, and Interests Pursuant 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder, and Back-up*

*Bidder as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m); (4) Authorizing Payment of Undisputed Liens, Real Estate Broker's Commissions, and Other Ordinary Costs of Sale; and (5) Waiving Stay Under Rule 6004(h)* (Dkt. 319, "Motion")[1] filed by 2ND Chance Investment Group, LLC, the debtor and debtor-in-possession in the above-captioned case ("Debtor"), came on regularly for hearing on December 13, 2023 at 1:30 p.m., before this Court, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, presiding. The Debtor appeared through its bankruptcy counsel, Financial Relief Law Center, APC, by Andy C. Warshaw. All other appearances were as noted on the record.

Having considered the Motion and all related pleadings filed in support thereof and any arguments made at the time of the hearing, an auction having been conducted on the record, and for good cause shown,

THE COURT FINDS THAT:

A. Notice of the Motion was proper and adequate;

B. The Debtor's marketing of the Property was adequate and proper;

C. The standards set forth in 11 U.S.C. §§ 363(b) and (f)(1), (2) and/or (3) for selling the Property free and clear of all liens, claims and interests are met;

D. Based on the pleadings, Luis Chang and/or assignee ("Successful Bidder") and Back-Up Bidder (defined below) have acted in good faith and are entitled to the protections of 11 U.S.C. § 363(m); and

E. Cause exists to grant the Motion.

Based on the foregoing and the findings and conclusions stated orally on the record, and good cause appearing therefore,

IT IS ORDERED:

1. The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

---

[1] All capitalized terms have the same meaning or definition as the capitalized terms in the Motion.

2. The Motion is granted and Successful Bidder's overbid of $290,000.00 ("Purchase Price") is approved as the highest and best offer.

3. The Purchase Agreement which is attached to the Motion as Exhibit 5 is approved and the Debtor is authorized to sell the real property commonly referred to as 3025 Glenview Avenue, San Bernardino, California, APN: 0268-132-04-0-000 ("Property") and legally described in the Preliminary Report which is attached to the Motion, to Successful Bidder for the purchase price of $290,000.00, "as is," "where is," "with all faults," and without warranty or recourse, but free and clear of liens, claims, and interests, together with all improvements, as well as all easements and appurtenances, pursuant to 11 U.S.C. §§ 363(b) and (f), including without limitation:

(i) the Loan Funder lien recorded on May 26, 2021 as instrument no. 2021-242412 of official records; and

(ii) Lis Pendens recorded on December 19, 2022 as instrument no. 2022-0402268 of official records.

4. Cobra 28 No. 8 LP and/or assignee is acknowledged as the "Back-Up Bidder" with an overbid of $285,000.00.

5. In the event Successful Bidder fails to close the sale, the Debtor may sell the Property to Back-Up Bidder on the terms set forth in the Motion, without further order of the Court.

6. The Debtor or the CRO, and any escrow agent upon the Debtor or the CRO's written instruction, is authorized to make the following disbursements on or after the closing of the sale as are required by the Purchase Agreement or order of this Court, including, but not limited, to:

(i) the updated payoff amount of the Loan Funder lien recorded on May 26, 2021 as instrument no. 2021-242412 of official records;

(ii) real property taxes and assessments prorated as of the close of escrow;

(iii) the broker's commission of 6%; and

    (iv) any escrow fees, title insurance premiums and other ordinary and typical closing costs and expenses payable by the Debtor pursuant to the Purchase Agreement or in accordance with local custom.

7. The sales proceeds remaining after payment of these items shall constitute the net sale proceeds ("Net Proceeds"). The Net Proceeds will not be disbursed without further order of this Court.

8. Unless the holders of the liens, claims or interests identified in paragraph 3 above have agreed to other treatment, such liens, claims or interests, to the extent such liens, claims or interests have not been extinguished by this Order, shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Property.

9. The CRO is authorized to execute the Purchase Agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

10. The Debtor reserves the right to object to the validity, scope and priority of any disputed liens, claims and interest that have been or will be asserted against the Property.

11. Successful Bidder paid value for the Property and is approved as a buyer in good faith in accordance with § 363(m) of the Bankruptcy Code, and Successful Bidder shall be entitled to all protections to § 363(m) of the Bankruptcy Code. Should Successful Bidder fail to consummate the sale, Back-Up Bidder is approved as a buyer in good faith in accordance with § 363(m) of the Bankruptcy Code, and Back-Up Bidder shall be entitled to all protections to § 363(m) of the Bankruptcy Code.

12. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, Bankruptcy Rules 6004(h), or Local Bankruptcy Rule 9021-1 applies with respect to this Order.

13. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Property to Buyer, (b) resolve any disputes arising under or related to the Purchase Agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Property.

14. The Debtor may retain, as the Estate's liquidated damages, Successful Bidder's deposit should the Purchase Agreement be cancelled by Successful Bidder or, alternatively, the Debtor may return Successful Bidder's deposit, at the Debtor's discretion. Upon closing of the sale of the Property to Successful Bidder, the Debtor is authorized to return Back-Up Bidder's deposit.

15. To the extent there is any tax liability to the Estate from the sale, the Debtor's principals are authorized to pay such taxes from the net proceeds generated from the sale, at their discretion.

16. The overbidding procedures in the Motion are approved.

###

Date: December 18, 2023

Scott C. Clarkson
United States Bankruptcy Judge