Andy C. Warshaw SBN 263880
Rich Sturdevant SBN 269088
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-3319
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com

Attorneys for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>2ND CHANCE INVESTMENT GROUP, LLC<br><br>Debtor and Debtor in Possession. | Case No.:   8:22-bk-12142-SC<br><br>Chapter 11<br><br>**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**<br><br>**Plan Confirmation Hearing:**<br>Date: February 8, 2024<br>Time: 11:00 am<br>Place: Courtroom C - Virtual<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

2ND Chance Investment Group, LLC (the "Debtor" and the "Debtor in Possession") moves this Court for an order confirming its First Amended Chapter 11 Liquidating Plan filed on October 12, 2023, as ECF No. 268.  The Debtor received ballots in favor of confirmation without any rejections, and otherwise meets the elements required under 11 U.S.C. 1129.

# Table of Contents

I.    General Overview ...............................................................................................................3

II.    Debtor's Plan Should Be Confirmed ..............................................................................4

   **A.    The Debtor's Plan Complies With 11 U.S.C. Section 1129(a)(1)** ...........................5

   **B.    Classification of Claims and Interests Under 11 U. S. C. § 1122** ........................6

Chart 2 ......................................................................................................................................7

   **C.    Mandatory Contents of the Plan** ............................................................................9

   **D.    All Payments to be Made by the Debtor in Connection with this Case has been Approved or Is Subject to the Approval of the Court (Section 1129(a)(4)).** .......................13

   **E.    The Plan Discloses All Required Information Regarding Post-confirmation Directors, Management** ........................................................................................................14

   **F.    The Plan Does Not Provide For Any Rate Change Subject to Regulatory Approval (Section 1129(a)(6)).** ..................................................................................................15

   **G.    The Plan Satisfies the Best Interests Test (Section 1129(a)(7))** ..........................15

   **H.    The Plan has been Accepted by the Requisite Classes of Creditors and Interest Holders (Section 1129(a)(8))** ...............................................................................16

   **I.    The Plan Provides for the Payment of Priority Claims (Section 1129(a)(9))** .................17

   **J.    The Plan has been Accepted by At Least One Impaired, Non-Insider Class (Section 1129(a)(10))** ....................................................................................................18

   **K.    The Plan is Feasible (Section 1129(a)(11))** ...........................................................18

   **L.    The Plan Provides for the Payment of Certain Fees (Section 1129(a)(12))** .................18

   **M.    Continuation of Retiree Benefits (Section 1129(a)(13))** .....................................19

   **N.    Domestic Support** ..................................................................................................19

   **O.    No Allowed Unsecured Claim Objected (Sections 1129(a)(15))** ..........................19

   **P.    Transfers of Property (Sections 1129(a)(16))** ......................................................20

   **Q.    The Plan Satisfies the "Cramdown" Requirements** ...........................................20

   **R.    Modifications to the Plan do not Materially Affects Holders of Claims or Interests and do not Require Further Solicitation of the Plan.** ..................................................22

Conclusion ...............................................................................................................................23

## I.    General Overview

1.    The instant case was filed in the Central District of California – Santa Ana Division on December 21, 2022.  The Debtor's First Amended Chapter 11 Liquidation Plan (the "Plan") (ECF No. 268) proposes to pay Debtor's creditors from a liquidating trust to be created on the Effective Date as set forth in the Plan and as described in the Disclosure Statement Describing First Amended Chapter 11 Liquidating Plan (the "Disclosure Statement") (EC No. 296).

2.    The Debtor is a limited liability company that began operations in 2016 as a real estate investment company that bought, fixed, and sold real property. The Debtor's pre-petition business model was to focus on buying real property in distress, remodeling them or otherwise putting them in condition to be sold, and selling the properties. The Debtor used investors to finance the property acquisitions.

3.    The Plan received six ballots in favor of confirmation with no ballots rejecting the Plan.

**Chart 1** illustrates voting entitlement for classes indicates the ballot summary of votes for tabulation purposes.

| Class | Accepting | | Rejecting | |
|---|---|---|---|---|
| | Number of Ballots Received | Amount[1] | Number of Ballots Received | Amount |
| 4<br><br>American Express National Bank | 1 | $0227,492.42 | 0 | $0 |
| 4<br><br>ASB Ventures, LLC | 1 | $201,283.39 | 0 | $0 |
| 4<br><br>Felipe Gutierrez, Jr. | 1 | $66,125 | 0 | $0 |

---

[1] This is the amount listed in the submitted ballot.

