Andy C. Warshaw SBN 263880
Rich Sturdevant SBN 269088
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: (714) 442-19
Facsimile: (714) 361-5380
Email: awarshaw@bwlawcenter.com

Attorneys for Debtor in Possession

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>2ND CHANCE INVESTMENTS GROUP, LLC<br><br>Debtor in Possession. | Case No.:  8:22-bk-12142-SC<br><br>Chapter 11<br><br>**STATUS CONFERENCE REPORT BY THE DEBTOR AND DEBTOR IN POSSESSION**<br><br>Hearing:<br>Date: February 8, 2024<br>Time: 11:00 am<br>Location: Courtroom 5C – Virtual<br>411 West Fourth St.<br>Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND ALL OTHER INTERESTED PARTIES:**

The Court set and will hold a status conference for the Chapter 11 bankruptcy case of 2nd Chance Investment Group, LLC., the debtor and debtor in possession ("Debtor") at the above-captioned date and time.  This Status Conference Report by the Debtor and Debtor in Possession ("Report") updates the Court and interested parties on events in the bankruptcy case from October 27, 2023 forward through January 25, 2024.

1

### A. The Debtor in Possession is in Compliance with UST Guidelines

The Debtor is compliant under 11 U.S.C. §§521, 1006, and 1107, and with the applicable Guidelines of the Office of the United States Trustee ("UST")[1].  Monthly operating reports are current through December of 2023 with the latest quarterly fee paid to the UST on August 22, 2023.

### B. Plan and Disclosure Statement

The Debtor's Chapter 11 Liquidating Plan Dated May 10, 2023 ("Plan") and the original Disclosure Statement Describing the Chapter 11 Liquidating Plan Dated May 10, 2023 ("Disclosure Statement") were filed on May 10, 2023, as ECF No. 139 & 140.  The Plan enables the bankruptcy estate ("Estate") to efficiently liquidate its assets for the benefit of creditors and carry out its goals within Chapter 11.

On the Effective Date[2], a Liquidating Trust Agreement will form.  The Liquidating Trust simplifies the Debtor's liquidation efforts and maximizes a return to all creditors. The Committee will keep its power, secured creditors will be paid from the sale of escrow, and unsecured creditors will be paid pro rata based on their claims under Class 4 in the Plan.

The Debtor filed an Amended Disclosure Statement on August 8, 2023, Doc# 208. Creditors Ram Bhakta and Sajan Bhakta filed an objection on August 29, 2023, Doc# 223. The Official Committee of Unsecured Creditors filed an objection on August 30, 2023, Doc# 226. A hearing was held on the Amended Disclosure Statement on September 13, 2023. After the hearing on the disclosure statement and upon entry of a stipulation as to scheduling dates, the court continued the hearing on the amended disclosure statement for November 9, 2023. The

---

[1] https://www.justice.gov/ust/file/volume_3_chapter_11_case_administration.pdf/download
[2] Capitalized terms not otherwise defined in this document shall take on the definition in the Plan or Disclosure Statement.

Debtor filed the First Amended Chapter 11 Liquidating Plan on October 12, 2023, Doc# 268. The Debtor filed the Disclosure Statement Describing First Amended Chapter 11 Liquidating Plan on October 12, 2023, Doc# 295. On November 9, 2023, the court held a hearing on the Disclosure Statement and approved the same. The Debtor subsequently filed the Disclosure Statement Describing First Amended Chapter 11 Liquidating Plan on November 17, 2023, Doc# 296, and concurrently filed the First Amended Chapter 11 Liquidating Plan as Modified on November 14, 2023, Doc# 296-1. The Debtor filed a motion for order confirming the chapter 11 plan on January 11, 2024, Doc# 357.

**C.  Status of Real Property and Projected Available Funds**

The Debtor has filed or is preparing sale motions to liquidate real property of the estate.  The Debtor obtained court approval to sell the property located at 8607 Custer Rd SW, Lakewood, WA 98499. The Debtor filed a report of sale of the property on January 4, 2023, Doc# 354. The Debtor received $72,173 in net proceeds from the sale.

