Andy C. Warshaw, Esq. (State Bar No. 263880)
Financial Relief Law Center, APC
1200 Main St., Suite C
Irvine, CA 92614
Direct Phone: 714-442-3319
Facsimile: 714-361-5380
Email: awarshaw@bwlawcenter.com

Attorneys for Debtor in Possession

**FILED & ENTERED**

**FEB 12 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>2nd CHANCE INVESTMENT GROUP, LLC<br><br>Debtor and Debtor in Possession. | Case No. 8:22-bk-12142-SC<br><br>Chapter 11<br><br>**ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 LIQUIDATING PLAN AS MODIFIED**<br><br>**Plan Confirmation Hearing:**<br>Date:  February 8, 2024<br>Time:  11:00 am<br>Place:  United States Bankruptcy Court<br>411 West Fourth Street<br>Courtroom 5C - Virtual<br>Santa Ana, CA 92701-4593 |

On February 8, 2024, the Court held a Zoom.gov hearing (the "Confirmation Hearing") on confirmation of the Debtor's First Amended Liquidating Plan as Modified, filed as Docket #296-1 (the "Plan") in the above-captioned chapter 11 bankruptcy case.  Appearances were made as noted on the record.  Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Plan.

The Court having considered the Plan and all of the pleadings filed in support of Plan and the entire record of this Case, the evidence and argument presented on the record at the Confirmation Hearing, finding that notice and service were proper, good cause appearing therefor and based upon the findings and conclusions of law as stated by the Court in connection with the Confirmation Hearing,

IT IS ORDERED:

1. The Plan is confirmed in its entirety pursuant to section 1129(a) and, where applicable, section 1129(b) of the Bankruptcy Code. The terms of the Plan, exhibits to the Plan and the Disclosure Statement, and any other documents filed in connection with the Plan and/or executed or to be executed in connection with the transactions contemplated by the Plan, made in connection with the Plan, are expressly incorporated into, and form an integral part of, this Order.

2. The Debtor and the Liquidating Trustee are authorized to take all actions necessary, appropriate, or desirable to enter into, implement and consummate the contracts, agreements or other documents created or to be executed in connection with the Plan, including, but not limited to, the Liquidating Trust Agreement. Without further order or authorization of this Court, the Debtor and/or the Liquidating Trustee and their successors are authorized and empowered to make all modifications to the Liquidating Trust Agreement that are consistent with the Plan. The executed version of the Liquidating Trust Agreement shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

3. The Effective Date of the Plan will be the first day of the month that is at least fifteen days after the date an order confirming the Plan is entered. The Debtor shall file a notice with the Court indicating the occurrence of the Effective Date.

4. On the Effective Date or soon thereafter, the Debtor shall enter into the Liquidating Trust Agreement. The form of the Liquidating Trust Agreement attached as Exhibit "1" to the Disclosure Statement is hereby approved, and the Debtor and the Liquidating Trustee are authorized to enter into and execute the Liquidating Trust Agreement and take all other necessary steps to establish and implement the Liquidating Trust.

5. The appointment of and compensation terms for David Goodrich as the Liquidating Trustee under the Liquidating Trust Agreement as set forth in the Plan and Disclosure Statement are hereby approved.

6. On the Effective Date, all right, title and interest of the Debtor and the Estate in property and assets of any kind (the "Trust Property") shall be, and shall be deemed to be,

irrevocably transferred, absolutely assigned, conveyed, set over and delivered to the Liquidating Trust, in trust to and for the benefit of the beneficiaries of the Liquidating Trust for the uses and purposes stated in the Plan and in the Liquidating Trust Agreement, free and clear of any and all liens, claims, encumbrances and interests (legal, beneficial or otherwise) of all other entities to the maximum extent contemplated by and permissible under section 1141(c) of the Bankruptcy Code, except for any liens existing against the assets of the Debtor which liens shall transfer to the assets transferred to the Liquidating Trust (i.e., the Trust Property with the same validity, scope, and priority as such liens had against the assets of the Debtor immediately prior to such transfer). To the extent that certain assets of the Debtor's or the Debtor's Estate (and their right, title and interest in such assets), because of their nature or because they will accrue subsequent to the Effective Date, cannot be irrevocably transferred, absolutely assigned, conveyed, set over or delivered to the Liquidating Trust on the Effective Date, such assets shall be deemed assigned, set over, transferred and conveyed to the Liquidating Trust as soon as practicable after the Effective Date. The Liquidating Trustee is hereby granted the Power of Attorney to execute documents on behalf of the Debtor, as reasonably determined by the Liquidating Trustee (in recordable form where necessary or appropriate) to vest or perfect in or confirm to the Liquidating Trustee or the Liquidating Trust title to and possession of the Trust Property.

7. The Official Committee of Unsecured Creditors ("Committee") shall remain in place post-confirmation for the purpose of pursuing preferences, fraudulent transfers, and other related claims under Sections 502(d), 510, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code, or any avoidance actions under applicable non-bankruptcy law claims and claim objections within the scope of the Stipulation between the Debtor and the Committee (the "Claims") that is attached to the Plan as Exhibit C and which was incorporated into the Plan and shall continue in effect post-confirmation. Therefore, notwithstanding anything to the contrary in paragraph 6 above, the Claims shall remain within the exclusive standing of the Committee and shall not vest in the Liquidating Trustee or his successors. The Committee has the right to continue to prosecute pending Claims and to commence litigation or take other collection action with regard to any remaining Claims that are within its exclusive standing to assert and prosecute.

The transfer of assets of the Estate to the Liquidating Trust shall not constitute a distribution under 28 U.S.C. § 1930(a)(6).

