Robert P. Goe – State Bar No. 137019
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Bldg. D, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
cmanee@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for
Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**2ND CHANCE INVESTMENT GROUP, LLC,**<br><br><br>        Debtor and Debtor-in-<br><br>possession. | Case No. 8:22-bk-12142-SC<br><br>Chapter 11 Proceeding<br><br>**NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE OF LAWSUIT AND CONTROVERSY BETWEEN THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND DISCOVER BANK; DECLARATION OF SAJAN BHAKTA IN SUPPORT THEREOF**<br><br>[No Hearing Required under Local Bankruptcy Rule 9013-1(o)] |

    **PLEASE TAKE NOTICE THAT** the Official Committee of Unsecured Creditors ("Committee") formed for the bankruptcy estate of 2nd Chance Investment Group, LLC, Debtor and Debtor in Possession ("Debtor") hereby files his motion ("Motion") to approve a litigation settlement and compromise of controversy ("Settlement") between the Committee and Discover Bank ("Discover").  By the Motion, the Committee seeks an order approving the Settlement, which calls for payment by Discover of $14,000 in exchange for releases and dismissal of claims filed by the Committee against Discover in the adversary proceeding entitled *Official Committee of*

1

*Unsecured Creditors v. Discover Bank, et al*, Case No. 8:24-ap-01020-SC, and has been memorialized in that certain Release and Settlement Agreement ("Settlement Agreement"). The Committee believes the terms of the Settlement Agreement are fair, reasonable, and consistent with the standard applicable to compromises for which approval is sought under Federal Rule of Bankruptcy Procedure 9019. The Settlement Agreement is attached as **Exhibit "1,"** to the Declaration of Robert P. Goe filed herewith.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Bhakta Declaration, and the fact that the Parties have entered into the Settlement Agreement.

**IF YOU DO NOT OPPOSE THE MOTION, YOU NEED TAKE NO FURTHER ACTION. IF YOU OBJECT TO THE MOTION, PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1 (o) (1) (A) (ii), OBJECTIONS AND A WRITTEN REQUEST FOR HEARING MUST BE FILED WITH THE COURT WITHIN 17 DAYS OF THE DATE OF SERVICE OF THIS NOTICE, IN THE FORM REQUIRED BY LOCAL BANKRUPTCY RULE 9013-1(o)(1). YOU MUST FILE YOUR OBJECTION AND REQUEST FOR A HEARING WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. YOU MUST SERVE A COPY OF YOUR OBJECTION TO THE MOTION AND REQUEST FOR A HEARING ON THE COMMITTEE'S PROPOSED COUNSEL AT THE ADDRESS INDICATED IN THE UPPER LEFT-HAND CORNER OF THIS NOTICE, AND UPON THE OFFICE OF THE UNITED STATES TRUSTEE LOCATED AT 411 WEST FOURTH STREET, SUITE 7160, SANTA ANA, CA 92701-4500. UPON RECEIPT OF A WRITTEN OBJECTION AND REQUEST FOR A HEARING, THE COMMITTEE'S PROPOSED COUNSEL WILL OBTAIN A HEARING DATE AND GIVE APPROPRIATE NOTICE THEREOF. ANY FAILURE TO TIMELY FILE AND SERVE OBJECTIONS MAY RESULT IN ANY SUCH OBJECTIONS BEING WAIVED.**

Respectfully submitted,

DATED:  February 7, 2025

**GOE FORSYTHE & HODGES LLP**

By: /s/ Robert P. Goe
     Robert P. Goe
     Charity J. Manee
     Attorneys for the Official Committee of
     Unsecured Creditors of 2nd Chance
     Investment Group, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Official Committee of Unsecured Creditors for the bankruptcy case of 2nd Chance Investment Group, LLC ("Committee") respectfully requests entry of an order approving the settlement reached between the Committee and Discover Bank ("Discover"), which has been reduced to writing in that certain Release and Settlement Agreement between the Committee and Discover ("Settlement Agreement"), a true and correct copy of which is attached as **Exhibit "1"** to the Declaration of Sajan Bhakta ("Bhakta Declaration") in support of this Motion.

The Settlement Agreement resolves the avoidance action brought by the Committee against Discover, solely as between these two entities ("Parties"), entitled *Official Committee of Unsecured Creditors v. Discover Bank, et al*, Case No. 8:24-ap-01020-SC ("Lawsuit"). In exchange for releases of claims and dismissal of the Lawsuit, Discover will pay $14,000 ("Settlement Payment"). The total demand stated in the Lawsuit equally against Discover and the other defendants, insiders of the Debtor, was $19,120.68.

Based on the amount of the Settlement Payment and the fact that uncertainty in litigation is being avoided with voluntary payment, resulting in cost savings in a relatively small matter, the Committee believes the Settlement Agreement is in the best interest of the beneficiaries of the liquidation trust created by the *Debtor's First Amended Liquidating Plan as Modified* [Docket No. 296 in the Bankruptcy Case] (the "Plan") and that the Settlement Agreement comports with the standard for approval of compromises under Federal Rule of Bankruptcy Procedure 9019. This Motion is being filed because the Plan terms incorporate the terms of the Standing Stipulation (defined below) which conferred standing on the Committee to bring the Lawsuit, among other things, which requires the Committee to file a motion to approve any compromises of controversy reached in any avoidance actions pursued by the Committee, as explained further hereinbelow.