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

| 4<br><br>Precision Realty Fund,<br>LLC | 1 | $1,256,031.58 | 0 | $0 |
|---|---|---|---|---|
| 4<br><br>Salvador Jimenez | 1 | $1,122,000 | 0 | $0 |
| 4<br><br>Zisman Family Trust | 1 | $270,000 | 0 | $0 |

## II.    Debtor's Plan Should Be Confirmed

4.    To confirm the Plan, the Court must find that both the Plan and the Debtor follow each of the requirements of section 1129(a) of the Bankruptcy Code.  See In re Tribune Co., 464 B.R. 126 (Bankr. D. Del. 2011; In re Exide Techs., 303 B.R. 48, 58 (Bankr. D. Del. 2003).

5.    The proponent of the plan complies with the applicable provisions of this title. The Debtor continues to comply with obligations to the United States Trustee including being current with operating reports, quarterly fees, and providing ongoing and updated insurance policies.

6.    The plan has been proposed in good faith and not by any means forbidden by law.  The Debtor provided notice to all creditors and an opportunity to participate in the bankruptcy.  The tallied ballots provide the Debtor with one class supporting plan confirmation.

7.    Any payment made or to be made by the proponent, who is the debtor, or by a person issuing acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable.

8.    The Debtor's plan proposes to execute a Liquidating Trust Agreement on the Effective Date, which shall be for the benefit of all creditors entitled to receive distributions under the Plan

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

from the Liquidating Trust. The Committee will retain its standing post-confirmation to pursue

avoidance actions while secured creditors will be paid from the sale of escrow, and unsecured

creditors will be paid consistent wit the terms of Class 4 under the Plan.

9.   The Plan meets all of the requirements for confirmation set forth in the Bankruptcy Code.

The courts have found that a preponderance of the evidence is the appropriate standard of proof in

the context of plan confirmation. In re Ambanc La Mesa Limited Partnership, 115 F.3d at 650,

653 (citing, In re Arnold and Baker Farms, 177 B.R. 648, 654 (Bankr. 9th Cir. 1994), aff'd on

other grounds, 85 F.3d 1415 (9th Cir. 1996), cert. denied, 136 L. Ed. 2d 607, 117 S. Ct. 681

(1997). Proof by a preponderance of the evidence means that it is sufficient to persuade the finder

of fact that the proposition is more likely true than not. Arnold and Baker Farms, 177 B.R. at 654

(citations omitted).

10. The following contains the legal authority and factors necessary to support confirmation of

the Plan. See In re Cardinal Congregate I, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990) listing

factors that may be required.

## A. The Debtor's Plan Complies With 11 U.S.C. Section 1129(a)(1)

11. Section 1129(a)(1) of the Bankruptcy Code provides that a plan of reorganization may be

confirmed only if "[t]he plan complies with the applicable provisions of this title." 11 U.S.C. §

1129(a)(1). See In re Machine Menachem, Inc., 233 F. App'x. 119, 120 (3d Cir. 2007). The

legislative history of section 1129(a)(1) explains that this provision encompasses the requirements

of section 1122 and 1123 of the Bankruptcy Code, which govern classification of claims and

interests in the contents of the plan, respectively. See S. Rep. No. 95-989, at 126 (1978), as

reprinted in 1978 U.S.C.C.A.N. 5787, 5912; H.R. Rep. No. 95-595, at 412 (1977), as reprinted in

1978 U.S.C.C.A.N. 5963, 6368; see In re Johns-Manville Corp., 68 B.R. 618, 629 (Bankr.

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION
PLAN**

S.D.N.Y. 1986) (noting that confirmation objection under section 1129(a)(1) usually involve failure of plan to conform to either section 1122(a) or section 1123 of the Bankruptcy Code), aff'd, 78 B.R. 407 (S.D.N.Y. 1987), aff'd, 843 F.2d 636 (2d Cir. 1988).

12. Section 1122 governs classification of claims. Section 1123 describes both mandatory and elective provisions. Section 1122 contains two rules applicable to the classification of claims and a single rule concerning classification of interests.

## B. Classification of Claims and Interests Under 11 U. S.C. § 1122

13. Section 1122 of the Bankruptcy Code provides:

    a. Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a class only if such claim or interest is substantially similar to the other claims or interests in such class.

    b. A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approve as reasonable and necessary for administrative convenience.

           11  U.S.C. § 1122

14.  The plan proponent has significant flexibility in placing claims and interests into different classes, provided there is a rational legal or factual basis to do so and all claims or interests within a particular class are substantially similar.  *See*, e.g., John Hancock Mut. Life Ins. Co. v. Route 37 Bus. Park Assocs., 987 F.2d 154, 159 (3d Cir. 1993) (noting that a classification scheme is permissible if a legal difference exists between the classes); In re Kaiser Aluminum Corp., No. 02-10429, 2006 WL 616243, at 5 (Bankr. D. Del. Feb 6, 2006) (finding that the classification was proper under section 1122 of the Bankruptcy Code because the classification scheme reflected the "diverse characteristics" of those claims and interests), aff'd, 343 B.R. 88 (D. Del. 2006).