The Debtor obtained court approval to sell the real property located at 37472 Yorkshire Dr., Palmdale, CA 93550. The Debtor filed a report of sale of the property on January 4, 2023, Doc# 354-2. The Debtor received $27,280.59 in net proceeds from the sale.

The Debtor obtained court approval to sell the real property located at 1016 Portal Avenue, Bakersfield, CA 93308. The Debtor filed a report of sale of the property on January 4, 2023, Doc# 354-1. The Debtor received $51,665.99 in net proceeds from the sale.

The Debtor obtained court approval to sell the real property located at 3025 Glenview Avenue, San Bernardino, CA 92407. The property is currently in escrow.

The Debtor is currently preparing sale motions for 13352 Marty Lane, Garden Grove, CA 92843

3

All *lis pendens* have been removed against the properties.

The Debtor stipulated to relief from stay for the following properties as the liens and costs of sale exceeded the property value and there was no equity for the estate. A hearing is currently set for October 18, 2023, on the motion to approve the stipulations. The properties are: 730 & 732 E. 78th St., Los Angeles, CA 90001; 37915 Marsala Dr., Palmdale, CA 93552; 43933 30th Street East, Lancaster, CA 93535

A summary of the Debtor's real property sales is summarized below.

| Address | Broker | Status | Value |
|---|---|---|---|
| **324 W. 47th Pl. Los Angeles, CA 90037** | Coldwell Banker | Listing removed. Offers up to $400,000 with liens estimated over $500,000. No equity exists for the bankruptcy estate. | $400,000 |
| **730 & 732 E. 78th St. Los Angeles, CA 90001** | Coldwell Banker | Listing removed. Debtor has stipulated to relief from stay (Doc# 234) as liens and cost of sale will exceed the property value and any equity for the estate. Hearing set for October 18, 2023, on motion to approve stipulation. | $415,000 |
| **13352 Marty Lane Garden Grove, CA 92843** | Coldwell Banker | The occupant asserts an ownership interest in the property which is being marketed by Coldwell Banker. Offers and counteroffers have been exchanged. | $725,000 |
| **37472 Yorkshire Dr. Palmdale, CA 93550** | Coldwell Banker, Citrus Grove Real Estate | Relief from stay denied without prejudice. Property sold and escrow closed on December 5, 2023. | $390,000 |
| **37915 Marsala Dr. Palmdale, CA 93552** | Coldwell Banker, | Listing removed. Debtor has stipulated to relief from stay (Doc# 234) as liens and cost of sale will exceed the property value and any equity for the estate. Hearing set for October 18, 2023, on motion to approve stipulation. | $320,000 |
| **43933 30 St. E. Lancaster, CA 93535** | Citrus Grove Real Estate | Listing removed. Debtor has stipulated to relief from stay (Doc# 234) as liens and cost of sale will exceed the property value and any equity for the estate. Hearing set for October 18, 2023, on motion to approve stipulation. | $305,000 |
| **25641 Byron St., San Bernardino, CA 92404** | Coldwell Banker, 44 Realty | Subject to relief from stay motion and stipulation granting related relief. | $480,000 |
| **3025 Glenview Ave., San Bernardino, CA 92407** | Coldwell Banker, 44 Realty | Currently in escrow. | $365,000 |
| **827 N. Meridian Ave. San Bernardino, CA 92410** | Coldwell Banker, 44 Realty | Subject to relief from stay motion and stipulation granting related relief. | $460,000 |

| | | | |
|---|---|---|---|
| 1004 Peachwood Ct., Los Banos, CA 93635 | Coldwell Banker, Keller Williams | Debtor will be stipulating to relief from stay with the secured creditor. | $400,000 |
| 1611 151st St., San Leandro, CA 94578 | None | Debtor will be stipulating to relief from stay with the secured creditor. | $600,000 |
| 1016 Portal Ave. Bakersfield, CA 93308 | Coldwell Banker, REMAX Golden Empire | Subject to grant deed transferring the property from Advance Real Estate & Construction Solutions Corporation, a California corporation, to the Debtor. Escrow closed. | $236,000 |
| 3122 Emery Lane Robbins, IL 60472 | EXP Realty | This property is being marketed for sale. | $85,000 |
| 8607 Custer Road SW, Lakewood, WA 98499 | Keller Williams Tacoma | Currently in escrow. Motion to Sell Property was granted on October 4, 2023. Escrow closed October 27, 2023. | $400,500 |