8. All allowed claims against the Debtor will be treated in the manner set forth in the Plan.

9. The provisions of the Plan and this Order are hereby binding on each claim and interest holder of the Debtor and any other party in interest in the Debtor's chapter 11 case, whether or not the claim or interest of such party is impaired under the Plan and whether or not such party has filed, or is deemed to have filed, a proof of claim or interest or has accepted, or is deemed to have accepted, or rejected, or is deemed to have rejected, the Plan.

10. On or after the Effective Date, the Liquidating Trustee and Committee shall continue as a plaintiff in all litigation or causes of action (on behalf of beneficiaries of the Liquidating Trust) in which the Debtor or Committee were plaintiff prior to the Effective Date and may pursue any unfiled claims, including the Claims, that are within their respective standing to bring. On the Effective Date, all causes of action that belong to the Debtor and/or the Debtor's Estate shall be deemed assigned to the Liquidating Trustee for analysis by, and if appropriate pursuit by, the Liquidating Trustee, with the exception of the Claims, which pursuant to the Plan the Committee shall have the exclusive standing to pursue. All recoveries and proceeds arising from litigation and causes of action shall be deemed assigned, set over, transferred, and conveyed to the Liquidating Trust upon the Liquidating Trustee's receipt thereof. All fees and costs of the Liquidating Trust (and agents thereof) arising from or relating to pursuing litigation or causes of action or other services performed at the request of the Liquidating Trustee on behalf of the Liquidating Trust shall be paid as a first priority in right of distribution from the Liquidating Trust.

11. On and after the Effective Date, in addition to the rights provided to the Liquidating Trustee in the Liquidating Trust Agreement, the Liquidating Trustee shall have the power and authority to prosecute and resolve objections to disputed secured claims, disputed administrative claims, disputed priority tax claims, disputed priority non-tax claims and disputed general unsecured claims. The Liquidating Trustee shall have the right, power, and authority to

retain and assert all defenses, rights of setoff, recoupment, and counterclaims with respect to each of the foregoing. The Liquidating Trustee shall also have the power and authority to hold, manage and distribute Plan distributions to the holders of allowed claims consistent with this Plan and the Liquidating Trust Agreement.

12. The Debtor will not receive a discharge under the Plan pursuant to and in accordance with the provisions of section 1141 of the Bankruptcy Code because the Plan contemplates and will result in a sale or liquidation of all or substantially all the property of the Debtor's estate.

13. On the Effective Date, and after the transfer of the Trust Property to the Liquidating Trust, the Debtor shall be dissolved, or shall otherwise wind down, under applicable law.

14. Upon the Effective Date, the Debtor's board of directors shall be dissolved.

15. To the maximum extent permitted by law, neither the Debtor, the Liquidating Trust, the Liquidating Trustee, nor any of their employees, officers, directors, shareholders, agents, members, representatives, or professionals employed or retained by any of them, shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with or related to the formulation and implementation of this Plan or the Liquidating Trust Agreement, or any contract, instrument, release, or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of this Plan, or the consummation and implementation of this Plan and the transactions contemplated therein.

16. On the Effective Date, all executory contracts and unexpired leases of the Debtor will be deemed rejected, other than executory contracts and unexpired leases that were previously assumed, assumed and assigned, or rejected by final order of the Bankruptcy Court (which contracts will be treated in accordance with such final order).

17. Any professional seeking allowance of a professional fee claim for services rendered prior to the Effective Date in connection with the Debtor's Case must (1) file their application for allowance of compensation and reimbursement of expenses on or before 45 days

after the Effective Date or such other date as may be set by the Court, and (2) have the fees and expenses allowed by a final order. Any party in interest may file an objection to such an application within the time provided by the Local Bankruptcy Rules or within any other period that the Court sets. Persons holding professional fee claims who do not timely file and serve their applications for payment will be forever barred from asserting these claims against the Estate or the Liquidating Trust.

18. The post-confirmation fees of Debtor's counsel, the Liquidating Trustee and his professionals and counsel for the Committee will be paid pursuant to the Plan without the need for any further order of the Court.

The Court shall retain all authority and jurisdiction as provided under the Bankruptcy Code and other applicable law and the Plan to enforce the provisions, purposes and intent of the Plan or any modification thereof, including, without limitation, for the purposes set forth in the Plan.

19. The Debtor, the Liquidating Trust, and the Liquidating Trustee shall have all of the benefits and protections afforded under section 1125(e) of the Bankruptcy Code and applicable law.

20. This Order is a final order, and the period in which an appeal must be filed shall commence immediately upon the entry of hereof.

21. To the extent that the terms of the Plan are inconsistent with the terms of any agreement or instrument concerning any claim, any interest, or any other matter, the terms of the Plan shall control.  To the extent that the terms of this Order are inconsistent with the terms of the Plan, by reason of, among other things, any modifications made to the Plan resulting from this Order, the terms of this Order shall control.

22. The Liquidating Trustee shall file with the Court and serve on the Office of the United States Trustee ("UST") quarterly financial reports in a format prescribed by the UST, and the Liquidating Trustee shall cause to be paid out of the Trust Assets to the UST all post-confirmation quarterly fees based on disbursements made by the Liquidating Trust under the Plan until a final decree has been entered closing the Debtor's chapter 11 case.

23. A post-confirmation status conference shall be held on June 12, 2024, at 11:00 a.m. in the above-captioned court with a status report due on or before May 29, 2024. The Liquidating Trustee shall file a post-confirmation status report with the Court fourteen days prior to the post-confirmation status conference, which report shall include with it a declaration signed by someone with personal knowledge of the facts attested to therein.

###

Date: February 12, 2024

*Scott C. Clarkson*
Scott C. Clarkson
United States Bankruptcy Judge