For these and the foregoing reasons, the Motion should be granted.

### II.    BACKGROUND

Debtor's bankruptcy case was commenced on December 21, 2022 ("Petition Date"), by the filing of a voluntary Chapter 11 petition by Debtor.

On February 7, 2023, the United States Trustee's Office appointed (as amended), the following unsecured creditors to serve on the Committee: (1) Felipe Gutierrez Jr., (2) Jesus Acosta, (3) Straten Lending Group, LLC, c/o Shan Patel, (4) ASB Ventures LLC, c/o Sajan Bhakta, (5) Precision Realty Fund, LLC, c/o Hiten Ram Bhakta, and (6) Zona AZ LLC, c/o Vishal Bhakta. [Docket No. 39.]

During the Meeting of Creditors, it was revealed that Debtor through its insiders may have intermingled assets with its agents and an affiliated entity. As such, the Committee and the Debtor agreed to grant standing for the Committee to investigate and pursue certain avoidance actions and related claims on behalf of the Debtor's bankruptcy estate. The Bankruptcy Court's *Order Approving Stipulation Between Debtor and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance Actions on Behalf of the Estate* ("Committee Standing Order") was entered on March 22, 2023 in the Bankruptcy Case at Docket Entry No. 77, the terms of which were incorporated into the *Debtor's First Amended Liquidating Plan as Modified* [Docket No. 296 in the Bankruptcy Case] (the "Plan"), which was confirmed by the *Order Confirming Debtor's First Amended Chapter 11 Liquidating Plan As Modified* entered on February 12, 2024 [Docket No. 381 in the Bankruptcy Case] ("Confirmation Order"). Based on the Committee Standing Order and the Confirmation Order, the Committee became the representative of the bankruptcy estate whose authority, includes, but is not limited to pursuing, suing on, and settling all actions, arising under Bankruptcy Code sections 502, 510, 544, 545, 547, 548, 549, 550 and 553, or any avoidance actions under applicable non-bankruptcy law.

This Motion is being filed pursuant to the first paragraph of the *Stipulation Between Debtor and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance Actions on Behalf of the Estate* ("Standing Stipulation"), which was approved by the Committee Standing Order, and provides in the first paragraph of the stipulated terms,

> WHEREFORE, based on the foregoing Recitals, and subject to Bankruptcy Court approval, the Committee, by and through its counsel, shall have standing and authority, without further order of the Bankruptcy Court, to (a) investigate Avoidance Actions, (b) file, serve, prosecute and settle (subject to separate Bankruptcy Court approval) Avoidance Actions, whether in the Bankruptcy Court or another forum, and (c) grant releases of liability with respect to Avoidance Actions that are settled pursuant to separate Bankruptcy Court approval.

1  Standing Stipulation, Docket No. 76 at 2:13-18.

2       The Standing Stipulation, which calls for Court approval of settlements achieved by the

3  Committee with any avoidance action litigation target, was incorporated into the Plan.

4       On February 8, 2024, the Committee filed its Complaint against Discover, Rayshon Foster

5  and Sonja Foster ("Fosters"), commencing the Lawsuit. By the Lawsuit, the Committee is seeking

6  to avoid and recover $19,120.68 in transfers made to Discover on account of non-debtor credit card

7  debt owed by the Fosters.

8       The Committee and Discover have agreed to resolve the Lawsuit and release claims in

9  exchange for payment by Discover in the amount of $14,000. As noted above, the Settlement

10  Agreement is attached to the Bhakta Declaration as **Exhibit "1"**. As described below, the

11  Committee believes the Settlement Agreement is an ideal result to the Lawsuit and is vastly better

12  than the alternative of pursuing litigation, the cost of which would outweigh the benefits.

13  **III.    ARGUMENT**

14       This Motion is being brought under the Court's inherent authority and authority to enforce

15  its prior orders, including the Committee Standing Order and Confirmation Order, which

16  contemplated (particularly the former) that the Committee would seek Court approval of settlements

17  achieved in litigation it pursued on behalf of the Debtor's estate and/or liquidating trust formed by

18  the confirmed Plan. While Federal Rule of Bankruptcy Procedure 9019 is not applicable in the sense

19  that this motion is being filed by the Committee in the post-plan confirmation era of this liquidating

20  chapter 11 case, the legal standard applicable to compromises for which approval is sought and/or

21  required under Rule 9019 is useful and will be employed here to demonstrate the propriety and

22  beneficial nature of the Settlement Agreement.

23      **A.    Rule 9019 Standard**

24       Pursuant to Rule 9019(a), a bankruptcy court, on motion of the trustee and after notice and

25  a hearing, may approve a compromise or settlement. See Fed. R. Bankr. P. 9019(a). A "bankruptcy

26  court has great latitude in approving compromise agreements." *Martin v. Kane (In re A & C*

27  *Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986). "The purpose of a compromise agreement is

28  to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating

sharply contested . . . claims." *Id*. In approving a compromise, a bankruptcy court must find that the compromise is fair and equitable and that the negotiations between the parties were conducted in good faith. *Id.*

A bankruptcy court need not conduct an exhaustive investigation into the validity of the merits of the claims sought to be compromised. *In re Walsh Const. Inc*., 69 F.2d 1325, 1328 (9th Cir. 1982). Likewise, a bankruptcy court is not required to decide the question of law and fact raised in the controversies sought to be settled, nor is it required to determine whether the settlement presented is the best one that could possibly have been achieved. Rather, it is sufficient that the settlement not fall "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *In re W. T. Grant & Co.,* 699 F.2d 599, 608 (2d Cir. 1983).