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

15. The Plan separates claims into classes appropriately under these requirements.  The Administrative Claims, which are not required to be classified, are listed as unclassified.

16. The Plan provides for the Liquidating Trust as the disbursing agent.

17. The Debtors' classification analysis of why claims are classified as they are provided in more detail illustrated below, labeled <u>Chart 2.</u>

## Chart 2

| Class | Claim Analysis |
|---|---|
| Unclassified Claims | Certain types of claims are not placed into voting classes; instead, they are unclassified.  They are not considered impaired, and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  Unclassified Claims are: Administrative Expenses, Professional Fee claims, and Priority Tax Claims |
| Class 2-5 U.S. Small Business Administration | U.S. Small Business Administration is the sole creditor in Class 2-5. This claim is separately classified based on the UCC filing statement for personal property it relates to and its statutory remedy for any delinquency or default. |
| Class 2-7 Fay Servicing | Fay Servicing is the sole creditor in Class 2-7 as the first priority mortgage claim against the real property commonly known as 3025 Glenview Ave, San Bernardino, CA 92407. The claimant shall be paid pursuant to the liquidating trust. |

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

| Class 2-10 Del Toro Servicing, Inc. | Del Toro Servicing, Inc. is the sole creditor in Class 2-10 as the first priority mortgage claim against the real property commonly known as 1611 1551st St., San Leandro, CA 94578. This claimant shall be paid pursuant to the liquidating trust. |
|---|---|
| Class 2-12 FCI | FCI is the sole creditor in Class 2-12 as the first priority mortgage claim against the real property commonly known as 1004 Peachwood CRT, Los Banos, CA 93635. This claimant shall be paid pursuant to the liquidating trust. |
| Class 2-16 Select Portfolio Servicing | Select Portfolio Servicing. is the sole creditor in Class 2-16 as the first priority mortgage claim against the real property commonly known as 1352 Marty Lane, Garden Grove, CA 92843. This claimant shall be paid pursuant to the liquidating trust. |
| Class 3 Rejected Leases | Class 3 is for any executory contract, unexpired lease claim, or personal guarantee of leases or contracts which will be treated as obligations of the Reorganized Debtor.  All leases in this class are rejected on the Effective Date. |
| Class 4 General Unsecured Nonpriority Claims | All general unsecured claims that are not administrative convenience claims or are otherwise contingent or unliquidated are treated in Class 4. |

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

| | |
|---|---|
| Class 5<br><br>Disputed, Contingent, and Unliquidated Claims Subject to Discharge | Class 5 is for unfiled claims now subject to discharge that were<br><br>originally listed as disputed, contingent, or unliquidated. |

18. This classification scheme was not designed with an eye toward fashioning a single impaired accepting class.  Rather, it is the variance the claims that requires separate classification.

19. The classification scheme set forth in the Plan allows each class of impaired creditors the opportunity to cast meaningful votes on the Debtor's Plan, satisfying the basic purposes of classification under section 1122 of the Bankruptcy Code.  Thus, the Plan satisfies section 1122 of the Bankruptcy Code.

## C.  Mandatory Contents of the Plan

20. Section 1123(a) of the Bankruptcy Code identifies seven requirements for the contents of a plan of reorganization.

21. Section 1123(a)(1) of the Bankruptcy Code requires that a chapter 11 plan designate classes of claims and interests other than claims of a kind specified in section 507(a)(2) of the Bankruptcy Code (administrative expense claims), section 507(a)(3) of the Bankruptcy Code (claims arising during the "gap" period in an involuntary bankruptcy case), and section 507(a)(8) of the Bankruptcy Code (priority tax claims).  11 U.S.C. § 1123(a)(1).  The Plan complies with this requirement by expressly classifying all claims and equity interests, other than administrative claims and priority tax claims.

22. Section 1123(a)(2) of the Bankruptcy Code requires that a plan "specify any class of claims or interests that is not impaired under the plan." 11 U.S.C. §1123(a)(2). The plan includes language about the impairment of each class in the plan.

23. Section 1123(a)(3) of the Bankruptcy Code requires that a plan "specify the treatment of any class of claims or interests that is impaired under the plan." 11 U.S.C. § 1123(a)(3). The Plan describes how each class and specific claim is treated.