### D. Real Estate Evictions

An order employing Bewley, Lassleben & Miller ("Bewley") was entered providing the Debtor with a professional to handle tenancy issues. Bewley's current focus is the occupancy of 37472 Yorkshire Dr., Palmdale, CA 93550 in what is expected to be an agreed upon stipulation for entry of judgment and possession whereby the occupant vacates the property. The tenants of 37472 Yorkshire Dr., Palmdale, CA 93550 vacated the premises as of September 12, 2023. The Debtor and tenants are currently in the process of completing the stipulation for entry of judgment and possession. The settlement terms provide that the Debtor will abate the past due rent and holdover damages of approximately $9,000.

The other potential remaining tenancy issue is for 1004 Peachwood Ct., Los Banos, CA. The Debtor will have counsel propose a resolution if any proposed buyer requires the property be vacant for the purchase. No other tenancy issues are currently known that impact liquidation of real property.

### E. Cash Collateral

The Debtor filed two separate stipulations with Lantzman Investment Group, LLC and LMF 2, LP on January 11, 2023 ("CC Stipulations"). The CC Stipulations are for eight of the Debtor's parcels of real property and are the only parcels of real property that are both subject to

assignment of rent provision or a lien on cash proceeds, some of which generate rental income during the Case. The Debtor obtained a cash collateral order by stipulation. The order approving the CC Stipulations allows the Debtor to use cash collateral for expenses incurred in connection with each of the parcels of real property of the bankruptcy estate that are necessary to preserve the real property of the bankruptcy estate. No payments are required to the secured creditor in 2023 as part of the CC Stipulations.

**F.  Insider Compensation**

The principal of the Debtor did not and does not request insider compensation.  There are no other insiders who sought approval of insider compensation.

**G.  Claims of the Debtor and the Treatment of Insiders**

The Debtor characterizes Claims 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 33, 35, and 49 as insider claims because of the sufficiently close relationship that the claimants had with the Debtor and the degree of control that the insiders held over the Debtor. Specifically, wire transfers to the insiders occurred due to the pressure, influence, and control that they had over the Debtor. The parties listed as insiders are either members of Precision Realty Fund LLC or have a sufficiently close relationship with Precision Realty Fund LLC the Declaration of Rayshon Foster. The amended disclosure statement provides that the Debtor may bring forth an adversary proceeding against Precision Realty Fund, LLC[3], under 11 U.S.C. § 547(b)(4)(B) based upon undisputed pre-petition transfers of $375,000 to Precision Realty Fund LLC and $100,000 to Schorr Law Group.  Pre-petition wire transfers from the Debtor to Precision Realty Fund LLC are listed on the Statement of Financial Affairs on July 7, 2022, July 21, 2022, and August 19, 2022.  There is also another transfer listed on the Statement of Financial Affairs, question 13, to

---

[3] The adversary may include other parties, including Schorr Law Group.

6

Schorr Law Group, who represents Precision Realty Fund LLC in pre-petition state court litigation.

Sajan Bhakta and Ram Bhakta filed an objection to the Debtor's original disclosure statement, representing and arguing that they were not insiders of the debtor and that the Debtor had not presented evidence that they are insiders. The general argument by Sajan Bhakta and Ram Bhakta that they are not insiders is that the payments to them were not based on any affinity between the Debtor and them, but rather regular transactions occurring in the ordinary course of business.

**H.  Adversary Proceeding**

An Adversary Complaint was filed on April 4, 2023, and was given case number 8:23-ap-01028-SC. The Debtor entered into a stipulation with Maher Abou Khazam dismissing the case without prejudice with each party bearing its own attorney fees. The Court entered an order dismissing the adversary case on August 16, 2023.