The specific inquiry of determining the fairness, reasonableness and adequacy of a proposed settlement agreement must be directed at the following factors: (i) the probability of success in the litigation, (ii) the difficulties, if any, to be encountered in the matter of collection, (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, and (iv) the interest of creditors, which is paramount. *A & C Properties*, 784 F.2d at 1381. "The law favors compromise and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed." *Fridman v. Anderson (In re Fridman),* 2016 Bankr. LEXIS 2608, *23-24 (BAP 9th Cir. July 15, 2016).

Here, the Settlement Agreement is fair, reasonable, and in the best interests of the beneficiaries of Debtor's liquidating Plan and creditors based on the *A & C Properties* factors.

## B.    Probability of Success in the Litigation

The Committee believes it would have a high probability of success if the Lawsuit were tried on the merits because the payments Discover received from the Debtor were on account of debts owed by Debtor's insiders, which Debtor did not owe. Debtor's insiders, the Fosters, engaged in a widespread pattern and practice of defrauding the Debtor's legitimate creditors by siphoning millions of dollars from the Debtor's coffers to themselves directly and to third parties for their exclusive benefit. The Committee has gathered overwhelming evidence in this regard and the Fosters have very little if any records relating to Debtor's business and apparently no records that

would support any defense or demonstrate the Debtor received value for funds received by parties whose non-Debtor debts were paid, such as Discover. The Committee also feels strongly that it can establish the lack of any value given to the Debtor and insolvency at the time the payments were made, given the Debtor's practice of incurring massive secured and unsecured debt in the course of its business, the proceeds of which were vastly used to enrich the Fosters at the expense of Debtor's legitimate creditors. Debtor's assets usually consisted of encumbered real estate and a small fleet of encumbered cars.

### C.    Potential Collection Difficulties

The Committee believes it would be able to collect from Discover without any difficulty because it is an international financial institution.

### D.    Complexity of the Litigation Involved

The case does not involve very complicated issues but the Debtor's lack of business records have complicated certain facets of the case, including the need to construct a balance sheet to demonstrate insolvency. The litigation would not be extremely complex but would be costly to pursue to trial for very little additional payment possible above the Settlement Payment.

### E.    Paramount Interest of Creditors

The Settlement Agreement vastly benefits creditors/beneficiaries of the Debtor's liquidating trust over proceeding with the litigation because it recovers $14,000 on account of an approximately $19,000 claim (the smallest litigation claims being pursued by the Committee in terms of amount at issue) and the cost of proceeding through a trial would more than negate the additional possible $5,120.68 that could be recovered from Discover if the Committee were to prevail completely on its claims, greatly diminishing the benefit of the Lawsuit.

Therefore, the paramount interest of creditors/liquidating trust beneficiaries favors approval of the Settlement Agreement.

\\\

## IV.    CONCLUSION

Based on the foregoing, the Committee requests that the Court enter an order approving the

Settlement Agreement.

                                        Respectfully submitted,

DATED:  February 7, 2025                **GOE FORSYTHE & HODGES LLP**

                                        By:  /s/ Robert P. Goe
                                             Robert P. Goe
                                             Charity J. Manee
                                             Attorneys for the Official Committee of
                                             Unsecured Creditors of 2nd Chance
                                             Investment Group, LLC

## DECLARATION OF SAJAN BHAKTA

I, Sajan Bhakta, declare and state:

The matters stated herein are true and correct and within my own personal knowledge and belief.  If called as a witness, I could and would competently testify thereto.

1.      I am the managing member of ASB Ventures, LLC, a co-chair of the Official Committee of Unsecured Creditors ("Committee") appointed in the above-captioned Chapter 11 case entitled *In re 2nd Chance Investments, LLC*. I make this declaration in support of the *Motion To Approve Compromise Of Lawsuit And Controversy Between The Official Committee Of Unsecured Creditors And Discover Bank* ("Motion") to which this declaration is attached.

2.      2nd Chance Investment's LLC's ("Debtor") bankruptcy case was commenced on December 21, 2022 ("Petition Date"), by the filing of a voluntary Chapter 11 petition.

3.      On February 7, 2023, the United States Trustee's Office appointed (as amended), the following unsecured creditors to serve on the Committee:  (1) Felipe Gutierrez Jr., (2) Jesus Acosta, (3) Straten Lending Group, LLC, c/o Shan Patel, (4) ASB Ventures LLC, c/o Sajan Bhakta, (5) Precision Realty Fund, LLC, c/o Hiten Ram Bhakta, and (6) Zona AZ LLC, c/o Vishal Bhakta. [Docket No. 39.]

4.      During the Meeting of Creditors, it was revealed that Debtor through its insiders may have intermingled assets with its agents and an affiliated entity. As such, the Committee and the Debtor agreed to grant standing for the Committee to investigate and pursue certain avoidance actions and related claims on behalf of the Debtor's bankruptcy estate.