24. Section 1123(a)(4) of the Bankruptcy Code requires that a plan "provides the same treatment for each claim or interest of a particular class." 11 U.S.C. § 1123(a)(4). This is satisfied by the classification of claims and the analysis in Chart 2 above.

25. The Plan provides adequate means for implementation. Section 1123(a)(5) of the Bankruptcy Code requires that the Plan provides "adequate means" for implementation. 11 U.S.C. § 1123(a)(5). Adequate means for implementation of a plan may include retention by the debtor of all or part of its property; the transfer of property of the estate to one or more entities; cancelation or modification of any indenture; curing or waiving of any default; extension of a maturity date or change in an interest rate or other term of outstanding securities; amendment of the Debtors' charter; or the issuance of securities in exchange for cash, property, or existing securities, all in exchange for claims or interests or for any other appropriate purpose. *See* generally In re Spiegel, Inc., No. 03-11540 (BRL), 2005 WL 1278094, at 5 (Bankr. S.D.N.Y. May 25, 2005).

26. The plan specifically includes a section titled "Means of Effectuating the Plan" that addresses 1123(a)(5). This section discusses funding the plan, establishment of the liquidating trust, transfer of property to the liquidating trust, governance of the liquidating trust, designation of the liquidating trustee, post-confirmation management, modification of the plan, claim

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

objections and disputed claims, no distribution pending allowance, distributions made under the plan, and injunctions.

27. Section 1123(b)(2) of the Bankruptcy Code provides that a plan may, subject to section 365 of the Bankruptcy Code, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section.  11 U.S.C. § 1123(b)(2).  In accordance with section 1123(b)(2) of the Bankruptcy Code, Class 3 of the Plan addresses executory contracts and unexpired leases.

28. The Debtor complied with the applicable provisions of Title 11 § 1129(a)(2).  Section 1129(a)(2) of the Bankruptcy Code requires that the plan proponent "compl[y] with the applicable provisions of [title 11 of the Bankruptcy Code]."  11 U.S.C. § 1129(a)(2).  The primary purpose of section 1129(a)(2) is to ensure that the plan proponents have complied with the requirements of sections 1125 and 1126 of the Bankruptcy Code.  *See*, e.g., In re PWS Holding Corp., 228 F.3d at 248 n.23 (quoting In re Trans. World Airlines, Inc., 185 B.R. 302, 313 (Bankr. E.D. Mo. 1995) in noting that: "The principal purpose of section 1129(a)(2) of the Bankruptcy Code is to assure that the plan proponents have complied with the disclosure requirements of section 1125 of the Bankruptcy Code in connection with solicitation of acceptances of the plan.")

29. The Debtor complied with all applicable disclosure and solicitation requirements of section 1125 and 1126 of the Bankruptcy Code and did not disseminate copies of the plan or disclosure statement until the court approved the disclosure statement.

30. Section 1129(a)(3) of the Bankruptcy Code requires that a plan of reorganization be "proposed in good faith and not by any means forbidden by law."  11 U.S.C. § 1129(a)(3).  "[F]or purposes of determining good faith under section 1129(a)(3)… the most important point of inquiry is the plan itself and whether such a plan will fairly achieve a result consistent with the objections

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

and purposes of the Bankruptcy Code.  PWS Holdings, 228 F.3d at 242 (alterations in original) (citation omitted); see also In re SGL Carbon Corp., 200 F.3d 154, 165 (3d Cir. 1999) (holding the good faith standard in section 1129(a)(3) requires that there must be "some relation" between the chapter 11 plan and the "reorganizing-related purposes that [Chapter 11] was designed to serve" and that "The good faith standard requires that the plan be proposed with honesty, good intentions and a basis for expecting that a reorganization can be effected with results consistent with the objectives and purposes of the Bankruptcy Code" (alteration in original) (citations omitted)).

31. "[I]n the context of a Chapter 11 plan, courts have held [that] a plan is to be considered in good faith if there is a reasonable likelihood that the plan will achieve a result consistent with the standards prescribed under the [Bankruptcy] Code." In re PPI Enters. (U.S.), Inc., 228 B.R. 339, 347 (Bankr. D. Del. 1998) (quoting In re Toy & Sports Warehouse, Inc., 37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984)), aff'd 324 F.3d 197 (3d Cir. 2003).  The good faith requirement is satisfied if the plan has been proposed "for the purpose of reorganizing the debtor, preserving the value of the bankruptcy estate and distributing that value to creditors."  In re Gilbertson Rests, LLC, No. 04-00385, 2005 WL 783063, at *4 (Bankr. N.D. Iowa Apr. 4, 2005); See also In re Source Enters., Inc., No 06-11707-2007 WL 2903954, at *6 (Bankr. S.D.N.Y. Oct. 1, 2007) (finding good faith requirement satisfied in plan filed with legitimate and honest purposes of maximizing value of estate and effectuating equitable distribution), aff'd 392 B.R. 541 (S.D.N.Y. 2008).