On October 2, 2023, the Official Committee of Unsecured Creditors filed an adversary complaint against Advance Real Estate & Construction Solutions as well as the Debtor's principals Rayshon Andrew Foster and Sonja Foster, case# 8:23-ap-01110. The complaint does not name the Debtor as a defendant, and the Debtor does not anticipate being involved in the case.

On October 2, 2023, the Official Committee of Unsecured Creditors filed an adversary complaint against Gemma's Jewelers, Inc. as well as the Debtor's principals Rayshon Andrew Foster and Sonja Foster, case# 8:23-ap-01111. The complaint does not name the Debtor as a defendant, and the Debtor does not anticipate being involved in the case.

On November 6, 2023, the Official Committee of Unsecured Creditors filed an adversary complaint against American Express National Bank as well as the Debtor's principals Rayshon Andrew Foster and Sonja Foster, case# 8:23-ap-01124. The complaint does not name the Debtor as a defendant, and the Debtor does not anticipate being involved in the case.

On November 6, 2023, the Official Committee of Unsecured Creditors filed an adversary complaint against JP Morgan Chase Bank, N.A. as well as the Debtor's principals Rayshon Andrew Foster and Sonja Foster, case# 8:23-ap-01125. The complaint does not name the Debtor as a defendant, and the Debtor does not anticipate being involved in the case.

### I. Employment of Professionals

Debtor filed an application to employ Grobstein Teeple, LLP as Financial Advisers on April 18, 2023, Doc# 106. The court approved the employment on May 9, 2023, Doc# 137.

Debtor filed an application to employ D Masin Consulting as a paraprofessional/field agent on May 9, 2023, Doc# 135. The court approved the employment on May 28, 2023, Doc# 165.

### J. Proposed Resolution of Conflicting Plan and Disclosure Statement Information on the Temporal Conditional Injunction

The Debtor conferred with counsel for the Office of the United States Trustee relating to Debtor's Plan and Disclosure Statement provisions relating to the temporal injunction. The Debtor will have a 180-day period to market and sell the Debtor's real property post-confirmation. The Debtor recommends that the disseminated version of the Disclosure Statement amend, add, or otherwise provide the following language to clarify the temporal injunction:

**Actions Restrained**. Creditors, interest holders and other parties in interest may not take any action to enforce preconfirmation obligations, or any obligations due under this Plan, so long

as Debtor is not in material default under this Plan (as defined below).  If Debtor is in material default under this Plan, then any party in interest may:  (1) take any action permitted under nonbankruptcy law either (a) to enforce the terms of this Plan as a contract of Debtor or (b) to pursue nonbankruptcy remedies including collection of the entire nondischarged dollar amount of any claim held by such person, or (2) if this case is still pending, move to dismiss this case or to convert this case to one under chapter 7, or seek other relief from the bankruptcy court.  If this case is converted to chapter 7 at any time, then property will revest in the chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the court during this case.

**Material Default Defined.**  If Debtor (1) fails to make any payment required under this Plan, or (2) fails to perform any other obligation required under this Plan for more than 14 days after the time specified in this Plan, or (3) performs any act that is inconsistent with the terms of this Plan, then any affected creditor, interest holder, or other party in interest may file and serve upon Debtor and Debtor's attorney (if any) a written notice of default at their most recent address(es) listed in this case.  Debtor is in material default under this Plan if Debtor fails within 21 days after service of that notice of default, plus an additional 3 days if served by mail, either to cure the default or obtain from the court an extension of time to cure the default or a determination that no material default occurred.  Notwithstanding the other provisions of this paragraph, to the extent that Debtor has assumed an executory contract or unexpired lease, or to the extent that a creditor retains a lien under this Plan that was a consensual lien, the default provisions of that contract, lease, or lien documentation govern what constitutes a default for purposes of the rights and remedies thereunder, all subject to applicable nonbankruptcy law and any exceptions set forth in this Plan.

January 25, 2024						Respectfully Submitted,

						  /s/ Rich Sturdevant

						Rich Sturdevant
						Attorneys for Debtor in Possession
						1200 Main St., Suite C
						Irvine, CA 92614