5.      The Bankruptcy Court's *Order Approving Stipulation Between Debtor and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance Actions on Behalf of the Estate* ("Committee Standing Order") was entered on March 22, 2023 in the Bankruptcy Case at Docket Entry No. 77, the terms of which were incorporated into the *Debtor's First Amended Liquidating Plan as Modified* [Docket No. 296 in the Bankruptcy Case] (the "Plan"), which was confirmed by the *Order Confirming Debtor's First Amended Chapter 11 Liquidating Plan As Modified* entered on February 12, 2024 [Docket No. 381 in the Bankruptcy Case] ("Confirmation Order").

6.      Based on the Committee Standing Order and the Confirmation Order, the Committee became the representative of the bankruptcy estate whose authority, includes, but is not limited to pursuing, suing on, and settling all actions, arising under Bankruptcy Code sections 502, 510, 544, 545, 547, 548, 549, 550 and 553, or any avoidance actions under applicable non-bankruptcy law.

7.      This Motion is being filed pursuant to the first paragraph of the *Stipulation Between Debtor and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance Actions on Behalf of the Estate* ("Standing Stipulation"), which was approved by the Committee Standing Order, and calls for Court approval of settlements achieved by the Committee with respect to claims it pursues. Subsequently, the Standing Stipulation was incorporated into the Plan.

8.      On February 8, 2024, the Committee filed its Complaint against Discover, Rayshon Foster and Sonja Foster ("Fosters"), commencing the Lawsuit. By the Lawsuit, the Committee is seeking to avoid and recover $19,120.68 in transfers made to Discover on account of non-debtor credit card debt owed by the Fosters.

9.      The Motion seeks Court approval of that certain Release and Settlement Agreement ("Settlement Agreement"), of the adversary proceeding filed by the Committee against Discover Bank ("Discover") entitled *Official Committee of Unsecured Creditors v. Discover Bank, et al*, Case No. 8:24-ap-01020-SC ("Lawsuit"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "1"** and is incorporated herein.

10.     Pursuant to the Settlement, in exchange for releases of claims and dismissal of the Lawsuit, Discover will pay $14,000 ("Settlement Payment"). The total demand stated in the Lawsuit equally against Discover and the other defendants, insiders of the Debtor, was $19,120.68.

11.     Based on the amount of the Settlement Payment and the fact that uncertainty in litigation is being avoided with voluntary payment, resulting in cost savings in a relatively small matter, the Committee believes the Settlement Agreement is in the best interest of the beneficiaries of the liquidation trust created by the *Debtor's First Amended Liquidating Plan as Modified* [Docket No. 296 in the Bankruptcy Case] (the "Plan") and that the Settlement Agreement comports with the standard for approval of compromises under Federal Rule of Bankruptcy Procedure 9019.

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3    EXECUTED on February ___, 2023, at Irvine, California

4

5    Dated: February 6, 2025                                    /s/   _Sajan Bhakta_____
                                                                      Sajan Bhakta

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made between Official Committee of Unsecured Creditors ("Plaintiff"), appointed by the United States Trustee pursuant to 11 U.S.C. § 1102(a) as the committee of creditors for 2nd Chance Investment Group LLC ("Debtor" or the "Estate") and Discover Bank ("Discover"). Discover and Plaintiff may hereafter be referred to collectively as the "Parties," and each individually, a "Party," with reference to the following facts.

WHEREAS, on or about December 21, 2022, Debtor filed a Chapter 11 Petition in the United States Bankruptcy Court for the Central District of California, Case No. 8:22-bk-12142-SC (the "Bankruptcy Proceeding") and Plaintiff has been appointed the Creditor's Committee for the benefit of the Estate and its creditors in the Bankruptcy Proceeding;

WHEREAS, Plaintiff has commenced an Adversary Proceeding against Discover in the United States Bankruptcy Court for the Central District of California, under Official Committee of Unsecured Creditors v. Discover Bank, et al, Case No. 8:24-ap-01020-SC (the "Lawsuit"), in connection with Discover® Card account issued to Rayshon Foster with account number ending in 8279 ("the Account");

WHEREAS, Plaintiff has alleged, among other things, that charges made to the Account were for personal expenses not related to the business operations of Debtor, that funds of Debtor were misdirected to pay the Account, and that such payments constitute avoidable fraudulent transfers;

WHEREAS, Plaintiff and Discover desire to settle, resolve and dispose of any and all of the claims asserted in the Lawsuit in order to avoid expensive, time-consuming and uncertain litigation;

WHEREAS, nothing contained herein is to be construed as an admission of liability on the part of Discover. To the contrary, Discover specifically denies any liability for any of the claims alleged in the Lawsuit; and

WHEREAS, the terms of this Agreement represent the compromise of disputed claims in the Lawsuit and do not in any way signify that there was wrongdoing on any party's part.

NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants contained herein, Plaintiff and Discover agree as follows:

1.      This settlement agreement shall not become binding on the Parties until it is approved by the Bankruptcy Court where the Lawsuit is pending. In the event that it is not approved, Settlement Funds (defined below) will be returned to Discover and the Lawsuit will proceed on as if there had been no settlement agreement.

EXHIBIT 1                                    Page 1 of 5

2.    Within thirty (30) days of approval of the settlement by the Bankruptcy Court, Plaintiff shall dismiss the Lawsuit in its entirety and with prejudice. The Parties shall bear their own attorneys' fees and costs, if any, in connection with the Lawsuit, this Agreement and the matters referred to herein, the filing of a dismissal, seeking approval of the settlement with the Bankruptcy Court, if necessary, and all related matters.