32. The Debtor submits that its plan is proposed in good faith.  The Debtor preserves the value of the bankruptcy estate and distributes value to creditors, with a plan that pays allowed claims at least as much under the Plan as they would receive in a chapter 7 liquidation.

33. The Plan's classification and general provisions are consistent with sections 105, 1122, 1123(b)(6), 1123(b)(3)(A), 1129, and 1142 of the Bankruptcy Code, are fair and reasonable and

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

are part of the Plan and are each necessary for the Debtor's successful reorganization.

Considering the foregoing, the Plan complies with section 1129(a)(3) of the Bankruptcy Code.

### D. All Payments to be Made by the Debtor in Connection with this Case has been Approved or Is Subject to the Approval of the Court (Section 1129(a)(4)).

34.  Section 1129(a)(4) of the Bankruptcy Code requires that:

> Any payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable.
>
> 11 U.S.C. § 1129(a)(4).

This subsection requires that any and all fees promised or received from the estate in connection with or in contemplation of a chapter 11 case must be disclosed and subject to the court's review.  *See* <u>Johns-Manville</u>, 68 B.R. at 632 (implying that courts must be permitted to review and approve reasonableness of professional fees made from estate assets).

35. Pursuant to page 9 of the Plan addressing administrative expenses, professionals fee claims are required to file their fee applications with the Court.  These applications remain subject to Court approval under the standards established by the Bankruptcy Code, including the requirements of sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code, as applicable.  Debtor's counsel filed an initial fee application that was approved by the Court and intends to file a final fee application after plan confirmation.

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

### E. The Plan Discloses All Required Information Regarding Post-confirmation Directors, Management

36. Section 1129(a)(5) of the Bankruptcy Code provides that a plan of reorganization may be confirmed if the proponent discloses the identify of those individuals who will serve as management of the reorganized debtor, the identify of any insider to be employed or retained by the reorganized debtor and the compensation proposed to be paid to such insider. *See* 11 U.S.C. §1129(a)(5). In addition, under section 1129(a)(5)(A)(ii), the appointment of, or continuation in office of, existing management must be consistent with the interests of creditors, equity security holders, and public policy. 11 U.S.C. § 1129(a)(5)(a)(ii).

37. In determining whether the post-confirmation management of a debtor is consistent with the interests of creditors, equity security holders, and public policy, a court must consider proposed management's competence, discretion, experience, and affiliation with entities having interests adverse to the debtor. *See* In re Sherwood Square Assocs., 107 B.R. 872, 878 (Bankr. D. Md. 1989); See also In re W.E. Parks Lumber Co., 19 B.R. 285, 292 (Bankr. W.D. La. 1982) (a court should consider whether "the initial management and board of directors of the reorganized corporation will be sufficient independent and free from conflicts and the potential of post-reorganization litigation so as to serve all creditors and interests parties on an even and loyal basis"). In general, however, "[t]he [d]ebtor should have first choice of its management, unless compelling cause to the contrary exists." Sherwood Square Assocs., 107 B.R. 878. The case law is also clear that a plan may contemplate the retention of the Debtors' existing directors and officers. *See*, e.g., In re Texaco Inc., 84 B.R. 893, 908 (Bankr. S.D.N.Y. 1988) (determining that section 1129(a)(5) was satisfied where the plan disclosed Debtors' existing directors and officer would continue to serve in office after plan confirmation); *see* also In re Trans World Airlines, Inc., 185 B.R. 302, 314 (Bankr. E.D. Mo. 1995).

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

38. Post-confirmation management through the Liquidating Trust is discussed starting on page 26 of the Plan. The Disclosure Statement addresses this starting on page 33 of the Disclosure Statement. The Debtor here is an LLC that will operate as the Debtor in Possession until plan confirmation; after plan confirmation the Debtor that will dissolve on the Effective Date and after the transfer of the Trust Property to the Liquidating Trust.

39. The Debtor fully satisfied the requirements of section 1129(a)(5) of the Bankruptcy Code.

## F. The Plan Does Not Provide For Any Rate Change Subject to Regulatory Approval (Section 1129(a)(6)).

40. Section 1129(a)(6) of the Bankruptcy Code requires, with respect to a debtor whose rates are subject to a governmental regulation following confirmation, that appropriate governmental approval has been obtained for any rate change provided for in the plan, or that such rate change be expressly conditioned on such approval.  11 U.S.C. § 1129(a)(6).  Section 1129(a)(6) of the Bankruptcy Code does not apply here.