3.    Discover shall pay Plaintiff $14,000.00 (the "Settlement Funds") within 30 business days after the receipt of both a fully executed Agreement and a completed W-9 form. Discover shall issue a check payable to: Goe Forsythe & Hodges LLP Trust Account and shall deliver the check to: Goe Forsythe & Hodges LLP, Attn: Robert P. Goe, 17701 Cowan, Suite 210, Building D, Irvine, CA 92614. Plaintiff's counsel shall hold the Settlement Funds in trust until the Bankruptcy Court approves this settlement.

4.    Plaintiff acknowledges and agrees that nothing contained in this Agreement shall alter or affect the cardmember's liability for, or the terms and conditions governing, the Account.

5.    In consideration of the various promises and obligations of the Parties set forth in this Agreement, which shall be deemed effective upon the later of the Effective Date and Plaintiff having received the full Settlement Funds (including without limitation having cleared the banking process), and except for the obligations set forth in, created by, arising out of or reserved by this Agreement, Plaintiff hereby releases and forever discharges Discover, and its parent(s), affiliates, subsidiaries, predecessors, successors, and the officers, directors, agents, assigns, servants, employees and attorneys of these entities, from any and all claims, causes of action, damages, losses, debts, obligations, agreements, liabilities, judgments, debts, attorney's fees, costs and expenses, whether asserted or unasserted or that could have been asserted, known or unknown, suspected or unsuspected, fixed or contingent, and whether arising under state law, federal law, common law or otherwise, which arise directly or indirectly out of any facts, events, or transactions that occurred from the beginning of time through the date that Plaintiff executes this Agreement, and in any way related to, arising from, out of or based upon the Account (or any other accounts Debtor may have with Discover) or the matters or substance of the matters alleged by Plaintiff in the Lawsuit or which could have been asserted in the Lawsuit.

6.    The Parties understand that they may hereafter discover facts different from or in addition to what the Parties now believe to be true, which if known, could have materially affected this Agreement, but they nevertheless waive any and all such claims, rights, demands, actions, obligations, liabilities, and causes of action based on different or additional facts. The Parties knowingly and voluntarily waive any and all such claims, rights, demands, actions, obligations, liabilities, and causes of action that they may now have, or in the future have, under the terms of Section 1542 of the California Civil Code, which provides as follows:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the

Page **2** of

EXHIBIT 1                                    Page 2 of 5

debtor or released party."

7.    Plaintiff represents and warrants that as of the date of this Agreement (i) Plaintiff does not have and is not aware of any claims, demands, actions, causes of action, suits, damages, liabilities, judgments, debts, attorneys' fees, costs or expenses, whether based in contract law, tort law, equity, statute, regulation, or otherwise, whether state, federal, or local, known or unknown or asserted or unasserted ("Claims"), by the Estate against Discover other  than the Claims released by this Agreement and (ii) Plaintiff has no present intention to make or assert any Claims against Discover on behalf of the Estate.

8.

    a)    Except as otherwise set forth in this Agreement, each of the Parties hereby represents and warrants that they have not previously assigned or transferred in any manner or purported to have assigned or transferred in any manner, any of the claims described or set forth in Paragraphs 5 through 7 above, and

    b)    Except as otherwise set forth in this Agreement, each of the Parties hereby represents and warrants that the person executing this Agreement on its behalf is duly authorized to do so, and that he/she is authorized to bind the Party to the terms set forth herein.  Notwithstanding the foregoing, the Plaintiff's authority to enter into this Agreement is subject to Bankruptcy Court approval as set forth in paragraph 1 above.

9.    Should any clause, sentence, paragraph or other part of this Agreement be finally adjudged by any court of competent jurisdiction to be unconstitutional, invalid or in any way unenforceable, such adjudication shall not affect, impair, invalidate or nullify the Agreement, but shall affect only the clause, sentence, paragraph or other parts so adjudged.

10.    This Agreement shall be governed by and interpreted in accordance with the laws of the State of California, without regard to California's choice of law provisions.

11.

**TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH PARTY TO THIS AGREEMENT EXPRESSLY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION OR OTHER PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE PARTIES' RIGHTS AND OBLIGATIONS WITH RESPECT THERETO.**

12.    Should any of the provisions or terms of this Agreement require judicial interpretation, it is agreed that the Court, or other trier of fact interpreting or construing this Agreement, shall not apply a presumption that such provision(s) or term(s) shall be more strictly construed against one Party by reason of the rule of construction that a document is to be construed more strictly against the Party who prepared it. It is agreed that all Parties have participated in the preparation and review of this Agreement.

EXHIBIT 1                                              Page 3 of 5

13.     This Agreement constitutes the entire agreement and understanding between the parties hereto and shall not be modified or altered except by written instrument duly executed by the parties hereto.

14.     Plaintiff agrees to keep confidential and shall not reveal and/or communicate in any way to any person, the terms of this Agreement.  However, Plaintiff shall have the right to disclose said terms to the Bankruptcy Court (as needed) for the purposes of seeking approval of the settlement, any accountant or tax advisor and to state and federal tax authorities.  Plaintiff warrants and represents to Discover that it has not revealed to anyone the terms of this proposed settlement at any time before this Agreement was executed by all parties.  Plaintiff agrees that, if asked, it will only reveal that the Lawsuit has been settled, and it will not reveal any other terms of the Agreement, without the prior written consent of Discover.  If Plaintiff is ordered by any Court to reveal information concerning this settlement which is precluded from disclosure under this Agreement, Plaintiff shall give written notice of such disclosure to Discover and its attorneys in this action at least 48 hours prior to any such disclosure unless otherwise ordered by the Court.