## G. The Plan Satisfies the Best Interests Test (Section 1129(a)(7))

41. The best interests of creditors test, as set forth in section 1129(a)(7) of the Bankruptcy Code, requires that, with respect to each impaired class of claims or interests, each holder of a claim or interest has accepted the plan or will receive property of a value not less than what such holder would receive if the debtor were liquidated under chapter 7.  *See* In re Leslie Fay Cos., 207 B.R. 764, 787 (Bankr. S.D.N.Y. 1007); Kane v. Johns-Manville Corp., 843 F.2d 636, 649 (2d Cir. 1988).  Also, the best interests test focuses on individual dissenting creditors or interest holders rather than classes of claims or interests.  Leslie Fay, 207 B.R. at 787; In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723, 761 (Bankr. S.D. N.Y. 1992).

42. A court, in considering whether a plan is in the "best interests" of creditors, is not required to consider any alternative to the plan other than the dividend projected in a liquidation of all the

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

Debtors' assets under chapter 7 of the Bankruptcy Code.  See <u>In re Crowthers McCall Pattern, Inc.</u>, 120 B.R. 279, 297-298 (Bankr. S.D.N.Y. 1990); <u>In re Jartran, Inc.</u>, 44 B.R. 331, 389-93 (Bankr. N.D. Ill. 1984) (best interests test satisfied by showing that, upon liquidation, cash received would be insufficient to pay priority claims and secured creditors so that unsecured creditors and stockholders would receive no recovery); <u>In re Victory Constr. Co.</u>, 42 B.R. 145, 151 (Bankr. C.D. Cal. 1984) (same).

43. The Debtor performed a liquidation analysis within the Disclosure Statement to determine whether the Plan satisfies the best interests test and to assist creditors in determining whether to accept the Plan.  As set forth in the Disclosure Statement, the amount paid to the general unsecured class is not less than the general unsecured class would receive in a Chapter 7.   The liquidation analysis, which exists in Exhibit 2 of the Disclosure Statement, concludes that a Chapter 7 would result in no less of a payout than the Plan with allowed unsecured claims being paid in full. As a result, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

### H.  The Plan has been Accepted by the Requisite Classes of Creditors and Interest Holders (Section 1129(a)(8))

44. Section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests under a plan has either accepted the plan or is not impaired under the plan.  With respect to an unimpaired class of claims, under section 1126 of the Bankruptcy Code, such unimpaired class of claims is "conclusively presumed to have accepted the plan" and need not be further examined under section 1129(a)(8).  11 U.S.C. § 1126(f); *see* <u>Toy & Sports Warehouse</u>, 37 B.R. at 150 (unimpaired classes of claims deemed to have accepted the plan pursuant to section 1126(f) of the Bankruptcy Code).

45. Section 1126 of the Bankruptcy Code provides that a plan is accepted by an impaired class of claims if the class members accepting hold at least two-thirds in amount and more than one-half in number of the claims held by the class members who have cast votes on the plan.  11 U.S.C. § 1126(c).

46. A creditor that is listed as disputed, contingent, or unliquidated who fails to file a proof of claim is not entitled to vote or participate in Debtors' reorganization.  In re Johnston, 140 B.R. 526, 529 (9th Cir. 1994).

47. Under section 1126(g) of the Bankruptcy Code, impaired classes that neither receive nor retain property under the plan are deemed to have rejected the plan.  See 11 U.S.C. § 1126(g).

48. There is at least one impaired class of creditors that is entitled to vote and who have voted in favor of plan confirmation. There are no rejecting ballots.

49. The Debtors carry at least one-half in number and two-thirds in amount of actual votes cast in Class 4.

### I.  The Plan Provides for the Payment of Priority Claims (Section 1129(a)(9))

50. Section 1129(a)(9)(B) of the Bankruptcy Code requires that each holder of a claim of a kind specified in sections 507(a)(1) and 507(a)(4) through (7) of the Bankruptcy Code – generally, wage, employee benefit and deposit claims entitled to priority – must receive deferred cash payments of a value equal to the allowed amount of such claim or cash equal to the allowed amount of such claim on the effective date of the plan, depending upon whether the class has accepted the plan.  See 11 U.S.C. §1129(a)(9)(B).  There are no claims of this type in this case.

51. Section 1129(a)(9)(C) provides that the holder of a claim of a kind specified in section 507(a)(8) of the Bankruptcy Code –i.e. priority tax claims – must receive deferred cash payments

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

over a period not to exceed five years after the petition date, the present value of which equals the allowed amount of the claim. *See* 11 U.S.C. § 1129(a)(9)(C).