15.     As provided in this Agreement, written notice shall be provided to:

If to Discover: Discover Financial Services
                Attn: Law Department / Litigation
                2500 Lake Cook Road
                Riverwoods, IL  60015

If to Plaintiff:   Robert P. Goe
                GOE FORSYTHE & HODGES LLP
                17701 Cowan, Bldg. D, Suite 210
                Irvine, CA 92614
                rgoe@goeforlaw.com

Page **4** of

EXHIBIT 1                                    Page 4 of 5

This Agreement may be signed in counterparts and facsimile signatures will be deemed originals.

Dated: _____, 2024

                                                    Official Committee of Unsecured Creditors

                                            for     2nd Chance Investment Group LLC

                                                    Signature:

_____                             Name:

                                                    Title:

Dated: JANUARY 13, 2025                              Discover Bank

_____                             Signature:

                                                    Name: Heather Thompson

                                                    Title: VP Collections & Recovery

EXHIBIT 1                                        Page 5 of 5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan, Bldg. D, Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE OF LAWSUIT AND CONTROVERSY BETWEEN THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND DISCOVER BANK; DECLARATION OF SAJAN BHAKTA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 7, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) February 7, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 7, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Scott C. Clarkson, 411 W. Fourth Street, Suite 5130; Santa Ana, CA  92701-459

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 7, 2025 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

13

# Mailing Information for Case 8:22-bk-12142-SC

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Adam N Barasch**    anb@severson.com, cr@severson.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Amanda G. Billyard**    abillyard@bwlawcenter.com
- **Stephan M Brown**    ECF@thebklawoffice.com,
  stephan@thebklawoffice.com;roslyn@thebklawoffice.com;brown.stephanb125317@notify.b
  estcase.com
- **Kathleen A Cashman-Kramer**    kcashman-kramer@fennemorelaw.com,
  theresam@psdslaw.com
- **Theodore A Cohen**    tcohen@sheppardmullin.com, mtzeng@sheppardmullin.com
- **Andrew Michael Cummings**    andrew.cummings@hklaw.com,
  philip.dobbs@hklaw.com;hapi@hklaw.com;sandy.olalde@hklaw.com
- **Bryant S Delgadillo**    bryant.delgadillo@piblaw.com, rhonda.viers@piblaw.com
- **Dane W Exnowski**    dane.exnowski@mccalla.com,
  bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Lazaro E Fernandez**    lef17@pacbell.net, lef-sam@pacbell.net;lef-
  mari@pacbell.net;OfficeLR74738@notify.bestcase.com;lefkarina@gmail.com
- **Eric J Fromme**    eric.fromme@afslaw.com, yvonne.li@afslaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnsto
  n@goeforlaw.com
- **David M Goodrich**    dgoodrich@go2.law,
  kadele@go2.law;dfitzgerald@go2.law;wgellp@ecf.courtdrive.com
- **Daniel J Griffin**    daniel@thebklawoffice.com,
  tclayton@thebklawoffice.com;daniel@thebklawoffice.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;c
  mendoza@ecf.courtdrive.com
- **Matthew S Henderson**    matthew.henderson@piblaw.com, rhonda.viers@piblaw.com
- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Sweeney Kelly**    kelly@ksgklaw.com
- **Britteny Leyva**    bleyva@mayerbrown.com,
  2396393420@filings.docketbird.com;KAWhite@mayerbrown.com;ladocket@mayerbrown.co
  m
- **Charity J Manee**    cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Randall P Mroczynski**    randym@cookseylaw.com
- **Misty A Perry Isaacson**    misty@ppilawyers.com,
  ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Arjun P Rao**    arjun.rao@morganlewis.com, lacalendar@stroock.com
- **Arvind Nath Rawal**    arawal@aisinfo.com
- **Matthew D. Resnik**    matt@rhmfirm.com,
  roksana@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;david@rhmfirm.com;priscil
  la@rhmfirm.com;gabriela@rhmfirm.com;rosario@rhmfirm.com;rebeca@rhmfirm.com;LA@r
  hmfirm.com
- **Gary B Rudolph**    grudolph@fennemorelaw.com,
  bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;rudolph@ecf.courtdrive.com;kcash
  man-kramer@fennemorelaw.com;ejames@fennemorelaw.com;james@ecf.courtdrive.com

- **Cheryl A Skigin    caskigin@earthlink.net, caskigin@earthlink.net**
- **Michael G Spector    mgspector@aol.com, mgslawoffice@aol.com**
- **Annie Y Stoops    annie.stoops@afslaw.com, yvonne.li@afslaw.com;mia.ferguson@afslaw.com**
- **Richard L. Sturdevant    rich@bwlawcenter.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
- **Robert G Uriarte    rgulawoffice@gmail.com**
- **Christopher P. Walker    cwalker@cpwalkerlaw.com, lhines@cpwalkerlaw.com;r57253@notify.bestcase.com**
- **Fanny Zhang Wan    Fanny.Wan@mccalla.com, mccallaecf@ecf.courtdrive.com**
- **Andy C Warshaw    awarshaw@bwlawcenter.com, warshaw.andyb110606@notify.bestcase.com**
- **Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com**