52. The Franchise Tax board claim (Claim 4) is the sole priority tax claim. This tax claim will be paid in full. Other tax claims based on the sale of property of the estate will be paid as an administrative tax claim.

### J.    The Plan has been Accepted by At Least One Impaired, Non-Insider Class (Section 1129(a)(10))

53. Section 1129(a)(10) of the Bankruptcy Code provides that:

> If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider.

11 U.S.C. § 1129(a)(10); <u>See</u> <u>Drexel Burnham</u>, 138 B.R. at 771.

11. The Plan is accepted by Class 4 under 11 U.S.C. § 1126(c).

### K. The Plan is Feasible (Section 1129(a)(11))

12. Section 1129(a)(11) of the Bankruptcy Code requires that confirmation of the plan is not likely to be followed by liquidation or further reorganization. As this plan is proposed as a liquidation plan, there is no further liquidation or reorganization contemplated following confirmation of this plan.

### L.    The Plan Provides for the Payment of Certain Fees (Section 1129(a)(12))

13. Section 1129(a)(12) of the Bankruptcy Code requires that certain fees listed in 28 U.S.C. §1930, determined by the court at the hearing on confirmation of the plan, be paid or that provisions be made for their payment. 11 U.S.C. § 1129(a)(12).

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

All fees payable under 28 U.S.C. §1930 are treated as Administrative Claims under the

Plan and have been paid to date and will be paid in full for any subsequent administrative claims,

thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

### M.  Continuation of Retiree Benefits (Section 1129(a)(13))

14. Section 1129(a)(13) of the Bankruptcy Code requires that a plan of reorganization provide

for the continuation, after the plan's Effective Date, of all retiree benefits at the level

established by agreement or by court order pursuant to section 1114 of the Bankruptcy

Code at any time prior to confirmation of the plan, for the duration of the period that the

debtor has obligated itself to provide such benefits.

The Debtor does not provide any "retiree benefits" (as defined in section 1114(a) of the

bankruptcy Code).  Thus, the Plan satisfies section 1129(a)(13) of the Bankruptcy Code.

### N.  Domestic Support

15. Section 1129(a)(14) of the Bankruptcy Code provides that:

If the debtor is required by a judicial or administrative order or by statute, to pay a

domestic support obligation, the debtor has paid all amounts payable under such order or such

statute for such obligation that first become payable after the date of the filing of the petition.

11 U.S.C. §1129(a)(14).

16. The Debtor does not have any such order and this requirement is met.

### O.  No Allowed Unsecured Claim Objected (Sections 1129(a)(15))

17. Section 1129(a)(15) of the Bankruptcy Code provides that:

a) The value, as of the effective date of the plan, of the property to be distributed under

the plan on account of such claim is not less than the amount of such claim; or

b) The value of the property to be distributed under the plan is not less than the projected

disposable income of the debtor (as defined in section 1325(b)(2) to be received during

– 19 –

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

the 5-year period beginning on the date that the first payment is due under the plan, or

during the period for which the plan provides payments, whichever is longer.

11 U.S.C. § 1129(a)(15)

18. The Disclosure Statement addresses feasibility of the plan beginning on page 61, as to

Effective Date feasibility. Exhibit 1 to the Disclosure Statement shows that the Debtor

anticipates that upon the Effective Date it will have funds on hand to make the necessary

payments under the Plan.

## P.  Transfers of Property (Sections 1129(a)(16))

19. 11 U.S.C. § 1129(a)(16) requires that transfers made under the plan be in accordance with

nonbankruptcy law.

20. The plan contemplates the sale of estate property—the real properties assets listed on

Exhibit 2 of the Disclosure Statement—the proceeds of which will be placed in the

Liquidating Trust in order to effectuate the plan. These transfers will be in accordance with

nonbankruptcy law.

## Q.  The Plan Satisfies the "Cramdown" Requirements

21. Section 1129(b)(1) of the Bankruptcy Code provides that, if certain requirements are met, a

plan shall be confirmed notwithstanding that section 1129(a)(8) is not satisfied with

respect to one or more classes:

[I]f all of the applicable requirements of… section [1129(a) of the Bankruptcy Code] other

than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the

plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan

does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or

interests that is impaired under, and has not accepted the plan.