**In re 2nd Chance Investment Group, LLC**
**USBC Case No. 8:22-bk-12142-SC**

**Debtor**
2nd Chance Investment Group, LLC
600 W. Santa Ana Blvd.
PMB 5045
Santa Ana, CA 92701-4558

**United States Trustee**
United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

**Debtor's Counsel**
Amanda Billyard, Esq.
Richard L. Sturdevant
Financial Relief Law Center APC
1200 Main St. Ste C
Irvine, CA 92614-6749

## CREDITORS

Ally Bank, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Wells Fargo Bank, N.A.
c/o McCarthy & Holthus, LLP
2763 Camino Del Rio South, Suite 100
San Diego CA 92108-3708

ASB Ventures LLC
c/o Schorr Law
1901 Avenue of the Stars, Suite 615
Los Angeles, CA 90067-6051

Aaron Zistman
18518 Dancy St.
Rowland Heights, CA 91748-4777

Ally
PO Box 380902
Minneapolis, MN 55438-0902

ASB Ventures LLC
5852 Morehouse St
Chino, CA 91710

American Express
PO Box 96001
Los Angeles, CA 90096-8000

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Comcast/Effectv
PO Box 415949
Boston, MA 02241-5949

David Guzman
14583 McKendree Ave.
Chino, CA 91710-6988

Del Toro Loan Servicing, Inc.
2300 Boswell Road, Suite 215
Chula Vista, CA 91914-3559

FCI
8180 E Kaiser Blvd
Anaheim, CA 92808-2277

Franchise Tax Board Bankruptcy
Section Ms A340
PO Box 2952
Sacramento CA 95812-2952

Fabian & Kathy Lynn Martinez
13352 Marty Lane
Garden Grove, CA 92843-2234

Fay Servicing LLC
P O Box 814609
Dallas, TX 75381-4609

Felipe Gutierrez Jr.
13056 sycamore Ave. Apt. B
Chino, CA 91710-6725

Franchise Tax Board
PIT Bankruptcy MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

Gil Hopenstand
312 N Spring Street, 5th Fl
Los Angeles, CA 90012-4701

Gregory Steven
37915 Marsala Dr
Palmdale, CA 93552-3966

Hiten Ram Bhakta & Sajan Bhakta
c/o Schorr Law
1901 Avenue of the Stars, Suite 615
Los Angeles, CA 90067-6051

Home Depot Credit Services
PO Box 9001010
Louisville, KY 40290-1010

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Jessie and Michelle Acosta
13337 Nellie Ave.
Chino, CA 91710-7390

Jesus Acosta And Michelle Acosta
13337 Nellie Avenue
Chino, CA 91710-7390

Kiwi Corp
Mina Bhakta
11353 Highdale Street
Norwalk, CA 90650-5737

Lamar Advertising
449 East Park Center Circle South
San Bernardino, CA 92408-2872

Lowes Business Acct/GECRB
PO Box 530970
Atlanta, GA 30353-0970

Margaret Adams
25641 Byron S
San Bernardino, CA 92404-6439

Margaret Adams
25641 Byron St.
San Bernardino, CA 92404-6439

Merah, LLC
7026 Edinboro Street
Chino, CA 91710-6961

Mercedes Benz Financial Services
13650 Heritage Parkway #400
Fort Worth TX 76177-3300

Mercedes-Benz Fin'l Services USA LLC
c/o Randall P Mroczynski
Cooksey Toolen Gage Duffy & Woog
535 Anton Blvd, Suite 1000
Costa Mesa, CA 92626-7664

Michael Chapman Sr.
328 W. 47th Place
Los Angeles, CA 90037-3235

Midare, LLC
14583 McKendree Ave.
Chino, CA 91710-6988

Omar Houari
2425 San Antonio Crescent West
Upland, CA 91784-1054

Pangea Int'l Receivable Services
140 2nd Ave W., Suite D
Kalispell, MT 59901-4417

Pramira Holdings LLC
2552 Walnut Ave, Suite 200
Tustin, CA 92780-6983

Pramira LLC
1422 Edinger Ave. Ste 250
Tustin, CA 92780-6299

Precision Realty LLC
930 San Pablo Ave., Suite B
San Francisco, CA 94141

Rayshon Foster
4349 South Victoria
Los Angeles, CA 90008-4903

Rosendo Quiroz Estorga
~~1004 Peachwood Crt.~~
~~Raymond, CA 93653~~
RTS 11-28-2023

Salvador Jimenez
12822 Clemson Drive
Corona, CA 92880-3369

Select Portfolio Servicing
PO Box 65250
Salt Lake City, UT 84165-0250

Selene Finance
PO Box 422039
Houston, TX 77242-4239

Shawn M. Southern
1611 151st St
San Leandro, CA 94578-1955

Small Business Administration
10737 Gateway West #300
El Paso, TX 79935-4910

Staples Credit Plan
Dept. 51 7892022301
Phoenix, AZ 85062

Straten Lending
c/o Shorr Law
1901 Avenue of the Stars Suite 615
Los Angeles, CA 90067-6051