11 U.S.C. § 1129(b)(1).

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION
PLAN**

22. To confirm a plan that has not been accepted by all impaired classes, the plan proponent

must show that the plan "does not discriminate unfairly" and is "fair and equitable" with

respect to the non-accepting impaired classes.  <u>John Hancock Mut. Life Ins. Co.</u> 987, F2d

at 157 n.; *See* also <u>In re Zenith Elects. Corp.</u>, 241 B.R. at 105 (explaining that "[w]here a

class of creditors or shareholders has not accepted a plan of reorganization, the court shall

nonetheless confirm the plan if it 'does not discriminate unfairly and is fair and

equitable'") (citation omitted).

   c.  The Plan Does Not Discriminate Unfairly with Respect to the Deemed Rejecting

       Classes

   The Plan Bankruptcy Code does not provide a standard for determining when "unfair

discrimination" exists.  <u>See</u> <u>In re 203 N. LaSalle St. Ltd. P'ship</u>, 190 B.R. 567, 585 (Bankr.

N.D. Ill. 1995), <u>aff'd</u> 195 B.R. 692 (N.D. Ill. 1996), <u>aff'd</u>, 126 F.3d 955 (7th Cir. 1997),

<u>rev'd on other grounds</u>, 526 U.S. 434 (1999).  Rather, courts typically examine the facts

and circumstances of the particular case to determine whether unfair discrimination exists.

<u>See, e.g.</u>, <u>In re Freymiller Trucking, Inc.</u>, 190 B.R. 913, 916 (Bankr. W.D. Okla. 1996)

(holding that a determination of unfair discrimination requires a court to "consider all

aspects of the case and the totality of all the circumstances").  At a minimum, however, the

unfair discrimination standard prevents creditors and interest holders with similar legal

rights from receiving materially different treatment under a proposed plan without

compelling justifications for doing so.  *See*, e.g., <u>In re Aztec Co.</u>, 107 B.R. 585, 588

(Bankr. M.D. Tenn. 1989); <u>In re Ambanc La Mesa Ltd. P'ship</u>, 115 F.3d 650, 656 (9th Cir.

1997).

   Plan treatment classification is discussed already and will not be duplicated here.

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION
PLAN**

d.  The Plan is "Fair and Equitable" with Respect to the Deemed Rejecting Classes

A plan is fair and equitable with respect to a class of general unsecured claims if either (i) the plan provides that each holder of a claim of such class will receive property of a value, as of the effective date of the plan, equal to the allowed amount of such claim, or (ii) the holder of any claim of or interest that is junior to the claims of such classes will not receive or retain any property under the plan on account of such junior claim or interest. See 11 U.S.C. § 1129(b)(2)(B).  A similar concept applies with respect to classes of interests.  See 11 U.S.C. § 1129(b)(2)(C).  A corollary to these absolute priority rules is that no creditor in a more senior class may receive more than what is owed.  In re Exide Techs., 303 B.R. at 61.

The Debtor's plan contains no unfair discrimination.  There are multiple classes of claims that are treated based on the type of claim.  Secured claims are treated in their own classes while priority claims are paid pursuant to the code.  Chart 2 summarizes the plan treatment of each of these classes and why each classification does not unfairly discriminate

### R.  Modifications to the Plan do not Materially Affects Holders of Claims or Interests and do not Require Further Solicitation of the Plan.

23. Section 1127(a) of the Bankruptcy Code provides the Debtors with the right to modify the Plan "at any time" before confirmation.  Section 1127(d) of the Bankruptcy Code provides that any holders of claims or interests that previously accepted the plan should also be deemed to accept the modified plan.  Non-material changes to a plan are routinely allowed without a re-solicitation of votes on the plan.  See, e.g., In re New Power Co., 438 F.3d 1113, 1117-18 (11th Cir. 2006) ("the bankruptcy court may deem a claim or interest holder's vote for or against a plan as a corresponding vote in relation not a modified plan

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**

unless the modification materially and adversely changes the way that claim or interest

holder is treated"); <u>In re Calpine</u>, No. 05-60200, 2007 WL 952042, at 27 (Bankr. N.D. Ill.

Apr. 11, 2006) (if modification does not adversely change the treatment of claims, then re-

solicitation is not required).

24. As this is a liquidation plan, there is no anticipated modification to the plan that would

require further solicitation of the plan as of today.

## Conclusion

The Plan satisfies the requirements of sections 1123, 1127, and 1129 of the Bankruptcy

Code.  Accordingly, the Debtor requests that the Court (i) confirm the Plan, and (ii) grant the

Debtor such other and further relief as is just and proper.


Dated: January 11, 2024                          Respectfully Submitted,


                                                 /s/ Rich Sturdevant
                                                 Rich Sturdevant
                                                 Attorneys for Debtor in Possession
                                                 Financial Relief Law Center, APC

**MOTION FOR ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATION PLAN**