Stream Kim Hicks Wrage Alfaro
3403 Tenth St, Suite 700
Riverside, CA 92501-3641

Superior Loan Servicing
Attn Asset Default Management
7525 Topanga Canyon Blvd
Canoga Park CA 91303-1214

Teresa Miller
827 Meridian Ave.
San Bernardino, CA 92410-1029

Thamar A. Peterson
43933 30th St. E
Lancaster, CA 93535-5872

Thamar Peterson
43933 30 St E
Lancaster, CA 93535-5872

U.S. Small Business Administration
312 N Spring Street, 5th Fl
Los Angeles, CA 90012-4701

Wells Fargo Bank, N.A.
Default Document Processing
MAC# N9286-01Y
P.O. Box 1629
Minneapolis, MN 55440-1629

Zona AZ, LLC
3863 E. Hermosa Vista Drive
Mesa, AZ 85215-1705

Zona CA, LLC
3863 E. Hermosa Drive
Mesa, AZ 85215-1705

Amanda G. Billyard
Financial Relief Law Center APC
1200 Main St. Suite C
Irvine, CA 92614-6749

Andy C Warshaw
Financial Relief Law Center, APC
1200 Main Street
Ste #C|Irvine, CA 92614-6749

David M Goodrich
Golden Goodrich
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626

Douglas A. Plazak
Reid & Hellyer, APC
3685 Main Street, Suite 300
P.O. Box 1300
Riverside, CA 92502-1300

**Request for Special Notice**
Lantzman Investments, Inc.
c/o Sullivan Hill Rez & Engel, APLC
600 B Street, Suite 1700
San Diego, CA 92101

**Request for Special Notice**
LMF2, LP
c/o Gary B Rudolph Esq
Sullivan Hill Rez & Engel, APLC
600 B Street, Suite 1700
San Diego, CA 92101

Bewley Lassleben & Miller LLP
13215 E Penn St Ste 510
Whittier, CA 90602-1797

Citywide Realty LLC
6614 S. Pulaski Rd
Chicago, IL 60629-5138

EXP Realty
3122 Emery Ln
Robbins, IL 60472-2022

Maurico Gonzalez
6614 S. Pulaski Rd
Chicago, IL 60629-5138

Grobstein Teeple LLP
23832 Rockfield Blvd suite 245
Lake Forest, CA 92630-2884

Keller Williams Tacoma
8607 Custer Rd SW
Lakewood, WA 98499-2566

Athena Lee
2551 E Ave S Ste G-166
Palmdale, CA 93550-6403

Geoff Trapp
2551 E Ave S Ste G-166
Palmdale, CA 93550-6403

Abhishek Bhakta
31 Wings Loop
Lake Havasu City, AZ 86403-6780

Anand Bhakta
17409 Caliente Ave
Cerritos, CA 90703-9010

Bhavesh Bhakta
9300 N Sam Houston Pkwy E, Apt 11-212
Humble, TX 77396-5139

Devon Bhakta
10103 Olivia Terrace
Sun Valley, CA 91352-4250

Jatin Bhakta
8365 Lehigh Ave
Sun Valley, CA 91352-3343

Forethought Life Insurance Company
Fay Servicing
PO Box 814609
Dallas, TX 75381-4609

Google Adwords
c/o Joe Ventura / Commercial
Collection Corp of NY
34 Seymour St
Tonawanda, NY 14150-2126

Kiwi Capital Group LLC
11353 Highdale St
Norwalk, CA 90650-5737

Mercedes-Benz Fin'l Services USA LLC
PO Box 5209
Carol Stream, IL 60197-5209

Merah LLC
14583 McKendree Avenue
Chino, CA 91710-6988

Parin Bhakta
1237 Cranbrook Pl
Fullerton, CA 92833-1406

Pramira LLC
11353 Highdale St
Norwalk, CA 90650-5737

Precision Realty Fund LLC
11353 Highdale St
Norwalk, CA 90650-5737

Ronak Parikh
5851 Aloe Vera Ct
Chino Hills, CA 91709-7986

San Bernardino County Tax Collector
268 West Hospitality Lane
San Bernardino, CA 92415-0901

Sima Patel
8 Thornton Ave
Greenville, SC 29609-4675

Steven Kinsbursky
431 Terraine Ave
Long Beach, CA 90814-1944

Straten Lending Group, LLC
951 W Main St
Mesa, AZ 85201-7107

U.S. Bank Trust National Assoc
Selene Finance LP
3501 Olympus Blvd, Suite 500
Dallas, TX 75019-6295

U.S. Bank Trust National Assoc
Robertson Anschutz Schneid et al
350 10th Avenue, Suite 100
San Diego, CA 92101-8705

Vishal Bhakta
3863 E Hermosa Vista Dr
Mesa, AZ 85215-1705

Zisman Family Trust
c/o Aaron Zisman
18518 Dancy St
Rowland Heights, CA 91748-4777

Clotee Downing
2551 E Ave S, Ste G-166
Palmdale, CA 93550-6403

Maher Abou Khzam
c/o NewPoint Law Group, LLP
2408 Professional Dr
Roseville, CA 95661-7787

Yolanda Ontiveros
678 W 19th St, Apt 1416
Costa Mesa, CA 92627-5095

Geoff Trapp
Temporary Conservator of the Estate
2551 E Ave S Ste G-166
Palmdale, CA 93550-6403